DocuSign Envelope ID: 42AA2302-00B5-42F8-931B-B57A2DB06848

EXHIBIT F

## (THIRD) SECURED CONVERTIBLE PROMISSORY NOTE

**$500,000.00**                                                                                     **August 19, 2022**

FOR VALUE RECEIVED, Takeover Industries, Inc., a Nevada corporation (the "**Company**"), hereby promises to pay to James V. Deppoleto Jr. (the "**Holder**"), the principal sum of Five Hundred Thousand Dollars ($500,000), together with interest thereon from the date of this Convertible Promissory Note (the "**Note**"). Interest will accrue at a rate of eight percent (8%) per annum, compounded annually. Unless earlier converted into Conversion Shares pursuant to Section 3 of that certain Convertible Note Purchase Agreement dated May 25, 2022, by and among the Company, the Holder, and, for limited purposes, Labor Smart, Inc., as amended (the "**Purchase Agreement**"), the unpaid principal amount of this Note, together with any then unpaid accrued interest, shall be due and payable by the Company on the Maturity Date (as defined in the Purchase Agreement) or as otherwise provided in the Purchase Agreement.

Capitalized terms not defined herein will have the meanings set forth in the Purchase Agreement.

1. <u>Payment</u>. All payments will be made in lawful money of the United States of America at the principal office of the Company, or at such other place as the Holder may from time to time designate in writing to the Company. Payment will be credited first to accrued interest due and payable, with any remainder applied to principal. No principal or accrued interest under this Note may be prepaid by Company.

2. <u>Security</u>. All Obligations evidenced by this Note are secured by a continuing general lien upon, and security interest in, the Collateral.

3. <u>Conversion of the Notes</u>. This Note and any amounts due hereunder will be convertible into Conversion Shares in accordance with the terms of Section 3 of the Purchase Agreement.

4. <u>Amendments and Waivers; Resolutions of Dispute; Notice</u>. The amendment or waiver of any term of this Note, the resolution of any controversy or claim arising out of or relating to this Note and the provision of notice among the Company and the Holder will be governed by the terms of the Purchase Agreement.

5. <u>Successors and Assigns</u>. This Note applies to, inures to the benefit of, and binds the respective successors and assigns of the parties hereto; provided, however, that the Company shall not assign its obligations under this Note without the written consent of the Holder. The Holder may, in its sole discretion, transfer or assign any or all of its rights, interests, duties or obligations under this Note to a Permitted Transferee with written notice thereof to the Company. Except for a transfer or assignment to a Permitted Transferee, Holder shall not transfer or assign its obligations under this Note without the written consent of the Company.

6. <u>Limitation on Interest</u>. In no event will any interest charged, collected or reserved under this Note exceed the maximum rate then permitted by applicable law, and if any payment

HB: 4887-1256-7598.1

made by the Company under this Note exceeds such maximum rate, then such excess sum will be credited by the Holder as a payment of principal.

7.  Events of Default; Remedies.

7.1  The occurrence of any one or more of the following shall constitute an "**Event of Default**":

(a)  the Company fails to pay timely any of the principal amount due under this Note on the date the same becomes due and payable or any unpaid accrued interest or other amounts due under this Note on the date the same becomes due and payable;

(b)  the Company breaches any representation, warranty, or covenant provided in the Purchase Agreement;

(c)  the Company files any petition or action for relief under any bankruptcy, reorganization, insolvency or moratorium law or any other law for the relief of, or relating to, debtors, now or hereafter in effect, or makes any assignment for the benefit of creditors or takes any corporate action in furtherance of any of the foregoing; or

(d)  an involuntary petition is filed against the Company (unless such petition is dismissed or discharged within thirty (30) days under any bankruptcy statute now or hereafter in effect), or a custodian, receiver, trustee or assignee for the benefit of creditors (or other similar official) is appointed to take possession, custody or control of any property of the Company.

7.2  Upon the occurrence of any Event of Default, the Holder may declare all or any portion of the Obligations to be immediately due and payable in full; provided, that in the event of an Event of Default under Section 7.1(c) or (d) above, all Obligations and all other sums payable hereunder shall become and be immediately due and payable in full without any action on the part of the Holder.

7.3  Upon the occurrence of any Event of Default and during any period in which such Event of Default is ongoing, all amounts due but not paid under this Note shall automatically bear interest at a rate of eighteen percent (18%) per annum (or, if lower, the highest rate permissible under applicable law), compounded monthly.

8.  Company Waiver; Delays and Omissions. The Company hereby waives demand, notice, presentment, protest and notice of dishonor. It is agreed that no delay or omission to exercise any right, power or remedy accruing to the Holder, upon any breach or default of the Company under this Note shall impair any such right, power or remedy, nor shall it be construed to be a waiver of any such breach or default, or any acquiescence therein, or of or in any similar breach or default thereafter occurring; nor shall any waiver of any single breach or default be deemed a waiver of any other breach or default theretofore or thereafter occurring.

9.  Choice of Law. This Note, and all matters arising out of or relating to this Note, whether sounding in contract, tort, or statute will be governed by and construed in accordance

with the internal laws of the State of Delaware, without giving effect to the conflict of laws provisions thereof to the extent such principles or rules would require or permit the application of the laws of any jurisdiction other than those of the State of Delaware.

10.  <u>Approval</u>. The Company hereby represents that its Board, in the exercise of its fiduciary duty, has approved the Company's execution of this Note based upon a reasonable belief that the principal provided hereunder is appropriate for the Company after reasonable inquiry concerning the Company's financing objectives and financial situation. In addition, the Company hereby represents that it intends to use the principal of this Note for the operations of its business, and not for any personal, family or household purpose.

TAKEOVER INDUSTRIES, INC.

By: *Jason Tucker*
    DocuSigned by:
    B05AD32120DE494...

Print Name: <u>Jason Tucker</u>

Title: <u>President</u>

HB: 4887-1256-7598.1