# HUSCH BLACKWELL

Michael A. Brandess
Partner

120 S. Riverside Plaza, Ste. 2200
Chicago, IL 60606
Direct: 312.526.1542
Fax: 312.655.1501
Michael.Brandess@huschblackwell.com

November 22, 2022

**VIA EMAIL AND CERTIFIED U.S. MAIL**

Veronica L. Manolio
Manolio & Firestone, PLC
8686 E. San Alberto Drive, Suite 200
Pasadena, CA  91103
vmanolio@mf-firm.com

Eric Bjorgum
Karish & Bjorgum
119 E. Union Street, Suite B
Scottsdale, AZ 85258
eric.bjorgum@kb-ip.com

Matthew P. Canini
Sills Cummis & Gross P.C.
101 Park Avenue, 28th Floor
New York, NY 10178
mcanini@sillscummis.com

Jennifer A. Reiter
Reiter Law, PLC
4500 N. 32nd Street, Suite 201H
Phoenix, AZ 85018
jenreiter@reiterlawaz.com

Joseph Pavlik (email only)
joe@takeoverind.com

**EXHIBIT I**

Re:  *Second Notice of Default and Demand for Payment*

Dear Counsel & Mr. Pavlik:

As you know, Husch Blackwell LLP represents James Deppoleto.

We send this Second Notice of Default and Demand for Payment (the "Second Notice") on Mr. Deppoleto's behalf, with respect to his debt interest in Takeover Industries, Inc., a Nevada corporation (the "Company"). By reference, Mr. Deppoleto incorporates all allegations and demands set forth in his Notice of Default, Demand for Payment & Cease and Desist dated November 8, 2022 (the "First Notice of Default").

November 22, 2022
Page 2

As an initial matter, the Events of Default set forth in the First Notice of Default remain uncured. Additionally, pursuant to the Loan Documents, the unpaid principal amount, together with any then unpaid accrued interest, was due and payable on November 21, 2022 (the "Maturity Date"). The Company's failure to pay the outstanding principal plus any accrued but unpaid interest on the Maturity Date constitutes an additional Event of Default under the Loan Documents. Pursuant to Section 7.3 of each of the respective Secured Convertible Promissory Notes, all amounts due but not paid shall automatically bear interest at a rate of eighteen percent (18%) per annum (or, if lower, the highest rate permissible under applicable law), compounded monthly.

**MR. DEPPOLETO HEREBY DEMANDS IMMEDIATE PAYMENT OF THE ENTIRE OUTSTANDING PRINCIPAL, PLUS ACCRUED INTEREST, TOTALING $2,070,098.36 (COLLECTIVELY, THE "OBLIGATIONS").**

Further, we understand that the Company can no longer pay its debts as they come due and that its liabilities are now worth more than its assets. The Company is therefore insolvent. Under Nevada law, a company's directors and officers owe the company's creditors fiduciary duties of loyalty and care upon the company's insolvency. We understand that Messrs. Holley, McBride, Pavlik, and Tucker have each asserted in various forums, including court filings, that they are, respectively, each a current officer or director of the Company. Their ongoing dispute for control of the Company has put the Company's viability, as well as the value of Mr. Deppoleto's collateral, at considerable risk. Accordingly, attached to this Second Notice, please find a litigation hold letter.

Mr. Deppoleto reserves all the rights and remedies set forth in the Loan Documents, in any written agreement or instrument relating to any of the Obligations or any security therefor, as a secured party under the UCC, and as otherwise provided at law or in equity. The Company, Mr. Pavlik, and your respective clients, are hereby advised that Mr. Deppoleto is evaluating all available courses of action with respect to the Events of Default as well as your or your clients' related conduct, and hereby reserves the right to exercise any such rights and remedies at any time, in his sole discretion.

Nothing in this letter modifies the Loan Documents, all of which remain in full force and effect. Furthermore, any failure or delay by Mr. Deppoleto in enforcing his rights and remedies under the Loan Documents, at law or in equity, or the acceptance from time to time by Mr. Deppoleto of any payments or performance on account of the Obligations shall not, in any way, constitute or act as (a) a rescission or waiver of any requirements under the Loan Documents, (b) a modification of any of the Loan Documents, (c) an accord or satisfaction with respect to the entire amount of the Obligations due thereunder, or (d) a course of dealing or course of conduct by Mr. Deppoleto. Even further, nothing in this letter, any other correspondence, any oral communications between Mr. Deppoleto and any other party, the making of any advances to the Company, or any action, delay in acting, or failure to act by Mr. Deppoleto should be construed to

# HUSCH BLACKWELL

November 22, 2022
Page 3

be or is a waiver, modification, or release of the default under the Loan Documents, of any other breach or default thereunder, whether now existing or hereafter arising, or of any of Mr. Deppoleto's rights and remedies under the Loan Documents or any other documents or agreements between him and the Company or under applicable law. The lack of inclusion herein of any other default under the Loan Documents, whether known or unknown to Mr. Deppoleto, shall not be deemed to be a waiver of such default. Nothing in this letter shall confer on the Company any right to notice or cure periods with respect to any default under the Loan Documents. This letter supersedes any oral communications concerning the Events of Default specified herein. Mr. Deppoleto further requests full compensation of his reasonable attorneys' fees with respect to enforcing his interests set forth in this letter.

Thank you for your cooperation in this important matter, and please feel free to contact us with any questions.

Very truly yours,

Michael Brandess