JAMES PATRICK SHEA
Nevada Bar No. 405
BART K. LARSEN
Nevada Bar No. 8538
KYLE M. WYANT
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email: jshea@shea.law
blarsen@shea.law
kwyant@shea.law

-and-

JENNIFER E. HOEKEL
Nevada Bar No. 12775
jennifer.hoekel@huschblackwell.com
**HUSCH BLACKWELL LLP**
8001 Forsyth Boulevard Suite 1500
St. Louis, Missouri 63105
Telephone: 314.480.1500
Facsimile: 314.480.1505
*Attorney for Plaintiff*
*James V. Deppoleto Jr.*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | | |
|---|---|---|
| 1 | JAMES V. DEPPOLETO JR., | |
| 2 | Individually and Derivatively on Behalf of Nominal Defendant Takeover Industries | CASE NO. 2:22-cv-02013-GMN-MDC |
| 3 | Incorporated | **PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL** |
| 4 | Plaintiff, | **DISCOVERY FROM TAKEOVER INDUSTRIES INCORPORATED** |
| 5 | v. | |
| 6 | TAKEOVER INDUSTRIES INCORPORATED, | |
| 7 | Defendant and Nominal Defendant | |
| 8 | MICHAEL HOLLEY, | |
| 9 | TOBY MCBRIDE, | |
| 10 | | |
| 11 | JOSEPH PAVLIK, | |
| 12 | TOM ZARRO, | |
| 13 | and | |
| 14 | NEXTGEN BEVERAGES, LLC | |
| 15 | Defendants. | |

Plaintiff, James V. Deppoleto Jr. ("Plaintiff" or "Deppoleto"), by and through his undersigned counsel, submits this Reply Brief in Support of his Motion to Compel Takeover Industries Incorporated ("Takeover") to respond to Deppoleto's First Set of Interrogatories and Requests for Production, which Deppoleto served on August 16, 2023.

**MEMORANDUM OF POINTS AND AUTHORITIES**

For five months, Takeover has ignored its discovery obligations under the Federal Rules of Civil Procedure and the Local Rules.  Takeover now insists that its failures are excused because the parties have been discussing settlement.  In other words, Takeover seeks a unilateral and indefinite stay of discovery merely because the parties have had some settlement discussions.  However, neither the Federal Rules of Civil Procedure nor District of Nevada authority support

2

Takeover's position. Although Takeover has finally and belatedly served its Rule 26(a) Initial Disclosures – over three months late – Takeover still has not responded to Plaintiff's First Set of Written Discovery, despite the passage of five months. And Takeover's failure to respond continues despite the fact that, over one month ago, Takeover's own counsel unequivocally promised, in writing, that Takeover would produce its responses by no later than December 20, 2023. (*See* Jennifer Hoekel Declaration ¶ 2, Exhibit A, December 6, 2023, email from Takeover's counsel ("[T]his email will confirm that Takeover will produce responses and responsive document[s] to the Interrogatories and Requests for Production of Documents previously served on them within two weeks of today.").) Because of Takeover's continuing and unexcused failure to respond to Deppoleto's Written Discovery, the Court should grant Plaintiff's Motion, and compel Takeover to respond to Deppoleto's First Set of Interrogatories and Requests for Production within one week. The Court should also award Deppoleto his attorneys' fees and costs for in bringing the Motion.

## ARGUMENT

**1.      The Court should compel Takeover to provide responses to Deppoleto's August 2023 discovery requests.**

Takeover has completely failed to respond to Deppoleto's First Set of Written Discovery, and now contends that its failure is justified by the parties' ongoing settlement discussions.

As an initial matter, if all that a party needed to do in order to avoid having a motion to compel granted against it was to say "the parties are discussing settlement," no court would ever grant a motion to compel, and not surprisingly, courts have rejected the same argument that Takeover is raising. *See, e.g.*, *Henderson v. Aria Resort & Casino Holdings, LLC*, No. 221CV00280JADNJK, 2023 WL 3007914, at *3 (D. Nev. Mar. 31, 2023) ("[E]ngaging in settlement discussions or alternative dispute resolution does not create a post hoc justification for

a lack of diligence"); *N.L.R.B. v. Cable Car Advertisers, Inc.*, 319 F. Supp. 2d 991, 1001 (N.D. Cal. 2004) ("Simply because parties are discussing settlement does not free them of their discovery obligations unless they specifically agree to such."). For the same reason, the Court should reject Takeover's argument.

