**HALL & EVANS, LLC**
KURT R. BONDS, ESQ.
Nevada Bar No. 6228
DAVID M. SEXTON, ESQ.
Nevada Bar No. 14951
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
(702) 998-1022
nvefile@hallevans.com
bondsk@hallevans.com
sextond@hallevans.com
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JAMES V. DEPPOLETO, JR., Individually and Derivatively on Behalf of Nominal Defendant Takeover Industries Incorporated,<br><br>　　Plaintiff,<br><br>vs.<br><br>TAKEOVER INDUSTRIES INCORPORATED, Defendant and Nominal Defendant, MICHAEL HOLLEY, TOBY MCBRIDE, JOSEPH PAVLIK, TOM ZARRO, and NEXTGEN BEVERAGES, LLC,<br><br>　　Defendants. | CASE NO.: 2:22-cv-2013-GMN-VCF<br><br>**DEFENDANT TOBY MCBRIDE'S ANSWER TO PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT** |

COMES NOW Defendant, Toby McBride ("Answering Defendant" of "Defendant") by and through his attorneys of record, the law firm of Hall & Evans, and hereby answers Plaintiff's First Amended Verified Complaint [ECF No. 25] (hereinafter the "FAC") as follows:

///

///

1   KB/20171-1*

## PARTIES

1. Answering Defendant states that he does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 1, 3, 5, and 6 of the FAC and upon said grounds denies each and every allegation contained therein.

2. Answering Defendant admits the allegations contained in Paragraphs 2 and 4 of the FAC.

3. Answering the allegations in Paragraph 7 of the FAC, Defendant admits that NextGen Beverages, LLC is a Wyoming limited liability company with its principal place of business in Wyoming. As to the remaining allegations in Paragraph 7 of the FAC, these Answering Defendants states that he does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained therein and upon said grounds denies each and every allegation contained therein.

## VENUE AND JURISDICTION

4. Answering Defendant states that he does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 8, 9, 10, 11, 12, 13, 14, 15, and 16 of the FAC and upon said grounds denies each and every allegation contained therein.

## FACTS

### Background

5. Answering Defendant states that he does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 17, 18, 19, 20, 21, 22, 23, 24, and 25 of the FAC and upon said grounds denies each and every allegation contained therein.

KB/20171-1*

**Holley's, McBride's, and Pavlik's Corporate Misdeeds – Alter Ego Liability**

6. Answering Defendant states that he does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 26, 27, 28, 29, 30, 31, 32, and 33 of the FAC and upon said grounds denies each and every allegation contained therein.

**Deppoleto's Secured Convertible Debt Interest**

7. Answering Defendant states that he does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, and 58 of the FAC and upon said grounds denies each and every allegation contained therein.

**Takeover's Emergency Motion**

8. Answering Defendant admits the allegations contained in Paragraphs 59, 61, and 62 of the FAC.

9. Answering Defendant states that he does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 60 and 64 of the FAC and upon said grounds denies each and every allegation contained therein.

10. Answering Defendant denies the allegations contained in Paragraph 63 of the FAC.

**Defendants' Recent Misdeeds**

11. Answering Defendant denies the allegations contained in Paragraph 65 of the FAC.

12. Answering Defendant states that he does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs

HALL & EVANS, LLC
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
(702) 998-1022

66, 67, 68, 69, 70, 71, 72, 73, 74, 75, and 76 of the FAC and upon said grounds denies each and every allegation contained therein.

### Derivative Allegations

13. Answering Defendant states that he does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 77, 78 ,79, 80, 81, 82, 84, 85, and 86 of the FAC and upon said grounds denies each and every allegation contained therein.

14. Answering Defendant admits the allegations contained in Paragraph 83 of the FAC.

### COUNT I
### Declaratory Judgment (Against Takeover)

15. Answering Defendant states that he does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 87, 88, 89, 90, 91, 92, 93, and 94 of the FAC and upon said grounds denies each and every allegation contained therein.

