1  JAMES PATRICK SHEA
   Nevada Bar No. 405
2  BART K. LARSEN
   Nevada Bar No. 8538
3  KYLE M. WYANT
4  Nevada Bar No. 14652
   **SHEA LARSEN**
5  1731 Village Center Circle, Suite 150
   Las Vegas, Nevada 89134
6  Telephone: (702) 471-7432
7  Fax: (702) 926-9683
   Email: jshea@shea.law
8  blarsen@shea.law
   kwyant@shea.law
9

10 JENNIFER E. HOEKEL
   Nevada Bar No. 12775
11 jennifer.hoekel@huschblackwell.com
   **HUSCH BLACKWELL LLP**
12 8001 Forsyth Boulevard Suite 1500
13 St. Louis, Missouri 63105
   Telephone: 314.480.1500
14 Facsimile: 314.480.1505

15
   -and-
16
17 PATRICK M. HARVEY
   Admitted *Pro Hac Vice*
18 patrick.harvey@huschblackwell.com
   **HUSCH BLACKWELL LLP**
19 511 North Broadway Suite 1100
   Milwaukee, Wisconsin 53202
20 Telephone: 414.273.2100
21 Facsimile: 414.223.5000
   *Attorney for Plaintiff*
22 *James V. Deppoleto Jr.*

23
24                  **UNITED STATES DISTRICT COURT**
25                   **FOR THE DISTRICT OF NEVADA**
26
27
28

HB: 4858-2491-7675.2

| | | |
|---|---|---|
| 1 | JAMES V. DEPPOLETO JR., | |
| 2 | Individually and Derivatively on Behalf of Nominal Defendant Takeover Industries Incorporated | CASE NO. 2:22-cv-02013-GMN-MDC |
| 3 | | **PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM MICHAEL HOLLEY, TOBY MCBRIDE, AND NEXTGEN BEVERAGES, LLC** |
| 4 | Plaintiff, | |
| 5 | v. | |
| 6 | TAKEOVER INDUSTRIES INCORPORATED, | |
| 7 | Defendant and Nominal Defendant | |
| 8 | MICHAEL HOLLEY, | |
| 9 | TOBY MCBRIDE, | |
| 10 | | |
| 11 | JOSEPH PAVLIK, | |
| 12 | TOM ZARRO, | |
| 13 | and | |
| 14 | NEXTGEN BEVERAGES, LLC | |
| 15 | Defendants. | |

Plaintiff, James V. Deppoleto Jr. ("Plaintiff" or "Deppoleto"), by and through his undersigned counsel, submits this Reply Brief in Support of his Motion to Compel Defendants, Michael Holley ("Holley"), Toby McBride ("McBride"), and NextGen Beverages, LLC ("NextGen") (collectively, "Defendants"), to provide complete responses to the Interrogatories and Requests for Production that Deppoleto served on them on January 9, 2024.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants do not dispute that they failed to provide a single substantive discovery response. Nor do they dispute that their responses otherwise fall far short of their obligations under the Federal Rules of Civil Procedure. Instead, Defendants contend that their failures are excused by the manner in which Plaintiff served his discovery requests. Specifically, Holley and NextGen

1

contend that they can simply ignore Plaintiff's discovery requests because Plaintiff served them via email instead of regular mail.  And McBride – over a month after the Court granted his motion to set aside the default entered against him – argues that he cannot be compelled to respond to discovery because, although he is inarguably a party at this point, and although he had a motion to vacate the default pending when he was served with the discovery, the Clerk's entry of default had not yet been vacated when Plaintiff served him with the discovery.

Defendants' arguments have no merit, and the Court should reject them.  Because Defendants still have not provided any substantive discovery responses, the Court should grant Plaintiff's Motion to Compel, and also award Plaintiff the fees and costs that he incurred in bringing this Motion.

