# EXHIBIT 1

**From:** Harvey, Patrick
**Sent:** Tuesday, February 6, 2024 1:29 PM
**To:** Sexton, David M. <sextond@hallevans.com>; Bonds, Kurt R. <bondsk@hallevans.com>
**Cc:** Hoekel, Jennifer <Jennifer.Hoekel@huschblackwell.com>; Kyle Wyant <kwyant@shea.law>;
Villalpando, Meghan <Meghan.Villalpando@huschblackwell.com>
**Subject:** RE: Discovery responses and deposition dates

David:

I am attaching the transmittal email that was served on Kurt on January 9.  Given that: (a) Kurt received
our discovery requests on January 9; and (b) we need to move forward with discovery in this case, we are
not in a position to offer an extension until the end of the month for your clients' responses.

Also, I believe that Mr. Pavlik's responsive pleading was due yesterday.  We were already preparing a
motion for default.

Best regards,
Patrick

**Patrick M. Harvey**
**Partner**

**HUSCH** BLACKWELL LLP
511 North Broadway
Suite 1100
Milwaukee, WI 53202
Direct:  414.978.5321
Fax:  414.223.5000
patrick.harvey@huschblackwell.com
huschblackwell.com
View Bio | View VCard

**From:** Sexton, David M. <sextond@hallevans.com>
**Sent:** Tuesday, February 6, 2024 1:23 PM
**To:** Harvey, Patrick <Patrick.Harvey@huschblackwell.com>; Bonds, Kurt R. <bondsk@hallevans.com>
**Cc:** Hoekel, Jennifer <Jennifer.Hoekel@huschblackwell.com>; Kyle Wyant <kwyant@shea.law>
**Subject:** RE: Discovery responses and deposition dates

[EXTERNAL EMAIL]

Hi Patrick,

Thank you for your email. I have reached out to our clients about deposition dates and will let you know
when we hear back. We will also be filing Mr. Pavlik's Answer to the Amended Complaint today.

In your email you reference written discovery for which responses are due this Thursday. I have
reviewed our file, my emails, and checked with our support staff and there is no record of any additional
written discovery ever being served (or received). Can you please let me know how it was served and
when it was served? Also, if you can please provide copies of the written discovery requests, I would
appreciate that since we never received them. Finally, given that we never received the written
discovery requests, I would ask that you allow us until the end of the month to serve responses,
assuming you provide copies of the discovery you previously sent today.

Thank you,

**David M. Sexton** | Senior Associate
sextond@hallevans.com
Tel: 702-982-6344

**Hall & Evans, LLC**
1160 North Town Center Drive, Suite 330
Las Vegas, NV 89144



COLORADO | ILLINOIS | MISSOURI | MONTANA | NEVADA | NEW MEXICO | UTAH | WYOMING
website | bio | LinkedIn

Confidentiality Notice: This e-mail and any files transmitted with it are confidential and intended solely for the named addressee(s) of this message and may be subject to attorney-client privilege or work-product protection. If you are not the named addressee, unauthorized use, disclosure or distribution is prohibited; please notify the sender by reply email and destroy all copies of the original message. Our spam protection may prevent any reply e-mail from being delivered. If I have not responded to your email within 48 hours, please contact our office at 303/628-3300. This e-mail and any attachments are believed to be free of viruses and defects, but it is the responsibility of the recipient to ensure that it is virus-free. The sender is not responsible for any loss or damage arising from its use.

**From:** Harvey, Patrick <Patrick.Harvey@huschblackwell.com>
**Sent:** Tuesday, February 6, 2024 10:18 AM
**To:** Bonds, Kurt R. <bondsk@hallevans.com>; Sexton, David M. <sextond@hallevans.com>
**Cc:** Hoekel, Jennifer <Jennifer.Hoekel@huschblackwell.com>; Kyle Wyant <kwyant@shea.law>
**Subject:** Discovery responses and deposition dates

Kurt and David:

As you know, several of your clients have discovery responses that are due this Thursday.  Please let us know whether you need us to send you a link to upload all of the requested documents by this Thursday.

Relatedly, because we need to get moving with discovery, please send us some dates in the next two weeks for the 30(b)(6) depositions of NextGen and Takeover, and then dates in the two weeks after that for the depositions of Mr. Holley, Mr. McBride, and Mr. Zarro.

Best regards,
Patrick

**Patrick M. Harvey**
**Partner**

**HUSCH BLACKWELL LLP**
511 North Broadway
Suite 1100
Milwaukee, WI 53202
Direct:  414.978.5321
Fax:  414.223.5000
patrick.harvey@huschblackwell.com
huschblackwell.com
View Bio | View VCard

| | |
|---|---|
| **From:** | Villalpando, Meghan |
| **Sent:** | Tuesday, January 9, 2024 8:12 AM |
| **To:** | Bonds, Kurt R. |
| **Cc:** | Hoekel, Jennifer; Harvey, Patrick; James Patrick Shea; Kyle Wyant |
| **Subject:** | Deppoleto v. Takeover - Discovery Requests |
| **Attachments:** | LTR from Hoekel to Bonds enclosing Plfs 1st Set of Interrogs & RFPD to Holley, McBride, NextGen.pdf; Plaintiff's First Set of Interrogs and RFPD to Michael Holley.pdf; Plaintiff's First Set of Interrogs and RFPD to Toby McBride.pdf; Plaintiff's First Set of Interrogs and RFPD to NextGen Beverages.pdf |

Counsel:

Enclosed, please find Plaintiff's First Set of Interrogatories and Requests for the Production of Documents to Michael Holley, Toby McBride, and NextGen Beverages, LLC.

Sincerely,

**Meghan Villalpando**
**Attorney**

**HUSCH BLACKWELL**

511 North Broadway
Suite 1100
Milwaukee, WI 53202

Direct: 414-978-5656
Fax: 414-223-5000
Meghan.Villalpando@huschblackwell.com
huschblackwell.com

**General Assignment**
**Commercial Litigation**

**Husch Blackwell is a different kind of law firm—structured around our clients' industries and built on a culture of selfless service. Our 1000+ lawyers collaborate across the U.S. from more than 20 offices and our virtual office, The Link, to provide uncommon to our clients' most complex challenges.**

Jennifer E. Hoekel
Partner

8001 Forsyth Boulevard, Suite 1500
St. Louis, MO 63105
Direct: 314.345.6123
Fax: 314.480.1505
jennifer.hoekel@huschblackwell.com

January 9, 2024

**VIA EMAIL & U.S. MAIL**
Kurt R. Bonds
Hall & Evans, LLC
1160 North Town Center Drive, Suite 330
Las Vegas, NV 89144

      Re:    ***James V. Deppoleto, Jr. v. Takeover Industries, Inc. et al.***
            District of Nevada Case No. 22-cv-2013

Dear Mr. Bonds:

     We are enclosing Plaintiff's First Set of Interrogatories and Requests for the Production of Documents to Michael Holley, Toby McBride, and NextGen Beverages, LLC.

                 Sincerely,

                 *s/ Jennifer E. Hoekel*

                 Jennifer E. Hoekel

Encl.
Cc:    Patrick Harvey (via email w/ encl.)
       James Patrick Shea (via email w/ encl.)
       Kyle Wyant (via email w/ encl.)

JAMES PATRICK SHEA
Nevada Bar No. 405
BART K. LARSEN
Nevada Bar No. 8538
KYLE M. WYANT
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email: jshea@shea.law
blarsen@shea.law
kwyant@shea.law

-and-

JENNIFER E. HOEKEL
Nevada Bar No. 12775
jennifer.hoekel@huschblackwell.com
**HUSCH BLACKWELL LLP**
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Telephone: 314.480.1500
Facsimile: 314.480.1505
*Attorneys for Plaintiff*
*James V. Deppoleto Jr.*

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

HB: 4891-3848-2842.2

JAMES V. DEPPOLETO JR.,

                              Plaintiff,

v.

