**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| James V. Deppoleto, Jr., | 2:22-cv-02013-GMN-MDC |
| Plaintiff, | |
| vs. | **Order** |
| Takeover Industries Incorporated, et al. | |
| Defendants. | |

The Court has reviewed plaintiff's *Motion to Compel Discovery from Michael Holley, Toby McBride, and NextGen Beverages, LLC*. ECF No. 61. The Court denies the motion without prejudice. At the offset, the Court is concerned about the parties' conduct, lack of cooperation, failure to comply with Local Rules, and failure to meaningfully meet and confer. The Court warns the parties that it will consider sanctions under LR IA 1-3(f)(3); LR IA 11-8; and/or NRCP 37(a)(5).

1. Plaintiff's motion does not set forth the full text of each of the discovery requests at issue and the response to each request as required by LR 26-6(b). Each discovery request and response must be clearly identified and completely set forth, without abbreviating or condensing. Plaintiff only provides selected examples of some discovery request and some responses and objections. ECF 61. It is not the responsibility of the Court to sift through the parties' discovery to root for issues and disputes. *See Agarwal v. Or. Mut. Ins. Co*., No. 2:11-cv-01384-LDG-CWH, 2013 U.S. Dist. LEXIS 7717, at *9 (D. Nev. Jan. 18, 2013)("Essentially, Plaintiffs have just dumped all of the prior discovery into this motion with the expectation that the Court sift and root for issues. With all due respect, judges are not like pigs, hunting for truffles buried in briefs and it is not the responsibility of the judiciary to sift through scattered papers…..")(internal citations omitted)(*quoting Greenly v. Sara Lee Corp.,* 2008 U.S. Dist. LEXIS 35472, 2008 WL 1925230 (E.D. Cal.).

1

2.      Defendants' opposition (ECF No. 67) only raises the following two (2) objections to the plaintiff's discovery: (1) service of discovery by e-mail to defendants Michael Holley ("Holley") and Nextgen Beverages, LLC ("Nextgen") was improper because they did not consent to email service; and (2) service of discovery to defendant Toby McBride ("McBride") was improper because he was in default. Defendants do not raise any other objections to plaintiff's discovery in their opposition. Particularly, defendants did not discuss, support, or otherwise challenge plaintiff's arguments that defendants' boilerplate objections were improper. Thus, defendants have waived any omitted objections to plaintiff's discovery because they omitted it from their opposition (ECF No. 67). *See Crowley v. Burke*, No. 3:13-CV-219-RCJ-VPC, 2013 WL 6284170, at *9 (D. Nev. Dec. 4, 2013)(issues not raised on briefs were waived)(*citing Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir.2003) (holding that the appellate court only reviews issues which are argued specifically and distinctly in a party's opening brief).

3.      McBride's sole objection that he was in default is no longer at issue. Defendant McBride's motion to lift default was granted back on February 20, 2024 (ECF No. 63) and he has appeared and answered the amended complaint (ECF No. 64). Therefore, the Court grants plaintiff's motion (ECF No. 61) in part as to defendant McBride.

4.      Plaintiff argues that defendants Holley and Nextgen consented to service of discovery by email by operation of LR IC 4-1(a), which provides in relevant part: "Participation in the court's electronic filing system by registration...constitutes consent to the electronic service of pleadings and other papers under applicable rules, statutes, or court orders." *Id.* Plaintiff, however, does not provide any District of Nevada authority that has interpreted that rule so broadly. Moreover, such reading of LR IC 4-1(a) conflicts with FRCP 5(b)(2), which requires <u>written</u> consent to service by e-mail. In *Carlos Alberto Rodrigues De Freitas v. The Hertz Corp.*, No. 18-cv-01522-JAD-BNW, 2024 WL 1115940, (D. Nev. Mar. 13, 2024), the Nevada District Court rejected broadly reading LR IC 4-1(a) to mean that a

party consents to all electronic service of non-filed documents, like discovery documents, by operation of the rule. *Id.* The Court reasoned:

> Reading LR IC 4-1 to automate consent to all electronic means of service when an attorney uses the court's docketing system—a system that attorneys are required to use125—would render FRCP 5(b)(E) meaningless and lead to absurd results. Under Hertz's interpretation, an attorney could serve documents via text, Facebook, or WhatsApp (or any other "electronic means" of transmitting information) without consent, merely because an attorney used the required filing system. So I reject Hertz's argument that Capp's use of the electronic-filing system alone constitutes automatic consent to service by email for unfiled documents exchanged in a case.

