JAMES PATRICK SHEA
Nevada Bar No. 405
BART K. LARSEN
Nevada Bar No. 8538
KYLE M. WYANT
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email: jshea@shea.law
blarsen@shea.law
kwyant@shea.law

JENNIFER E. HOEKEL
Nevada Bar No. 12775
jennifer.hoekel@huschblackwell.com
**HUSCH BLACKWELL LLP**
8001 Forsyth Boulevard, Suite 1500
St. Louis, Missouri 63105
Telephone: 314.480.1500
Facsimile: 314.480.1505

-and-

PATRICK M. HARVEY
*Admitted Pro Hac Vice*
Patrick.Harvey@huschblackwell.com
**HUSCH BLACKWELL LLP**
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Telephone: 414.273.2100
Facsimile: 414.223.5000
*Attorney for Plaintiff*
*James V. Deppoleto Jr.*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES V. DEPPOLETO JR., <br><br>  Plaintiff, <br><br> v. <br><br> TAKEOVER INDUSTRIES INCORPORATED, *et al.* <br><br>  Defendant. | CASE NO. 2:22-CV-2013 <br><br> **JOINT STATUS REPORT** |

Pursuant to the Court's Minute Order on July 9, 2024 (ECF No. 78), Plaintiff, James V. Deppoleto Jr. ("Mr. Deppoleto" or "Plaintiff"), by and through his undersigned counsel, and Defendants, Takeover Industries Incorporated ("Takeover"), Tom Zarro ("Zarro"), Michael Holley ("Holley"), Toby McBride ("McBride"), Joseph Pavlik ("Pavlik") and NextGen Beverages, LLC ("NextGen") (collectively, the "Takeover Defendants"),[1] by and through their undersigned counsel, hereby submit the following Joint Status Report:

1. On June 20, 2024, the Parties submitted a Stipulation to Stay the Case and Request for a Status Check (ECF No. 75), in which the Parties informed the Court that they had continued to engage in efforts to reach a settlement in this matter and had agreed, in principle, on terms, and had begun the execution of some of the necessary settlement documents, but needed additional time for certain corporate formalities to occur in order to approve the settlement.

2. Because the Parties were engaging in settlement efforts, the Parties jointly requested that this action and all related deadlines be stayed to allow the Parties additional time to finalize settlement.

3. On June 20, 2024, the Court issued a Minute Order declining to grant a stay but ordered all pending deadlines to be vacated, and ordered that the Parties file dismissal paperwork

---

[1] Plaintiff and the Takeover Defendants may be referred to as the "Parties."

or a joint status report no later than July 8, 2024.

4. On July 8, 2024, the Parties filed a joint status report informing the Court that the Parties had not executed a final settlement agreement yet. (ECF No. 78.) In response, the Court ordered that the Parties to file dismissal paperwork or a joint status report no later than July 22, 2024. (ECF No. 78.)

5. The Parties have not executed a final settlement agreement, and thus cannot file dismissal documents at this time.

6. The Parties recently agreed to reschedule depositions from July 22-26, 2024, to August 20 and August 27-30, 2024.

7. The Parties' respective positions on the status of settlement are below:

   a. Plaintiff's Position: The parties unfortunately still have not resolved this lawsuit. Despite the Takeover Defendants' commitment to providing Plaintiff with executed resolutions the week of July 8, 2024 – as the Takeover Defendants expressed in the last joint status report – they still have not done so. The Takeover Defendants provided Plaintiff with additional documents on the afternoon of July 22, 2024, but Plaintiff has not completed a review of them yet and cannot confirm whether all documents which are a prerequisite to settlement have been received. If the Court feels it necessary, the Parties are happy to submit another joint status report to the Court on August 30, 2024, to advise the Court of the status of settlement, if dismissal documents have not been filed before that time.

   b. Takeover Defendants' Position: The Parties unfortunately have still not finalized the settlement in this matter. As previously noted, Plaintiff's counsel

has demanded that Defendants produce numerous corporate records, and Defendants have now complied with those requests and produced nearly every item demanded by Plaintiff. In Defendants' view of the current status of settlement negotiations, there are two sticking points in negotiations that have delayed final settlement. Nevertheless, the Parties remain committed to finalizing this settlement and are actively working toward resolving those issues and expect to have the matter fully resolved with all necessary settlement documents executed before the scheduled depositions. **At this point, given that there are only two sticking points preventing final settlement from being reached, Defendants are requesting that the Court order the Parties to a settlement conference with a magistrate judge. Defendants feel that getting all Parties together and sitting down in one room will help bring this matter to a final resolution and help the Parties resolve their dispute as to the remaining two issues. <u>As such, Defendants respectfully request that the Court order all Parties to attend a settlement conference with a magistrate judge.</u>** If the Court feels it necessary, the Parties are happy to submit another joint status report to the Court on August 30, 2024 to advise the Court of the status of settlement, if dismissal documents have not been filed before that time; however, **<u>Defendants feel that the requested settlement conference would be the most productive step toward reaching a settlement at this stage</u>**. Additionally, the Parties have scheduled depositions for August 20 and August 27-30, 2024 in the event that the settlement is not finalized.

DATED this 22nd day of July, 2024.

**HUSCH BLACKWELL LLP**

/s/ *Patrick M. Harvey*
JAMES PATRICK SHEA
Nevada Bar No. 405
BART K. LARSEN
Nevada Bar No. 8538
KYLE M. WYANT
Nevada Bar No. 14652
SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email: jshea@shea.law
blarsen@shea.law
kwyant@shea.law

JENNIFER E. HOEKEL
Nevada Bar No. 12775
jennifer.hoekel@huschblackwell.com
HUSCH BLACKWELL LLP
8001 Forsyth Boulevard, Suite 1500
St. Louis, Missouri 63105
Telephone: 314.480.1500
Facsimile: 314.480.1505

And

PATRICK M. HARVEY
*Admitted Pro Hac Vice*
Patrick.Harvey@huschblackwell.com
**HUSCH BLACKWELL LLP**
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Telephone: 414.273.2100
Facsimile: 414.223.5000
*Attorney for Plaintiff*
*James V. Deppoleto Jr.*

**HALL & EVANS LLC**

/s/ *Kurt R. Bonds*
KURT R. BONDS, ESQ.
Nevada Bar No. 6228
DAVID M. SEXTON, ESQ.
Nevada Bar No. 14951
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

1. On July 22, 2024, I served the following document(s): **JOINT STATUS REPORT**

2. I served the above document(s) by the following means to the persons as listed below:

   X  a.  ECF System:

   KURT R. BONDS on behalf of Defendants Takeover Industries Incorporated, Tom Zarro, Michael Holley, Toby McBride, Joseph Pavlik and NextGen Beverages, LLC
   nvefile@hallevans.com; bondsk@hallevans.com

   DAVID SEXTON on behalf of Defendants Takeover Industries Incorporated, Tom Zarro, Michael Holley, Toby McBride, Joseph Pavlik and NextGen Beverages, LLC
   sextond@hallevans.com

   And all other parties requesting notice.

   ☐  b.  United States mail, postage fully prepaid:

   ☐  c.  Personal Service:

   I personally delivered the document(s) to the persons at these addresses:

   ☐  For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

   ☐  For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

   ☐  d.  By direct email (as opposed to through the ECF System):
   Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

   ☐  e.  By fax transmission:

   Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax

6

numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐   f.   By messenger:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 22, 2024.

By: /s/ *Patrick M. Harvey*