JAMES PATRICK SHEA
Nevada Bar No. 405
BART K. LARSEN
Nevada Bar No. 8538
KYLE M. WYANT
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email: jshea@shea.law
blarsen@shea.law
kwyant@shea.law

JENNIFER E. HOEKEL
Nevada Bar No. 12775
jennifer.hoekel@huschblackwell.com
**HUSCH BLACKWELL LLP**
8001 Forsyth Boulevard, Suite 1500
St. Louis, Missouri 63105
Telephone: 314.480.1500
Facsimile: 314.480.1505

-and-

PATRICK M. HARVEY
*Admitted Pro Hac Vice*
Patrick.Harvey@huschblackwell.com
**HUSCH BLACKWELL LLP**
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Telephone: 414.273.2100
Facsimile: 414.223.5000
*Attorney for Plaintiff*
*James V. Deppoleto Jr.*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

HB: 4855-6445-7446.1

| | |
|---|---|
| JAMES V. DEPPOLETO JR., | CASE NO. 2:22-CV-2013 |
| Plaintiff, | |
| v. | **THIRD STIPULATION FOR EXTENSION OF TIME** |
| TAKEOVER INDUSTRIES INCORPORATED, *et al.* | **SPECIAL SCHEDULING REVIEW REQUESTED** |
| Defendant. | |

## THIRD STIPULATION FOR EXTENSION OF TIME

Plaintiff, James V. Deppoleto Jr. ("Mr. Deppoleto" or "Plaintiff"), by and through his undersigned counsel, and Defendants, Takeover Industries Incorporated ("Takeover"), Tom Zarro ("Zarro"), Michael Holley ("Holley"), Toby McBride ("McBride"), Joseph Pavlik ("Pavlik") and NextGen Beverages, LLC ("NextGen") (collectively, the "Takeover Defendants"),[1] by and through their undersigned counsel, hereby submit the following Third Stipulation for Extension of Time for the Court's review:

WHEREAS, on November 9, 2023, the Court entered a Scheduling Order (ECF No. 37) setting, among other deadlines: (a) May 7, 2024, as the deadline by which parties must complete discovery; and (b) June 6, 2024, as the date for filing of dispositive motions;

WHEREAS, on April 30, 2024, the Parties filed a Second Stipulation for Extension of Time (ECF No. 73), requesting that the discovery and dispositive motion deadline be extended;

WHEREAS, on May 2, 2024, the Court granted the Parties' request by Order (ECF No. 72), setting: (a) June 20, 2024, as the deadline by which the Parties must complete discovery; and (b) July 22, 2024, as the date for filing dispositive motions;

WHEREAS, on June 20, 2024, the Parties submitted a Stipulation to Stay Case and Request

---

[1] Plaintiff and the Takeover Defendants may be referred to as the "Parties."

HB: 4855-6445-7446.1

for Status Check, due to ongoing settlement discussions and negotiations;

WHEREAS, on June 20, 2024, the Court entered a Minute Order staying the case and vacating pending deadlines;

WHEREAS, in light of the continued settlement negotiations among the Parties, the Parties have met and conferred and agree to extend the discovery and case dispositive motion deadlines, such that;

    (a)    Pursuant to LR 26-1(b), discovery in this action shall be completed on or before December 2, 2024;

    (b)    Dispositive Motions shall be filed and served no later than January 3, 2024.

WHEREAS, pursuant to LR 26-3, the parties state as follows:

    (a)    After and in light of the Court's two recent decisions regarding the parties' discovery disputes, the parties have exchanged initial written discovery, followed by some supplemental responses having been produced. The parties have also discussed a deposition schedule for the various fact witnesses, and have already begun fact witness depositions, with the remainder to be completed over the course of approximately the next month.

    (b)    The parties need to complete responses to each other's respective discovery requests, and remaining depositions need to occur;

    (c)    The parties have been negotiating over a potential resolution, but those discussions appear to have not been productive in reaching a resolution of all claims.

    (d)    Since the Court granted the Parties' first and second stipulations, the Parties continued active settlement discussions. Given the claims at issue in this

HB: 4855-6445-7446.1

lawsuit, the Parties were negotiating a very complicated potential resolution that goes beyond a simple exchange of money for a settlement agreement and release and requires additional time for negotiation, but those discussions appear to have recently broken down.

