S. Don Bennion, Esq.
Nevada Bar No. 4530
Law Office of S. Don Bennion
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
Tel: (702) 333-0777  Fax: (702) 333-0577
email: don@bennionlaw.com

Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
Whitehead & Burnett
6980 O'Bannon Drive
Las Vegas, Nevada 89117
Tel: (702)267-6500 Fax: (702)267-6262
Email: jeff@whiteheadburnett.com
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JAMES V. DEPPOLETO JR., <br><br> Plaintiff, <br><br> v. <br><br> TAKEOVER INDUSTRIES, INCORPORATED, *et al.* <br> Defendant. | Case NO. 2:22-cv-02013-GMN-BNW <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFF'S  MOTION TO COMPEL DISCOVERY FROM TAKEOVER INDUSTRIES INCORPORATED, MICHAEL HOLLEY, TOBY MCBRIDE, JOSEPH PAVLIK, TOM ZARRO AND NEXTGEN BEVERAGES LLC** |

COMES NOW Defendants' by and through counsel S. Don Bennion, Esq. of the Law Office of S. Don Bennion and Jeffrey J. Whitehead, Esq. of Whitehead & Burnett and files this Opposition to Plaintiff's Motion to Compel Discovery ("Motion") From Takeover Industries Incorporated, Michael Holley, Toby McBride, Joseph Pavlik, Tom Zarro and NextGen

1

Beverage, LLC. This Opposition is made and based upon the papers and pleadings on file with this Court, Defendants' Memorandum of Points and Authorities, the Exhibits referenced herein, and the Declaration of S. Don Bennion, Esq., with Exhibits.

1

## TABLE OF CONTENTS

2      MOTION..................................................................................1

3      TABLE OF AUTHORITIES..........................................................3

4
       MEMORANDUM OF POINTS AND AUTHORITIES............................4
5
6      SUMMARY OF PLAINTIFF'S MOTION...........................................4

7      LEGAL ARGUMENT.................................................................5

8      CONCLUSION.........................................................................7
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### SUMMARY OF PLAINTIFF'S MOTION

Plaintiff's instant Motion is based on attorney Patrick Harvey's Declaration which claims that he was unable to "meet-and-confer with counsel for the Takeover Defendants, S. Don Bennion . . . December 17, 2024 at 10:00 PST," even though Plaintiff's counsel and Defendants' undersigned counsel conferred in-person November 21, 2024, before, during and after the first deposition of Defendant Tom Zarro in Las Vegas, Nevada at the law office of local counsel SHEA LARSEN following the receipt of attorney Harvey's November 20, 2024 letter regarding Defendants' alleged discovery deficiencies. (*See* S. Don Bennion Declaration; *See also* Patrick Harvey Declaration in support of Motion to Compel "Harvey Declaration"; *see also* November 20, 2024 letter from attorney Harvey to Defendants, Exhibit 14 to Plaintiff's Motion).  Counsel for Plaintiff and Defendants also conferred via telephone and in writing many times between November 14 through December 17, 2024, regarding the scope of the depositions of Defendants' representatives Michael Holley and Tom Zarro, as well as the discovery issues set forth in Harvey's November 20, 2024 letter and undersigned counsel's email.  *See* Declaration of S. Don Bennion; *see also* **Exhibit A** to Declaration of S. Don Bennion.

Plaintiff also argues that many documents have not been produced by Defendants in response(s) to Plaintiff's multiple requests for production of documents.  Attached to the Declaration of S. Don Bennion as **Exhibit B** is Defendants' Seventh Supplement to Initial Disclosures dated December 31, 2024, and the proposed Stipulation and Order for Protective Order to govern the confidentiality of certain documents including, but not limited to,

4

documents related to the ongoing deposition of Defendant Tom Zarro.  *See* **Exhibit C** to the Declaration of S. Don Bennion, propose Stipulated Protective Order.  In addition, since Defendants' current, undersigned counsel filed an appearance in this case November 14, 2024, hundreds of additional documents have been produced by Defendants as set forth in Exhibit B including, but not limited to, documents now submitted pursuant to a proposed Stipulated Protective Order as agreed to counsel for Plaintiff and Defendants at the deposition(s) of Defendant Tom Zarro.  Also, Defendants' Seventh Supplemental Production of Documents dated December 31, 2024, produces new, current documents in accordance with the Federal Rules of Civil Procedure.

Plaintiff's instant Motion seeks to argue that Defendants have been unwilling to produce relevant documentation herein, yet Defendant Zarro and others have recently testified to the existence of relevant documentation which are now being produced since appearance of new counsel.  **See Exhibit B.**

**LEGAL ARGUMENT**

The Federal Rules of Civil Procedure permit a party to seek discovery "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1).  This has been interpreted broadly and encompasses "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978).

The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *See V5 Techs. V. Switch, Ltd.*, 334 R.R.D. 306, 309 (D. Nev. 2019). Arguments against discovery must be supported by "specific examples and articulated

reasoning." *Id.* (citation omitted).  District courts enjoy wide discretion in deciding relevancy for discovery purposes, and relevance for the purposes of discovery is defined broadly.  *Id.* (citation omitted). The person resisting discovery carries the heavy burden of showing why discovery should be denied. *Blankenship v. Hearst Corp.,* 519 F. 2d 418, 429 (9th Cir. 1975). To meet this burden, the objecting person must allege specific facts, which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence, or sufficient detail regarding the time, money and procedures required to comply with the purportedly improper request. *Jackson v. Montgomery Ward & Co., Inc.,* 173 F.R.D. 524 (D. Nev. 1997) (citations omitted).

