# EXHIBIT C

# EXHIBIT C

S. Don Bennion, Esq.
Nevada Bar No. 4530
Law Office of S. Don Bennion
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
Tel: (702) 333-0777  Fax: (702) 333-0577
email: don@bennionlaw.com

Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
Whitehead & Burnett
6980 O'Bannon Drive
Las Vegas, Nevada 89117
Tel: (702)267-6500 Fax: (702)267-6262
Email: jeff@whiteheadburnett.com
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JAMES V. DEPPOLETO JR., <br><br> Plaintiff, <br><br> v. <br><br> TAKEOVER INDUSTRIES, INCORPORATED, *et al.* <br> Defendant. | Case NO. 2:22-cv-02013-GNM-BNW |

### STIPULATION AND ORDER FOR A PROTECTIVE AND CONFIDENTIALITY ORDER

The court has found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this case. Accordingly, it is ORDERED as follows:

1.  Any person subject to this order who received from any other person any discovery material (i.e. information of any kind provided in the course of discovery in this action) that is designated confidential pursuant to the terms of this order shall not disclose such "confidential discovery material" to anyone else except as expressly permitted by this order.

2.  Any person seeking to file documents or materials including producing discovery material must designate as confidential such portion of the material, before it can be filed, that consists of:

    a. Confidential documents including agreements and other documentation governed by non-disclosure agreements.

    b. Previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

    c. Previously nondisclosed material relating to ownership or control of any non-public, or public company;

    d. Previously nondisclosed business plans, product development information, trade secret information, documentation, or marketing plans;

    e. Any information of a personal or intimate nature regarding any individual; or

    f. Any other category of information hereinafter given confidential status by the court.

3.  With respect to the confidential portion of any discovery material, the producing party, person or that person's counsel may designated such portion as confidential by stamping or otherwise clearly marking as "CONFIDENTIAL" the protected portion in a manner that will not interfere with legibility or audibility.

4.   With respect to deposition transcripts and exhibits, a producing party, person or that person's counsel may indicate on the record that a question calls for confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL INFORMATION GOVERNED BY PROTECTIVE ORDER" by the reporter.

5.   If at any time prior to the trial of this action, a producing party or person realizes that some portion(s) of discovery material that that person previously produced should be designated confidential, he may make the designation by apprising all parties in writing and providing a replacement copy of the discovery material with the confidential designation, upon which such discovery material will be treated as confidential under the terms of this order.

6.   No person subject to this order other than the producing party or person shall disclose any confidential discovery material to any other person, except as follows:

  a. The parties to this action and any of their in-house counsel specifically assigned to work on this case;

  b. Counsel of record, including any paralegal, clerical or other assistant employed by such counsel and assigned to work on this case;

  c. As to any document, its author, its addressee and any other person indicated on the face of the document as having received a copy;

  d. Any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this case, provided such person has first executed the non-disclosure agreement in the form annexes as an exhibit to this order

  e. Stenographers engaged to transcribe depositions conducted in this action; and

  f. The court and its personnel.

3

7. Counsel of record shall retain any non-disclosure agreement signed pursuant to paragraph 5, hold it in escrow, and produce it to opposing counsel either prior to the signatory being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

8. Any party seeking to file confidential discovery material with the court must file a motion to seal and/or redact consistent with the Nevada Rules for Sealing and Redacting Court Records. The parties will use their best efforts to minimize such motions and sealing.

9. Any party who either objects to any confidential designation, or who, by contrast, request further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons shall file a stipulation and order with the court requesting a case management conference for purposes of obtaining a ruling.

10. The court also retains unfettered discretion whether or not to afford confidential treatment to any confidential discovery material submitted to the court in connection with any motion, application, or proceeding that may result in an order and/or decision by the court.

11. Each person who has access to confidential discovery material shall take all necessary precautions to prevent the unauthorized or inadvertent disclosure of such material.

12. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection, such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or

work product protection with respect to the inadvertently disclosed information and its subject matter.

13. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the inadvertently disclosed information for any purpose, except by order of the court. The receiving party shall, within 5 business days, return or destroy all copies of the inadvertently disclosed information, and provide a certification of counsel that all such information has been returned or destroyed.

14. Within 5 business days of the notification that inadvertently disclosed information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the inadvertently disclosed information.

15. As with any information redacted or withheld, the receiving party may move the court for an order compelling production of the inadvertently disclosed information. The motion shall be filed under temporary seal, along with a motion to seal, and shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

16. The disclosing party retains the burden of establishing the privileged or protected nature of any inadvertently disclosed information. Nothing in this order shall limit the right of any party to request an in camera review of the inadvertently disclosed information.

17. This order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all confidential discovery material and all copies such material shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

18. This court shall retain jurisdiction over all persons subject to this order to the extent necessary to enforce any of its obligations or to impose sanctions for any contempt of the order.

IT IS SO ORDERED.

Dated this ____ day of December 2024

_____
Judge Brenda Weksler

Submitted by:

*S. Don Bennion, Esq.*
Nevada Bar No. 4530
Law Office of S. Don Bennion
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
Tel: (702) 333-0777  Fax: (702) 333-0577
email: don@bennionlaw.com

*Jeffrey J. Whitehead, Esq.*
Nevada Bar No. 3183
Whitehead & Burnett
6980 O'Bannon Drive
Las Vegas, Nevada 89117
Tel: (702)267-6500 Fax: (702)267-6262
Email: jeff@whiteheadburnett.com
*Attorneys for Defendants*

Approved as to form and content:

_____
Patrick Harvey, Esq.
**HUSCH BLACKWELL LLP**
511 North Broadway, Suite 1100
Milwaukee, WI 53202
(T): (414) 273-2100
(F): (414) 223-5000
Patrick.Harvey@huschblackwell.com
*Attorney for Plaintiff James V. Deppoleto Jr.*

6