1  JAMES PATRICK SHEA
   Nevada Bar No. 405
2  BART K. LARSEN
   Nevada Bar No. 8538
3  KYLE M. WYANT
   Nevada Bar No. 14652
4  **SHEA LARSEN**
5  1731 Village Center Circle, Suite 150
   Las Vegas, Nevada 89134
6  Telephone: (702) 471-7432
7  Fax: (702) 926-9683
   Email: jshea@shea.law
8  blarsen@shea.law
   kwyant@shea.law
9

10 JENNIFER E. HOEKEL
   Nevada Bar No. 12775
11 jennifer.hoekel@huschblackwell.com
   **HUSCH BLACKWELL LLP**
12 8001 Forsyth Boulevard Suite 1500
   St. Louis, Missouri 63105
13 Telephone: 314.480.1500
14 Facsimile: 314.480.1505

15 -and-

16
   PATRICK M. HARVEY
17 *Admitted Pro Hac Vice*
   Patrick.Harvey@huschblackwell.com
18 **HUSCH BLACKWELL LLP**
19 511 North Broadway, Suite 1100
   Milwaukee, WI 53202
20 Telephone: 414.273.2100
   Facsimile: 414.223.5000
21

22 *Attorneys for Plaintiff,*
   *James V. Deppoleto Jr.*
23

24
25                 **UNITED STATES DISTRICT COURT**
26                  **FOR THE DISTRICT OF NEVADA**
27
28

HB: 4935-0135-3998.2

| | |
|---|---|
| JAMES V. DEPPOLETO JR., Individually and Derivatively on Behalf of Nominal Defendant Takeover Industries Incorporated<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>TAKEOVER INDUSTRIES INCORPORATED, Defendant and Nominal Defendant<br><br>MICHAEL HOLLEY,<br><br>TOBY MCBRIDE,<br><br>JOSEPH PAVLIK,<br><br>TOM ZARRO,<br><br>and<br><br>NEXTGEN BEVERAGES, LLC<br><br>　　　　　　　　　　Defendants. | CASE NO. 2:22-cv-02013-GMN-MDC<br><br>**DECLARATION OF JAMES V. DEPPOLETO JR. IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Under penalty of perjury and pursuant to 28 U.S.C. § 1746, I, James V. Deppoleto Jr., declare as follows:

　　1.　I, James V. Deppoleto Jr., have personal knowledge of the following facts and could, if called as a witness, competently testify thereto.

　　2.　On or about October 13, 2022, I loaned Takeover $386,773.86, ("First Supplemental Loan") which is a supplemental amount that Takeover and I agreed would be added to my convertible debt investment.

　　3.　In conjunction and consultation with Takeover management, I made the payment of $386,773.86 directly to Great Northern Corporation, which was a Takeover vendor that made retail display shelves for Takeover's gamer shots. After discussing the issue with Takeover

1

management, we agreed that I would make the payment directly to Great Northern Corporation, rather than to Takeover, because by that point in time, I was getting concerned that Takeover was not using my previous loans in the manner upon which Takeover and I agreed – *i.e.*, solely for business-related expenses – so I wanted to be certain that this money was used solely to pay for a Takeover business expense.

4. On November 4, 2022, I loaned Takeover an additional $128,924.62 ("Second Supplemental Loan"), which is a supplemental amount that Takeover and I agreed would be added to my convertible debt investment (together with the October 13, 2022, loan, the "Supplemental Loans").

5. As with the October payment, and for the same reasons described in paragraph 3, above, I made the payment of $128,924.62 directly to Great Northern Corporation for production of the display shelves, rather than to Takeover.

6. Takeover and I agreed that the Supplemental Loans would be funded as part of the NPA and result in a fourth Note, similar to the Third Note that Takeover issued to me.

7. Because Takeover and I agreed that the Supplemental Loans would be funded as part of the NPA, and result in a fourth Note, similar to the Third Note, the Supplemental Loans each had a Maturity Date of 180 days after issuance.

8. Accordingly, the First Supplemental Loan had a Maturity Date of April 11, 2023, and the Second Supplemental Loan had a Maturity Date of May 3, 2023.

9. I would not have agreed to pay Great Northern Corporation a total of $515,698.48 without Takeover's agreement that Takeover would pay me back.

10. I expedited my payment of the Supplemental Loans because Takeover informed me that it was an urgent necessity for its business operations.

11. In February 2023, Great Northern Corporation issued me a refund of $35,177.93, explaining that the retail shelves did not ultimately cost as much as I had paid to Great Northern Corporation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 10th day of January, 2025.

                                            _s/ James V. Deppoleto Jr._
                                            James V. Deppoleto Jr.

HB: 4935-0135-3998.2

# CERTIFICATE OF SERVICE

1. On January 10, 2025, I served the following document(s): **DECLARATION OF JAMES V. DEPPOLETO JR. IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT.**

2. I served the above document(s) by the following means to the persons as listed below:

   ☒ a. ECF System:

   ☐ b. United States mail, postage fully prepaid:

   ☐ c. Personal Service:

   I personally delivered the document(s) to the persons at these addresses:

   ☐ For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

   ☐ For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

   ☐ d. By direct email (as opposed to through the ECF System):
   Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

   ☐ e. By fax transmission:

   Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

   ☐ f. By messenger:

   I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

   I declare under penalty of perjury that the foregoing is true and correct.

   Dated: January 10, 2025.

   By: /s/ *Patrick M. Harvey*

4

HB: 4935-0135-3998.2