S. Don Bennion, Esq.
Nevada Bar No. 4530
Law Office of S. Don Bennion
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
Tel: (702) 333-0777  Fax: (702) 333-0577
email: don@bennionlaw.com

Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
Whitehead & Burnett
6980 O'Bannon Drive
Las Vegas, Nevada 89117
Tel: (702)267-6500 Fax: (702)267-6262
Email: jeff@whiteheadburnett.com
*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JAMES V. DEPPOLETO JR., | Case NO. 2:22-cv-02013-GMN-BNW |
| Plaintiff, | |
| v. | **DECLARATION OF S. DON BENNION IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| TAKEOVER INDUSTRIES, INCORPORATED, *et al.* | |
| Defendant. | |

## <u>DECLARATION OF S. DON BENNION</u>

I, S. Don Bennion, declare and state the following under the penalty of perjury:

Attached hereto as Exhibit B is a true and complete copy of the Declaration of Toby McBride, dated January 31, 2025.

Attached hereto as Exhibit C is a true and complete copy of the Declaration of Michael Holley dated January 31, 2025.

Attached hereto as Exhibit D is a true and complete copy of the Declaration of Joseph Pavlik dated January 31, 2025.

Attached hereto as Exhibit E is a true and complete copy of the Declaration of Tom Zarro dated January 31, 2025.

I declare under penalty of perjury that the foregoing is true and correct and if called upon as a witness I could and would competently testify thereto.

Dated this 31st day of January 2025.

*/s/ S. Don Bennion*
S. Don Bennion

# EXHIBIT B

# EXHIBIT B

S. Don Bennion, Esq.
Nevada Bar No. 4530
Law Office of S. Don Bennion
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
Tel: (702) 333-0777  Fax: (702) 333-0577
email: don@bennionlaw.com

Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
Whitehead & Burnett
6980 O'Bannon Drive
Las Vegas, Nevada 89117
Tel: (702)267-6500 Fax: (702)267-6262
Email: jeff@whiteheadburnett.com
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

JAMES V. DEPPOLETO JR.,

      Plaintiff,

v.

TAKEOVER INDUSTRIES,
INCORPORATED, *et al.*
      Defendant.

Case NO. 2:22-cv-02013-GMN-BNW

**DECLARATION OF TOBY MCBRIDE
IN SUPPORT OF OPPOSITION TO
PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT**

## DECLARATION OF TOBY MCBRIDE

I, Toby McBride declare and state the following under the penalty of perjury:

1

1.   I am a citizen of the United States, over the age of 18 years old, of sound mind, make this Declaration based upon personal knowledge, and, if called to testify, would testify competently to the facts set forth herein.

2. I am a Defendant in the above-entitled case filed by Plaintiff James V. Deppoleto, Jr.

3.   In 2021, Michael Holley (hereinafter "Holley") and I incorporated Takeover Industries in Nevada. On or about February 26, 2021, Labor Smart, Inc., acquired Takeover and became a wholly owned subsidiary of Labor Smart. After the acquisition, Holley was named a Director of Labor Smart, as well as Chief Operating Officer and Treasurer of Takeover in addition to sitting on the Board of Directors for Takeover. At that time I was the CEO of Takeover and director of Labor Smart and Takeover.

4.   At that time, Joseph Pavlik (hereinafter "Pavlik") served as Chief Science Officer and a Board of Directors member for Takeover, as well as an Officer for Labor Smart. It was at this point that Jason Tucker (hereinafter "Mr. Tucker") would begin working with Takeover to assist in building the company's brand. On June 10, 2021, the Board of Directors of Takeover held a "Special Meeting" which established that the Board of Directors for Takeover moving forward would consist of Holley, Tucker, Pavlik, and me. In or about December 2021, Takeover's Board of Directors, at the urging of Tucker, held a meeting and voted to remove Holley from the Board due to allegations of mismanagement of Takeover funds, allegations which Holley has vehemently denied. See Exhibit A, Takeover's Minutes of Special Meeting of Board of Directors.

