S. Don Bennion, Esq.
Nevada Bar No. 4530
Law Office of S. Don Bennion
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
Tel: (702) 333-0777  Fax: (702) 333-0577
email: don@bennionlaw.com

Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
Whitehead & Burnett
6980 O'Bannon Drive
Las Vegas, Nevada 89117
Tel: (702)267-6500 Fax: (702)267-6262
Email: jeff@whiteheadburnett.com
*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JAMES V. DEPPOLETO JR., <br><br> Plaintiff, <br><br> v. <br><br> TAKEOVER INDUSTRIES, INCORPORATED, *et al.* <br> Defendant. | Case NO. 2:22-cv-02013-GMN-BNW <br><br> **DEFENDANTS' MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL or, ALTERNATIVELY FOR IN CAMERA INSPECTION IN SUPPORT OF DEFENDANTS' OPPOSITION RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT** |

COME NOW Defendants by and through counsel S. Don Bennion of the Law Office of S. Don Bennion, and Jeffrey Whitehead Esq., of Whitehead & Burnett, and pursuant to LR IA 10-5, hereby submit the following Motion for Leave to File Documents Under Seal or Alternatively for In Camera Submission under LR IA 10-4 ("Motion"), said documents were previously produced to Plaintiff as DEF01113 to DEF01135, and identified as Exhibit H

(proposed Exhibit) in support of Defendants' Opposition Response to Motion for Partial Summary Judgment. Ex. A. Accordingly, the aforesaid documents were not attached with the Opposition to Plaintiff's Motion for Partial Summary Judgment.

Under LR IA 10-5(a), "papers filed with the Court under seal shall be accompanied by a motion for leave to file those documents under seal." The Court may then "direct the unsealing of papers filed under seal, with or without redactions, after notice to all parties and an opportunity to be heard." LR IA 10-5(b).

Pursuant to LR IA 10-4, In Camera Submissions, "Papers submitted for in camera inspection must not be filed with the court, but must be delivered to chambers of the appropriate judge."

Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents" and a strong presumption in favor of access to court records and documents (*Foltz v. State Farm Mut. Auto Ins. Col*, 331 F. 3d 1122, 1135 (9th Cir. 2003)); however, that right is not absolute, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); see also *Allstate Ins. Co. v. Shah*, 215CV01786APGDJA, 2023 WL 2307826, at *2 (D. Nev. Feb. 28, 2023) (ordering sealing of confidential financial information and proprietary business information). A party seeking to seal documents in support of a non-dispositive motion must only show "good cause" exists to seal the documents in question. *Kamakana v. City and County of Honolulu*, 447 F. 3d 1172, 1179, 1180 (9th Cir. 2006).

Here, Defendants submit that this Motion is filed in an abundance of caution because Defendants do not argue these documents labeled DEF01113 to DEF01135 are necessarily "confidential" nor required to be sealed. As set forth in the Declaration of Michael Holley submitted in support of Defendants' Opposition Response to Plaintiff's Motion for Partial Summary Judgment, proposed Exhibit H contains "true and correct copies of documents contained in the Takeover computer files I reviewed after the Board of Directors as reconstituted November 7, 2022, gained access to these Company records including email(s) correspondence, presentation plans, marketing plans and other documents unknown to me

prior to December 2022." See Exhibit C, Declaration of Michael Holley, p. 3, para. 8, to Defendants' Opposition Response to Motion for Partial Summary Judgment. Ex. B.

For good cause, Defendants respectfully request leave to file the above-described exhibit under seal or, alternatively for submission for in camera review by the Court in connection with Defendants' Opposition Response to Motion for Partial Summary Judgment.

DATED this 2nd day of February 2025.

Law Office of S. Don Bennion

S. Don Bennion, Esq.
Nevada Bar No. 4530
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
Tel: (702) 333-0777  Fax: (702) 333-0577
email: don@bennionlaw.com

Whitehead & Burnett

Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
6980 O'Bannon Drive
Las Vegas, Nevada 89117
Tel: (702)267-6500 Fax: (702)267-6262
Email: jeff@whiteheadburnett.com
*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

On February 2, 2025 I served the following document(s):

1. The document(s) were served in accordance with LR IC 4-1(c)by the following means to the person(s) as listed below:

**DEFENDANTS' MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL or IN THE ALTERNATIVE FOR IN CAMERA INSPECTION IN SUPPORT OF DEFENDANTS' OPPOSITION RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT**

☐    a. ECF System

And all other parties requesting notice.

X    b. US mail, postage prepaid

     c. Personal Service:

     d. By direct email (as opposed to the ECF system): Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the person(s) at the email addresses listed below. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful.

**James Patrick Shea, Esq.**
Nevada Bar No. 405
**Bart K. Larsen, Esq.**
Nevada Bar NO. 8538
**Kyle M. Wyant, Esq.**
Nevada Bar No. 14652
SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
T: 702-471-7432 F: 702-926-9683
blarsen@shea.law
kwyant@shea.law
*Attorneys for Plaintiff*

| | |
|---|---|
| Husch Blackwell LLP | Husch Blackwell LLP |
| 8001 Forsyth Boulevard Suite 1500 | 511 North Broadway, Suite 1100 |
| St. Louis, Missouri 63105 | Milwaukee, WI 53202 |
| T: 314-480-1500 | T: 414-273-2100 |
| Jennifer.hoekel@huschblackwell.com | Patrick.Harvey@huschblackwell.com |
| *Attorney for Plaintiff* | *Attorney for Plaintiff* |

☐     e. By fax transmission

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the person(s) at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐     f. By messenger

I served the document(s) by placing them in an envelope or package addressed to the person(s) at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ S. Don Bennion, Esq
Law Office of S. Don Bennion

