JAMES PATRICK SHEA
Nevada Bar No. 405
BART K. LARSEN
Nevada Bar No. 8538
KYLE M. WYANT
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email: jshea@shea.law
blarsen@shea.law
kwyant@shea.law

JENNIFER E. HOEKEL
Nevada Bar No. 12775
jennifer.hoekel@huschblackwell.com
**HUSCH BLACKWELL LLP**
8001 Forsyth Boulevard Suite 1500
St. Louis, Missouri 63105
Telephone: 314.480.1500
Facsimile: 314.480.1505

-and-

PATRICK M. HARVEY
*Admitted Pro Hac Vice*
Patrick.Harvey@huschblackwell.com
**HUSCH BLACKWELL LLP**
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Telephone: 414.273.2100
Facsimile: 414.223.5000

*Attorneys for Plaintiff,*
*James V. Deppoleto Jr.*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

HB: 4931-0174-7226.1

| | |
|---|---|
| JAMES V. DEPPOLETO JR., Individually and Derivatively on Behalf of Nominal Defendant Takeover Industries Incorporated<br><br>Plaintiff,<br><br>v.<br><br>TAKEOVER INDUSTRIES INCORPORATED,<br>Defendant and Nominal Defendant<br><br>MICHAEL HOLLEY,<br><br>TOBY MCBRIDE,<br><br>JOSEPH PAVLIK,<br><br>TOM ZARRO,<br><br>and<br><br>NEXTGEN BEVERAGES, LLC<br><br>Defendants. | CASE NO. 2:22-cv-02013-GMN-MDC<br><br>**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL** |

## MEMORANDUM OF POINTS AND AUTHORITIES

Takeover Industries Incorporated ("Takeover"), Michael Holley ("Holley"), Tom Zarro ("Zarro"), and NextGen Beverages, LLC ("NextGen Beverages") (collectively, "Defendants") fall far short of satisfying the compelling reasons standard applicable to their Motion for Leave to File Documents Under Seal. (Dkt. No. 110.) Because the Defendants have not satisfied their burden, the Court should deny their Motion to Seal.

## LEGAL STANDARD

Parties seeking to seal documents bear a heavy burden to overcome the presumption of access to court documents. "The presumption of access is 'based on the need for federal courts,

1

although independent – indeed, particularly because they are independent – to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). The Ninth Circuit applies one of two standards when a request to seal is made in connection with a motion: the "compelling reasons" standard, or the "good cause" standard. *Id.* at 1098-97. A party who seeks to seal documents attached to a dispositive motion must satisfy the "compelling reasons" standard because a dispositive motion is one that "is more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety*, 809 F.3d at 1098–99; *see also DelVecchia v. Frontier Airlines, Inc.*, No. 219CV01322KJDDJA, 2024 WL 95870, at *1 (D. Nev. Jan. 9, 2024) (applying compelling reasons standard to a motion to seal filed with a response to a motion for summary judgment).

Compelling reasons exist when "such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179. The compelling reasons standard requires the moving party to identify "*compelling reasons supported by specific factual findings* . . . that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178–79 (emphasis added; internal quotation marks and citation omitted). The Court must then weigh the "'relevant factors,' base its decision 'on a compelling reason,' and 'articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir. 2010). "Simply mentioning a general category of privilege, without further elaboration or any specific linkage with the documents" also does not satisfy the compelling reason standard. *Id.* at 1184. "A party's failure to meet the burden of articulating specific facts showing a 'compelling reason' means that the 'default posture of public access prevails.'" *Est. of Nunez ex rel. Nunez v. County of San Diego*, 386 F. Supp. 3d 1334, 1336 (S.D. Cal. 2019).

## ARGUMENT

The Court should deny Defendants' Motion to Seal for the simple reason that they have

failed to meet the compelling reasons standard.  Defendants have requested to seal a slide deck that Takeover allegedly presented to another beverage company while pitching a joint business opportunity in 2022.[1]  However, Defendants have not articulated any reason why the slide deck should be sealed.  Instead, Defendants purport to explain that they have filed the Motion to Seal "in an abundance of caution because [they] do not argue [the slide deck is] necessarily 'confidential' nor required to be sealed." (Dkt. No. 110 at 2.)  Contrary to Defendants' suggestion, courts do not seal documents "in an abundance of caution," but instead require the moving party to satisfy a "high threshold . . . to support secrecy." *Kamakana*, 447 F.3d at 1180.  In short, Defendants have not "articulated compelling reasons supported by specific factual findings," and as a result, the Court should deny their Motion. *Id.* at 1178.

## CONCLUSION

For the above reasons, the Court should deny the Defendants' Motion to Seal.

DATED this 14th day of February, 2025.

**HUSCH BLACKWELL LLP**

/s/ *Patrick M. Harvey*
JAMES PATRICK SHEA
Nevada Bar No. 405
BART K. LARSEN
Nevada Bar No. 8538
KYLE M. WYANT
Nevada Bar No. 14652
SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email: jshea@shea.law
blarsen@shea.law
kwyant@shea.law

JENNIFER E. HOEKEL
Nevada Bar No. 12775

---

[1] The slide deck was produced by the Defendants, and they have not designated it as confidential.

3

jennifer.hoekel@huschblackwell.com
HUSCH BLACKWELL LLP
8001 Forsyth Boulevard, Suite 1500
St. Louis, Missouri 63105
Telephone: 314.480.1500
Facsimile: 314.480.1505

And

PATRICK M. HARVEY
*Admitted Pro Hac Vice*
Patrick.Harvey@huschblackwell.com
**HUSCH BLACKWELL LLP**
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Telephone: 414.273.2100
Facsimile: 414.223.5000

*Attorneys for Plaintiff
James V. Deppoleto Jr.*

HB: 4931-0174-7226.1

**CERTIFICATE OF SERVICE**

1. On February 14, 2025, I served the following document(s): **PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**

2. I served the above document(s) by the following means to the persons as listed below:

☒ a. ECF System:

On all parties appearing, receiving, and requesting notice.

☐ b. United States mail, postage fully prepaid:

☐ c. Personal Service:

I personally delivered the document(s) to the persons at these addresses:

☐ For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐ For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐ d. By direct email (as opposed to through the ECF System):
Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ e. By fax transmission:

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐ f. By messenger:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 14, 2025.

By: /s/ *Patrick M. Harvey*

5