In addition, and perhaps more problematically, Takeover appears to be attempting to mislead the Court. Specifically, Takeover's Response implies that the parties have only recently begun discussing settlement (Dkt. No. 52 at 4), but in reality, the parties have been discussing resolution for over a year (Hoekel Decl. ¶ 3, Ex. B). And because the prospects of settlement continue to be bleak, and with the Court having entered a Scheduling Order, and because even after promising to produce the requested documents by no later than December 20, 2023, Takeover failed to produce them, Plaintiff had no choice but to move forward with his Motion to Compel at this time.[1] Again, Plaintiff cannot even begin depositions until after he first receives the requested

---

[1] For effectively the same reasons, Takeover's attempt to make it sound as though Plaintiff was hasty or overzealous for filing the Motion after Takeover did not produce the documents by the agreed-upon December 20, 2023, deadline, falls flat. Takeover neglects to mention that, on December 6, Takeover's counsel specifically represented, in writing, that Takeover would produce all documents by no later than December 20. (Hoekel Decl. ¶ 2, Ex. A.) And in the three weeks since December 20, Takeover still has not produced the requested documents. Moreover, Plaintiff's counsel did not "extend" Takeover's deadline to produce to December 20. Plaintiff's counsel was very clear in explaining that, *if* Takeover would represent that he would produce all documents by December 20, Plaintiff would hold off on filing the Motion to Compel until that date. (*Id.*) When December 20 came and went, with no explanation from Takeover's counsel about why Takeover violated its representation to produce everything by the agreed-upon December 20 date, Plaintiff filed the Motion on December 21, as previously indicated to Takeover's counsel.

Plaintiff also notes that Takeover is trying to have it both ways. On the one hand, Takeover chastises Plaintiff for being hasty or overzealous in filing the Motion after Takeover missed the December 20, 2023, deadline to produce the documents. (Dkt. No. 52 at 3.) But on the other hand, Takeover suggests that Plaintiff was somehow sleeping on his rights by *not* filing the Motion shortly after the initial September 28, 2023, deadline to produce the documents. (*Id.* at 4 ("Two months after [Plaintiff's] extension ended, without prior follow up on Takeover's discovery responses, Plaintiff's counsel reached out to Defendant's counsel at the end of November and requested to schedule a meet-and-confer . . . .").) Takeover cannot have it both ways. The reality is that Plaintiff did not immediately file his Motion to Compel in September because Plaintiff was hoping to avoid the Court's involvement and – likely naively – was harboring a good faith belief that Takeover would either voluntarily comply, or that the parties would reach a settlement that

4

documents. Moreover, of course, had Plaintiff allowed himself to continue to be strung along by Takeover and the other Defendants, and then tried to file his Motion to Compel after the close of discovery, Takeover surely would have objected and argued that Plaintiff was too late. In short, despite Takeover's counsel purporting to "inform[] Plaintiff's counsel that the Parties had reengaged in settlement discussions, and it was believed that they were close to a resolution" (Dkt. No. 51 at 2), Plaintiff's counsel is well aware of: (1) the status of settlement discussions; (2) the fact that, over a month later, as Plaintiff's counsel predicted during the December 6 call, the parties are still not close to having a settlement agreement; and (3) the other deadlines in this case. With all of those data points in mind, Plaintiff has no choice but to move forward with this Motion at this time. And, again, "[s]imply because parties are discussing settlement does not free them of their discovery obligations unless they specifically agree to such." *Cable Car Advertisers, Inc.*, 319 F. Supp. 2d at 1001.

In addition, if Takeover was unable to comply with its discovery obligations due to time and resource constraints – as it now suddenly contends – it should have sought relief from the Court under Rule 26(b)(2)(C). *See Fifty-Six Hope Rd. Music, Ltd. v. Mayah Collections, Inc.*, No. 205CV01059KJDGWF, 2007 WL 1726558, at *3 (D. Nev. June 11, 2007) ("If a party is unable to serve his discovery responses within the time provided by the rules, he should timely . . . move the court for an extension."). Takeover did not do so, and instead "proceeded at its own peril in choosing not to answer [Deppoleto's] discovery requests." *Light Salt*, No. 2014 WL 12160749, at

---

would have rendered this issue moot. However, by late November and early December, it was becoming increasingly clear to Plaintiff that Takeover had no intention of complying, and settlement prospects looked bleak, so Plaintiff's counsel then moved expeditiously in order to get discovery in this case on track. Plaintiff's counsel can hardly be blamed for waiting for a few weeks before filing in an effort to attempt to work cooperatively and in good faith with opposing counsel so as to hopefully avoid having to involve the Court.

*3 (granting defendant's motion to compel when plaintiff failed to provide discovery responses during settlement negotiations). Deppoleto is entitled to Takeover's responses under the Federal Rules, and the Court should accordingly compel Takeover to provide its responses.

In conclusion, although Deppoleto continues to negotiate settlement in good faith, Deppoleto cannot indefinitely wait for Takeover's responses, especially given the Scheduling Order's discovery deadlines. Plaintiff cannot even begin fact depositions until after it receives Takeover's written discovery responses. And because "[d]iscovery should proceed absent a 'strong showing' to the contrary," the Court should compel Takeover's timely responses. *Corbett v. Pub. Employees' Ret. Sys. ex rel. Nevada*, No. 220CV02149KJDNJK, 2021 WL 297564, at *1 (D. Nev. Jan. 28, 2021).