### COUNT II
### Breach of Contract/Money Judgment (Against Takeover, McBride, Holley, Pavlik)

16. Answering Defendant states that he does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 95, 96, 97, 98, 99, 100, and 101 of the FAC and upon said grounds denies each and every allegation contained therein.

17. Answering Defendant denies the allegations contained in Paragraph 102 of the FAC.

///

///

## COUNT III
### Breach of Fiduciary Duty (Against McBride, Holley, Pavlik, and Zarro)

18. Answering Defendant states that he does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 103, 104, 105, and 106 of the FAC and upon said grounds denies each and every allegation contained therein.

19. Answering Defendant denies the allegations contained in Paragraphs 107, 108, and 109 of the FAC.

## COUNT IV
### In the alternative, Fraud/Fraud by Inducement
### (Against Takeover, Holley, Pavlik, Zarro and McBride)

20. Answering Defendant states that he does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 110, 111, 113, 114, 115, 116, 117, 119, and 120 of the FAC and upon said grounds denies each and every allegation contained therein.

21. Answering Defendant denies the allegations contained in Paragraphs 112 and 118 of the FAC.

## COUNT V
### In the alternative, Estoppel (Against Takeover, Holley, McBride, and Pavlik)

22. Answering Defendant state that he does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 121, 122, 123, 124, 125, 126, 127, 128, and 129 of the FAC and upon said grounds denies each and every allegation contained therein.

///

///

///

### COUNT VI
**In the alternative, Unjust Enrichment**
**(Against Takeover, Holley, McBride, Zarro and Pavlik)**

23. Answering Defendant states that he does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 130, 131, 132, 133, 134, 135, and 136 of the FAC and upon said grounds denies each and every allegation contained therein.

### COUNT VII
**Fraudulent Transfer (Against Takeover, Holley, McBride, Pavlik, and Zarro)**

24. Answering Defendant states that he does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 137, 138, 139, 140, and 142 of the FAC and upon said grounds denies each and every allegation contained therein.

25. Answering Defendant denies the allegations contained in Paragraph 141 of the FAC.

### COUNT VIII
**Receiving a Fraudulent Transfer (Against NextGen Beverages LLC)**

26. Answering Defendant states that he does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 143, 144, and 145 of the FAC and upon said grounds denies each and every allegation contained therein.

### COUNT IX
**Aiding and Abetting a Fraudulent Transfer**
**(Against Holley, McBride, Pavlik, Zarro, and NextGen Beverages LLC)**

27. Answering Defendant states that he does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs

HALL & EVANS, LLC
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
(702) 998-1022

146, 147, 148, and 149 of the FAC and upon said grounds denies each and every allegation contained therein.

### COUNT X
### Breach of Fiduciary Duty (Derivatively)
### (Against McBride, Holley, Pavlik, and Zarro)

28. Answering Defendant states that he does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 150, 151, 152, and 154 of the FAC and upon said grounds denies each and every allegation contained therein.

29. Answering Defendant denies the allegations contained in Paragraph 153 of the FAC.

### COUNT XI
### Waste of Corporate Assets (Derivatively)
### (Against McBride, Holley, Pavlik, and Zarro)

30. Answering Defendant states that he does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 155 and 156 of the FAC and upon said grounds denies each and every allegation contained therein.

### COUNT XII
### In the Alternative, Aiding and Abetting Breach of Fiduciary Duty (Derivatively)
### (Against McBride, Holley, Pavlik, and Zarro)

31. Answering Defendant states that he does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 157, 158, 159, 160, 161, and 162 of the FAC and upon said grounds denies each and every allegation contained therein.

///

///

HALL & EVANS, LLC
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
(702) 998-1022

KB/20171-1*

**AFFIRMATIVE DEFENSES**

1. The FAC fails to state a claim for relief against Answering Defendant upon which relief can be granted and should be dismissed with prejudice.