**ARGUMENT**

1. **The Court should compel Defendants to provide complete responses to Deppoleto's January 2024 discovery requests.**

Plaintiff served the discovery in question on January 9, 2024.  Defendants served nominal responses on February 8, 2024, but they did not provide a single substantive response to an interrogatory, nor did they produce a single responsive document.  Instead, Defendants provided the same boilerplate, cut-and-paste response to the interrogatories and requests for production, and notwithstanding the quickly-approaching May 7 discovery cutoff, Defendants subsequently refused to provide substantive responses in a timely fashion, which left Plaintiff with no choice but to bring this Motion to Compel.

Because Defendants have essentially conceded that their responses are deficient, the Court should grant the Motion, and allow discovery in this case to advance so that the parties can comply with the quickly-approaching discovery deadline.

HB: 4858-2491-7675.2

**A.  Deppoleto properly served his January 2024 discovery requests on Defendants.**

As an initial matter, Defendants' argument that they were not properly served – even if it had merit, which it does not – would be a classic example of "form over substance." Defendants cannot, and do not, seriously claim that their counsel did not receive the discovery in question via email. Defendants merely ask that the Court bless Defendants' decision to wait until the deadline for responding to the discovery to raise, for the first time, an improper service argument as a basis for their argument that they need not respond at all. The Court has broad discretion when it comes to controlling discovery, and it should exercise that discretion by denying Defendants' argument. If Defendants actually objected to service via email, Defendants should have raised that argument shortly after Defendants' counsel received the discovery via email on January 9. Waiting until nearly a month later to raise that objection is not good faith, and the Court should not condone that behavior, particularly in light of: (a) the Court's recent ruling with respect to Defendants' other failures to respond to discovery; and (b) the quickly-approaching discovery cutoff.

Even setting that aside, Defendants were properly served. Under the Federal Rules of Civil Procedure and District of Nevada Local Rules, a party may serve discovery requests via email. Federal Rule 5(b)(2) states that "[a] paper is served under this rule by . . . sending it by other electronic means that the person consented to in writing – in either of which events service is complete upon filing or sending." Fed. R. Civ. P. 5(b)(2)(E). Relatedly, Local Rule IC 4-1(a) provides that "[p]articipation in the court's electronic filing system by registration and receipt of a login and password constitutes consent to the electronic service of pleadings and other papers under applicable rules, statutes, or court orders." *Id.*

Plaintiff properly served his discovery requests on Defendants, because Defendants' counsel consented to electronic service of discovery. On January 9, 2024, Plaintiff's counsel

3

served the discovery by emailing it to Defendants' counsel. Rule 5(b)(2)(E) permits service via email when the receiving party has consented to electronic service – which Defendants did by participating in the Court's electronic filing system. Local Rule IC 4-1(a) provides that participation in the court's electronic filing system "constitutes consent to the electronic service of pleadings and other papers . . . ." *Id.*

In response, Defendants cite a non-binding case from a different jurisdiction, *Okada v. Ark. Whitehead*, 2016 U.S. Dist. LEXIS 191926 (C.D. Cal. June 13, 2016), and argue that it supports the proposition that discovery cannot be served via email unless the receiving party has first given its express written consent (Defendants' Response 4-5, Dkt No. 67). Although the court in *Okada* ultimately held that the discovery served via email in that case was not properly served, that case is inapplicable, because the court made it clear that it came to that conclusion because the local rules *in that jurisdiction* provided that any attorney who registers for CM/ECF will be deemed to have consented to receive "'electronic service of documents *through the CM/ECF system*,' but discovery documents are not served through the CM/ECF system." *Id.* at **13-14 (emphasis added). In other words, the consent to service based on the local rule *in that jurisdiction* was limited to documents served "through the CM/ECF system." *Id.*[1]

---

[1] It is also worth noting that the defendant in *Okada*: (1) argued "that he did not receive [the discovery requests] and *had previously told Plaintiff's counsel that he was 'experiencing significant issues with his email address'*"; and (2) once defendant's counsel received the requests, defendant's counsel actually provided substantive responses to the discovery, which is why the court merely "[found] that the delay in Defendant's response was substantially justified." *Id.* at **10, 13 (emphasis added).