TAKEOVER INDUSTRIES
INCORPORATED,
Defendant and Nominal Defendant

MICHAEL HOLLEY,

TOBY MCBRIDE,

JOSEPH PAVLIK,

TOM ZARRO,

and

NEXTGEN BEVERAGES, LLC

                         Defendants.

CASE NO. 2:22-cv-2013

**PLAINTIFF'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
THE PRODUCTION OF DOCUMENTS TO
MICHAEL HOLLEY**

To:    Michael Holley
        c/o Kurt R. Bonds
        Hall & Evans, LLC
        1160 North Town Center Drive, Suite 330
        Las Vegas, NV 89144

NOW COMES Plaintiff, James V. Deppoleto Jr. ("Mr. Deppoleto" or "Plaintiff"), by and through his undersigned counsel, and pursuant to the Federal Rules of Civil Procedure 26, 33, and 34, hereby propounds its First Set of Interrogatories and Requests for Production (collectively the "Requests") on Defendant, Michael Holley ("Holley" or "Defendant"), and demands that they be answered under oath, in writing, and that all documents identified in response thereto be delivered to the law offices of Husch Blackwell LLP, 8001 Forsyth Blvd Suite 1500, St. Louis, MO 63105, within 30 days of the service of these Requests.

## DEFINITIONS AND INSTRUCTIONS

A.    You," or "your" or "Holley" refers to Defendant, Michael Holley, and, without limitation, any counsel, consultants, experts, investigators, special administrators, agents, or other persons acting on its behalf.

B.    "Communications" means any and all communications arising out of or relating to the allegations in Plaintiff's Complaint, as well as:

      i.    Any and all records or electronically stored information ("ESI") relating to the Communications and Records.

      ii.    "Records" include not only hard copy documents, but audio recordings, videotape, email, instant messages, text messages, word processing documents, spreadsheets, databases, calendars, telephone logs, contact manager information, Internet usage files, and all other electronic information maintained, created, received, and/or maintained by You and/or NextGen on computer systems and/or phones.  "Sources" include all hard copy files, computer hard drives including external drives, removable media (*e.g.*, CDs and DVDs), laptop computers, PDAs, Blackberry devices, iPhones, iPads, Android devices, and any other locations where hard copy and electronic data is/are stored, including personal computers used by You and/or Your employees/agents/owners at home or other locations.  It also includes inaccessible storage media, such as back-up tapes, which may contain relevant electronic information that does not exist in any other form.

      iii.    "ESI" includes data stored on personal digital assistants, Blackberry devices, iPhones, iPads, Android devices, voicemail systems, mobile

telephones and/or data devices of any kind, as well as remote and Internet-based storage systems (such as Gmail, Yahoo, AOL, and Google Apps) and includes but is not limited to: email, voicemail, instant messages, text messages; documents created using word processing applications such as Word or WordPerfect; spreadsheets created by applications such as Excel; data contained within accounting applications such as Quickbooks; image files and documents including .bmp, gif., .jpg., .pdf, and .tiff files; sound files such as .wav and .mp3 files; video files such as .avi and .mov files; databases such as Access, Oracle, and SQL Server; relationship management and contacts data contained within programs such as Microsoft Outlook, Act! and Oncontact; presentation software such as Microsoft PowerPoint; project management software such as Microsoft Project; calendars; temporary Internet files, history files, and cookies; network access and activity logs, server activity logs, and any other computer system activity logs; compressed files such as .zip files; and any backup files, portable document format (PDF) documents, databases, electronic accounting records, graphics files (including images, digital photographs, and the like), individual email messages saved outside of email software program(s) that You currently use, voice mail messages, contact lists, calendars, task lists, other electronic correspondence (including postings to blogs, social networking pages, instant messages, chat files or logs), computer devices, servers, information stored or posted at web sites or other online sites or storage facilities, system and Internet

HB: 4891-3848-2842.2

usage logs, Internet history and cache files, enterprise user information, and copies of any other information stored or transmitted to any electronic communications provider, remote computing service, any other computer or system of computers, computer drives (external, internal and USB, flash or thumb drives), any backup tapes that are capable of storing electronic information, which are owned, possessed, accessible to, or controlled by You, and any other ESI that may be potentially relevant to the Communications.  In addition to the files described above, ESI also includes data related thereto in its native form, and its metadata in an unaltered state, wherever this data may be located or stored, *i.e.*, Your computers and storage media, or any computer hard drive, computer system, removable electronic media, and other electronic devices owned and/or operated by You or Your employees/agents/owners/board members or on their behalf and all such information in electronic form to which You may have access to, or control over, that is stored or maintained by any Internet service provider, email service provider, or any other online entity or service.  ESI also includes ESI containing information about or relating to the subject matter of the above-referenced lawsuit, including but not limited to: (a) ESI that supports, contradicts, or is otherwise related to any of the claims at issue in the above-referenced lawsuit; (b) ESI received, sent, deleted, or created by You that arises out of or relates to the allegations in the Complaint.

C.    "Document" means the original and any non-identical copy (which is different from the original or any copy because of notations thereon or attachments thereto, or otherwise) of any

5

written, printed, typewritten, handwritten, recorded, computer-stored or generated, graphic or photographic matter or material (however produced, reproduced or recorded), including but not limited to, the following: communications, correspondence, notes, telegrams, facsimile, texts, email, voice-mail, memoranda, contracts, reports, studies, diaries, time-slips, log-books, day-books, work schedules, pamphlets, charts, maps, plans, drawings, calendars, tabulations, calculations, financial records, tax returns, audit reports, progress notes and reports, bids, quotations, estimates, bonds, invoices, drafts, working papers, worksheets, books, computer printouts, computer cards, computer tapes, minutes and minute books (of any meeting of any person(s), committee or board), statements, checks, receipts, administrative regulations, journals, and authoritative texts, statistical or informational accumulations or summaries, files, photographs (including modified photographs), architectural sketches, artist's renderings, microfilm or mechanical reproductions, attachments, enclosures and other materials related to or referred to in any kind in the possession and/or under the control of you or your agents, servants, attorneys, investigators, or representatives which relate in any way whatsoever to any of the subjects referred to in the following discovery requests or to any written or oral communication(s) of any kind relating to or regarding any such subject, in whole or in part.  The term shall include data or information in the electronic or magnetic form including but not limited to emails, with any and all attachments, and databases and/or spreadsheets.  Electronic information shall be produced as single-paged TIFFs with a load file (.OPT or .LFP) and a load file that contains a path to the OCR.  Designated documents are to include all attachments, enclosures and other documents that are attached, related to or referred to such designated documents in any way.

     D.     "Identify" has the following meanings:

          1.     When used in reference to a document, it means to state:

6

        a.      The date and description of the document;

        b.      The document's present location and the name and address of its custodian;

        c.      The name and address of the person who drafted, prepared, and signed the document; and the name and address of his or her current employer; and

        d.      Any other descriptive information necessary to adequately describe the document.

2.      When used in reference to an individual person, it means to state:

        a.      The person's full name;

        b.      The person's last known residential address and telephone number; and

        c.      The person's last known employer, business address, and business telephone number.

3.      When used in reference to any entity other than an individual person, it means to state:

        a.      The entity's full name and its nature (e.g., a corporation);

        b.      The entity's last known address;

        c.      The state in which the entity has its principal place of business;

        d.      In the case of a corporation, the state of incorporation;

        e.      In the case of a partnership, the name and address of each general partner;

        f.      In the case of a limited liability company, the state of organization and the name and address of each member; and

        g.      In the case of any business entity other than a corporation, partnership, or limited liability company, the name and address of each owner.

4.      When used in reference to a communication that is not a document, it means to state:

        a.      The date of the communication;

HB: 4891-3848-2842.2

       b.       The place where the communication occurred;

       c.       The type of communication (e.g., telephone conversation, meeting);

       d.       The content of the communication;

       e.       The name and address of the parties to the communication; and

       f.       The name and address of all others who participated in or witnessed the communication.