*Id.*, 2024 WL 1115940, at *12.

Accordingly, the Court denies plaintiff's motion (ECF No. 61) in part as to defendants Holley and Nextgen.

5. These matters should have been resolved had the parties engaged in sincere, good faith, substantive meet and confer discussions. The Court granted defendant McBride's motion to lift default on February 20, 2024, well before defendants filed their opposition (ECF No. 67) on February 29, 2024, arguing that defendant McBride did not have to respond to plaintiff's discovery because he was in default when the discovery we served. Thus, the default issue had been resolved by the Court and the parties should have similarly resolved the discovery issue, instead of defendant McBride raising such argument in opposition, which is unreasonable. Similarly, the Court finds that plaintiff's refusal to defendants' request for an extension in return for retroactive acceptance of email service was unreasonable. Plaintiff does not provide reasonable grounds for refusing any extension. No exigent or emergency circumstances were identified. To be sure, it appears that the motion practice time exceeded the time of the originally requested extension.

6. Plaintiff's declarations of counsel are sparse and lack details regarding plaintiff's attempt to meet and confer in good faith. ECF Nos. 62 and 69. For example, the declarations simply state that counsel discussed defendants' responses and were unable to reach an accord. *Id.* at 3. Defendants

altogether fail to attach any affidavit or declaration of counsel regarding their good faith efforts to resolve the discovery disputes.

8. It is unreasonable that the parties are unable to resolve one single discovery request. Both parties have an obligation to meaningfully, substantively, and in good faith, meet and confer to discuss each discovery request. *Las Vegas Skydiving Adventures LLC v. Groupon, Inc*., 2020 U.S. Dist. LEXIS 191754, *4 (2:18-cv-02342-APG-VCF, Decided October 16, 2020).

9. The Court orders both parties to meet and confer. To do so meaningfully, sincerely, and in good faith. And to discuss each discovery request and attempt, again in good faith, to resolve their disputes to each request and only bring back to the Court those specific discovery requests which the parties are unable to agree upon.

10. Again, the Court warns the parties that it will consider sanctions if the parties do not comply with the Local Rules, the Rules of Civil Procedure, their obligations to act in good faith, to meaningfully cooperate regarding discovery, or with the terms of this order.

11. Any motions, responses and replies must comply with the Local Rules.

12. Any motions, responses and replies must: (a) completely state the discovery request and response at issue for each remaining discovery request still disputed after a good faith meet and confer effort; and (b) categorize the remaining disputed discovery by subject matter or topic.

13. Any motions, responses and replies must be supported by a memorandum of points and authorities, with specific citations to the record/evidence.

14. Any motions and responses must include an affidavit or declaration by both defendants' and plaintiff's counsel setting forth, in detail, all meet and confer efforts, including all proposed resolutions and why such resolution/s were not accepted.

For the foregoing reasons,

IT IS ORDERED that plaintiff's *motion to compel* (ECF No. 61) is GRANTED IN PART as to defendant McBride.  Defendant McBride shall respond to plaintiff's First Set of Interrogatories and First Document Request by April 15, 2024.

IT IS FURTHER ORDERED that plaintiff's *motion to compel* (ECF No. 61) IS DENIED IN PART without prejudice as to defendants' Holley and Nextgen

IT IS FURTHER ORDERED that the parties' respective requests for attorneys' fees and costs are DENIED.  The Court finds that both parties engaged in culpable, offsetting conduct.  That said, the Court warns the parties that failure to comply with this order may indeed result in sanctions, against either or both parties.

Dated:  March 22nd, 2024

_____
Maximiliano D. Couvillier III
United States Magistrate Judge

5