(e) All discovery shall be completed no later than December 2, 2024.

WHEREAS, undersigned counsel certifies that this is the second stipulation for extension of time to file motions pursuant to LR IA 6-1.

IT IS HEREBY STIPULATED AND AGREED by and between the parties, through their undersigned counsel and subject to the approval of the Court, that all discovery shall be completed no later than December 2,2024.

IT IS FURTHER HEREBY STIPULATED AND AGREED by and between the parties, through their undersigned counsel and subject to the approval of the Court, that all case dispositive motions, along with supporting briefs and other papers, if any, shall be served and filed on or before January 3, 2025.  Briefing will be presented pursuant to the Court's Local Rules.

**IT IS SO ORDERED**. Denied with leave to refile.  At page 2 of the Stipulation, Counsel certify that ECF No. 81 is the parties' second stipulation for extension of time.  However, this is the parties' third stipulation for extension of time.  See ECF Nos. 71 and 73.  The parties also fail to include the deadlines for the pretrial order and the Rule 26(a)(3) disclosures.  See LR 26-1(b)(5)&(6).

_____
UNITED STATES MAGISTRATE JUDGE
DATED:    09-19-24

DATED this 18th day of September, 2024.

**HUSCH BLACKWELL LLP**

/s/ *Patrick M. Harvey*
JAMES PATRICK SHEA
Nevada Bar No. 405
BART K. LARSEN
Nevada Bar No. 8538
KYLE M. WYANT
Nevada Bar No. 14652
SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email: jshea@shea.law
blarsen@shea.law
kwyant@shea.law

JENNIFER E. HOEKEL
Nevada Bar No. 12775
jennifer.hoekel@huschblackwell.com
HUSCH BLACKWELL LLP
8001 Forsyth Boulevard, Suite 1500
St. Louis, Missouri 63105
Telephone: 314.480.1500
Facsimile: 314.480.1505

And

DATED this 18th day of September, 2024.

**HALL & EVANS LLC**

/s/ *David Sexton*
KURT R. BONDS, ESQ.
Nevada Bar No. 6228
DAVID SEXTON
Nevada Bar No. 14951
1160 North Town Center Drive, Suite 330
Las Vegas, NV 89144
*Attorneys for Defendants Takeover Industries Incorporated, Tom Zarro, Michael Holley, Toby McBride, Joseph Pavlik and NextGen Beverages, LLC*

HB: 4855-6445-7446.1

1  PATRICK M. HARVEY
   *Admitted Pro Hac Vice*
2  Patrick.Harvey@huschblackwell.com
   **HUSCH BLACKWELL LLP**
3  511 North Broadway, Suite 1100
   Milwaukee, WI 53202
4  Telephone: 414.273.2100
   Facsimile: 414.223.5000
5  *Attorney for Plaintiff*
6  *James V. Deppoleto Jr.*

6

HB: 4855-6445-7446.1

## CERTIFICATE OF SERVICE

1. On September 18, 2024, I served the following document(s): **THIRD STIPULATION FOR EXTENSION OF TIME**

2. I served the above document(s) by the following means to the persons as listed below:

   X    a.    ECF System:

   KURT R. BONDS on behalf of Defendants Takeover Industries Incorporated, Tom Zarro, Michael Holley, Toby McBride, Joseph Pavlik and NextGen Beverages, LLC
   nvefile@hallevans.com; bondsk@hallevans.com

   DAVID SEXTON on behalf of Defendants Takeover Industries Incorporated, Tom Zarro, Michael Holley, Toby McBride, Joseph Pavlik and NextGen Beverages, LLC
   sextond@hallevans.com

   And all other parties requesting notice.

   ☐    b.    United States mail, postage fully prepaid:

   ☐    c.    Personal Service:

   I personally delivered the document(s) to the persons at these addresses:

   ☐    For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

   ☐    For a party, delivery was made by handling the document(s)

HB: 4855-6445-7446.1

to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐    d.    By direct email (as opposed to through the ECF System):

Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐    e.    By fax transmission:

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐    f.    By messenger:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 18, 2024.

By: /s/ *Patrick M. Harvey*