In this case, the Defendants have provided sufficient responses to Plaintiff's discovery requests in their responses served December 6 and 9, 2024, as well as in Defendants' Sixth and Seventh Supplemental Discovery Responses to Requests for Production of Documents served December 12 and 31, 2024. See Exhibit B to Declaration of S. Don Bennion.

The initial inquiry with any motion to compel is whether the moving party made adequate meet and confer efforts.  This Court has previously held that the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.,* 170 F.R.D. 166, 171 (D. Nev. 1996).  The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto* 151 F.R.D. 118, 120 (D. Nev. 1993).  To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id.*  This is done when

the parties "present to each other the merits of their respective positions with the same candor, specifically, and support during the informal negotiations as during the briefing of discovery motions." *Id.*

Here, there was no the required meet and confer conference between counsel as required. See Declaration of S. Don Bennion.

**CONCLUSION**

In accordance with the foregoing, Defendants submit that Plaintiff's Motion to Compel must be denied. Although many meaningful meetings and telephone conversations were conducted between counsel for the parties herein, no rule LR 26-6c conference was conducted as prerequisite to a motion to compel. See **Exhibit D** to Declaration of S. Don Bennion. In fact, Plaintiff simply wrote we "are going to go ahead a file the motion to compel" December 17, 2024, notwithstanding the attempts of counsel to coordinate ***another conversation*** between counsel. (emphasis added). See Exhibit D.

Accordingly, Defendants simply request that Plaintiff's Motion to Compel be denied as set forth herein. Defendants do not object to Defendant Zarro's deposition continuing but a stipulated protective order and/or court ordered protective order must be in place to protect the respective interests of the parties herein. Contrary to Plaintiff's claim that Plaintiff was required to file the instant Motion to Compel by December 17, 2024, no such deadline was ever imposed by Defendants and/or Defendants' counsel. In fact, Defendants through counsel repeatedly stated their agreement to any need for any continuance of discovery deadlines and/or motion deadlines. See Declaration of S. Don Bennion.

In summary, while Defendants acknowledge that the continued deposition of Defendant Zarro, which counsel for the parties concurred would not take more than an hour, may be

1  Defendants' responsibility, no additional aspect of Plaintiff's instant Motion to Compel should

2  be granted by this Honorable Court.

3

4                    Dated this 31st day of December 2024.

5                                                     Law Office of S. Don Bennion

6

7                                                     _____ *S. Don Bennion*
8                                                     S. Don Bennion, Esq.
                                                      Nevada Bar No. 4530
9                                                     Law Office of S. Don Bennion
                                                      6980 O'Bannon Drive #400
10                                                    Las Vegas, Nevada 89117
                                                      Tel: (702) 333-0777  Fax: (702) 333-0577
11                                                    email: don@bennionlaw.com
12

13                                                    Whitehead & Burnett

14
                                                      *Jeffrey J. Whitehead*____
15                                                    Jeffrey J. Whitehead, Esq.
                                                      Nevada Bar No. 3183
16                                                    Whitehead & Burnett
                                                      6980 O'Bannon Drive
17                                                    Las Vegas, Nevada 89117
                                                      Tel: (702)267-6500 Fax: (702)267-6262
18                                                    Email: jeff@whiteheadburnett.com
                                                      *Attorneys for Defendants*
19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

On December 31, 2024 I served the following document(s): **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM TAKEOVER INDUSTRIES INCORPORATED, MICHAEL HOLLEY, TOBY MCBRIDE, JOSEPH PAVLIK, TOM ZARRO AND NEXTGEN BEVERAGE LLC**

2.      The document(s) were served by the following means to the person(s) as listed below:

☐      a. ECF System

And all other parties requesting notice.

☐      b.  US mail, postage prepaid

☐      c. Personal Service:

I personally delivered the documents(s) to the persons at these addresses:

       ☐ For a party represented by an attorney, delivery was mad by handling the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge, by leaving the document(s) in a conspicuous place in the office.

       ☐ For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☑      d.  By direct email (as opposed to the ECF system): Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the person(s) at the email addresses listed below.  I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful.

**James Patrick Shea, Esq.**
Nevada Bar No. 405
**Bart K. Larsen, Esq.**
Nevada Bar NO. 8538

**Kurt R. Bonds, Esq.**
Nevada Bar No. 6228
**David M. Sexton, Esq.**
Nevada Bar No. 14951

**Kyle M. Wyant, Esq.**
Nevada Bar No. 14652
SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
T: 702-471-7432 F: 702-926-9683
blarsen@shea.law
kwyant@shea.law
*Attorneys for Plaintiff*

HALL & EVANS, LLC
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
T: 702-998-1022
nvefile@hallevans.com
bondsk@hallevans.com
sextond@hallevans.com
*Attorneys for Defendants*

**Jennifer Hoekel, Esq.**
Nevada Bar No. 12775
Husch Blackwell LLP
8001 Forsyth Boulevard Suite 1500
St. Louis, Missouri 63105
T: 314-480-1500
Jennifer.hoekel@huschblackwell.com
*Attorney for Plaintiff*

**Patrick M. Harvey, Esq.**
Admitted Pro-Hac Vice
Husch Blackwell LLP
511 North Broadway, Suite 1100
Milwaukee, WI 53202
T: 414-273-2100
Patrick.Harvey@huschblackwell.com
*Attorney for Plaintiff*

☐   e. By fax transmission

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the person(s) at the fax numbers listed below.  No error was reported by the fax machine that I used.  A copy of the record of the fax transmission is attached.

☐   f. By messenger

I served the document(s) by placing them in an envelope or package addressed to the person(s) at the addresses listed below and providing them to a messenger for service.

I declare under  penalty of perjury that the foregoing is true and correct.

*/s/ S. Don Bennion,Esq*
Law Office of S. Don Bennion