5.   From the period of May 25, 2022, through August 19, 2022, Plaintiff Depploeto entered into three claimed Note Purchase Agreements (hereinafter "NPAs") with Takeover. The Notes were for the total of $500,000 each signed by Tucker, as president of Takeover, Michael Costello (Chief Executive Officer of Labor Smart) and Plaintiff.

6. I was, before and after the November 7, 2022 meeting of the Board of Directors of Labor Smart, Inc., the CEO and a director of Takeover Industries, Inc. ("Takeover or the

2

"company"), as well as a director of Takeover's parent company Labor Smart, Inc., until I resigned April 17, 2023, replaced by Thomas Zarro.

7. Even though Jason Tucker was invited to the November 7, 2022 Board Meeting, he did not attend the meeting. As a result, the Resolution of the Labor Smart, Inc., Board of Directors including Michael Holley, and I was issued. See Exhibit B to Defendant's Opposition to Motion for Partial Summary Judgment filed concurrently herewith.

8. Joseph Pavlik attended the November 7, 2022 Board Meeting "given the dispute in the Lawsuit and Joseph Pavlik's vote at the December 2021 Meeting (when Pavlik was a director), he was invited to attend and participate in the November 7, 2022 meeting and, although not a director of the Company, indicate what his vote would be were he a Director." See Exhibit B, p. 3.

9. Plaintiff Deppoleto was invited to attend the November 7, 2022 meeting, but he did not attend.

10. In my work for Takeover from January 2021 until April 17, 2023, I furthered the business through sponsorships and connections with athletes and others in the industry.

11. Although I am not an employee, officer or director of Defendant NextGen Beverages, LLC, in my opinion NextGen Beverages, LLC, is not competing with Takeover because the two companies produced different products.

12. Attached hereto as Exhibit A is a true and complete copy of Takeover's Minutes of Special Meeting of Board of Directors dated December 28, 2021.

13. Attached hereto as Exhibit B is a true and complete copy of the November 7, 2022 Resolution of the Board of Directors of Labor Smart Inc., including the November 7, 2022 Written Consent Board of Directors of Takeover Industries, Inc.

14. I have 30+ years of experience in the beverage industry, working behind at least four major brands of performance waters, iced teas, and similar beverages, which have been sold throughout the nation.

I declare under penalty of perjury that the foregoing is true and correct and if called upon as a witness I could and would competently testify thereto.

Dated this 31st day of January 2025.

/s/ Toby McBride
Toby McBride

4

# EXHIBIT C

EXHIBIT C

S. Don Bennion, Esq.
Nevada Bar No. 4530
Law Office of S. Don Bennion
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
Tel: (702) 333-0777  Fax: (702) 333-0577
email: don@bennionlaw.com

Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
Whitehead & Burnett
6980 O'Bannon Drive
Las Vegas, Nevada 89117
Tel: (702)267-6500 Fax: (702)267-6262
Email: jeff@whiteheadburnett.com
*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

|  |  |
|---|---|
| JAMES V. DEPPOLETO JR., | Case NO. 2:22-cv-02013-GMN-BNW |
| Plaintiff, | |
| v. | **DECLARATION OF MICHAEL HOLLEY IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| TAKEOVER INDUSTRIES, INCORPORATED, *et al.* | |
| Defendant. | |

## DECLARATION OF MICHAEL HOLLEY

I, Michael Holley state and declare as follows:

I am over the age of eighteen and I am a Defendant in the United States District Court of Nevada case no. 2:22-cv-02013-GMN-BNW. I have personal knowledge of the facts

set forth in this Declaration except the information which is set forth herein based on my information and belief, related to this matter.

1. I am a Defendant in the above-identified action and make this Declaration based on my personal knowledge.

2. I have personal knowledge of the facts stated in this declaration and am competent to testify to them.

3. I have worked in the beverage industry since 1994, accumulating 30 years of experience launching and developing successful beverage brands.