# EXHIBIT A

EXHIBIT A

# EXHIBIT H

SUBMITTED FOR

"IN CAMERA VIEW"

PURSUANT TO MOTION TO SEAL

DEF 01113 to DEF01135

# EXHIBIT H

# EXHIBIT B

# EXHIBIT B

S. Don Bennion, Esq.
Nevada Bar No. 4530
Law Office of S. Don Bennion
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
Tel: (702) 333-0777  Fax: (702) 333-0577
email: don@bennionlaw.com

Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
Whitehead & Burnett
6980 O'Bannon Drive
Las Vegas, Nevada 89117
Tel: (702)267-6500 Fax: (702)267-6262
Email: jeff@whiteheadburnett.com
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JAMES V. DEPPOLETO JR.,<br><br>Plaintiff,<br><br>v.<br><br>TAKEOVER INDUSTRIES, INCORPORATED, *et al.*<br>Defendant. | Case NO. 2:22-cv-02013-GMN-BNW<br><br>DECLARATION OF MICHAEL HOLLEY IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

### DECLARATION OF MICHAEL HOLLEY

I, Michael Holley state and declare as follows:

I am over the age of eighteen and I am a Defendant in the United States District Court of Nevada case no. 2:22-cv-02013-GMN-BNW. I have personal knowledge of the facts

set forth in this Declaration except the information which is set forth herein based on my information and belief, related to this matter.

1. I am a Defendant in the above-identified action and make this Declaration based on my personal knowledge.

2. I have personal knowledge of the facts stated in this declaration and am competent to testify to them.

3. I have worked in the beverage industry since 1994, accumulating 30 years of experience launching and developing successful beverage brands.

4. In early 2021, as Chief Operating Officer, I launched Takeover Industries of which I am one of the larger Creditors and also the personal Guarantor of the company credit cards. The company achieved immediate success with our hydrogen water product, generating approximately $500,000 in revenue during our first weekend of launch.

5. In April 2021, Takeover engaged Jason Tucker as a consultant to assist with contract negotiations and intellectual property matters. Tucker represented himself as having expertise in negotiations and claimed prior work experience with federal agencies. These credentials were later discovered to be false.

6. Between April and October 2021, I repeatedly addressed concerns with Tucker regarding his conduct, particularly his treatment of team members which was negatively affecting company operations.

7. I have personal knowledge that Tucker manipulated a situation involving Joe Pavlik, presenting false evidence to myself and Toby McBride that resulted in Pavlik losing his shares, which Tucker then acquired.

7. Attached to Defendants' Opposition to Plaintiff's Motion for Summary Judgment as Exhibit A is a true and correct copy of the Resolution of the Board of Directors of Labor Smart, Inc., and the Written Consent Board of Directors of Takeover Industries, Inc., dated November 7, 2022.

8. Attached to Defendants' Opposition to Plaintiff's Motion for Summary Judgment as Exhibits H, I, L, M, and N are true and correct copies of documents contained in the Takeover computer files I reviewed after the Board of Directors as reconstituted November 7, 2022, gained access to these Company records including email(s) correspondence, presentation plans, marketing plans and other documents unknown to me prior to December 2022.

9. In October 2021, while I was hospitalized with Covid-19, Tucker made false accusations about me misappropriating company funds. Though I was later exonerated and reached a settlement with Takeover, Tucker used my absence to gain sole control over company bank accounts and credit cards.

10. In May 2022, during my forced absence, Tucker executed the first of three convertible note agreements with James Deppoleto without proper board authorization.

11. Based on my direct knowledge of the alleged 2022 agreements, these convertible notes contained terms that placed Takeover in technical default from the moment of execution.

12. In November 2022, after my return to the company, we discovered through company communications that Tucker and Deppoleto were engaged in unauthorized negotiations with 5-hour Energy for their personal benefit.

13. Takeover did not receive any type of refund from Great Northern Company for monies paid by Deppoleto.

14. Takeover's Account Quick Report dated December 28, 2024, in the amount of $2,016,697.00, labeled DEF01383 was entered by Takeover's bookkeeper David Eisenberg under the category "loans payable- James Deppoleto," which was the category Tucker initially described these amounts in 2022, based on my examination of the Takeover records.

15. Upon Tucker's removal from the Board, he retained control of critical company assets by refusing to surrender passwords and access to:
    a. Company bank accounts
    b. QuickBooks financial records
    c. Shopify account
    d. Social media accounts
    e. Other vital business platforms

16. Tucker continued using company bank accounts through December 2022, leaving them with negative balances.

17. Due to Tucker's mismanagement, Takeover:
    a. Lost the NXTL LVL trademark
    b. Faced multiple demands from vendors totaling millions of dollars
    c. Could not attract new investors due to pending litigation
    d. Accumulated substantial debt

18. The formation of Next Gen Beverages was undertaken to protect shareholder interests and create new value after Takeover's trademark loss and mounting legal challenges made continuing business operations impossible under that entity. Takeover had little to no assets left which none were used for Next Gen. Next Level Fitness water filed the trademark

months before Takeover did. They filed an action with the trademark commission and later a lawsuit against Takeover.

19. Through our efforts with NextGen, we made the stock tradeable, enabling Deppoleto to potentially realize value from approximately 400 million shares he possessed. Today these shares were trading @.0018 which is a value of $720,000.00.

20. I have read Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment and hereby confirm that the facts set forth in the Opposition are true and correct to the best of my knowledge other than the information I confirm based on my information and belief.

I declare under penalty of perjury that the foregoing is true and correct and if called upon as a witness I could and would competently testify thereto.

Dated this 31st day of January 2025.

/s/ Michael Holley
Michael Holley