2.   **The Court should award Deppoleto his attorneys' fees and costs.**

After implicitly conceding that Takeover has no legal defense to Plaintiff's Motion, and that the Court should therefore grant it, Takeover argues that the Court should nevertheless not award Plaintiff his attorneys' fees and costs, because Takeover claims that its failure to respond to Plaintiff's discovery was substantially justified. However, a successful motion to compel carries a "presumption that reasonable expenses – including attorneys' fees – will be awarded." *4R4 Sons, LLC v. Tru G. Wilhelm, Inc.*, No. 221CV01081GMNNJK, 2021 WL 4507451, at *2 (D. Nev. Oct. 1, 2021). The losing party carries the burden of rebutting that presumption and demonstrating that its nondisclosure or objection was substantially justified. *Id.* at 3. Substantial justification only exists when the parties "had a genuine dispute on matters on which reasonable people could differ as to the appropriate outcome." *Roberts v. Clark Cnty. Sch. Dist.*, 312 F.R.D. 594, 609 (D. Nev. 2016). Although Takeover correctly states the legal standard, it fails to carry his burden to demonstrate that it was substantially justified in ignoring Plaintiff's discovery requests.

In this case, Takeover's failures are not justified. Takeover has had Deppoleto's discovery requests for nearly five months, and during that time, Takeover has not provided a single response. Simply because settlement discussions may be ongoing, Takeover cannot "unilaterally stay discovery without an order from the court." *Zaic v. Giddens*, No. 214CV00892APGPAL, 2017 WL 2259766, at *1 (D. Nev. May 23, 2017); *see also Fisher*, 2014 WL 12160749, at *3 (granting motion to compel discovery responses during settlement discussions because "the parties never requested the Court stay or extend discovery"). Takeover's complete disregard of its discovery obligations under the Federal Rules is not justified. And Takeover's failure to cite any law to support its position – that mere settlement discussions are sufficient in order to ignore discovery – is an implicit admission that Takeover has no law to support its position, and that its position is not substantially justified. Plaintiff also notes that, over a month after Takeover's counsel's unequivocal, December 6, 2023, email promising to produce all responses, to date, Takeover still has not produced any responses, and instead appears to have spent more time and effort on its Response Brief to Plaintiff's Motion than Takeover has on simply gathering and producing the requested documents and written responses.

As such, Takeover is responsible for Deppoleto's attorneys' fees and costs incurred in bringing this Motion. *See* Fed. R. Civ. P. 37(a)(5)(A).

**CONCLUSION**

The Court should enter an Order compelling Takeover to: (1) provide full and complete responses to Deppoleto's Interrogatories and Requests for the Production of Documents within one week; and (2) reimburse Deppoleto for his reasonably attorneys' fees and costs incurred in bringing this Motion.

DATED this 11th day of January, 2024.

                                      **HUSCH BLACKWELL LLP**

By:   /s/ *Jennifer E. Hoekel*
      JENNIFER E. HOEKEL
      Nevada Bar No. 12775
      jennifer.hoekel@huschblackwell.com
      **HUSCH BLACKWELL LLP**
      8001 Forsyth Boulevard Suite 1500
      St. Louis, Missouri 63105
      Telephone: 314.480.1500
      Facsimile: 314.480.1505

      -and –

      JAMES PATRICK SHEA
      Nevada Bar No. 405
      BART K. LARSEN
      Nevada Bar No. 8538
      KYLE M. WYANT
      Nevada Bar No. 14652
      **SHEA LARSEN**
      1731 Village Center Circle, Suite 150
      Las Vegas, Nevada 89134
      Telephone: (702) 471-7432
      Fax: (702) 926-9683
      Email: jshea@shea.law
      blarsen@shea.law
      kwyant@shea.law

      *Attorney for Plaintiff,*
      *James V. Deppoleto Jr.*

# CERTIFICATE OF SERVICE

1. On January 11, 2024, I served the following document(s): **PLAINTIFF'S REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM TAKEOVER INDUSTRIES INCORPORATED.**

2. I served the above document(s) by the following means to the persons as listed below:

   ☒ a. ECF System:

   ☐ b. United States mail, postage fully prepaid:

   ☐ c. Personal Service:

   I personally delivered the document(s) to the persons at these addresses:

   ☐ For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

   ☐ For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

   ☐ d. By direct email (as opposed to through the ECF System):
   Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

   ☐ e. By fax transmission:

   Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

   ☐ f. By messenger:

   I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

   I declare under penalty of perjury that the foregoing is true and correct.

   Dated: January 11, 2024.

   By: /s/ *Jennifer E. Hoekel*