2. The incident alleged in the FAC, and the resulting damage, if any, to Plaintiff, was proximately caused or contributed to by the Plaintiff's own negligence, and such negligence was greater than the negligence, if any, of the Answering Defendant.

3. Answering Defendant alleges that the occurrence referred to in the FAC, and all injuries and damages, if any, resulting therefrom, were caused by the acts or omissions of a third party or parties over whom this Defendant has no control.

4. All risks and dangers involved in the factual situation described in the FAC were open, obvious and known to Plaintiff, and said Plaintiff voluntarily assumed said risks and dangers.

5. Defendant alleges that recovery of unlimited punitive or exemplary damages is barred because NRS Chapter 42, as amended, denies Answering Defendant equal protection of the law under Article Four, Section Twenty of the Nevada Constitution, and the Fourteenth Amendment to the United States Constitution.

6. Answering Defendant alleges that any award of punitive or exemplary damages in this action is barred as excessive, as the product of bias or passion and/or by proceedings lacking sufficient guidelines and/or the basic elements of fundamental fairness, under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and Article One, Section Eight, of the Nevada Constitution.

7. Plaintiff has failed to plead any acts or omissions of Answering Defendant sufficient to warrant consideration of exemplary or punitive damages.

8.   The business judgment rule protects Answering Defendant from any liability for the allegations in the FAC.

9.   Answering Defendant did not owe any duty of care to Plaintiff.

10.  Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

11.  Plaintiff lacks standing to assert the claims or causes of action alleged in the FAC.

12.  Plaintiff has failed to join indispensable parties.

13.  At all times relevant hereto, Answering Defendant exercised reasonable and ordinary care under the circumstances and discharged any and all duties that may have existed by law.

14.  There has been a failure to specifically allege items of special damages pursuant to NRCP 9(g).

15.  Plaintiff has failed to mitigate his damages, if any, and cannot recover for alleged losses that Plaintiff could have reasonably avoided.

16.  Plaintiff's claims are barred by the doctrines of estoppel, laches, waiver, and/or release.

17.  Defendant incorporates all other defenses enumerated in NRCP 8 for purposes of non-waiver.

18.  Pursuant to NRCP 11, as amended, all possible affirmative defenses may not have been alleged herein, insofar as sufficient facts were not available after reasonable inquiry upon the filing of Answering Defendant's Answer, and therefore, Answering Defendant reserve the right to amend his Answer to allege additional affirmative defenses if subsequent investigation warrants.

///

///

WHEREFORE, Answering Defendant prays for judgment against Plaintiff as follows:

1. That Plaintiff take nothing by way of his First Amended Verified Complaint on filed herein;

2. For reasonable attorney's fees and his costs of suit incurred herein; and

3. Such other and further relief as the Court may deem just and proper.

DATED this 20th day of February, 2024.

        HALL & EVANS, LLC

        /s/ Kurt R. Bonds
        KURT R. BONDS, ESQ.
        Nevada Bar No. 6228
        DAVID M. SEXTON, ESQ.
        Nevada Bar No. 14951
        1160 North Town Center Drive
        Suite 330
        Las Vegas, Nevada 89144
        (702) 998-1022
        nvefile@hallevans.com
        *Attorneys for Defendants*

**CERTIFICATE OF SERVICE VIA CM/ECF**

    I hereby certify that on this 20th day of February, 2024, I did serve, via Case Management/Electronic Case Filing, a copy of the above and foregoing **DEFENDANT TOBY MCBRIDE'S ANSWER TO PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT** addressed to:

James Patrick Shea, Esq.
Bart K. Larsen, Esq.
Kyle M. Wyant, Esq.
SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, NV 89134
jshea@shea.law
blarsen@shea.law
kwyant@shea.law

Jennifer E. Hoekel, Esq.
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Jennifer.hoekel@huschblackwell.com
Patrick.Harvey@huschblackwell.com

                                                */s/ Lisa Salgado-Guerrero*
                                                An Employee of HALL & EVANS, LLC

HALL & EVANS, LLC
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
(702) 998-1022