In this case, by contrast, despite Defendants' claim that they did not "bec[o]me aware of" Plaintiff's January 9 discovery requests until February 6 (Defendants' Resp. 3, Dkt. 67), there is no serious dispute that Plaintiff's counsel delivered, and Defendants' counsel received, the discovery requests on January 9 (Patrick M. Harvey March 7, 2024, Declaration ¶ 2, Ex. 1), and to suggest otherwise is misleading, at best. Tellingly, Defendants' Response Brief does not specifically state that Defendants' counsel failed to "receive" the requests on January 9 – it merely claims that Defendants "first became aware of" the requests on February 6. (Defendants' Resp. 3, Dkt. 67.) Assuming that that is true, that merely suggests that Defendants' counsel did not thoroughly review email for a time period, which is hardly Plaintiffs' fault, and in any event, it is not proof that Defendants' counsel did not receive the requests on January 9.

4

In this case, by contrast, Local Rule IC 4-1(a), the consent-to-electronic-service provision, is not limited to documents filed with the Court. Instead, the Local Rule explicitly provides that a party's decision to participate in the "court's electronic filing system . . . constitutes consent to the electronic service of pleadings **and other papers** . . . ." *Id.* (emphasis added). As other courts have held, that distinction is crucial, because when the relevant local rule does not explicitly exclude documents that are not filed with the court/through the CM/ECF system, participation in the electronic filing system constitutes consent to email service of discovery. *See, e.g.*, *Coleman v. Colorado Tech. Univ.*, 2017 WL 2377714, at *3 (E.D. Pa. June 1, 2017) (holding that unanswered requests for admission were deemed admitted and properly served even though they were served via email, because the local rules provided that participation in the court's electronic filing system constituted consent to electronic service, and there was no specific carve-out for discovery requests); *Alliance Commc'ns Co-op, Inc. v. Golden W. Telecomms. Coop., Inc.*, 2009 WL 512023, at **3-4 (D.S.D. Feb. 27, 2009) (rejecting the defendant's argument "that plaintiffs' service [of discovery requests] by e-mail does not constitute proper service because [the defendant] never consented in writing to electronic service," because defendant's counsel agreed to local rule 5, the "attorney registration form for electronic filing with this court.").

---

In addition, unlike in *Okada*, Defendants do not claim that their counsel previously gave Plaintiff's counsel any notice about "experiencing significant issues with his email address," so there was no reason for Plaintiff's counsel to question whether Defendants' received the email; indeed, the parties' counsel had exchanged numerous emails, without issue, before January 9.

Finally, unlike the defendant in *Okada*, Defendants still have not provided *any* substantive response to Plaintiff's discovery, meaning that although the analysis may be different if, as in *Okada*, the question was whether Defendants were substantially justified in providing late, substantive responses, the question here is whether Defendants should be permitted to refuse to provide any substantive response at all. *Okada* does not support the argument that a party can simply refuse to provide substantive responses even after being made aware of the discovery requests.

5

As *Coleman* – in declining to follow cases with reasoning similar to *Okada* – explained: "[T]hose cases are readily distinguishable, because the relevant provisions and rules they involved specifically excluded from the list of documents eligible for electronic service those that are not 'filed with the court' – which describes most discovery requests. This Court's Local Rules, by contrast, have no similar exclusion." *Coleman*, 2017 WL 2377714, at *3. And because the relevant Local Rule in this case is likewise not limited to documents filed with the Court, Plaintiff's discovery requests were properly served pursuant to Fed. R. Civ. P. (b)(2)(E). *See Coleman*, 2017 WL 2377714, at *3; *Alliance Commc'ns*, 2009 WL 512023, at **3-4.

In conclusion, because Plaintiff properly served Defendants with discovery requests on January 9, 2024, and Defendants failed to provide substantive responses by the February 8, 2024, deadline, the Court should compel Defendants to provide complete, substantive responses.

**B.  McBride is a party to this lawsuit, and as such, he must respond to Plaintiff's discovery requests.**

Despite being served with discovery on January 9, 2024, McBride contends that he cannot be compelled to respond because he was technically still in default at the time that he was served.