E.       The term "describe" means to state fully and with specificity each and every item of information and reasoning that explains the response to be given, including but not limited to an identification of all documents relating or referring to the information; an identification of all persons having knowledge of the information; an identification of all communications on the subject; and a statement of the substance of all acts or events relating in any way to the subject matter of the interrogatory.

F.       You are under a continuing duty to seasonably supplement your responses with respect to any question directly addressed to the matter, and the identity of each person expected to be called as a witness.  Furthermore, you are under the same duty to correct any incorrect response when you learn it is correct.

G.       Privilege/Work Product Log: with respect to any document, the content of which or the production of which you withhold under claim of privilege or otherwise, please provide the following information:

       1.       The date, identity, and general subject matter of each document;

       2.       The grounds asserted in support of the failure to produce the document;

       3.       The identity of each person (other than stenographic or clerical assistants) participating in the preparation of the document;

8

4.      The identity of each person to whom the contents of the documents were communicated by copy, distribution, reading or summarization;

5.      A description of any document or other material transmitted with or attached to the document;

6.      The number of pages in the document;

7.      The particular Request to Produce to which the document is responsive; and

8.      Whether any business or non-legal matter is contained or discussed in the document.

## **INSTRUCTIONS**

1.      In answering these discovery requests, you are required to furnish all information that is available to you or subject to your reasonable inquiry, including information in the possession of your officers, directors, employees, attorneys, accountants, advisors, agents, or other persons directly or indirectly employed by, or connected with, you or your attorneys, and anyone else otherwise subject to your control.  All documents that respond, in whole or in part, to any portion of the production requests below shall be produced in their entirety, including all attachments and enclosures.

2.      In construing these discovery requests, the plural shall include the singular, the singular shall include the plural, and a masculine, feminine, or gender-neutral term shall include all other genders.

3.      If you withhold any document requested on the basis of a claim that it is protected from disclosure by privilege, work product, or otherwise, provide the following information separately for each such document.

9

a.      The name and title of every author, sender, addressee, and recipient by category;

b.      The date of the document;

c.      The name and title of each person (other than stenographic or clerical assistants) participating in preparation of the document;

d.      The name and title of each person to whom the contents of the document have been communicated by copy, exhibition, reading, or substantial summarization;

e.      A description of the nature and subject matter of the document;

f.      A statement of the basis on which it is claimed that the document is protected from disclosure; and

g.      The name and title of the person supplying the information requested in subparagraphs (a) through (f) above.

4.      Notwithstanding a claim that a document is protected from disclosure, any document so withheld must be produced with the portion claimed to be protected excised.

5.      In responding to these Requests, you must make a diligent search of your records and of other papers and materials in your possession or available to you or your representatives.

6.      You are hereby requested to supplement each and every response as new information is discovered or becomes available, from now until the arbitration hearing.  You are also under continuing duty to correct any incorrect responses.

7.      If any information called for by the discovery request is unknown to you, so state, and then state all remaining information that is known to you.  As to the unknown information,

HB: 4891-3848-2842.2

also set forth your best estimate, designated as such, in place of the unknown information, and describe the basis upon which the estimate was made.

## <u>INTERROGATORIES</u>

**<u>INTERROGATORY NO. 1</u>:** Identify each person who participated in the preparation of your answers to these Interrogatories and Requests for the Production of Documents, specifying which Interrogatories and/or document requests for each person.

**<u>INTERROGATORY NO. 2</u>:** Identify all positions that You have held at Takeover since its formation, including but not limited to positions as an officer or director of Takeover and the dates that You held each position.

**<u>INTERROGATORY NO. 3</u>:** Identify all positions that You have held with Labor Smart, Inc., the entity that acquired Takeover in February 2021.

**<u>INTERROGATORY NO. 4</u>:** Describe, in detail, whether Takeover or its agents have alleged that You used Takeover funds for personal expenses including but not limited to the contents of the allegations, when the allegations were made, and any repercussions against You for these allegations.

**<u>INTERROGATORY NO. 5</u>:** Describe, in detail, whether Takeover or its agents have alleged that You authorized financial distributions without obtaining approval from Takeover's Board of Directors including but not limited to the contents of the allegations, when the allegations were made, and any repercussions against you for these allegations.

**<u>INTERROGATORY NO. 6</u>:** Describe, in detail, whether you were removed from the Takeover Board of Directors in December 2021 including any reasons provided by Takeover for your removal and the length of Your removal.

HB: 4891-3848-2842.2

**INTERROGATORY NO. 7:**  Describe, in detail, whether You called a Takeover Board Meeting in November 2022 including, but not limited to, the basis for Your authority to do so, and the actions that You and other purported Board Members took at the November 2022 Board Meeting.

**INTERROGATORY NO. 8:**  If You contend that You had the authority to enter resolutions arising from actions taken at the November 2022 board meeting, state any and all facts and identify any and all documents, that form the basis of Your contention.

**INTERROGATORY NO. 9:**  If You contend that the three secured promissory notes that Mr. James V. Deppoleto Jr. issued to Takeover are invalid, as You have previously represented and is described in Paragraph 59 of the First Amended Complaint, state any and all facts and identify any and all documents, that form the basis of Your contention.

**INTERROGATORY NO. 10:**  If You contend that Takeover does not have an obligation to repay Mr. James V. Deppoleto Jr. a principal balance of $2,015,698.48, state any and all facts and identify any and all documents, that form the basis of Your contention.

**INTERROGATORY NO. 11:**  Describe, in detail, Your involvement and relationship with NextGen Beverages LLC d/b/a Lock'd In.

**INTERROGATORY NO. 12:**  Describe, in detail, whether You have shared or transferred any information pertaining to Takeover's business and brand with NextGen Beverages LLC, including but not limited to, Takeover's proprietary information, trade secrets, inventory, product ingredients, or any other assets.

**INTERROGATORY NO. 13:**  Describe, in detail, any communications that You have had with Mr. James V. Deppoleto Jr. regarding his investments in Takeover, including but not

limited to, identifying the date of the communication and a brief description of the content of the communication.

## **REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:** Any and all documents and communications, created on or after November 1, 2022, that mention Your role on Takeover's Board of Directors.

**REQUEST FOR PRODUCTION NO. 2**: Any and all documents and communications, created on or after November 1, 2022, that mention Your role as an officer of Takeover.

**REQUEST FOR PRODUCTION NO. 3:** Any and all communications, created on or after November 1, 2022, between You and any individual referencing Takeover's Board of Directors.

**REQUEST FOR PRODUCTION NO. 4:** Any and all communications, created on or after November 1, 2022, between You and any individual referencing Takeover's officers.

**REQUEST FOR PRODUCTION NO. 5:** Any and all communications, created on or after November 1, 2022, between You and any individual mentioning Takeover's inventory, trade secrets, or product formulas.

**REQUEST FOR PRODUCTION NO. 6:** Any and all communications between You and any individual related to Mr. James V. Deppoleto Jr. lending Takeover $386,773.86 in or about October 2022.

**REQUEST FOR PRODUCTION NO. 7:** Any and all communications between You and any individual related to Mr. James V. Deppoleto Jr. lending Takeover $128,924.62 in or about October 2022.

13

**REQUEST FOR PRODUCTION NO. 8:**  Any and all nonprivileged communications between You and any individual relating to Mr. James V. Deppoleto Jr.'s Notice of Default letters sent to Takeover on November 8, 2022, and November 22, 2022.

**REQUEST FOR PRODUCTION NO. 9:**  Any and all nonprivileged communications between You and any individual relating to the above captioned lawsuit, styled as: *James V. Deppoleto Jr. v. Takeover Industries Inc.*, case no. 2:22-cv-2013 in the United States District Court for Nevada.

**REQUEST FOR PRODUCTION NO. 10:**  Any and all documents between that mention a potential "spin-out" of Takeover.

**REQUEST FOR PRODUCTION NO. 11:**  Any and all communications between You and any individual that mention a potential "spin-out" of Takeover.