4. In early 2021, as Chief Operating Officer, I launched Takeover Industries of which I am one of the larger Creditors and also the personal Guarantor of the company credit cards. The company achieved immediate success with our hydrogen water product, generating approximately $500,000 in revenue during our first weekend of launch.

5. In April 2021, Takeover engaged Jason Tucker as a consultant to assist with contract negotiations and intellectual property matters. Tucker represented himself as having expertise in negotiations and claimed prior work experience with federal agencies. These credentials were later discovered to be false.

6. Between April and October 2021, I repeatedly addressed concerns with Tucker regarding his conduct, particularly his treatment of team members which was negatively affecting company operations.

7. I have personal knowledge that Tucker manipulated a situation involving Joe Pavlik, presenting false evidence to myself and Toby McBride that resulted in Pavlik losing his shares, which Tucker then acquired.

7. Attached to Defendants' Opposition to Plaintiff's Motion for Summary Judgment as Exhibit A is a true and correct copy of the Resolution of the Board of Directors of Labor Smart, Inc, and the Written Consent Board of Directors of Takeover Industries, Inc., dated November 7, 2022.

8. Attached to Defendants' Opposition to Plaintiff's Motion for Summary Judgment as Exhibits H, I, L, M, and N are true and correct copies of documents contained in the Takeover computer files I reviewed after the Board of Directors as reconstituted November 7, 2022, gained access to these Company records including email(s) correspondence, presentation plans, marketing plans and other documents unknown to me prior to December 2022.

9. In October 2021, while I was hospitalized with Covid-19, Tucker made false accusations about me misappropriating company funds. Though I was later exonerated and reached a settlement with Takeover, Tucker used my absence to gain sole control over company bank accounts and credit cards.

10. In May 2022, during my forced absence, Tucker executed the first of three convertible note agreements with James Deppoleto without proper board authorization.

11. Based on my direct knowledge of the alleged 2022 agreements, these convertible notes contained terms that placed Takeover in technical default from the moment of execution.

12. In November 2022, after my return to the company, we discovered through company communications that Tucker and Deppoleto were engaged in unauthorized negotiations with 5-hour Energy for their personal benefit.

13. Takeover did not receive any type of refund from Great Northern Company for monies paid by Deppoleto.

14. Takeover's Account Quick Report dated December 28, 2024, in the amount of $2,016,697.00, labeled DEF01383 was entered by Takeover's bookkeeper David Eisenberg under the category "loans payable- James Deppoleto," which was the category Tucker initially described these amounts in 2022 , based on my examination of the Takeover records.

15. Upon Tucker's removal from the Board, he retained control of critical company assets by refusing to surrender passwords and access to:

    a.   Company bank accounts

    b.   QuickBooks financial records

    c.   Shopify account

    d.   Social media accounts

    e.   Other vital business platforms

16. Tucker continued using company bank accounts through December 2022, leaving them with negative balances.

17. Due to Tucker's mismanagement, Takeover:

    a.   Lost the NXTL LVL trademark

    b.   Faced multiple demands from vendors totaling millions of dollars

    c.   Could not attract new investors due to pending litigation

    d.   Accumulated substantial debt

18. The formation of Next Gen Beverages was undertaken to protect shareholder interests and create new value after Takeover's trademark loss and mounting legal challenges made continuing business operations impossible under that entity. Takeover had little to no assets left which none were used for Next Gen. Next Level Fitness water filed the trademark

months before Takeover did. They filed an action with the trademark commission and later a lawsuit against Takeover.

19. Through our efforts with NextGen, we made the stock tradeable, enabling Deppoleto to potentially realize value from approximately 400 million shares he possessed. Today these shares were trading @.0018 which is a value of $720,000.00.

20. I have read Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment and hereby confirm that the facts set forth in the Opposition are true and correct to the best of my knowledge other than the information I confirm based on my information and belief.