On November 29, 2023, the Clerk entered default against McBride (Dkt. No. 42), and McBride moved to set aside the Clerk's entry of default on December 15, 2023 (Dkt. No. 46). Nearly one month later – *after* McBride moved to set aside the entry of default, and in doing so, clearly demonstrated his intention to actively participate in this case – Plaintiff served McBride with discovery requests on January 9, 2024. On February 20, 2024, the Court granted McBride's motion (Dkt. No. 63), and he filed an Answer that same day (Dkt. No. 64).

According to McBride, a party in default cannot be compelled to respond to discovery requests even after a default has been vacated. The only Ninth Circuit case that McBride cites in support of his argument is *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146 (9th

Cir. 2010).  However, *Jules Jordan Video* is distinguishable.  In that case, the plaintiff served 716 requests for admission on the defendant, and during the 30-day response window, the defendant had an entry of default entered against it and did not respond to the requests for admission.  *Id.* at 1157.  After the default was vacated, the defendant moved for leave to respond to the requests for admission, which the trial court denied and therefore deemed the requests admitted.  *Id.* at 1157-58.  On appeal, the Ninth Circuit disagreed with the trial court's decision and held "that if a defaulted defendant cannot answer allegations of the complaint, it also cannot respond to requests for admissions, *at least until the default is vacated*."  *Id.* at 1159 (emphasis added).

*Jules Jordan Video* only addressed a defendant's obligations to respond to requests for admission.  It did not address obligations to respond to interrogatories and requests for production.  Unlike requests for admission, interrogatories and document requests closely mirror the tools used to obtain discovery from non-parties, such as a subpoena for documents.  *See* Fed. R. Civ. P. 45(a)(1)(A)(iii).  By contrast, the ruling in *Jules Jordan Video* was based on the court's concern about requiring a defaulted defendant to be subjected to discovery – requests for admission under Fed. R. Civ. P. 36 – that was only available to active litigants.  617 F.3d at 1158-59.  That is not a concern here, because this Motion does not relate to requests for admission.

Moreover, by the time that McBride filed his February 29, 2024, Response to this Motion, the Court had already vacated the default nearly a week earlier, so McBride was inarguably a party by the time that he filed his Response.  Therefore, there is no reason that he could not respond to the discovery.  *See Jules Jordan Video*, 817 F.3d at 1159 ("if a defaulted defendant cannot answer allegations of the complaint, it also cannot respond to requests for admissions, *at least until the default is vacated*.") (emphasis added).  McBride did not make any effort to respond to the discovery requests after the Court vacated his default.  Since then, McBride has not indicated that

7

he intends to respond to the discovery, and is instead arguing that he "cannot be compelled to respond to Plaintiff's written discovery which was not properly served on a party at the time of his improper service." (Defendants' Resp. 6, Dkt. 67.)  At best, this argument is form over substance. McBride cannot have it both ways: he asked to be an active participant in the lawsuit, so he needs to participate – particularly now that he is a party to the lawsuit.  If he did not want to be a party to the lawsuit, he should not have filed a motion to vacate and should have simply accepted the default.  The Court can, and should, compel him to respond to Plaintiff's requests.

Defendants' other cited cases (Defendants' Rep. 5-6, Dkt. No. 67), also do not support a finding that McBride can simply ignore the discovery requests.  As an initial matter, none of those cases address the question before the Court – *i.e.*, whether a party that has a pending motion to vacate a default can simply refuse to respond to discovery requests that were served while the party was technically in default, but after the party had already filed a motion to vacate and therefore clearly indicated an intent and desire to participate as a party.  In addition, all of Defendants' other cases are from outside of this District, meaning none of them are binding.