**REQUEST FOR PRODUCTION NO. 12:**  Any and all communications and documents that mention Takeover's stipulation to dismiss all claims against You and Chirine Holley in the lawsuit *Takeover Industries, Inc. v. Michael Holley, et al.* (D. Ariz 2:22-cv-00357).

**REQUEST FOR PRODUCTION NO. 13:**  Any and all documents that reflect any debts You owed to Takeover.

**REQUEST FOR PRODUCTION NO. 14:**  Any and all documents that reflect any funds that You received from Takeover after May 25, 2022.

**REQUEST FOR PRODUCTION NO. 15:**  Any and all communications between You and any individual that reference any withdrawal or transfer of funds or assets from Takeover after May 25, 2022.

**REQUEST FOR PRODUCTION NO. 16:** Any and all documents or communications that reflect any agreements that you made on behalf of Takeover on or after

14

November 1, 2022.

**REQUEST FOR PRODUCTION NO. 17:** Any and all documents or communications that You shared with any of NextGen Beverage LLC's owners/directors/employees/agents at any point between January 1, 2021, and the present.

**REQUEST FOR PRODUCTION NO. 18:** Any and all documents or communications that NextGen Beverage LLC's owners/directors/employees/agents shared with You at any point between January 1, 2021, and the present.

**REQUEST FOR PRODUCTION NO. 19:** Any and all documents or communications from Takeover's owners/directors/employees/agents that reference allegations that You used Takeover funds for personal expenses.

**REQUEST FOR PRODUCTION NO. 20:** Any and all documents or communications from Takeover's owners/directors/employees/agents that reference allegations that You authorized financial distributions without obtaining approval from Takeover's Board of Directors.

**REQUEST FOR PRODUCTION NO. 21:** Any and all documents or communications that reference Your removal from the Takeover Board of Directors in December 2021.

**REQUEST FOR PRODUCTION NO. 22:** If You contend that the three promissory notes that Mr. James V. Deppoleto Jr. issued to Takeover are invalid, produce copies of any and all Communications and Documents that You believe support Your contention.

**REQUEST FOR PRODUCTION NO. 23:** If You contend that Takeover does not have an obligation to repay Mr. James V. Deppoleto Jr. a principal balance of $2,015,698.48, produce copies of any and all Communications and Documents that You believe support Your

15

contention.

DATED this 9th day of January, 2024.

**HUSCH BLACKWELL LLP**

By:   /s/ *Jennifer E. Hoekel*
JENNIFER E. HOEKEL
Nevada Bar No. 12775
jennifer.hoekel@huschblackwell.com
**HUSCH BLACKWELL LLP**
8001 Forsyth Boulevard, Suite 1500
St. Louis, MO 63105
Telephone: 314.480.1500
Facsimile: 314.480.1505

-and –

JAMES PATRICK SHEA
Nevada Bar No. 405
BART K. LARSEN
Nevada Bar No. 8538
KYLE M. WYANT
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email: jshea@shea.law
blarsen@shea.law
kwyant@shea.law

*Attorney for Plaintiff*
*James V. Deppoleto Jr.*

HB: 4891-3848-2842.2

JAMES PATRICK SHEA
Nevada Bar No. 405
BART K. LARSEN
Nevada Bar No. 8538
KYLE M. WYANT
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email: jshea@shea.law
blarsen@shea.law
kwyant@shea.law

-and-

JENNIFER E. HOEKEL
Nevada Bar No. 12775
jennifer.hoekel@huschblackwell.com
**HUSCH BLACKWELL LLP**
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Telephone: 314.480.1500
Facsimile: 314.480.1505
*Attorneys for Plaintiff*
*James V. Deppoleto Jr.*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

HB: 4860-7721-0267.2

JAMES V. DEPPOLETO JR.,

                             *Plaintiff,*

v.

TAKEOVER INDUSTRIES
INCORPORATED,
Defendant and Nominal Defendant

MICHAEL HOLLEY,

TOBY MCBRIDE,

JOSEPH PAVLIK,

TOM ZARRO,

and

NEXTGEN BEVERAGES, LLC

                        Defendants.

CASE NO. 2:22-cv-2013

**PLAINTIFF'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
THE PRODUCTION OF DOCUMENTS TO
NEXTGEN BEVERAGES, LLC**

    To:    NextGen Beverages, LLC
           c/o Kurt R. Bonds
           Hall & Evans, LLC
           1160 North Town Center Drive, Suite 330
           Las Vegas, NV 89144

NOW COMES Plaintiff, James V. Deppoleto Jr. ("Mr. Deppoleto" or "Plaintiff"), by and

through his undersigned counsel, and pursuant to the Federal Rules of Civil Procedure 26, 33, and

34, hereby propounds its First Set of Interrogatories and Requests for Production (collectively the

"Requests") on Defendant, NextGen Beverages, LLC ("NextGen" or "Defendant"), and demands

that they be answered under oath, in writing, and that all documents identified in response thereto

be delivered to the law offices of Husch Blackwell LLP, 8001 Forsyth Blvd Suite 1500, St. Louis,

MO 63105, within 30 days of the service of these Requests.

HB: 4860-7721-0267.2

## DEFINITIONS AND INSTRUCTIONS

A.     <u>You</u>," or "<u>your</u>" or "<u>NextGen</u>" refers to Defendant, NextGen Beverages, LLC, and, without limitation, any counsel, consultants, experts, investigators, special administrators, agents, or other persons acting on its behalf.

B.     "<u>Communications</u>" means any and all communications arising out of or relating to the allegations in Plaintiff's Complaint, as well as:

     i.     Any and all records or electronically stored information ("<u>ESI</u>") relating to the Communications and Records.

     ii.     "<u>Records</u>" include not only hard copy documents, but audio recordings, videotape, email, instant messages, text messages, word processing documents, spreadsheets, databases, calendars, telephone logs, contact manager information, Internet usage files, and all other electronic information maintained, created, received, and/or maintained by You and/or NextGen on computer systems and/or phones. "<u>Sources</u>" include all hard copy files, computer hard drives including external drives, removable media (*e.g.*, CDs and DVDs), laptop computers, PDAs, Blackberry devices, iPhones, iPads, Android devices, and any other locations where hard copy and electronic data is/are stored, including personal computers used by You and/or Your employees/agents/owners at home or other locations. It also includes inaccessible storage media, such as back-up tapes, which may contain relevant electronic information that does not exist in any other form.

     iii.     "<u>ESI</u>" includes data stored on personal digital assistants, Blackberry devices, iPhones, iPads, Android devices, voicemail systems, mobile

HB: 4860-7721-0267.2

telephones and/or data devices of any kind, as well as remote and Internet-based storage systems (such as Gmail, Yahoo, AOL, and Google Apps) and includes but is not limited to: email, voicemail, instant messages, text messages; documents created using word processing applications such as Word or WordPerfect; spreadsheets created by applications such as Excel; data contained within accounting applications such as Quickbooks; image files and documents including .bmp, gif., .jpg., .pdf, and .tiff files; sound files such as .wav and .mp3 files; video files such as .avi and .mov files; databases such as Access, Oracle, and SQL Server; relationship management and contacts data contained within programs such as Microsoft Outlook, Act! and Oncontact; presentation software such as Microsoft PowerPoint; project management software such as Microsoft Project; calendars; temporary Internet files, history files, and cookies; network access and activity logs, server activity logs, and any other computer system activity logs; compressed files such as .zip files; and any backup files, portable document format (PDF) documents, databases, electronic accounting records, graphics files (including images, digital photographs, and the like), individual email messages saved outside of email software program(s) that You currently use, voice mail messages, contact lists, calendars, task lists, other electronic correspondence (including postings to blogs, social networking pages, instant messages, chat files or logs), computer devices, servers, information stored or posted at web sites or other online sites or storage facilities, system and Internet

4

usage logs, Internet history and cache files, enterprise user information, and copies of any other information stored or transmitted to any electronic communications provider, remote computing service, any other computer or system of computers, computer drives (external, internal and USB, flash or thumb drives), any backup tapes that are capable of storing electronic information, which are owned, possessed, accessible to, or controlled by You, and any other ESI that may be potentially relevant to the Communications.  In addition to the files described above, ESI also includes data related thereto in its native form, and its metadata in an unaltered state, wherever this data may be located or stored, *i.e.*, Your computers and storage media, or any computer hard drive, computer system, removable electronic media, and other electronic devices owned and/or operated by You or Your employees/agents/owners/board members or on their behalf and all such information in electronic form to which You may have access to, or control over, that is stored or maintained by any Internet service provider, email service provider, or any other online entity or service.  ESI also includes ESI containing information about or relating to the subject matter of the above-referenced lawsuit, including but not limited to: (a) ESI that supports, contradicts, or is otherwise related to any of the claims at issue in the above-referenced lawsuit; (b) ESI received, sent, deleted, or created by You that arises out of or relates to the allegations in the Complaint.