I declare under penalty of perjury that the foregoing is true and correct and if called upon as a witness I could and would competently testify thereto.

Dated this 31st day of January 2025.

/s/ Michael Holley
Michael Holley

# EXHIBIT D

EXHIBIT D

S. Don Bennion, Esq.
Nevada Bar No. 4530
Law Office of S. Don Bennion
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
Tel: (702) 333-0777  Fax: (702) 333-0577
email: don@bennionlaw.com

Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
Whitehead & Burnett
6980 O'Bannon Drive
Las Vegas, Nevada 89117
Tel: (702)267-6500 Fax: (702)267-6262
Email: jeff@whiteheadburnett.com
*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JAMES V. DEPPOLETO JR., | Case NO. 2:22-cv-02013-GMN-BNW |
| Plaintiff, | |
| v. | **DECLARATION OF JOSEPH PAVLIK IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| TAKEOVER INDUSTRIES, INCORPORATED, *et al.* | |
| Defendant. | |

## DECLARATION OF JOSEPH PAVLIK

I, Joseph Pavlik  state and declare as follows:

I  am over the age of  eighteen and I  am a Defendant in the United States District

Court of Nevada case no. 2:22-cv-02013-GMN-BNW. I have personal knowledge of the facts

1

set forth in this Declaration and will testify if called to do so, except those matters which are based upon my information and belief in this matter.

I have been self-employed, since 2005, through Flexus, LLC, and I have provided consulting services and work for Takeover Industries, Inc., ("Takeover") since on or about January 2021 and LOCK'DIN OR NextGen Beverage, LLC, ("NextGen") since June 2023.

Toby McBride, Michael Holley and I founded Takeover Industries, Inc.,("Takeover") in January 2021. The scope of my work primarily consists, and consisted of, creating formulas, intellectual property of the products, assisting with education, sales, and distribution, which was required to help the company market and sell its products.

Two Takeover products were sold under the brand name NXT LVL: 1-Hydrogen water; and 2- A two-ounce energy shot known as a Gamer shot. Those were the only two products sold under the brand name NXT LVL through Takeover.

In 2021 I served as the Chief Science Officer ("CSO") of Takeover creating the formulas or recipes for the two-ounce energy shot known as a Gamer shot and the Hydrogen water products. During this period of time I also served as CEO of Labor Smart (also known as LTNC) the parent company of Takeover.

I resigned my CSO position from Takeover in September of 2021 because of harassment by Jason Tucker ("Tucker"). At that time I also resigned as CEO of Labor Smart.

In March 2021, Labor Smart purchased Takeover, issuing a total of 6 billion shares, 2 billion shares each to Toby McBride, Mike Holley and me.

In January 2022, I was asked to rejoin the company by Toby McBride("McBride") after Mike Holley ("Holley") was allegedly removed as an officer and director of Takeover in December 2021.

On April 28, 2022, at a Professional Fighters League ("PFL") event in Dallas, Texas, Plaintiff James Deppoleto, Jr. ("Plaintiff") was introduced to me and Toby McBride by Plaintiff's cousin and PFL fighter Anthony Pettis. At that time I first discussed with Plaintiff the science, innovation and benefits about Takeover's products hydrogen infused spring water and the Gamer shot.

In May 2022, on a call with McBride, Jason Tucker verbally forced me to return 1.8 billion of my shares in Takeover back to Takeover, to help payback investors they oversold shares in the company, stating that if I would not comply then there will be no company. I was promised that these 1.8 billion shares would be given back to me. However, these 1.8 billion shares were never returned to me, nor was there any financial compensation of any amount exchanged for this.

In or about May 2022, Toby McBride introduced Jason Tucker to Plaintiff. Thereafter, in May 2022, based on my information and belief, Jason Tucker and Plaintiff met for a couple of days in Puerto Vallarta, Mexico regarding Takeover.