In *Paisley Park Enterprises, Inc. v. Boxill*, 2019 WL 1036059 (D. Minn. March 5, 2019), the defaulted party did not file a motion to vacate, and did not even appear for the motion to compel hearing.  *Id.* at **1-2.  And the court merely held that the defaulted party was required to respond to a subpoena because the subpoena was issued after the entity was already in default, meaning the subpoena was proper discovery to a non-party under Fed. R. Civ. P. 45.  *Id.* at *2.  Indeed, in a broader sense, *Paisley* actually supports Plaintiff, because it confirms the commonsense proposition that an entity cannot avoid complying with discovery obligations by benefiting from its own deficiency in providing a timely response to a complaint.  *See id.*

*La Barbera v. Pass 1234 Trucking, Inc.*, 2008 WL 2564153 (E.D.N.Y. June 25, 2008), is a three-paragraph decision that denied a motion to compel compliance "with notices of depositions served in-furtherance of enforcement of the judgment,'" with the court ruling that, because the defendant was in default, the plaintiff could only obtain the requested information by following Fed. R. Civ. P. 45. *Id.* at *1. Nothing in the decision suggests that the defaulting defendant had a pending motion to vacate at the time the discovery was served, and nothing in it suggested that the defaulting defendant could avoid providing the requested information by benefiting from the fact that it failed to file a timely response, which led to it being placed in default.

In *Allied Enterprises, Inc. v. Brillcast, Inc.*, 2015 WL 13122945 (W.D. Mich. Nov. 17, 2015), the court found "that Allied is entitled to a default judgment holding Brillcast liable as to all violations alleged in the complaint," and even then, the court "authorize[d] Allied to conduct discovery in accordance with the rules governing non-party witnesses." *Id.* at **2-3. In other words, nothing in the decision suggests that a defaulting party is entitled to a windfall of not having to respond to or participate in any discovery solely because it shirked its duty to file a timely response. Moreover, the court in that case granted the plaintiff default judgment, whereas in this case, the Court granted McBride's motion to vacate the default judgment. Finally, *Allied* noted that the main reason for treating a defaulted defendant as a non-party was because, by "'defaulting, a defendant can reasonably be regarded as having given up most of the benefits that a status as a party confers.'" *Id.* at * 3 (quotation omitted). In this case, by contrast, McBride cannot be reasonably regarded as having voluntarily given up most of the benefits that a status as a party confers: indeed, that was the whole point of his motion to vacate – he claimed that he defaulted by mistake, and he asked the Court for relief from that mistake precisely so that he could be a proper party. As such, *Allied* does not support McBride's position.

HB: 4858-2491-7675.2

Defendants' quote from *Harco Nat'l Ins. Co. v. Sleegers Eng'g, Inc.*, 2014 WL 5421237 (E.D. Mich. Oct. 22, 2014), is mere *dicta*. *Harco* did not even involve a question about a defaulting defendant – much less a defaulting defendant that had a pending motion to vacate the default. The plaintiff in that case was seeking discovery from Schwans *after* the plaintiff "voluntarily agreed to dismiss Schwans from the case." *Id.* at *3. With the plaintiff having voluntarily dismissed Schwans from the case, the court – understandably – held that Schwans was not a party for purposes of the motion to compel. *Id.* at **3-4. The court also found that the discovery was improper under Rule 26. *Id.* at *5. As such, *Harco* also does not support Defendants.

*Standard Mut. Ins. Co. v. Barkley*, 2012 WL 13081715 (N.D. Ind. April 4, 2012), is also distinguishable. The defaulting third-party defendant in that case did not have a motion to vacate the default pending, and in fact, as of the date of the decision, "ha[d] yet to appear or file any documents with the court." *Id.* at *1 n.2. The discovery at issue was also a set of requests for admission, and the court relied on *Jules Jordan Video* for support for the proposition that the defaulting third-party defendant could not respond to those "'at least until the default is vacated.'" *Standard Mut.*, 2012 WL 13081715 at *3 (quoting *Jules Jordan Video*, 617 F.3d at 1159). In this case, of course, the default has been vacated, so there is no reason why McBride cannot respond.

Finally, if McBride believed that Plaintiff's discovery requests were improper, he should have requested a protective order from the Court. Rule 26(c)(1) states that a "party *or any person* from whom discovery is sought may move for a protective order in the court where the action is pending." Fed. R. Civ. P. 26(c)(1) (emphasis added). Instead, McBride ignored his obligations under the Federal Rules, and simply chose not to provide any substantive discovery responses.