C.      "<u>Document</u>" means the original and any non-identical copy (which is different from the original or any copy because of notations thereon or attachments thereto, or otherwise) of any

5

written, printed, typewritten, handwritten, recorded, computer-stored or generated, graphic or photographic matter or material (however produced, reproduced or recorded), including but not limited to, the following: communications, correspondence, notes, telegrams, facsimile, texts, email, voice-mail, memoranda, contracts, reports, studies, diaries, time-slips, log-books, day-books, work schedules, pamphlets, charts, maps, plans, drawings, calendars, tabulations, calculations, financial records, tax returns, audit reports, progress notes and reports, bids, quotations, estimates, bonds, invoices, drafts, working papers, worksheets, books, computer printouts, computer cards, computer tapes, minutes and minute books (of any meeting of any person(s), committee or board), statements, checks, receipts, administrative regulations, journals, and authoritative texts, statistical or informational accumulations or summaries, files, photographs (including modified photographs), architectural sketches, artist's renderings, microfilm or mechanical reproductions, attachments, enclosures and other materials related to or referred to in any kind in the possession and/or under the control of you or your agents, servants, attorneys, investigators, or representatives which relate in any way whatsoever to any of the subjects referred to in the following discovery requests or to any written or oral communication(s) of any kind relating to or regarding any such subject, in whole or in part.  The term shall include data or information in the electronic or magnetic form including but not limited to emails, with any and all attachments, and databases and/or spreadsheets.  Electronic information shall be produced as single-paged TIFFs with a load file (.OPT or .LFP) and a load file that contains a path to the OCR.  Designated documents are to include all attachments, enclosures and other documents that are attached, related to or referred to such designated documents in any way.

    D.    "Identify" has the following meanings:

        1.    When used in reference to a document, it means to state:

6

a.      The date and description of the document;

b.      The document's present location and the name and address of its custodian;

c.      The name and address of the person who drafted, prepared, and signed the document; and the name and address of his or her current employer; and

d.      Any other descriptive information necessary to adequately describe the document.

2.      When used in reference to an individual person, it means to state:

a.      The person's full name;

b.      The person's last known residential address and telephone number; and

c.      The person's last known employer, business address, and business telephone number.

3.      When used in reference to any entity other than an individual person, it means to state:

a.      The entity's full name and its nature (e.g., a corporation);

b.      The entity's last known address;

c.      The state in which the entity has its principal place of business;

d.      In the case of a corporation, the state of incorporation;

e.      In the case of a partnership, the name and address of each general partner;

f.      In the case of a limited liability company, the state of organization and the name and address of each member; and

g.      In the case of any business entity other than a corporation, partnership, or limited liability company, the name and address of each owner.

4.      When used in reference to a communication that is not a document, it means to state:

a.      The date of the communication;

b.      The place where the communication occurred;

c.      The type of communication (e.g., telephone conversation, meeting);

d.      The content of the communication;

e.      The name and address of the parties to the communication; and

f.      The name and address of all others who participated in or witnessed the communication.

E.      The term "<u>describe</u>" means to state fully and with specificity each and every item of information and reasoning that explains the response to be given, including but not limited to an identification of all documents relating or referring to the information; an identification of all persons having knowledge of the information; an identification of all communications on the subject; and a statement of the substance of all acts or events relating in any way to the subject matter of the interrogatory.

F.      You are under a continuing duty to seasonably supplement your responses with respect to any question directly addressed to the matter, and the identity of each person expected to be called as a witness.  Furthermore, you are under the same duty to correct any incorrect response when you learn it is correct.

G.      Privilege/Work Product Log: with respect to any document, the content of which or the production of which you withhold under claim of privilege or otherwise, please provide the following information:

1.      The date, identity, and general subject matter of each document;

2.      The grounds asserted in support of the failure to produce the document;

3.      The identity of each person (other than stenographic or clerical assistants) participating in the preparation of the document;

8

4.      The identity of each person to whom the contents of the documents were communicated by copy, distribution, reading or summarization;

5.      A description of any document or other material transmitted with or attached to the document;

6.      The number of pages in the document;

7.      The particular Request to Produce to which the document is responsive; and

8.      Whether any business or non-legal matter is contained or discussed in the document.

**<u>INSTRUCTIONS</u>**

1.      In answering these discovery requests, you are required to furnish all information that is available to you or subject to your reasonable inquiry, including information in the possession of your officers, directors, employees, attorneys, accountants, advisors, agents, or other persons directly or indirectly employed by, or connected with, you or your attorneys, and anyone else otherwise subject to your control.  All documents that respond, in whole or in part, to any portion of the production requests below shall be produced in their entirety, including all attachments and enclosures.

2.      In construing these discovery requests, the plural shall include the singular, the singular shall include the plural, and a masculine, feminine, or gender-neutral term shall include all other genders.

3.      If you withhold any document requested on the basis of a claim that it is protected from disclosure by privilege, work product, or otherwise, provide the following information separately for each such document.

a.   The name and title of every author, sender, addressee, and recipient by category;

b.   The date of the document;

c.   The name and title of each person (other than stenographic or clerical assistants) participating in preparation of the document;

d.   The name and title of each person to whom the contents of the document have been communicated by copy, exhibition, reading, or substantial summarization;

e.   A description of the nature and subject matter of the document;

f.   A statement of the basis on which it is claimed that the document is protected from disclosure; and

g.   The name and title of the person supplying the information requested in subparagraphs (a) through (f) above.

4.   Notwithstanding a claim that a document is protected from disclosure, any document so withheld must be produced with the portion claimed to be protected excised.

5.   In responding to these Requests, you must make a diligent search of your records and of other papers and materials in your possession or available to you or your representatives.

6.   You are hereby requested to supplement each and every response as new information is discovered or becomes available, from now until the arbitration hearing.  You are also under continuing duty to correct any incorrect responses.

7.   If any information called for by the discovery request is unknown to you, so state, and then state all remaining information that is known to you.  As to the unknown information,

also set forth your best estimate, designated as such, in place of the unknown information, and describe the basis upon which the estimate was made.

## <u>INTERROGATORIES</u>

**<u>INTERROGATORY NO. 1:</u>**  Identify each person who participated in the preparation of your answers to these Interrogatories and Requests for the Production of Documents, specifying which Interrogatories and/or document requests for each person.

**<u>INTERROGATORY NO. 2:</u>**  Describe, in detail, Your involvement and relationship with Michael Holley (517 East Armor Street, Cave Creek, Arizona 85331) including but not limited to whether Mr. Holley has received any compensation or other consideration from NextGen, the purpose of that compensation or consideration, and the date You issued that compensation or consideration.

**<u>INTERROGATORY NO. 3:</u>**  Describe, in detail, Your involvement and relationship with Toby McBride (2948 Monticello Drive, Stockton, California 95209) including but not limited to whether Mr. McBride has received any compensation or other consideration from NextGen, the purpose and amount of that compensation or consideration, and the date You issued that compensation or consideration.