On or about May 25, 2022, Jason Tucker, as president of Takeover, and Michael Costello, as chief executive officer of Labor Smart, signed a Convertible Note Purchase Agreement with Plaintiff whereby Plaintiff agreed to invest $500,000.00 in Takeover and participate in good faith with his obligations as an investor in Takeover.

On or about June 24, 2022, Plaintiff, Tucker, McBride and I planned to attend another PFL event in Atlanta, Georgia. However, Plaintiff and Tucker avoided meeting with McBride and me and, unknown to me at that time, Plaintiff and Tucker went to a meeting with T-Pain, a famous rapper and would-be promoter of Takeover products.

On or around July of 2022, Tucker informed the founders that there would no longer be weekly company team calls, and that Tucker would be handling all calls "one on one" with each individual.

Later it was discovered via email history, that the weekly company Zoom team calls were still indeed being conducted with Depoletto, but without the founders McBride and Pavlik. During this time Depoletto and Tucker, continued to operate separate of the company with the remaining team in concert.

On or about the first week of October 2022, the company was set to attend the NACS tradeshow in Las Vegas. I notified Tucker that I would like to attend the NACS event, and I was told that only Mike Costello and Takeover salesman Mike Tzanetatos ("Mike T") would be attending the show and that no one else would be attending.

A few days later a photo was posted on Twitter of Tucker, Plaintiff, Costello and Tzanatatos at the show receiving an award for Gamer Shot. When I called Tucker to inquire about their attendance he said "it was a last minute decision".

After gaining access to Takeover's company records, including emails, (December 2022) we found out that there was a private meeting at the October 2022 NACS Show in Las Vegas with representatives of Living Essentials, the parent company of 5-Hour Energy. At this meeting attended by Plaintiff, Tucker, Costello and Mike T, Tucker presented a co-op joint venture business plan (see Exhibit H, DEF01113 to DEF01135 identified pursuant to a Motion to Seal filed in concert with Defendant's Opposition and Response to Motion for Partial Summary Judgment) without the knowledge of the founders NOR ALL DIRECTORS AT THAT TIME. These documents were discovered in December 2022, when we (McBride and Holley and I) regained access to some of Takeover's emails and other Company documents. I hereby confirm that the documents labeled DEF01113 to DEF01135 proposed in Exhibit H to Defendants' Opposition and Response to Motion for Partial Summary Judgment are true and accurate copies of these documents.

While they were at the NACS show I reached out to Plaintiff directly to have a discussion. He responded back by asking me to schedule a call time and an provide an agenda for the call, which I did. In preparing this Declaration I discovered the October 7, 2022 letter I prepared and sent to him regarding a list of eight "Brief Items to Touch on for Discussion." See Exhibit L, October 7, 2022 letter labeled DEF01459. Also, in preparing this Declaration I discovered a four-page marketing plan for a "NXT LVL Energy Drink" to a "Partnership with Shaquille O'Neal" which states: "Introduce and promote Shaq's NXT LVL Gamer Energy Drink at Trade Shows & trade publications in Q4 2022." See Exhibit M, DEF01459 to 01462. These documents include a page titled "Appearances and Social Media on Behalf of NXT LVL Energy Drink. Under the list of Appearance on this page it reads: "Appearances: -NACS Convention and Trade Show; -Rewired Fest for Wal-Mart; -7-11 National Franchisee Show; -Visit National Retailer HQ to meet buyers and CEO secure agreements/partnerships; - Will call CEO's of national retailers to request that they bring in Shaq's NXT LVL Energy Drink." See Exhibit M, DEF01460.

On October 7th 2022, when I asked about Deppoleto's attendance at the NACA show in Las Vegas, he said it was a "last minute decision". It is my understanding based on my review of Company records that the meeting with Living Essentials/5 Hour was set in advance, however this was not disclosed to me. See Exhibit M, DEF01460.