The Court should not allow McBride to shirk his discovery obligations. As an active party to this case, McBride should participate in discovery rather than spending his resources and energy

10

needlessly dragging out the proceedings for the Court and the parties.  The Court should compel McBride to provide complete discovery responses.

**2.      The Court should award Deppoleto his attorneys' fees and costs.**

A successful motion to compel carries a "presumption that reasonable expenses – including attorneys' fees – will be awarded." *4R4 Sons, LLC v. Tru G. Wilhelm, Inc.*, No. 221CV01081GMNNJK, 2021 WL 4507451, at *2 (D. Nev. Oct. 1, 2021); *see also* Fed. R. Civ. P. 37(a)(5)(A).  In this case, an award for Plaintiff's attorneys' fees and costs in bringing this Motion is particularly justified because this is the third motion to compel that Plaintiff has been forced to file against Defendants.  (*See* Dkt. No. 47, 48, 63.)  Defendants have repeatedly shown a disregard for their obligations under the Federal Rules of Civil Procedure and Local Rules.  The Court should therefore hold that they are responsible for Plaintiff's attorneys' fees and costs.

## CONCLUSION

The Court should enter an Order compelling Holley, McBride, and NextGen to: (1) provide full and complete responses to Plaintiff's Interrogatories and Requests for the Production of Documents within one week; and (2) reimburse Plaintiff for his reasonably attorneys' fees and costs incurred in bringing this Motion.

1  DATED this 7th day of March, 2024.

2                                          **HUSCH BLACKWELL LLP**

4                                  By:  /s/ *Patrick M. Harvey*
5                                       JENNIFER E. HOEKEL
                                        Nevada Bar No. 12775
6                                       jennifer.hoekel@huschblackwell.com
                                        **HUSCH BLACKWELL LLP**
7                                       8001 Forsyth Boulevard Suite 1500
                                        St. Louis, Missouri 63105
8                                       Telephone: 314.480.1500
                                        Facsimile: 314.480.1505

10                                      PATRICK M. HARVEY
                                        Admitted *Pro Hac Vice*
11                                      patrick.harvey@huschblackwell.com
                                        **HUSCH BLACKWELL LLP**
12                                      511 North Broadway Suite 1100
                                        Milwaukee, Wisconsin 53202
13                                      Telephone: 414.273.2100
14                                      Facsimile: 414.223.5000

15                                      -and –

16                                      JAMES PATRICK SHEA
17                                      Nevada Bar No. 405
                                        BART K. LARSEN
18                                      Nevada Bar No. 8538
                                        KYLE M. WYANT
19                                      Nevada Bar No. 14652
                                        **SHEA LARSEN**
20                                      1731 Village Center Circle, Suite 150
21                                      Las Vegas, Nevada 89134
                                        Telephone: (702) 471-7432
22                                      Fax: (702) 926-9683
                                        Email: jshea@shea.law
23                                      blarsen@shea.law
                                        kwyant@shea.law
24

25                                      *Attorney for Plaintiff,*
                                        *James V. Deppoleto Jr.*
26

27

28

HB: 4858-2491-7675.2

**CERTIFICATE OF SERVICE**

1. On March 7, 2024, I served the following document(s): **PLAINTIFF'S REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM MICHAEL HOLLEY, TOBY MCBRIDE, AND NEXTGEN BEVERAGES, LLC.**

2. I served the above document(s) by the following means to the persons as listed below:

   ☒ a. ECF System:

   ☐ b. United States mail, postage fully prepaid:

   ☐ c. Personal Service:

   I personally delivered the document(s) to the persons at these addresses:

   ☐ For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

   ☐ For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

   ☐ d. By direct email (as opposed to through the ECF System):
   Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

   ☐ e. By fax transmission:

   Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

   ☐ f. By messenger:

   I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

   I declare under penalty of perjury that the foregoing is true and correct.

   Dated: March 7, 2024.

   By: /s/ *Patrick M. Harvey*

13

HB: 4858-2491-7675.2