**<u>INTERROGATORY NO. 4:</u>**  Describe, in detail, Your involvement and relationship with Joseph Pavlik (408 NE 6th St., No. 637, Ft. Lauderdale, Florida, 33304) including but not limited to whether Mr. Pavlik has received any compensation or other consideration from NextGen, the purpose and amount of that compensation or consideration, and the date You issued that compensation or consideration.

**<u>INTERROGATORY NO. 5:</u>**  Describe, in detail, Your involvement and relationship with Tom Zarro (1100 Boletus Drive, Henderson, Nevada 89011) including but not limited to whether

Mr. Pavlik has received any compensation or other consideration from NextGen, the purpose and amount of that compensation or consideration, and the date You issued that compensation or consideration.

**INTERROGATORY NO. 6**:  Describe, in detail, whether You have received any information pertaining to Takeover's business and brand including but not limited to Takeover's proprietary information, trade secrets, inventory, product ingredients, or any other assets, from whom You received that information, and when You received that information.

**INTERROGATORY NO. 7**:  Describe, in detail, whether You have received any products or goods from Takeover, Mr. Holley, or Mr. McBride including but not limited to a description of the products or goods You received, the date that You received them, and the consideration that You paid for them.

**INTERROGATORY NO. 8**:  Describe, in detail, whether You have publicized NextGen as a spin-out of Takeover and Your purported basis for doing so.

**INTERROGATORY NO. 9**:  Describe, in detail, whether You have publicized or sold NXT LVL products on your website including but not limited to the products publicized or sold, the amount of product sold, and the amount of consideration NextGen received for the sale of NXT LVL products.

## **REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1**:  Any and all documents describing NextGen's management and structure, including but not limited to, the Articles of Incorporation and Operating Agreement.

HB: 4860-7721-0267.2

**REQUEST FOR PRODUCTION NO. 2:**   Any and all documents containing account statements for all bank and financial accounts in the name of NextGen since its formation through the present.

**REQUEST FOR PRODUCTION NO. 3:**   Any and all documents containing monthly financial statements of NextGen (including balance sheets, profits and loss statements, statements of cash flows, and any other financial statement forms maintained by NextGen) for each month of 2023.

**REQUEST FOR PRODUCTION NO. 4:**   Any and all documents and communications that reflect investments into NextGen, or payments to NextGen, from Takeover.

**REQUEST FOR PRODUCTION NO. 5:**   Any and all documents and communications reflecting any investments into NextGen from Tom Zarro.

**REQUEST FOR PRODUCTION NO. 6:**   Any and all documents and communications reflecting any assets and products acquired by NextGen, including the consideration exchanged for the assets.

**REQUEST FOR PRODUCTION NO. 7:**   Any and all documents and communications reflecting any agreements between Maurice Salem and NextGen.

**REQUEST FOR PRODUCTION NO. 8:**   Any and all documents reflecting any agreement between NextGen and any brand ambassadors of NextGen, including but not limited to, Manny Pacquiao.

**REQUEST FOR PRODUCTION NO. 9:**   Any and all documents, such as an employee census, indicating the compensation for each employee, director, and officer of NextGen, and any persons who are working with NextGen who may be designated as independent contractor (non-employee) workers.

HB: 4860-7721-0267.2

**REQUEST FOR PRODUCTION NO. 10:** Any and all communications between NextGen and any individual arising out of or relating to Mr. Deppoleto's Notice of Default to Takeover.

**REQUEST FOR PRODUCTION NO. 11:** Any and all communications between NextGen and any individual arising out of or relating to Mr. Deppoleto's settlement negotiations with Takeover.

**REQUEST FOR PRODUCTION NO. 12:** Any and all communications arising out of or relating to NextGen receiving products or goods from Takeover, or from any individual affiliated with Takeover.

DATED this 9th day of January, 2024.

14

**HUSCH BLACKWELL LLP**


By:   /s/ *Jennifer E. Hoekel*
　　　JENNIFER E. HOEKEL
　　　Nevada Bar No. 12775
　　　jennifer.hoekel@huschblackwell.com
　　　**HUSCH BLACKWELL LLP**
　　　8001 Forsyth Boulevard, Suite 1500
　　　St. Louis, MO 63105
　　　Telephone: 314.480.1500
　　　Facsimile: 314.480.1505

　　　-and –

　　　JAMES PATRICK SHEA
　　　Nevada Bar No. 405
　　　BART K. LARSEN
　　　Nevada Bar No. 8538
　　　KYLE M. WYANT
　　　Nevada Bar No. 14652
　　　**SHEA LARSEN**
　　　1731 Village Center Circle, Suite 150
　　　Las Vegas, Nevada 89134
　　　Telephone: (702) 471-7432
　　　Fax: (702) 926-9683
　　　Email: jshea@shea.law
　　　blarsen@shea.law
　　　kwyant@shea.law

　　　*Attorney for Plaintiff*
　　　*James V. Deppoleto Jr.*

HB: 4860-7721-0267.2

JAMES PATRICK SHEA
Nevada Bar No. 405
BART K. LARSEN
Nevada Bar No. 8538
KYLE M. WYANT
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email: jshea@shea.law
blarsen@shea.law
kwyant@shea.law

-and-

JENNIFER E. HOEKEL
Nevada Bar No. 12775
jennifer.hoekel@huschblackwell.com
**HUSCH BLACKWELL LLP**
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Telephone: 314.480.1500
Facsimile: 314.480.1505
*Attorneys for Plaintiff*
*James V. Deppoleto Jr.*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

HB: 4877-6030-5563.1

JAMES V. DEPPOLETO JR.,

                       *Plaintiff,*

v.

TAKEOVER INDUSTRIES
INCORPORATED,
Defendant and Nominal Defendant

MICHAEL HOLLEY,

TOBY MCBRIDE,

JOSEPH PAVLIK,

TOM ZARRO,

and

NEXTGEN BEVERAGES, LLC

                    *Defendants.*

---

CASE NO. 2:22-cv-2013

**PLAINTIFF'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
THE PRODUCTION OF DOCUMENTS TO
TOBY MCBRIDE**

---

    To:    Toby McBride
             c/o Kurt R. Bonds
             Hall & Evans, LLC
             1160 North Town Center Drive, Suite 330
             Las Vegas, NV 89144

NOW COMES Plaintiff, James V. Deppoleto Jr. ("Mr. Deppoleto" or "Plaintiff"), by and

through his undersigned counsel, and pursuant to the Federal Rules of Civil Procedure 26, 33, and

34, hereby propounds its First Set of Interrogatories and Requests for Production (collectively the

"Requests") on Defendant, Toby McBride ("McBride" or "Defendant"), and demands that they be

answered under oath, in writing, and that all documents identified in response thereto be delivered

to the law offices of Husch Blackwell LLP, 8001 Forsyth Blvd Suite 1500, St. Louis, MO 63105,

within 30 days of the service of these Requests.

## DEFINITIONS AND INSTRUCTIONS

A.      You," or "your" or "McBride" refers to Defendant, Toby McBride, and, without limitation, any counsel, consultants, experts, investigators, special administrators, agents, or other persons acting on its behalf.