On or about October 10th 2022, I had a call with Tucker, and detecting more inconsistencies and secrecy for reasons related to the last-minute attendance of the show, I sensed something was not right. I was also told that I have a choice to either join their side or I would be included (or "Strapped to the Titanic" as he phrased) in the forthcoming complaints against McBride and Holley.

I received notice of the Labor Smart Board Meeting to be held on November 7, 2022. Although I requested that Ms. Manolio attend the meeting as Takeover's counsel, she informed me that she would not be attending. I did attend and vote on the Board Resolutions at that meeting which are set forth in the "Resolution of the Board of Directors of Labor Smart, Inc." and the Written Consent of Takeover Board of Directors, dated November 7, 2022.

I have read Defendants' Opposition to Plaintiff's Motion for Summary and hereby confirm the truth and validity of the facts set forth therein including the exhibits.

I declare under penalty of perjury that the foregoing is true and correct and if called upon as a witness I could and would competently testify thereto.

Dated this 31st day of January 2025.

/s/ Joseph Pavlik
Jospeh Pavlik

# EXHIBIT E

# EXHIBIT E

S. Don Bennion, Esq.
Nevada Bar No. 4530
Law Office of S. Don Bennion
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
Tel: (702) 333-0777  Fax: (702) 333-0577
email: don@bennionlaw.com

Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
Whitehead & Burnett
6980 O'Bannon Drive
Las Vegas, Nevada 89117
Tel: (702)267-6500 Fax: (702)267-6262
Email: jeff@whiteheadburnett.com
*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JAMES V. DEPPOLETO JR.,<br><br>                    Plaintiff,<br><br>v.<br><br>TAKEOVER INDUSTRIES,<br>INCORPORATED, *et al.*<br>                    Defendant. | Case NO. 2:22-cv-02013-GMN-BNW<br><br><br>**DECLARATION OF THOMAS ZARRO<br>IN SUPPORT OF OPPOSITION TO<br>PLAINTIFF'S MOTION FOR PARTIAL<br>SUMMARY JUDGMENT** |

## <u>DECLARATION OF THOMAS ZARRO</u>

I, Thomas Zarro state and declare as follows:

1. I am over the age of eighteen and I am a Defendant in the United States District

Court of Nevada case no. 2:22-cv-02013-GMN-BNW. I have personal knowledge

1

of the facts set forth in this Declaration and will testify if called to do so, except those matters which are based upon my information and belief in this matter.

2. I am a self-employed entrepreneur, and I made a $300,000 investment in Takeover Industries, Inc. in June of 2021. I was informed and do believe that I was the first monetary investor in Takeover Industries. My loan document signed by the company expressly stated: No additional debt was allowed without my consent. I was not involved in the operations or management of the Company at that time.

3. I am currently owed by Takeover Industries approximately $175,000.00.

4. Toby McBride, Joe Pavlik, and Jason Tucker would occasionally keep me up to date on the progress of the Company. I was told by Tucker that they were working to bring the Company current so that it could be publicly traded. I was led to believe Deppoleto was part of management of the Company by Tucker.

5. I became aware that the principals of the Company were having personality conflicts. To protect my investment, I offered my services as a skilled negotiator to assist in a resolution so that the company could move forward. More importantly than protecting my investment, I wanted to protect the 50,000 plus shareholders.

6. The Company had a board meeting on November 7, 2022, and removed Jason Tucker from his positions at Takeover due to gross misconduct by him based on my information and belief.

7. Tucker was ordered by Board resolution to relinquish control of the bank accounts by November 7, 2022. Based on my information and belief, Tucker refused to hand over control of the Takeover bank accounts and had access up until mid-December of 2022. Based on my information and belief, when the accounts were regained by

the new board of directors establish November 7, 2022, all the accounts had negative balances. Based on my information and belief, due to Tucker's misconduct, all employees were laid off from the company.

8. On April 17, 2023, I became an officer and director of Takeover, when Toby McBride resigned. I uncovered that the Company was being badly mismanaged by Jason Tucker and Deppoleto. I reached out to vendors and suppliers, as they refused to do business with Takeover any longer because of issues with Tucker and Deppoleto.