B.      "Communications" means any and all communications arising out of or relating to the allegations in Plaintiff's Complaint, as well as:

      i.      Any and all records or electronically stored information ("ESI") relating to the Communications and Records.

      ii.     "Records" include not only hard copy documents, but audio recordings, videotape, email, instant messages, text messages, word processing documents, spreadsheets, databases, calendars, telephone logs, contact manager information, Internet usage files, and all other electronic information maintained, created, received, and/or maintained by You and/or NextGen on computer systems and/or phones.  "Sources" include all hard copy files, computer hard drives including external drives, removable media (*e.g.*, CDs and DVDs), laptop computers, PDAs, Blackberry devices, iPhones, iPads, Android devices, and any other locations where hard copy and electronic data is/are stored, including personal computers used by You and/or Your employees/agents/owners at home or other locations.  It also includes inaccessible storage media, such as back-up tapes, which may contain relevant electronic information that does not exist in any other form.

      iii.    "ESI" includes data stored on personal digital assistants, Blackberry devices, iPhones, iPads, Android devices, voicemail systems, mobile

3

telephones and/or data devices of any kind, as well as remote and Internet-based storage systems (such as Gmail, Yahoo, AOL, and Google Apps) and includes but is not limited to: email, voicemail, instant messages, text messages; documents created using word processing applications such as Word or WordPerfect; spreadsheets created by applications such as Excel; data contained within accounting applications such as Quickbooks; image files and documents including .bmp, gif., .jpg., .pdf, and .tiff files; sound files such as .wav and .mp3 files; video files such as .avi and .mov files; databases such as Access, Oracle, and SQL Server; relationship management and contacts data contained within programs such as Microsoft Outlook, Act! and Oncontact; presentation software such as Microsoft PowerPoint; project management software such as Microsoft Project; calendars; temporary Internet files, history files, and cookies; network access and activity logs, server activity logs, and any other computer system activity logs; compressed files such as .zip files; and any backup files, portable document format (PDF) documents, databases, electronic accounting records, graphics files (including images, digital photographs, and the like), individual email messages saved outside of email software program(s) that You currently use, voice mail messages, contact lists, calendars, task lists, other electronic correspondence (including postings to blogs, social networking pages, instant messages, chat files or logs), computer devices, servers, information stored or posted at web sites or other online sites or storage facilities, system and Internet

4

usage logs, Internet history and cache files, enterprise user information, and copies of any other information stored or transmitted to any electronic communications provider, remote computing service, any other computer or system of computers, computer drives (external, internal and USB, flash or thumb drives), any backup tapes that are capable of storing electronic information, which are owned, possessed, accessible to, or controlled by You, and any other ESI that may be potentially relevant to the Communications.  In addition to the files described above, ESI also includes data related thereto in its native form, and its metadata in an unaltered state, wherever this data may be located or stored, *i.e.*, Your computers and storage media, or any computer hard drive, computer system, removable electronic media, and other electronic devices owned and/or operated by You or Your employees/agents/owners/board members or on their behalf and all such information in electronic form to which You may have access to, or control over, that is stored or maintained by any Internet service provider, email service provider, or any other online entity or service.  ESI also includes ESI containing information about or relating to the subject matter of the above-referenced lawsuit, including but not limited to: (a) ESI that supports, contradicts, or is otherwise related to any of the claims at issue in the above-referenced lawsuit; (b) ESI received, sent, deleted, or created by You that arises out of or relates to the allegations in the Complaint.

C.      "Document" means the original and any non-identical copy (which is different from the original or any copy because of notations thereon or attachments thereto, or otherwise) of any

5

written, printed, typewritten, handwritten, recorded, computer-stored or generated, graphic or photographic matter or material (however produced, reproduced or recorded), including but not limited to, the following: communications, correspondence, notes, telegrams, facsimile, texts, email, voice-mail, memoranda, contracts, reports, studies, diaries, time-slips, log-books, day-books, work schedules, pamphlets, charts, maps, plans, drawings, calendars, tabulations, calculations, financial records, tax returns, audit reports, progress notes and reports, bids, quotations, estimates, bonds, invoices, drafts, working papers, worksheets, books, computer printouts, computer cards, computer tapes, minutes and minute books (of any meeting of any person(s), committee or board), statements, checks, receipts, administrative regulations, journals, and authoritative texts, statistical or informational accumulations or summaries, files, photographs (including modified photographs), architectural sketches, artist's renderings, microfilm or mechanical reproductions, attachments, enclosures and other materials related to or referred to in any kind in the possession and/or under the control of you or your agents, servants, attorneys, investigators, or representatives which relate in any way whatsoever to any of the subjects referred to in the following discovery requests or to any written or oral communication(s) of any kind relating to or regarding any such subject, in whole or in part.  The term shall include data or information in the electronic or magnetic form including but not limited to emails, with any and all attachments, and databases and/or spreadsheets.  Electronic information shall be produced as single-paged TIFFs with a load file (.OPT or .LFP) and a load file that contains a path to the OCR.  Designated documents are to include all attachments, enclosures and other documents that are attached, related to or referred to such designated documents in any way.

   D.  "<u>Identify</u>" has the following meanings:

     1.  When used in reference to a document, it means to state:

6

      a.       The date and description of the document;

      b.       The document's present location and the name and address of its custodian;

      c.       The name and address of the person who drafted, prepared, and signed the document; and the name and address of his or her current employer; and

      d.       Any other descriptive information necessary to adequately describe the document.

2.      When used in reference to an individual person, it means to state:

      a.       The person's full name;

      b.       The person's last known residential address and telephone number; and

      c.       The person's last known employer, business address, and business telephone number.

3.      When used in reference to any entity other than an individual person, it means to state:

      a.       The entity's full name and its nature (e.g., a corporation);

      b.       The entity's last known address;

      c.       The state in which the entity has its principal place of business;

      d.       In the case of a corporation, the state of incorporation;

      e.       In the case of a partnership, the name and address of each general partner;

      f.       In the case of a limited liability company, the state of organization and the name and address of each member; and

      g.       In the case of any business entity other than a corporation, partnership, or limited liability company, the name and address of each owner.

4.      When used in reference to a communication that is not a document, it means to state:

      a.       The date of the communication;

b.      The place where the communication occurred;

c.      The type of communication (e.g., telephone conversation, meeting);

d.      The content of the communication;

e.      The name and address of the parties to the communication; and

f.      The name and address of all others who participated in or witnessed the communication.

E.      The term "<u>describe</u>" means to state fully and with specificity each and every item of information and reasoning that explains the response to be given, including but not limited to an identification of all documents relating or referring to the information; an identification of all persons having knowledge of the information; an identification of all communications on the subject; and a statement of the substance of all acts or events relating in any way to the subject matter of the interrogatory.

F.      You are under a continuing duty to seasonably supplement your responses with respect to any question directly addressed to the matter, and the identity of each person expected to be called as a witness.  Furthermore, you are under the same duty to correct any incorrect response when you learn it is correct.

G.      Privilege/Work Product Log: with respect to any document, the content of which or the production of which you withhold under claim of privilege or otherwise, please provide the following information:

1.      The date, identity, and general subject matter of each document;

2.      The grounds asserted in support of the failure to produce the document;

3.      The identity of each person (other than stenographic or clerical assistants) participating in the preparation of the document;

8

4.      The identity of each person to whom the contents of the documents were communicated by copy, distribution, reading or summarization;

5.      A description of any document or other material transmitted with or attached to the document;

6.      The number of pages in the document;

7.      The particular Request to Produce to which the document is responsive; and

8.      Whether any business or non-legal matter is contained or discussed in the document.

## **INSTRUCTIONS**

1.      In answering these discovery requests, you are required to furnish all information that is available to you or subject to your reasonable inquiry, including information in the possession of your officers, directors, employees, attorneys, accountants, advisors, agents, or other persons directly or indirectly employed by, or connected with, you or your attorneys, and anyone else otherwise subject to your control.  All documents that respond, in whole or in part, to any portion of the production requests below shall be produced in their entirety, including all attachments and enclosures.

2.      In construing these discovery requests, the plural shall include the singular, the singular shall include the plural, and a masculine, feminine, or gender-neutral term shall include all other genders.

3.      If you withhold any document requested on the basis of a claim that it is protected from disclosure by privilege, work product, or otherwise, provide the following information separately for each such document.