9. Based on my information and belief Tucker and Deppoleto wanted to take the Company private, and wanted to move forward with the private entity with the product known as the "gamer shot." The other principals wanted to keep the Company public and move forward with the hydrogen water.

10. I became aware through dealing with the supplier, Faith Springs, that Tucker and Deppoleto threatened suit against Faith Springs for claims of a sulphury smell in one of the water products. Instead of working with the supplier and trying to fix this issue, formal demands were made, and suits were threatened.

11. Because of the mismanagement by Tucker, Takeover became mired in multiple litigations. There was no product being produced and no revenue. After consulting with counsel, it was decided the only way to save the parent company, Labor Smart Inc.'s ownership and creditors (of which I am and remain unpaid) of Takeover, was to make a wholly owned subsidiary with a new line of beverages.

12. I became CEO of Labor Smart in April of 2023, and we voted to set up the Company, Next Gen Beverages on June 14, 2023. Due to Tucker and Deppoleto's

malfeasance, Next Gen had to pay to get new trademarks, new formulations, new brands, and a new website.   No assets from Takeover Industry were used to establish Next Gen Beverages or used in the purchase of its assets.

13. Next Gen Beverages was necessary because Tucker and his associates controlled and refused to turn over access to the following of Takeover's:

    a.  The Company Bank Accounts

    b.  The Shopify Account

    c.  Amazon

    d.  eBay

    e.  Gamershot URL and other websites purchased by Tucker. Tucker has made claims that the Tucker's own these, and they are not the property of Takeover, however Bank records show payment towards the URL.

    f.  QuickBooks Access and the financial records.

    g.  All social media accounts

    h.  All business platforms necessary in the ordinary course of business

14. Further, Tucker and Deppoleto's mismanagement caused Takeover to suffer the following major business setbacks:

    a.  Loss of the NXTL LVL trademark

    b.  Demands from multiple vendors for amounts in excess of a million dollars.

    c.  Lost potential investors due to all the pending litigation

15. I bought the remaining product from Takeover at higher than cost at a substantial loss to myself.  Takeover was un-investible and, in an attempt to protect new money and save Takeover, the inventory was purchased to help the company. Takeover was

not able to get the product distributed, the only other offers to purchase were pennies on the dollar and there is a shelf-life to the product. I still am in possession of the bulk of the product, as I was also unable to sell it. We tried to sell it for the benefit of Takeover, and we received a cease and desist from Deppoleto.

16. I met with the accountants engaged by Tucker, ostensibly to bring the Company current. The accountants informed me that Tucker had done none of the things necessary for the Company to be compliant. That is why I re-engaged them, and we all worked together to bring the Company current.

17. I met with Takeover suppliers and manufacturers, flying to meet them at my own expense. I was able to negotiate older invoices.

18. We have established a new board of directors for LTNC, including world renowned boxing Legend and philanthropist Manny Pacquiao, we have all undergone a strict and thorough background check which has allowed us to hire a securities Company to sponsor us for the filing of a 15(c)(211) which will enhance our global trading. Currently we are publicly traded in the United States. None of these things were done under Tucker and Deppoleto management, once again proving they had no intension of protecting the shareholders.

19. My only goal in being involved was to protect Labor Smart, Inc., the shareholders, my previous investment and now my much larger current investment. Mike Holley, Joe Pavlik, and Toby McBride were eager to work to bring the Company current and build a sustainable business which we were able to do in the beginning of 2024.

/ / /

/ / /

This was only possible because we left the horrific business practices of Tucker and Deppoleto in the past. We have been current on all our filings since I became involved.

I have read Defendants' Opposition for to Plaintiff's Motion for Partial Summary Judgment and confirm the truth and facts set forth therein to my knowledge, and based on my information and belief otherwise.

Dated this 31st day of January 2025.

*/s/ Thomas Zarro*
Thomas Zarro