HB: 4877-6030-5563.1

a.     The name and title of every author, sender, addressee, and recipient by category;

b.     The date of the document;

c.     The name and title of each person (other than stenographic or clerical assistants) participating in preparation of the document;

d.     The name and title of each person to whom the contents of the document have been communicated by copy, exhibition, reading, or substantial summarization;

e.     A description of the nature and subject matter of the document;

f.     A statement of the basis on which it is claimed that the document is protected from disclosure; and

g.     The name and title of the person supplying the information requested in subparagraphs (a) through (f) above.

4.     Notwithstanding a claim that a document is protected from disclosure, any document so withheld must be produced with the portion claimed to be protected excised.

5.     In responding to these Requests, you must make a diligent search of your records and of other papers and materials in your possession or available to you or your representatives.

6.     You are hereby requested to supplement each and every response as new information is discovered or becomes available, from now until the arbitration hearing. You are also under continuing duty to correct any incorrect responses.

7.     If any information called for by the discovery request is unknown to you, so state, and then state all remaining information that is known to you. As to the unknown information,

also set forth your best estimate, designated as such, in place of the unknown information, and describe the basis upon which the estimate was made.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each person who participated in the preparation of your answers to these Interrogatories and Requests for the Production of Documents, specifying which Interrogatories and/or document requests for each person.

**INTERROGATORY NO. 2:** Identify all positions that You have held at Takeover since its formation, including but not limited to positions as an officer or director of Takeover and the dates that You held each position.

**INTERROGATORY NO. 3:** Describe, in detail, the circumstances surrounding your leave of absence from Takeover in 2021.

**INTERROGATORY NO. 4:** Describe, in detail, whether Takeover or its agents have alleged that You used Takeover funds for personal expenses including but not limited to the contents of the allegations, when the allegations were made, and any repercussions against You for these allegations.

**INTERROGATORY NO. 5:** Describe, in detail, whether you were removed from the Takeover Board of Directors in December 2021 including any reasons provided by Takeover for your removal and the length of Your removal.

**INTERROGATORY NO. 6:** Describe, in detail, whether You called a Takeover Board Meeting in November 2022 including, but not limited to, the basis for Your authority to do so, and the actions that You and other purported Board Members took at the November 2022 Board Meeting.

11

**INTERROGATORY NO. 7:**  If You contend that You had the authority to enter resolutions arising from actions taken at the November 2022 board meeting, state any and all facts and identify any and all documents, that form the basis of Your contention.

**INTERROGATORY NO. 8:**  If You contend that the three secured promissory notes that Mr. James V. Deppoleto Jr. issued to Takeover are invalid, state any and all facts and identify any and all documents, that form the basis of Your contention.

**INTERROGATORY NO. 9:**  If You contend that Takeover does not have an obligation to repay Mr. James V. Deppoleto Jr. a principal balance of $2,015,698.48, state any and all facts and identify and all documents, that form the basis of Your contention.

**INTERROGATORY NO. 10:**  Describe, in detail, Your involvement and relationship with NextGen Beverages LLC d/b/a Lock'd In.

**INTERROGATORY NO. 11:**  Describe, in detail, whether You have shared or transferred any information pertaining to Takeover's business and brand with NextGen Beverages LLC, including but not limited to, Takeover's proprietary information, trade secrets, inventory, product ingredients, or any other assets.

**INTERROGATORY NO. 12:**  Describe, in detail, any communications that You have had with Mr. James V. Deppoleto Jr. regarding his investments in Takeover, including but not limited to, identifying the date of the communication and a brief description of the content of the communication.

## **REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**   Any and all documents and communications, created on or after November 1, 2022, that mention Your role on Takeover's Board of Directors.

**REQUEST FOR PRODUCTION NO. 2:**    Any and all documents and communications, created on or after November 1, 2022, that mention Your role as an officer of Takeover.

**REQUEST FOR PRODUCTION NO. 3:**    Any and all communications, created on or after November 1, 2022, between You and any individual referencing Takeover's Board of Directors.

**REQUEST FOR PRODUCTION NO. 4:**    Any and all communications, created on or after November 1, 2022, between You and any individual referencing Takeover's officers.

**REQUEST FOR PRODUCTION NO. 5:**    Any and all communications, created on or after November 1, 2022, between You and any individual mentioning Takeover's inventory, trade secrets, or product formulas.

**REQUEST FOR PRODUCTION NO. 6:**    Any and all communications between You and any individual related to Mr. James V. Deppoleto Jr. lending Takeover $386,773.86 in or about October 2022.

**REQUEST FOR PRODUCTION NO. 7:**    Any and all communications between You and any individual related to Mr. James V. Deppoleto Jr. lending Takeover $128,924.62 in or about October 2022.

**REQUEST FOR PRODUCTION NO. 8:**    Any and all nonprivileged communications between You and any individual relating to Mr. James V. Deppoleto Jr.'s Notice of Default letters sent to Takeover on November 8, 2022, and November 22, 2022.

**REQUEST FOR PRODUCTION NO. 9:**    Any and all nonprivileged communications between You and any individual relating to the above captioned lawsuit, styled as: *James V. Deppoleto Jr. v. Takeover Industries Inc.*, case no. 2:22-cv-2013 in the United States District Court for Nevada.

13

**REQUEST FOR PRODUCTION NO. 10:** Any and all documents that mention a potential "spin-out" of Takeover.

**REQUEST FOR PRODUCTION NO. 11:** Any and all communications between You and any individual that mention a potential "spin-out" of Takeover.

**REQUEST FOR PRODUCTION NO. 12:** Any and all documents that reflect any funds that You received from Takeover after May 25, 2022.

**REQUEST FOR PRODUCTION NO. 13:** Any and all communications between You and any individual that reference any withdrawal or transfer of funds or assets from Takeover after May 25, 2022.

**REQUEST FOR PRODUCTION NO. 14:** Any and all documents or communications that reflect any agreements that you made on behalf of Takeover on or after November 1, 2022.

**REQUEST FOR PRODUCTION NO. 15:** Any and all documents or communications that You shared with any of NextGen Beverage LLC's owners/directors/employees/agents at any point between January 1, 2021, and the present.

**REQUEST FOR PRODUCTION NO. 16:** Any and all documents or communications that NextGen Beverage LLC's owners/directors/employees/agents shared with You at any point between January 1, 2021, and the present.

**REQUEST FOR PRODUCTION NO. 17:** Any and all documents or communications from Takeover's owners/directors/employees/agents that reference Your leave of absence from Takeover in 2021.

**REQUEST FOR PRODUCTION NO. 18:** Any and all documents or communications from Takeover's owners/directors/employees/agents that reference allegations that You used Takeover funds for personal expenses.

**REQUEST FOR PRODUCTION NO. 19:** Any and all documents or communications that reference Your removal from the Takeover Board of Directors in December 2021.

**REQUEST FOR PRODUCTION NO. 20:** If You contend that the three promissory notes that Mr. James V. Deppoleto Jr. issued to Takeover are invalid, produce copies of any and all Communications and Documents that You believe support Your contention.

**REQUEST FOR PRODUCTION NO. 21:** If You contend that Takeover does not have an obligation to repay Mr. James V. Deppoleto Jr. a principal balance of $2,015,698.48, produce copies of any and all Communications and Documents that You believe support Your contention.

DATED this 9th day of January, 2024.

**HUSCH BLACKWELL LLP**


By:   /s/ *Jennifer E. Hoekel*

JENNIFER E. HOEKEL
Nevada Bar No. 12775
jennifer.hoekel@huschblackwell.com
**HUSCH BLACKWELL LLP**
8001 Forsyth Boulevard, Suite 1500
St. Louis, MO 63105
Telephone: 314.480.1500
Facsimile: 314.480.1505

-and –

JAMES PATRICK SHEA
Nevada Bar No. 405
BART K. LARSEN
Nevada Bar No. 8538
KYLE M. WYANT
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email: jshea@shea.law
blarsen@shea.law
kwyant@shea.law

*Attorney for Plaintiff*
*James V. Deppoleto Jr.*

HB: 4877-6030-5563.1