JAMES PATRICK SHEA
Nevada Bar No. 405
BART K. LARSEN
Nevada Bar No. 8538
KYLE M. WYANT
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email: jshea@shea.law
blarsen@shea.law
kwyant@shea.law

JENNIFER E. HOEKEL
Nevada Bar No. 12775
jennifer.hoekel@huschblackwell.com
**HUSCH BLACKWELL LLP**
8001 Forsyth Boulevard Suite 1500
St. Louis, Missouri 63105
Telephone: 314.480.1500
Facsimile: 314.480.1505

-and-

PATRICK M. HARVEY
*Admitted Pro Hac Vice*
Patrick.Harvey@huschblackwell.com
**HUSCH BLACKWELL LLP**
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Telephone: 414.273.2100
Facsimile: 414.223.5000

*Attorneys for Plaintiff,*
*James V. Deppoleto Jr.*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES V. DEPPOLETO JR., Individually and Derivatively on Behalf of Nominal Defendant Takeover Industries Incorporated<br><br>Plaintiff,<br><br>v.<br><br>TAKEOVER INDUSTRIES INCORPORATED, Defendant and Nominal Defendant<br><br>MICHAEL HOLLEY,<br><br>TOBY MCBRIDE,<br><br>JOSEPH PAVLIK,<br><br>TOM ZARRO,<br><br>and<br><br>NEXTGEN BEVERAGES, LLC<br><br>Defendants. | CASE NO. 2:22-cv-02013-GMN-MDC<br><br>**PLAINTIFF'S RENEWED MOTION TO COMPEL DISCOVERY FROM TAKEOVER INDUSTRIES INCORPORATED, MICHAEL HOLLEY, TOBY MCBRIDE, JOSEPH PAVLIK, TOM ZARRO, AND NEXTGEN BEVERAGES, LLC** |

## MOTION

Plaintiff, James V. Deppoleto Jr. ("Plaintiff" or "Deppoleto"), by and through his undersigned counsel, moves the Court for an order compelling Takeover Industries Incorporated ("Takeover"), Michael Holley ("Holley"), Toby McBride ("McBride"), Joseph Pavlik ("Pavlik"), Tom Zarro ("Zarro"), and NextGen Beverages, LLC ("NextGen") (collectively, the "Takeover Defendants") to: (1) provide complete responses to Deppoleto's First, Second, and Third Set of Requests for Production; and (2) for Zarro to complete his deposition, providing full and complete answers to the questions.

This Motion is based on: (1) Federal Rules of Civil Procedure 26, 30, 34, and 37; (2) Plaintiff's Memorandum of Points and Authorities; and (3) the Declaration of Attorney Patrick Harvey.

In compliance with LR 26-6, Deppoleto sets forth in full his discovery requests and the Takeover Defendants' deficient responses to them. Before filing this Motion, Deppoleto satisfied his meet-and-confer requirement under LR 26-6(c). (*See* Patrick M. Harvey Declaration ¶¶ 26-27.)

//
//
//
//

# TABLE OF CONTENTS

Page

MOTION ........ 2
MEMORANDUM OF POINTS AND AUTHORITIES ........ 6
Factual Background ........ 7
Discovery Deficiencies ........ 8
ARGUMENT ........ 9
1. Legal standard for motion to compel discovery responses. ........ 9
2. The Court should compel the Takeover Defendants to provide complete responses to Deppoleto's Requests for Production. ........ 10
3. The Court should compel Zarro to complete his deposition, and to provide full answers to Deppoleto's deposition questions. ........ 12
4. The Court should award Deppoleto his attorneys' fees. ........ 13
THE TAKEOVER DEFENDANTS' DEFICIENT DISCOVERY RESPONSES ........ 14
1. TAKEOVER'S DEFICIENT DISCOVERY RESPONSES ........ 14
A. First Set of Requests for the Production of Documents ........ 14
B. Second Set of Requests for the Production of Documents ........ 19
C. Third Set of Requests for the Production of Documents ........ 20
2. HOLLEY'S DEFICIENT DISCOVERY RESPONSES ........ 23
A. Third Set of Requests for the Production of Documents ........ 23
3. MCBRIDE'S DEFICIENT DISCOVERY RESPONSES ........ 26
A. Third Set of Requests for the Production of Documents ........ 26
4. PAVLIK'S DEFICIENT DISCOVERY RESPONSES ........ 28
A. Third Set of Requests for the Production of Documents ........ 28
5. ZARRO'S DEFICIENT DISCOVERY RESPONSES ........ 32
A. Response to Subpoena Duces Tecum ........ 32
B. Third Set of Requests for the Production of Documents ........ 33
6. NEXTGEN'S DEFICIENT DISCOVERY RESPONSES ........ 35
A. First Set of Requests for the Production of Documents ........ 35
B. Second Set of Requests for the Production of Documents ........ 39
C. Third Set of Requests for the Production of Documents ........ 39
7. OTHER DEFICIENT DISCOVERY RESPONSES ........ 43
CONCLUSION ........ 44

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Howard v. Boyd*,
No. 220CV00462GMNNJK, 2022 WL 257021 (D. Nev. Jan. 26, 2022) .......................... 11

**Rules**

Fed. R. Civ. P. 26(b)(1) ........................ 11, 29, 30, 36, 38, 40

Fed. R. Civ. P. 26(c)(1) ........................ 12, 29, 30, 36, 39, 40

Fed. R. Civ. P. 30(c)(2) ........................ 10, 12

Fed. R. Civ. P. 34(b)(2)(B).. 10, 11, 21, 22, 23, 24, 25, 26, 27, 29, 30, 32, 35, 36, 37, 38, 40, 41, 42

Fed. R. Civ. P. 37(a)(3)(A)-(B) ........................ 10

Fed. R. Civ. P. 37(a)(3)(B)(i), (iv) ........................ 10

Fed. R. Civ. P. 37(a)(4) ........................ 10

Fed. R. Civ. P. 37(a)(5)(A) ........................ 10, 13, 14

Rule 26(e)(1) ........................ 15, 16, 17, 33, 39

Rule 30 ........................ 10

Rule 30(d)(3) ........................ 10

Rule 34 ........................ 10

Rule 34(b)(2)(C).. 6, 10, 11, 20, 21, 22, 23, 24, 25, 26, 27, 28, 30, 32, 34, 35, 36, 37, 40, 41, 42, 43

**Other Authorities**

LR 26-6 ........................ 10

LR 26-7 ........................ 10

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Takeover Defendants have repeatedly failed to comply with their discovery obligations under the Federal Rules of Civil Procedure. Faced with the Takeover Defendants' wholly deficient responses to Deppoleto's First, Second, and Third Sets of Requests for Production, Deppoleto first filed a Motion to Compel on December 17, 2024, after Defendants' counsel did not appear for the parties' scheduled meet-and-confer. (Dkt. No. 94.) The parties fully briefed that Motion. (*See* Dkt. Nos. 96, 99.) After reviewing, the Court denied the motion without prejudice, ordered the parties to meet and confer regarding the discovery deficiencies, and invited Deppoleto to re-file the motion if Takeover Defendants' deficiencies remained. (Dkt. No. 107.)

In compliance with the Court's order, the parties held a meet-and-confer on February 11, 2025, which lasted well over an hour. During the meet-and-confer, the parties reviewed each of Takeover Defendants' 50 deficient discovery responses, as outlined in Plaintiff's original Motion to Compel. In response to most of the outstanding deficiencies, counsel Takeover Defendants' counsel represented that all outstanding responsive materials would be produced by February 14, 2025. (Harvey Decl. ¶ 27.) After missing that deadline, Defendants did supplement their responses four days later, on February 18, 2025. However – and unfortunately, unsurprisingly – Takeover Defendants' discovery deficiencies remain in a nearly identical state as when Deppoleto filed his original Motion to Compel on December 17, 2024.

Since December 17, 2024 – and after the discovery cutoff – Takeover Defendants have served several supplemental document productions, and amended their written discovery responses, but deficiencies remain. Takeover Defendants' amended discovery responses identify the Bates labels of additional responsive documents that have been produced, but Takeover Defendants have not made any substantive changes to their written responses to comply with their obligations under Federal Rules. Instead, the Takeover Defendants continue to rely upon improper, boilerplate objections and fail to indicate whether responsive materials are being withheld on the basis of their objections, as required by Rule 34(b)(2)(C). Without this information, in writing, Deppoleto

remains unsure whether responsive documents do not exist,[1] or whether responsive documents exist and are being withheld, which he suspects is the case based on the requests, responses, and other discovery in this case.

And even with the supplemental document productions from the Takeover Defendants, they surely have not produced all responsive documents. By way of example, the Takeover Defendants have only produced about approximately eight pages of communications (*e.g.*, email and text messages) in response to Deppoleto's requests for production. (*See* DEF01538-DEF1545.) Given the issues in this lawsuit, the Takeover Defendants surely have additional responsive communications that have not been produced.

Left with no choice as a result of the Takeover Defendants' repeated failures, Deppoleto now respectfully requests that the Court enter an Order compelling the Takeover Defendants to provide complete responses to Plaintiff's First, Second, and Third Sets of Requests for Production.

In addition, Zarro has refused to answer certain questions in his deposition, asserting unsubstantiated confidentiality concerns. However, Zarro has still not filed a protective order to address his purported concerns. Without any indication that Zarro intends to do so, he cannot refuse to answer deposition questions. As a result, Deppoleto requests an Order compelling Zarro to complete his deposition, and to provide full answers to Deppoleto's deposition questions – as required under the Federal Rules.

Lastly, Deppoleto requests reimbursement of his reasonable costs and attorneys' fees incurred in bringing this Motion and the original Motion to Compel (Dkt. No. 94), and for re-deposing Zarro, which Plaintiff should not have been forced to do.

## <u>Factual Background</u>

This case generally arises from Deppoleto's investment in Takeover, and Takeover's subsequent refusal to repay Deppoleto, as required by the parties' contracts. Between May 25, 2022,

[1] For example, the only Requests for Production that Deppoleto suspects that the Takeover Defendants have cured since Deppoleto filed the original Motion to Compel are Request Nos. 1 and 3 to Takeover (First Set of Discovery Requests), Request No. 11 to Takeover (Second Set of Discovery Requests), and Request No. 3 to NextGen Beverages (First Set of Discovery Requests), but the Takeover Defendants have not withdrawn their objections or otherwise updated their written discovery responses in compliance with the Federal Rules, so Deppoleto remains uncertain whether other responsive documents exist.

and October 27, 2022, by way of three Promissory Notes and two Supplemental Loans, Deppoleto loaned Takeover a principal sum of $2,015,698.48. (First Amended Complaint ¶¶ 34-54, Dkt. No. 25.) Shortly after his final investment, Takeover defaulted on its repayment obligations to Deppoleto. (*Id.* ¶¶ 55-56.) Upon default, Deppoleto demanded immediate payment – as is his right under the contracts – but, to date, Takeover has not paid any money to Deppoleto, and Takeover remains in default. (*Id.* ¶¶ 56, 64.) Because of Takeover's refusal to repay Deppoleto, he was forced to file this lawsuit on December 2, 2022. (Dkt. No. 1.)

Not only has Takeover breached its contracts with Deppoleto, but Takeover has gone to great lengths to transfer property out of Deppoleto's reach. After Takeover defaulted on its payment obligations and Deppoleto filed suit, Takeover's directors formed a new company, NextGen Beverages, that is virtually indistinguishable from Takeover. (First Amended Complaint ¶¶ 72, 74, 107, 137-142.) Takeover's directors subsequently put their best efforts towards growing NextGen Beverages, rather than growing Takeover and repaying Deppoleto. (*Id.* at ¶¶ 70-73.) Around the same time, Takeover began transferring assets to NextGen Beverages and company insiders, including Zarro and Holley. (*Id.* at ¶¶ 137-145.) The efforts by Takeover, NextGen Beverages, Zarro, and Holley to transfer and conceal Takeover's assets from Deppoleto constitute fraudulent transfers under Nevada law. (*Id.*)

**<u>Discovery Deficiencies</u>**

Deppoleto has served three sets of Requests for Production on the Takeover Defendants. (*See* Harvey Decl. ¶¶ 3-13.) Additionally, during Zarro's deposition on November 21, 2024 – when it became clear that Defendants failed to produce documents that Plaintiff had previously requested, and therefore should have been provided – Deppoleto's counsel made several document requests to the Takeover Defendants, which were subsequently memorialized in a letter on November 25, 2024. (*Id.* ¶ 17, Ex. 15.) Despite Deppoleto's repeated requests that the Takeover Defendants cure their deficiencies, they remain deficient. Specifically, Deppoleto has sent several deficiency letters to the Takeover Defendants, including: (1) on March 11, 2024, Deppoleto sent a deficiency letter to Takeover and Zarro with respect to their responses to the First Set of Requests for Production and Responses to the Subpoena Duces Tecum, respectively, requesting that the deficiencies be corrected

by March 15, 2024 (*id.* ¶ 14, Ex. 12); (2) on November 6, 2024, Deppoleto sent a deficiency letter to Takeover and NextGen Beverages with respect to their First and Second Set of Requests for Production, and a deficiency letter to Zarro with respect to his responses to the Subpoena Duces Tecum, requesting that the deficiencies be corrected by November 8, 2024 (*id.* ¶ 15, Ex. 13); (3) and on November 20, 2024, Deppoleto sent another letter to Takeover, Zarro, and NextGen Beverages again requesting that their outstanding deficiencies be corrected by November 22, 2024, or Deppoleto would be forced to file a motion to compel (*id.* ¶ 16, Ex. 14). Deppoleto has reiterated these deficiencies through emails and conversations with opposing counsel, yet the deficiencies remain. (*Id.* ¶ 23.) Most recently, the parties held a lengthy meet-and-confer on February 11, 2025. (Harvey Decl. ¶ 26.)

In addition to written discovery deficiencies, Zarro has refused to answer certain questions during his deposition. During Zarro's deposition on November 21, 2024, Zarro refused to answer several questions, claiming that his answers are confidential and subject to a non-disclosure agreement. (Harvey Decl. ¶¶ 17-18.) The parties agreed to hold the deposition open until after Zarro and his counsel reviewed the non-disclosure agreement to determine appropriate next steps. (*Id.* ¶ 19.) Zarro's deposition continued on December 13, 2024. (*Id.* ¶ 20.) Between the first and second depositions, Zarro did not seek a protective order – leading Deppoleto's counsel to believe that Zarro was prepared to testify fully and completely on December 13, 2024. (*Id.* ¶ 21.) However, Zarro continued to refuse to answer questions, claiming that certain information was confidential. (*Id.*) Counsel for the parties once again agreed to hold the deposition open, with Plaintiff's counsel additionally reserving Plaintiff's right to seek attorneys' fees because Plaintiff should not have had to take a third deposition of Zarro. (*Id.* ¶ 22.)

## **ARGUMENT**

### **1. Legal standard for motion to compel discovery responses.**

Rule 26(b) outlines the broad scope of discovery and provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* Within this scope, Rule 34 allows a party to serve requests for production and requires the

responding party to "either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). Further, an "objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C).

Rule 30(c)(2) governs objections during depositions. The Rule states that "[a]n objection at the time of the examination – whether to evidence . . . or to any other aspect of the deposition – must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection." Fed. R. Civ. P. 30(c)(2). The only time counsel may instruct a deponent not to answer is "when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." *Id.*

Finally, Rule 37 outlines the consequences for a party's failure to comply with its discovery obligations. First, a party may move the court to compel discovery responses if "a deponent fails to answer a question asked under Rule 30" or "a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(i), (iv); *see also* LR 26-7. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Second, if a party's "motion [to compel] is granted – or if the requested discovery is provided after the motion was filed – the court must" require the party and/or the party's attorney whose conduct necessitated the motion to pay the movant's reasonable expenses including attorneys' fees. Fed. R. Civ. P. 37(a)(5)(A).

**2. <u>The Court should compel the Takeover Defendants to provide complete responses to Deppoleto's Requests for Production</u>.**

The Court should enter an Order compelling the Takeover Defendants to provide complete responses to Deppoleto's Requests for Production, because their current responses are deficient. *See* Fed. R. Civ. P. 37(a)(3)(A)-(B); Local Rule 26-7. In compliance with LR 26-6, Deppoleto sets forth in full his discovery requests and the Takeover Defendants' deficient responses to them in the section below. In short, the Takeover Defendants' deficient responses can be sorted into three categories.

First, the Takeover Defendants' objections are improper and meritless. The Takeover Defendants largely object to commonsense words and phrases as "vague and ambiguous," but they failed to "state [their objections] with specificity," as required by Rule 34(b)(2)(B); *see also Howard v. Boyd*, No. 220CV00462GMNNJK, 2022 WL 257021, at *3 (D. Nev. Jan. 26, 2022) ("Boilerplate objections to discovery requests are disfavored."). For instance, Holley has objected to a straightforward request for "[a]ny and all communications and documents reflecting shares that you hold in Labor Smart, Inc." as vague and ambiguous. (Harvey Decl. ¶ 9, Ex. 7, RFP No. 1.) Similarly, Zarro has objected to the word "investment" as vague and ambiguous. (*Id.* ¶ 12, Ex. 10; RFP No. 3.) However, the Takeover Defendants have altogether failed to explain why it believes these commonsense requests and words are vague and ambiguous.

Second, the Takeover Defendants have wholly failed to indicate whether any responsive materials are being withheld on the basis of their objections to the Requests for Production. *See* Fed. R. Civ. P. 34(b)(2)(C). Without this information, Deppoleto is unsure whether responsive documents do not exist, or whether responsive documents exist and are being withheld, which he suspects is the case based on the subject matter of the lawsuit and other information learned throughout discovery.

Relatedly, the Takeover Defendants have almost certainly failed to produce all documents responsive to Deppoleto's Requests for Production, as more fully described in the section below. By way of example, the Takeover Defendants have not produced *any* communications (*e.g.*, text messages, emails, instant messages, etc.) between themselves relating to the subject matter of this lawsuit, as requested in several Requests for Production.

Third, Takeover, Pavlik, and NextGen have objected to certain document requests on the basis that responsive documents contain "proprietary documentation, possibly including trade secret information/documentation." Takeover, Pavlik, and NextGen cannot withhold documents on the basis that they contain proprietary information. *See* Fed. R. Civ. P. 26(b)(1) ("Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."). With discovery

now closed and with Takeover, Pavlik, and NextGen not having sought a protective order,[2] Takeover, Pavlik, and NextGen cannot withhold documents based on this objection. *See* Fed. R. Civ. P. 26(c)(1) (outlining the requirements for seeking a protective order).

**3. <u>The Court should compel Zarro to complete his deposition, and to provide full answers to Deppoleto's deposition questions</u>.**

The Court should enter an order compelling Zarro to have his deposition taken a third time and to provide full and complete answers to the deposition questions. Zarro has refused to answer deposition questions based on his concerns related to confidentiality and a purported non-disclosure agreement. However, Rule 30(c)(2) only permits Zarro to refuse answers when doing so would preserve a privilege. Rule 30(c)(2) does not recognize a confidentiality objection.

During Zarro's first deposition on November 21, 2024, Zarro refused to answer certain questions on the grounds that he believed that he believed that he could not answer them because of a purported non-disclosure agreement. There is no reason that he and his counsel could not have appropriately addressed those concerns before the November 21, 2024, deposition (for which Plaintiff's counsel traveled to Nevada), so that Plaintiff's counsel could have completed Zarro's deposition as scheduled on November 21, 2024. However – even though those issues should have been sorted out before the November 21, 2024, deposition – in an effort to be cooperative, Deppoleto agreed to hold open the deposition in order to allow Zarro and his counsel another opportunity to assess the alleged non-disclosure agreement, and to determine whether they believed that they needed to seek a protective order. Rather than seeking a protective order, Zarro resumed his deposition on December 13, 2024, and yet still refused to answer questions based on his asserted confidentiality concerns, but did not disclose to Plaintiff's counsel ahead of time that Zarro and his counsel had apparently not discussed the non-disclosure agreement during the more than three weeks between the first and second depositions. Zarro's continued refusal to testify at the December 13, 2024, deposition effectively rendered the deposition a waste of Deppoleto's time and resources.

---

[2] Defendants' counsel did send Plaintiff's counsel a proposed protective order, to which Plaintiff's counsel responded with some proposed changes on January 21, 2025. Defendants' counsel responded with additional comments on February 6, 2025, to which Plaintiff's counsel responded with its final proposed protective order on February 10, 2025. To date, Defendants' counsel has not responded to Plaintiff's February 10, 2025, proposal, nor have Defendants filed their own requested protective order.

And the topics upon which Zarro refused to testify are clearly relevant and probative. For example, Plaintiff has several claims related to fraudulent transfers of Takeover's product or other assets to "sister" subsidiary companies – such as NextGen. Takeover and NextGen are both wholly-owned subsidiaries of their shared parent company, Labor Smart, Inc. ("Labor Smart"). However, during his first deposition, Zarro admitted that: (1) Labor Smart does not even have its own bank account, and instead uses NextGen's bank account; (2) Takeover's bank records show transfers between NextGen and Takeover during the pendency of this lawsuit; (3) Zarro admitted that he currently has possession (in a warehouse space that he rents) of Takeover products; and (4) Labor Smart recently acquired another beverage company, which Zarro would only describe as "Acme Co." (Dkt. No. 102-22 at 236:16-237:5, 198:3-9, 247:10-18, 246:15-20, 177:15-182:21; Dkt. No. 102-23 at 17:17-18:7, 20:19-23, 20:24-22:2, 22:12-18.) Given those admissions, Plaintiff has legitimate concerns that, despite Takeover owing Plaintiff over $2 million for the duration of this lawsuit, Takeover and/or NextGen transferred product or other assets to "Acme Co.," and are now attempting to hide those transfers from Plaintiff in order to shield those assets or products from a judgment in Plaintiff's favor in this lawsuit. And yet, in his second deposition, Zarro refused to answer basic questions that would have allowed Deppoleto to probe into those issues.

Deppoleto therefore requests that the Court order Zarro to have his deposition taken a third and final time, to provide full and complete answers to deposition questions.

**4. The Court should award Deppoleto his attorneys' fees.**

Finally, the Court should award Deppoleto the attorneys' fees and costs that he incurred in bringing this Motion and the original Motion (Dkt. No. 94), as well as the fees that he will incur in taking Zarro's deposition for a third time. *See* Fed. R. Civ. P. 37(a)(5)(A) ("If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."). Because the Takeover Defendants have produced some responsive documents only *after* Deppoleto filed the original Motion to Compel, the Court must order the Takeover Defendants to pay Deppoleto's reasonable expenses, including his attorneys' fees. *See* Fed. R. Civ. P. 37(a)(5)(A).

Deppoleto has provided the Takeover Defendants *numerous* opportunities to cure their deficiencies, but they have repeatedly refused, leaving Deppoleto no choice but to move the Court to compel their responses.

**THE TAKEOVER DEFENDANTS' DEFICIENT DISCOVERY RESPONSES**

**1. TAKEOVER'S DEFICIENT DISCOVERY RESPONSES**

**A. First Set of Requests for the Production of Documents**

**Request No. 2:**

Any and all documents containing account statements for all bank and financial accounts in the name of Takeover from May 1, 2022, through to the present.

**Response To Request No. 2:**

*See* DEF00012-DEF00335. See also DEF01416-DEF01457. Discovery is ongoing and Responding Party reserves the right to supplement this Response when and if additional information becomes available.

**LEGAL ARGUMENT:** Deppoleto suspects that no deficiencies remain; however, Takeover has not updated its written discovery responses, so Deppoleto remains uncertain whether other responsive documents exist.

**Request No. 3:**

Any and all documents containing financial statements of Takeover for the year-ended 2021 and 2022, as well as monthly financial statements (including balance sheets, profits and loss statements, statements of cash flows and any other financial statement forms maintained by Takeover) for each month of 2022 and 2023.

**Response To Request No. 3:**

*See* DEF00336-DEF00419. See also, DEF01269; See also, DEF01416-DEF01457. Discovery is ongoing and Responding Party reserves the right to supplement this Response when and if additional information becomes available.

**LEGAL ARGUMENT:** Deppoleto suspects that no deficiencies remain; however, Takeover has not updated its written discovery responses, so Deppoleto remains uncertain whether other responsive documents exist.

**Request No. 9:**

Any and all communications between Mr. Deppoleto and Takeover and/or any of Takeover's owners/directors/employees/agents related to Mr. Deppoleto lending Takeover $386,773.86 in or about October 2022.

**Response To Request No. 9:**

Responding Party is not aware of any responsive documents at this time. See DEF01375-DEF01384.

Discovery is ongoing and Responding Party reserves the right to supplement these responses when and if more information becomes available.

**LEGAL ARGUMENT:** The documents that Takeover references are invoices from Great Northern Corporation, a vendor of Takeover's to which Deppoleto directly paid $386,773.86 on Takeover's behalf and three pages of email communications between Takeover and Great Northern Corporation regarding revisions to the invoices. Besides these three pages of emails, Takeover has not produced any other communications between Deppoleto and Takeover's agents related to the $386,773.86 loan. Given the subject matter of this lawsuit, Takeover cannot seriously contend that there are no other responsive documents. If Takeover has learned of the existence of responsive documents during the course of this action, Takeover must supplement its production, as required by Rule 26(e)(1).

**Request No. 10:**

Any and all communications between Mr. Deppoleto and Takeover and/or any of Takeover's owners, directors, officers, employees, contractors and/or agents related to Mr. Deppoleto funding Takeover $128,924.62 in or about October 2022.

**Response To Request No. 10:**

Responding Party is not aware of any responsive documents at this time. See DEF01375-DEF01384.

Discovery is ongoing and Responding Party reserves the right to supplement these responses when and if more information becomes available.

**LEGAL ARGUMENT:** The documents that Takeover references are invoices from Great Northern Corporation, a vendor of Takeover's to which Deppoleto directly paid $128,924.62 on Takeover's behalf and three pages of email communications between Takeover and Great Northern Corporation regarding revisions to the invoices. Besides these three pages of emails, Takeover has not produced any other communications between Deppoleto and Takeover's agents related to the $128,924.62 loan. Given the subject matter of this lawsuit, Takeover cannot seriously contend that there are no other responsive documents. If Takeover has learned of the existence of responsive documents during the course of this action, Takeover must supplement its production, as required by Rule 26(e)(1).

**Request No. 11:**

Any and all documents related to Takeover's Board of Directors meeting in December 2021, including, but not limited to, any and all communications relating to the same, as well as proposed or passed resolutions, meeting minutes and meeting summaries.

**Response To Request No. 11:**

Responding Party is not aware of any responsive documents at this time. See DEF00001-DEF00011.

Discovery is ongoing and Responding Party reserves the right to supplement these responses when and if more information becomes available.

**LEGAL ARGUMENT:** Takeover has not produced all documents in response to this request. The documents that Takeover references are the formal resolutions entered at the December 2021 Board of Directors meeting which Deppoleto has had in its possession since the beginning of this case. Notably, Takeover has not produced *any* communications regarding the December 2021 meeting. Takeover cannot seriously contend that there are no communications regarding this meeting. If Takeover has learned of the existence of responsive documents during the course of this action, Takeover must supplement its production, as required by Rule 26(e)(1).

**Request No. 12:**

Any and all documents related to Takeover's Board of Directors meeting in November 2022, including but not limited to, any and all communications relating to the same, as well as proposed

or passed resolutions, meeting minutes and meeting summaries.

**Response To Request No. 12:**

*See* DEF00001-DEF00011. See also, Declaration of Joseph Pavlik January 31, 2025, 0025-0030, Exhibit D to Defendants' Opposition to Motion for Partial Summary Judgment; See also, Declaration of Toby McBride January 31, 2025, 0013-0017, Exhibit B to Defendants' Opposition to Motion for Partial Summary Judgment; See also, Declaration of Michael Holley January 31, 2025, 0018 – 0023, Exhibit C to Defendants' Opposition to Motion for Partial Summary Judgment.

Discovery is ongoing and Responding Party reserves the right to supplement these responses when and if more information becomes available.

**LEGAL ARGUMENT:** Takeover has not produced all documents in response to this request. The documents that Takeover references are declarations written by the individual defendants, summarizing their respective views of the facts and issues in this case; the referenced documents are not original, source documents which were in Takeover's possession. Notably, Takeover has not produced any communications regarding the November 2022 meeting. Takeover cannot seriously contend that there are no communications regarding this meeting. If Takeover has learned of the existence of responsive documents during the course of this action, Takeover must supplement its production, as required by Rule 26(e)(1).

**Request No. 18:**

All Records or Communications that any of NextGen's owners/directors/employees/agents created while working for Takeover that in any way arise out of relate to Takeover's business.

**Response To Request No. 18:**

Responding Party does not have any documents responsive to this Request. DEF01271-DEF01280; see also, DEF01372-01374.

Discovery is ongoing and Responding Party reserves the right to supplement these responses when and if more information becomes available.

**LEGAL ARGUMENT:** Takeover has not produced all documents in response to this request. The documents that Takeover references are loan agreements between Takeover and NextGen Beverages, a summary of loans that Takeover owes, and a summary of loans received by

NextGen Beverages. Notably, Takeover has not produced any communications in response to this Request. Takeover has indicated that several of its officers held positions at both Takeover and NextGen during the same timeframe. Accordingly, there must be more than twelve pages of records and communications that those individuals created while working for Takeover that relate to Takeover's business. If Takeover has learned of the existence of responsive documents during the course of this action, Takeover must supplement its production, as required by Rule 26(e)(1).

**Request No. 19:**

All Records or Communications of any Takeover Records or Communications that Takeover's owners/directors/employees/agents shared with NextGen's owners/directors/employees/agents.

Response To Request No. 19:

Responding Party is not aware of any documents responsive to this Request.

Discovery is ongoing and Responding Party reserves the right to supplement these responses when and if more information becomes available.

**LEGAL ARGUMENT:** Takeover has not produced all documents in response to this request. Takeover indicated that several of its officers held positions at both Takeover and NextGen during the same timeframe. As such, Takeover cannot seriously contend that none of Takeover's officers had any communications with NextGen's officers. If Takeover has learned of the existence of responsive documents during the course of this action, Takeover must supplement its production, as required by Rule 26(e)(1).

**Request No. 21:**

All Records or Communications that Takeover's owners/directors/employees/agents sent to NextGen at any point between January 1, 2021 and the present.

**Response To Request No. 21:**

Responding Party is unaware of any documents responsive to this Request. While some of Responding Party's board/officers may have held positions at both Takeover and NextGen during the same timeframe, and they may therefore have some knowledge of each company, as stated above, Responding Party is unaware of any documents that would be responsive to this Request.

Discovery is ongoing and Responding Party reserves the right to supplement these responses when and if more information becomes available.

**LEGAL ARGUMENT:** Takeover has not produced all documents in response to this request. Takeover indicated that several of its officers held positions at both Takeover and NextGen during the same timeframe. As such, Takeover cannot seriously contend that none of Takeover's officers had any communications with NextGen's officers. If Takeover has learned of the existence of responsive documents during the course of this action, Takeover must supplement its production, as required by Rule 26(e)(1).

**B. Second Set of Requests for the Production of Documents**

**Request For Production No. 7:**

Any and all documents and communications reflecting product inventory held by Takeover.

**Response To Request No. 7:**

Responding Party is unaware of any product inventory currently held by Takeover. Please see DEF00336-DEF00339 which do reference Takeover product inventory in the past. See also, DEF01301; See also, DEF01362-DEF01371.

Responding Party reserves the right to supplement this response if and when more information becomes available.

**LEGAL ARGUMENT:** The documents that Takeover references include: profit and loss statements and balance sheets (which do not reflect product inventory); a one-page, undated document that refers to inventory value for Takeover products; a licensing agreement between Takeover and Nappy Boy Entertainment, LLC (which does not reflect product inventory); and a two-page report titled Inventory Valuation. Notably, Takeover has not produced any communications in response to this Request, and it produced a meager three pages that reference product inventory. Takeover has failed to indicate whether any responsive materials are being withheld on the basis of its objections. Without this information, Deppoleto is unsure whether all responsive documents have been produced, or whether more responsive documents exist and are being withheld, which he suspects is the case because Takeover was a business-to-consumer beverage business. *See* Fed. R. Civ. P. 34(b)(2)(C). And contrary to Takeover's response,

Deppoleto requested documents reflecting Takeover's product inventory from all time periods, not just the inventory "currently held" by Takeover.

**Request For Production No. 11:**

Monthly financial statements (including balance sheets, profits and loss statements, statements of cash flows, and any other financial statement forms maintained by Takeover) for each month of 2023-2024.

**Response To Request No. 11:**

See DEF00340-DEF00419 and DEF00510-DEF00521. See also, DEF01416-DEF01457; see also DEF01463-DEF01527.

Responding Party reserves the right to supplement this response if and when more information becomes available.

**LEGAL ARGUMENT:** Deppoleto suspects that no deficiencies remain; however, Takeover has not updated its written discovery responses, so Deppoleto remains uncertain whether other responsive documents exist.

**C. Third Set of Requests for the Production of Documents**

**Request For Production No. 1:**

Any and all documents that contain the product formulations for products that were sold by Takeover, including but not limited to, Hydrogen Water and Gamer shots.

**Response To No. 1:**

Defendant objects to this request on the grounds that it calls for proprietary documentation, possibly including trade secret information/documentation, legal conclusions, is vague and ambiguous, overly broad, calls for speculation, and lacks foundation. Discovery is continuing and this response will be supplemented as warranted. See DEF01088 to DEF01106; See also, DEF01107 to DEF01135.

**LEGAL ARGUMENT:** The only responsive documents within the range that Takeover references are two pages that contain the product ingredients and nutrition facts for Takeover's gamer shots. Deppoleto suspects that the product formulation for the gamer shots includes information beyond the ingredients (e.g. how the ingredients are combined to create the final

product). And Takeover has not produced any product formulations for its Hydrogen Water. Further, Takeover failed to indicate whether any responsive materials are being withheld on the basis of its objections. Without this information, Deppoleto is unsure whether all responsive documents have been produced or whether responsive documents exist and are being withheld, which he suspects is the case because Takeover is a beverage business that surely has more documents containing its product formulations. *See* Fed. R. Civ. P. 34(b)(2)(C). And Takeover's remaining objections are boilerplate and not stated with specificity as required by Rule 34(b)(2)(B). Moreover, this information is clearly relevant and probative, because if, as Plaintiff suspects, Takeover transferred its valuable product formulations to NextGen, "Acme Co.," or to any other affiliated company, that would not only be a breach of the contracts between Plaintiff and Takeover, but would also be relevant to, for example, Plaintiff's fraudulent transfer claims.

**Request For Production No. 2:**

Any and all communications and documents reflecting shares that you hold in Labor Smart, Inc.

**Response To No. 2:**

Defendant objects to this request on the grounds that it calls for a legal conclusion, is vague and ambiguous as to the phrase "reflecting shares that you hold," may call for speculation, and is overly broad. Notwithstanding these objections, see DEF00591 to DEF00884. See also, DEF01530-01531. Discovery is continuing and this response will be supplemented as warranted.

**LEGAL ARGUMENT:** Takeover has not produced documents in response to this request. The 300 pages of documents that Takeover references in its response do not contain any documents reflecting the shares that Takeover holds in Labor Smart, and yet Defendants' deposition testimony reveals that Takeover owns a substantial number of shares in Labor Smart, and that those shares are a valuable asset of Takeover's. Takeover also failed to indicate whether any responsive materials are being withheld on the basis of its objections. Without this information, Deppoleto is unsure whether responsive documents do not exist or whether responsive documents exist and are being withheld, which he suspects is the case based on deposition testimony. *See* Fed. R. Civ. P.

34(b)(2)(C). Takeover's remaining objections are boilerplate and not stated with specificity as required by Rule 34(b)(2)(B).

**<u>Request For Production No. 3:</u>**

Any and all communications and documents reflecting the purchase, sale, or transfer of shares that you once held or continue to hold in Labor Smart, Inc.

**<u>Response To No. 3:</u>**

Defendant objects to this request on the grounds that it calls for a legal conclusion, is vague and ambiguous as to the phrase "reflecting shares that you hold," may call for speculation, and is overly broad. Notwithstanding these objections, see DEF00591 to DEF00884. See also, DEF01530-01531. Discovery is continuing and this response will be supplemented as warranted.

**<u>LEGAL ARGUMENT</u>:** Deppoleto incorporates by reference his argument in response to Takeover's objections to Request for Production No. 2.

**<u>Request For Production No. 4:</u>**

Any and all communications between you and any Defendant in this lawsuit (Takeover, Holley, McBride, Pavlik, Zarro, NextGen Beverages) since January 1, 2022, that references Mr. Deppoleto or his investment in Takeover.

**<u>Response To No. 4:</u>**

Defendant objects to this request on the grounds that it is vague and ambiguous as to the phrases "any and all communications" and "his investment", may call for speculation and legal conclusions, and is overly broad. Notwithstanding these objections, see DEF00591 to DEF00884, See also, DEF00534 to DEF00547; See also, DEF00874 to DEF00918. Discovery is continuing and this response will be supplemented as warranted.

**<u>LEGAL ARGUMENT</u>:** Takeover has not produced all documents responsive to this request. The documents that Takeover references contain several pages of emails between Deppoleto's counsel and Takeover regarding Takeover's default, several emails between an accountant who formerly worked with Deppoleto offering administrative and accounting assistance to Takeover, and documents regarding an investment that Zarro made to Takeover. The documents that Takeover references do not contain any messages (*e.g.*, text messages, emails, instant messages,

etc.) between the Defendants in this lawsuit. And Takeover has failed to indicate whether any responsive materials are being withheld on the basis of its objections. Without this information, Deppoleto is unsure whether responsive documents do not exist or whether responsive documents exist and are being withheld, which he suspects is the case given the subject of this lawsuit. *See* Fed. R. Civ. P. 34(b)(2)(C). Takeover's objections are boilerplate and not stated with specificity as required by Rule 34(b)(2)(B).

**<u>Request For Production No. 5:</u>**

Any and all communications between you and any Defendant in this lawsuit (Takeover, Holley, McBride, Pavlik, Zarro, NextGen Beverages) since January 1, 2022, that reference the creation of NextGen Beverages.

**<u>Response To No. 5:</u>**

See response to request No. 4.

**<u>LEGAL ARGUMENT</u>:** Deppoleto incorporates by reference his argument in response to Takeover's objections to Request for Production No. 5.

**2. <u>HOLLEY'S DEFICIENT DISCOVERY RESPONSES</u>**

**A. Third Set of Requests for the Production of Documents**

**<u>Request For Production No. 1:</u>**

Any and all communications and documents reflecting shares that you hold in Labor Smart, Inc.

**<u>Response To No. 1:</u>**

Defendant objects to this request on the grounds that it is vague and ambiguous, calls for legal conclusion, and is overly broad. Notwithstanding these objections, see DEF000001 to DEF00884. See also, DEF01560 to DEF01744. Discovery is continuing and this response will be supplemented as warranted.

**<u>LEGAL ARGUMENT</u>:** Deppoleto has only identified a single document that Holley has produced which is responsive to this request (DEF01532) which is a document containing minutes from a Takeover Board of Directors meeting approving issuance of 100,000,000 shares of Labor Smart to Holley. The 980+ pages of documents that Holley references do not contain any documents

actually reflecting the shares that he holds in Labor Smart, yet Holley testified that he held substantial shares in Labor Smart. Holley also failed to indicate whether any responsive materials are being withheld on the basis of his objections. Without this information, Deppoleto is unsure whether responsive documents do not exist or whether responsive documents exist and are being withheld, which he suspects is the case based on Holley's deposition testimony. *See* Fed. R. Civ. P. 34(b)(2)(C). Holley's remaining objections are boilerplate and not stated with specificity as required by Rule 34(b)(2)(B).

**Request For Production No. 2:**

Any and all communications and documents reflecting the purchase, sale, or transfer of shares that you once held or continue to hold in Labor Smart, Inc.

**Response To No. 2:**

Defendant objects to this request on the grounds that it is vague and ambiguous, calls for legal conclusion, calls for speculation as to time, and is overly broad. Notwithstanding these objections, see DEF00001 to DEF00884. See also, DEF01560 to DEF011744 [sic]. Discovery is continuing and this response will be supplemented as warranted.

**LEGAL ARGUMENT:** Deppoleto incorporates by reference his argument in response to Holley's objections to Request for Production No. 2.

Request For Production No. 3:

Any and all communications between you and any Defendant in this lawsuit (Takeover, Holley, McBride, Pavlik, Zarro, NextGen Beverages) since January 1, 2022, that references Mr. Deppoleto or his investment in Takeover.

**Response To No. 3:**

Defendant objects to this request on the grounds that it is vague and ambiguous as to the phrases "any and all communications" and does not specify a time period, is duplicative, may call for speculation and legal conclusions, and is overly broad. Notwithstanding these objections, see DEF00591 to DEF00884. See also, DEF000534 to DEF00550. Discovery is continuing and this response will be supplemented as warranted.

**<u>LEGAL ARGUMENT</u>:** Holley has not produced all documents responsive to this request. The documents that Holley references do not contain any messages (*e.g.*, text messages, emails, instant messages, etc.) between the Defendants in this lawsuit. And Holley has failed to indicate whether any responsive materials are being withheld on the basis of its objections. Without this information, Deppoleto is unsure whether responsive documents do not exist or whether responsive documents exist and are being withheld, which he suspects is the case given the subject of this lawsuit. *See* Fed. R. Civ. P. 34(b)(2)(C). Holley's objections are boilerplate and not stated with specificity as required by Rule 34(b)(2)(B). For instance, Holley objects that Deppoleto's discovery request "does not specificy a time period," but the request plainly indicates that it is seeking documents after January 1, 2022.

**<u>Request For Production No. 4:</u>**

Any and all communications between you and any Defendant in this lawsuit (Takeover, Holley, McBride, Pavlik, Zarro, NextGen Beverages) since January 1, 2022, that reference the creation of NextGen Beverages.

**<u>Response To No. 4:</u>**

See response to request No. 3. See also, DEF01271 to DEF01280; See also, DEF01304 to DEF01361; See also, DEF01538 to 01545.

**<u>LEGAL ARGUMENT</u>:** Holley has not produced all documents responsive to this request. The majority of documents that Holley references are not responsive and include loan documents between Takeover and NextGen Beverages and consulting and brand ambassador agreements with Takeover and NextGen Beverages. Holley has only produced seven screenshots of documents between himself and Zarro, and no other messages (e.g., text messages, emails, instant messages, etc.) between the Defendants in this lawsuit. And Holley has failed to indicate whether any responsive materials are being withheld on the basis of its objections. Without this information, Deppoleto is unsure whether all responsive documents have been produced or whether responsive documents exist and are being withheld, which he suspects is the case given the subject of this lawsuit. *See* Fed. R. Civ. P. 34(b)(2)(C). Holley's objections are boilerplate and not stated with specificity as required by Rule 34(b)(2)(B). For instance, Holley objects that Deppoleto's discovery

request "does not specify a time period," but the request plainly indicates that it is seeking documents after January 1, 2022.

**3. <u>MCBRIDE'S DEFICIENT DISCOVERY RESPONSES</u>**

**A. Third Set of Requests for the Production of Documents**

**<u>Request For Production No. 1:</u>**

Any and all communications and documents reflecting shares that you hold in Labor Smart, Inc.

**<u>Response To No. 1:</u>**

Defendant objects to this request on the grounds that it calls for a legal conclusion, is vague and ambiguous as to the phrases "any and all communications" and "reflecting shares that you hold," may call for speculation, and is overly broad. Notwithstanding these objections, see DEF00001 to DEF00848. See also, DEF01560 to DEF01744. Discovery is continuing and this response will be supplemented as warranted.

**<u>LEGAL ARGUMENT</u>:** McBride has not produced documents in response to this request. The approximately 1,00 pages of documents that McBride references in its response do not contain any documents reflecting the shares that McBride holds in Labor Smart, and McBride has failed to indicate whether any responsive materials are being withheld on the basis of its objections. Without this information, Deppoleto is unsure whether responsive documents do not exist or whether responsive documents exist and are being withheld. *See* Fed. R. Civ. P. 34(b)(2)(C). Takeover's remaining objections are boilerplate and not stated with specificity as required by Rule 34(b)(2)(B).

**<u>Request For Production No. 2:</u>**

Any and all communications and documents reflecting the purchase, sale, or transfer of shares that you once held or continue to hold in Labor Smart, Inc.

**<u>Response To No. 2:</u>**

Defendant objects to this request on the grounds that it calls for a legal conclusion, is vague and ambiguous as to the phrases "any and all communications" and "reflecting shares that you hold," may call for speculation, and is overly broad. Notwithstanding these objections, see DEF00001 to

DEF00848. See also, DEF01560 to DEF01744. Discovery is continuing and this response will be supplemented as warranted.

**LEGAL ARGUMENT:** Deppoleto incorporates by reference his argument in response to McBride's objections to Request for Production No. 1.

**Request For Production No. 3:**

Any and all communications between you and any Defendant in this lawsuit (Takeover, Holley, McBride, Pavlik, Zarro, NextGen Beverages) since January 1, 2022, that reference the creation of NextGen Beverages.

**Response To No. 3:**

Defendant objects to this request on the grounds that it is vague and ambiguous as to the phrases "any and all communications" and does not specify a time period, may call for speculation and legal conclusions, and is overly broad. Notwithstanding these objections, see DEF000591 to DEF00884. Discovery is continuing and this response will be supplemented as warranted.

**LEGAL ARGUMENT:** McBride has not produced all documents responsive to this request. The documents that McBride references do not contain any messages (*e.g.*, text messages, emails, instant messages, etc.) between the Defendants in this lawsuit. And McBride has failed to indicate whether any responsive materials are being withheld on the basis of its objections. Without this information, Deppoleto is unsure whether responsive documents do not exist or whether responsive documents exist and are being withheld, which he suspects is the case given the subject of this lawsuit. *See* Fed. R. Civ. P. 34(b)(2)(C). McBride's objections are boilerplate and not stated with specificity as required by Rule 34(b)(2)(B).

**Request For Production No. 4:**

Any and all communications between you and any Defendant in this lawsuit (Takeover, Holley, McBride, Pavlik, Zarro, NextGen Beverages) since January 1, 2022, that references the creation of NextGen Beverages.

**Response To No. 4:**

See response to request No. 4.

**<u>LEGAL ARGUMENT</u>:** Deppoleto incorporates by reference his argument in response to McBride's objections to Request for Production No. 3.

**4. <u>PAVLIK'S DEFICIENT DISCOVERY RESPONSES</u>**

**A. Third Set of Requests for the Production of Documents**

**<u>Request For Production No. 1:</u>**

Any and all documents that contain the product formulations for products that were sold by Takeover, including but not limited to, Hydrogen Water and Gamer shots.

**<u>Response To No. 1:</u>**

Defendant objects to this request on the grounds that it calls for proprietary documentation, possibly including trade secret information/documentation, legal conclusions, is vague and ambiguous, overly broad, calls for speculation, and lacks foundation. Discovery is continuing and this response will be supplemented as warranted. See DEF001088 to DEF01106; see also DEF01113 to DEF01135.

**<u>LEGAL ARGUMENT</u>:** The only responsive documents within the range that Pavlik references are two pages that contain the product ingredients and nutrition facts for Takeover's gamer shots. Deppoleto suspects that the product formulation for the gamer shots includes information beyond the ingredients (e.g. how the ingredients are combined to create the final product). And Takeover has not produced any product formulations for its Hydrogen Water. Further, Takeover failed to indicate whether any responsive materials are being withheld on the basis of its objections. Without this information, Deppoleto is unsure whether responsive documents do not exist or whether responsive documents exist and are being withheld, which he suspects is the case because Takeover is a beverage business that surely has documents containing its product formulations, and Pavlik has testified that he created the product formulations. *See* Fed. R. Civ. P. 34(b)(2)(C). Further, Pavlik cannot withhold documents on the basis that they contain proprietary information. *See* Fed. R. Civ. P. 26(b)(1) ("Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."). Without any indication that Pavlik intends to request a protective order, Pavlik cannot withhold documents on this objection. *See* Fed. R. Civ. P. 26(c)(1)

(outlining the requirements for seeking a protective order). Pavlik's remaining objections are boilerplate and not stated with specificity as required by Rule 34(b)(2)(B). Moreover, this information is clearly relevant and probative, because if, as Plaintiff suspects, Takeover transferred its valuable product formulations to NextGen, "Acme Co.," or to any other affiliated company, that would not only be a breach of the contracts between Plaintiff and Takeover, but would also be relevant to, for example, Plaintiff's fraudulent transfer claims.

**Request For Production No. 2:**

Any and all documents that contain the product formulations for products that have ever been sold by NextGen, including but not limited to, Hydrogen-enriched waters, Nootropic performance beverages, and Artesian Water.

**Response To No. 2:**

Defendant objects to this request on the grounds that it calls for proprietary documentation, possibly including trade secret information/documentation, legal conclusions, is vague and ambiguous, overly broad, calls for speculation, and lacks foundation. Discovery is continuing and this response will be supplemented as warranted. Notwithstanding these objections, see DEF01291 to 01293; see also, DEF01534 to 01537.

**LEGAL ARGUMENT:**

The only responsive documents within the range that Pavlik references are three heavily redacted pages that Deppoleto suspects contain product information for NextGen Beverage's hydrogen water. Pavlik has not produced product formulations for NextGen Beverage's remaining products. Further, Pavlik failed to indicate whether any responsive materials are being withheld on the basis of his objections. Without this information, Deppoleto is unsure whether all responsive documents have been produced or whether responsive documents exist and are being withheld, which he suspects is the case because Takeover is a beverage business that surely has documents containing its product formulations, and Pavlik has testified that he created the product formulations. *See* Fed. R. Civ. P. 34(b)(2)(C). Further, Pavlik cannot withhold documents on the basis that they contain proprietary information. *See* Fed. R. Civ. P. 26(b)(1) ("Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any

nonprivileged matter that is relevant to any party's claim or defense . . . ."). Without any indication that Pavlik intends to request a protective order, Pavlik cannot withhold documents on this objection. *See* Fed. R. Civ. P. 26(c)(1) (outlining the requirements for seeking a protective order). Pavlik's remaining objections are boilerplate and not stated with specificity as required by Rule 34(b)(2)(B). Moreover, this information is clearly relevant and probative, because if, as Plaintiff suspects, Takeover transferred its valuable product formulations to NextGen, "Acme Co.," or to any other affiliated company, that would not only be a breach of the contracts between Plaintiff and Takeover, but would also be relevant to, for example, Plaintiff's fraudulent transfer claims.

**<u>Request For Production No. 3:</u>**

Any and all communications and documents reflecting shares that you hold in Labor Smart, Inc.

**<u>Response To No. 3:</u>**

Defendant objects to this request on the grounds that it is vague and ambiguous as to the word "reflecting," calls for legal conclusion, and is overly broad. Discovery is continuing and this response will be supplemented as warranted. See DEF01530-01531.

**<u>LEGAL ARGUMENT</u>:** Pavlik has produced one responsive document, reflecting a Board resolution that approved the issuance of 300,000,000 shares of Labor Smart to Pavlik. Pavlik has not produced any stock certificates or other communications regarding the issuance of these shares. Further, Pavlik failed to indicate whether any responsive materials are being withheld on the basis of his objections. Without this information, Deppoleto is unsure whether all responsive documents have been produced or whether other responsive documents exist and are being withheld, which Deppoleto suspects is the case. *See* Fed. R. Civ. P. 34(b)(2)(C). Further, Pavlik's objections are boilerplate and not stated with specificity as required by Rule 34(b)(2)(B). For instance, Pavlik fails to explain why he contends that Deppoleto's specific request for documents reflecting shares he holds in a company is overly broad or why the word "reflecting" is vague and ambiguous.

**<u>Request For Production No. 4:</u>**

Any and all communications and documents reflecting the purchase, sale, or transfer of shares that you once held or continue to hold in Labor Smart, Inc.

**Response To No. 4:**

Defendant objects to this request on the grounds that it is vague and ambiguous as to the word "reflecting," calls for legal conclusion, and is overly broad. Discovery is continuing and this response will be supplemented as warranted.

**LEGAL ARGUMENT:** Deppoleto incorporates by reference his argument in response to Pavlik's objections to Request for Production No. 3. In addition, Deppoleto suspects Pavlik is withholding further responsive documents because Pavlik has testified that he previously held and sold shares of Labor Smart which is not reflected in any materials that Pavlik has produced.

**Request For Production No. 5:**

Any and all communications between you and any Defendant in this lawsuit (Takeover, Holley, McBride, Pavlik, Zarro, NextGen Beverages) since January 1, 2022, that references Mr. Deppoleto or his investment in Takeover.

**Response To No. 5:**

Defendant objects to this request on the grounds that it is vague and ambiguous as to the phrases "any and all communications," is duplicative, may call for speculation, violation of the attorney-client, work product privilege, and legal conclusions regarding the word "investment," and is overly broad. Notwithstanding these objections, see DEF00589-00590; see also, DEF01458. Discovery is continuing and this response will be supplemented as warranted.

**LEGAL ARGUMENT:** Pavlik has not produced all documents responsive to this request. The documents that Pavlik references include a single email and a single letter. Pavlik has not produced any messages (*e.g.*, text messages, emails, instant messages, etc.) between the Defendants in this lawsuit. And Pavlik has failed to indicate whether any responsive materials are being withheld on the basis of his objections. Without this information, Deppoleto suspects that other responsive documents exist and are being withheld. *See* Fed. R. Civ. P. 34(b)(2)(C). Pavlik's objections are boilerplate and not stated with specificity as required by Rule 34(b)(2)(B).

**Request For Production No. 6:**

Any and all communications between you and any Defendant in this lawsuit (Takeover, Holley, McBride, Pavlik, Zarro, NextGen Beverages) since January 1, 2022, that reference the

creation of NextGen Beverages.

**Response To No. 6:**

See response to request No. 5. See also, DEF01530 to 01531.

**LEGAL ARGUMENT:** Pavlik has not produced all documents responsive to this request. The documents that Pavlik references is a Board resolution that approved the issuance of 300,000,000 shares of Labor Smart to Pavlik, and is not even responsive to this request. Pavlik has not produced any messages (e.g., text messages, emails, instant messages, etc.) between the Defendants in this lawsuit. And Pavlik has failed to indicate whether any responsive materials are being withheld on the basis of his objections. Without this information, Deppoleto suspects that other responsive documents exist and are being withheld. *See* Fed. R. Civ. P. 34(b)(2)(C). Pavlik's objections are boilerplate and not stated with specificity as required by Rule 34(b)(2)(B).

## 5. ZARRO'S DEFICIENT DISCOVERY RESPONSES

### A. Response to Subpoena Duces Tecum

**Request No. 8:**

Any and all communications between You and any individual that reference any withdrawal or transfer of funds or assets from Takeover.

**Response To Request No. 8:**

Responding Party is unaware of any documents responsive to this Request. Discovery is ongoing and Responding Party reserves the right to supplement this Response when and if additional information becomes available. See DEF001463 to DEF01503; see also, DEF01372 to DEF01374; see also DEF01271 to DEF01280.

**LEGAL ARGUMENT:** Zarro has not any documents responsive to this request. The documents that Zarro references include Takeover balance sheets, a report of Takeover's payable loans, and loan agreements between Takeover and NextGen Beverages. Zarro has not produced any communications regarding the withdrawal or transfer of funds from Takeover. Rule 26(e)(1) requires Zarro to supplement his document production.

**Request No. 14:**

Any and all communications between You and any individual that mention any investments

that You made in NextGen Beverages LLC.

**Response To Request No. 14:**

Responding Party has performed a diligent review of his records and is unaware of any documents responsive to this Request. Discovery is ongoing and Responding Party reserves the right to supplement these responses when and if more information becomes available. See DEF01538 to 01545; see also, DEF01560 to 01764.

**LEGAL ARGUMENT:**

Zarro has not produced all documents responsive to this request. The documents that Zarro references include eight screenshots of text messages between Zarro and Holley and private placement agreements between Labor Smart (NextGen Beverage's parent company) and Zarro. Beyond the eight screenshots, Zarro has not produced any further communications, including emails, regarding investments that he made in NextGen Beverages. Responsive documents surely exist. Rule 26(e)(1) requires Zarro to supplement his document production.

**B. Third Set of Requests for the Production of Documents**

**Request For Production No. 1:**

Any and all communications and documents reflecting shares that you hold in Labor Smart, Inc.

**Response To No. 1:**

Defendant objects to this request on the grounds that it is vague and ambiguous as to the word "reflecting," calls for legal conclusion, and is overly broad. Notwithstanding these objections, see DEF00285 to DEF00868. Discovery is continuing and this response will be supplemented as warranted. See also, DEF01560 to DEF01764.

**LEGAL ARGUMENT:** Zarro has not produced all documents responsive to this request. Although Zarro has produced some responsive documents representing shares he acquired in Labor Smart, Inc., he has not produced any communications. Further, Zarro failed to indicate whether any responsive materials are being withheld on the basis of its objections. Without this information, Deppoleto is unsure whether all responsive documents exist (which is unlikely) or whether

responsive documents exist and are being withheld, which Deppoleto suspects is the case. *See* Fed. R. Civ. P. 34(b)(2)(C).

**Request For Production No. 2:**

Any and all communications and documents reflecting the purchase, sale, or transfer of shares that you once held or continue to hold in Labor Smart, Inc.

**Response To No. 2:**

Defendant objects to this request on the grounds that it is vague and ambiguous as to the word "reflecting," calls for legal conclusion, and is overly broad. Notwithstanding these objections, see DEF00285 to DEF00868. Discovery is continuing and this response will be supplemented as warranted. See also, DEF01560 to DEF01764.

**LEGAL ARGUMENT:** Zarro has not produced all documents responsive to this request. Although Zarro has produced some responsive documents representing shares he acquired in Labor Smart, Inc., he has not produced any communications. Further, Zarro failed to indicate whether any responsive materials are being withheld on the basis of its objections. Without this information, Deppoleto is unsure whether all responsive documents exist (which is unlikely) or whether responsive documents exist and are being withheld, which Deppoleto suspects is the case. *See* Fed. R. Civ. P. 34(b)(2)(C).

**Request For Production No. 3:**

Any and all communications between you and any Defendant in this lawsuit (Takeover, Holley, McBride, Pavlik, Zarro, NextGen Beverages) since January 1, 2022, that references Mr. Deppoleto or his investment in Takeover.

**Response To No. 3:**

Defendant objects to this request on the grounds that it is vague and ambiguous as to the term "investment", may call for speculation, lacks foundation, calls for legal conclusion, and is overly broad, duplicative and unduly burdensome. Notwithstanding these objections, see DEF00534 to 00550; see also, DEF01107 to 01112. Discovery is continuing and this response will be supplemented as warranted.

**<u>LEGAL ARGUMENT:</u>**

Zarro has not produced all documents responsive to this request. The only documents responsive to this request that Zarro references are several pages of emails between Deppoleto's counsel and Takeover regarding Takeover's default. Zarro has not produced any messages (*e.g.*, text messages, emails, instant messages, etc.) between the Defendants in this lawsuit. And Zarro has failed to indicate whether any responsive materials are being withheld on the basis of his objections. Without this information, Deppoleto is unsure whether responsive documents do not exist or whether responsive documents exist and are being withheld, which he suspects is the case given the subject of this lawsuit. *See* Fed. R. Civ. P. 34(b)(2)(C). Zarro's objections are boilerplate and not stated with specificity as required by Rule 34(b)(2)(B).

**<u>Request For Production No. 4:</u>**

Any and all communications between you and any Defendant in this lawsuit (Takeover, Holley, McBride, Pavlik, Zarro, NextGen Beverages) since January 1, 2022, that references the creation of NextGen Beverages.

**<u>Response To No. 4:</u>**

See response to request No. 3. See DEF001372 to 01374; see also, DEF01385 to DEF01406.

**<u>LEGAL ARGUMENT:</u>**

Zarro has not produced any documents responsive to this request. The documents that Zarro references are financial statements for NextGen Beverages, not communications. Zarro has not produced any messages (*e.g.*, text messages, emails, instant messages, etc.) between the Defendants in this lawsuit. And Zarro has failed to indicate whether any responsive materials are being withheld on the basis of his objections. Without this information, Deppoleto is unsure whether responsive documents do not exist or whether responsive documents exist and are being withheld, which he suspects is the case given the subject of this lawsuit. *See* Fed. R. Civ. P. 34(b)(2)(C). Zarro's objections are boilerplate and not stated with specificity as required by Rule 34(b)(2)(B).

**6. <u>NEXTGEN'S DEFICIENT DISCOVERY RESPONSES</u>**

**A. First Set of Requests for the Production of Documents**

**Request No. 3:**

Any and all documents containing monthly financial statements of NextGen (including balance sheets, profits and loss statements, statements of cash flows, and any other financial statement forms maintained by NextGen) for each month of 2023.

**Response To Request No. 3:**

Objection. This request is vague and ambiguous as to the terms "monthly financial statements." Responding Party also objects that this request seeks confidential and proprietary information. Subject to, and without waiving, the foregoing objections, Responding Party responds as follows:

Responding Party is in the process of reviewing documents in its possession, custody, or control for any other documents it may have responsive to this request. Responding Party will supplement this response with additional documents when/if such documents become available. Discovery is ongoing and Responding Party reserves the right to supplement these responses when and if more information becomes available. See DEF01271 to 01290; see also, DEF 01385 to DEF01415; DEF01528-01529.

**LEGAL ARGUMENT:** Deppoleto suspects that no deficiencies remain; however, NextGen Beverages has not updated its written discovery responses to indicate whether any responsive documents are being withheld on the basis of its objections, so Deppoleto remains uncertain whether other responsive documents exist. Further, NextGen cannot withhold documents on the basis that they contain proprietary information. *See* Fed. R. Civ. P. 26(b)(1) ("Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."). NextGen has not requested a protective order, meaning NextGen cannot withhold documents based on this objection. *See* Fed. R. Civ. P. 26(c)(1) (outlining the requirements for seeking a protective order). NextGen's remaining objections are boilerplate and not stated with specificity as required by Rule 34(b)(2)(B).

**Request No. 6:**

Any and all documents and communications reflecting any assets and products acquired by

NextGen, including the consideration exchanged for the assets.

**Response To Request No. 6:**

Objection. This request is vague and ambiguous as to the terms "assets and products acquired by NextGen." Responding Party also objects that this request is overbroad and not limited in time and scope and seeks information irrelevant to this matter and beyond the scope of discovery information in this matter. Responding Party also objects that this request seeks confidential and proprietary information. Subject to, and without waiving, the foregoing objections, Responding Party responds as follows:

Responding Party is in the process of reviewing documents in its possession, custody, or control for any other documents it may have responsive to this request. Responding Party will supplement this response with additional documents when/if such documents become available. See DEF00689 to DEF00803; See also, DEF01372 to 01384; See also, DEF01271 to 01290. See also, DEF01385 to DEF01415; See also, DEF01528-DEF01529; See also, DEF01534-DEF01537. Discovery is ongoing and Responding Party reserves the right to supplement these responses when and if more information becomes available.

**LEGAL ARGUMENT:** NextGen has not produced all documents in response to this request. As a business-to-consumer beverage business, NextGen surely has documents reflecting product inventory that it has purchased, yet the documents that NextGen references do not include product inventory or any communications. And NextGen has failed to indicate whether any responsive materials are being withheld on the basis of its objections. Without this information, Deppoleto is unsure whether responsive documents do not exist, or whether responsive documents exist and are being withheld, which he suspects is the case. *See* Fed. R. Civ. P. 34(b)(2)(C). NextGen's remaining objections are boilerplate and not stated with specificity as required by Rule 34(b)(2)(B). For instance, NextGen's objection that the discovery request is not limited in time is meritless because NextGen was formed as a company in spring 2023, so the request is necessarily limited.

**Request No. 8:**

Any and all documents reflecting any agreement between NextGen and any brand

ambassadors of NextGen, including but not limited to, Manny Pacquiao.

**Response To Request No. 8:**

Objection. This request is vague and ambiguous as to the terms “agreement” and “brand ambassadors.” Responding Party also objects that this request is overbroad and not limited in time and scope and seeks information irrelevant to this matter and beyond the scope of discovery information in this matter. Responding Party also objects that this request seeks confidential and proprietary information.

Subject to, and without waiving, the foregoing objections, Responding Party responds as follows:

Responding Party is in the process of reviewing documents in its possession, custody, or control for any other documents it may have responsive to this request. Responding Party will supplement this response with additional documents when/if such documents become available. See, DEF01304 to DEF01361. Discovery is ongoing and Responding Party reserves the right to supplement these responses when and if more information becomes available.

**LEGAL ARGUMENT:** NextGen has produced several consulting and brand ambassador agreements; however, NextGen has not updated its written discovery responses to indicate whether any responsive documents are being withheld on the basis of its objections, so Deppoleto remains uncertain whether other responsive documents exist. In addition, NextGen’s objections are boilerplate and not stated with specificity as required by Rule 34(b)(2)(B). For instance, NextGen’s objection that the discovery request is not limited in time is meritless because NextGen was formed as a company in spring 2023, so the request is necessarily limited.

Further, NextGen cannot withhold documents on the basis that they contain proprietary information. *See* Fed. R. Civ. P. 26(b)(1) (“Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party’s claim or defense . . . .”). NextGen has not requested a protective order, meaning NextGen cannot withhold documents based on this objection. *See* Fed. R. Civ. P. 26(c)(1) (outlining the requirements for seeking a protective order).

**B. Second Set of Requests for the Production of Documents**

**Request For Production No. 7:**

Any and all documents and communications reflecting product inventory held by NexGen.

**Response To Request No. 7:**

Responding Party is unaware of any documents responsive to this request. See DEF00689 to DEF00803; See also, DEF01372 to 01384; See also, DEF01271 to 01290. See also, DEF01385 to DEF01415; See also, DEF01528-DEF01529; See also, DEF01534-DEF01537. Responding Party reserves the right to supplement this response if and when more information becomes available.

**LEGAL ARGUMENT:** NextGen has not produced all documents in response to this request. As a business-to-consumer beverage business, NextGen surely has documents reflecting product inventory that it has purchased, yet the documents that NextGen references do not include product inventory or any communications. If NextGen has learned of the existence of responsive documents during the course of this action, NextGen must supplement its production, as required by Rule 26(e)(1).

**C. Third Set of Requests for the Production of Documents**

**Request For Production No. 1:**

Any and all documents that contain the product formulations for products that have ever been sold by NextGen, including but not limited to, Hydrogen-enriched waters, Nootropic performance beverages, and Artesian Water.

**Response To No. 1:**

Defendant objects to this request on the grounds that it calls for proprietary documentation, possibly including trade secret information/documentation, legal conclusions, is vague and ambiguous, overly broad, calls for speculation, and lacks foundation. Notwithstanding these objections, see DEF00591 to DEF00884. To the extent the following documents could be relevant to this Request, see also, DEF01291 to DEF01293; see also, DEF01534 to DEF01537 ("Confidential"- subject to a Stipulation and/or Motion for Protective Order). Discovery is continuing and this response will be supplemented as warranted.

**LEGAL ARGUMENT:**

The only responsive documents within the range that NextGen references are three heavily redacted pages that Deppoleto suspects contain product information for NextGen Beverage's hydrogen water. NextGen has not produced product formulations for its remaining products (e.g. Nootropic performance beverages and Artesian water). Further, NextGen failed to indicate whether any responsive materials are being withheld on the basis of his objections. Without this information, Deppoleto is unsure whether responsive documents do not exist, or whether responsive documents exist and are being withheld, which he suspects is the case because NextGen is a beverage business that surely has documents containing its product formulations. *See* Fed. R. Civ. P. 34(b)(2)(C). Further, NextGen cannot withhold documents on the basis that they contain proprietary information. *See* Fed. R. Civ. P. 26(b)(1) ("Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."). NextGen has not requested a protective order, meaning NextGen cannot withhold documents based on this objection. *See* Fed. R. Civ. P. 26(c)(1) (outlining the requirements for seeking a protective order). NextGen's remaining objections are boilerplate and not stated with specificity as required by Rule 34(b)(2)(B). Moreover, this information is clearly relevant and probative, because if, as Plaintiff suspects, Takeover transferred its valuable product formulations to NextGen, that would not only be a breach of the contracts between Plaintiff and Takeover, but would also be relevant to, for example, Plaintiff's fraudulent transfer claims.

**Request For Production No. 2:**

Any and all communications and documents, between January 1, 2022, and present, arising out of or relating to any solicitation or anticipated solicitation of any supplier, vendor, brand ambassador, or vendor of Takeover's with whom/which NextGen worked or attempted to solicit.

**Response To No. 2:**

Defendant objects to this request on the grounds that it is vague and ambiguous as to the phrases "anticipated solicitation", "or vendor of Takeover's with whom/which NextGen worked or attempted to solicit," may call for speculation and legal conclusions, and is overly broad. Notwithstanding these objections, see DEF00591 to DEF00884. To the extent the following

documents could be relevant to this Request, see also, DEF01294 to DEF01300 and DEF01304 to DEF01361. Discovery is continuing and this response will be supplemented as warranted.

**LEGAL ARGUMENT:** NextGen has produced several consulting and brand ambassador agreements; however, NextGen has not produced any communications. Further, NextGen has not updated its written discovery responses to indicate whether any responsive documents are being withheld on the basis of its objections, so Deppoleto remains uncertain whether other responsive documents exist. NextGen's remaining objections are boilerplate and not stated with specificity as required by Rule 34(b)(2)(B).

**Request For Production No. 3:**

Any and all communications and documents reflecting shares that you hold in Labor Smart, Inc.

**Response To No. 3:**

Defendant objects to this request on the grounds that it calls for a legal conclusion, is vague and ambiguous as to the phrase "reflecting shares that you hold," may call for speculation, and is overly broad. Notwithstanding these objections, see DEF00591 to DEF00884. To the extent the following documents could be relevant to this Request, see also, DEF01281 to DEF01290; see also, DEF01528 to DEF01531; see also, DEF01560 to DEF01734. Discovery is continuing and this response will be supplemented as warranted.

**LEGAL ARGUMENT:** NextGen has not produced any documents reflecting shares that it holds in Labor Smart, Inc. Further, NextGen failed to indicate whether any responsive materials are being withheld on the basis of his objections. Without this information, Deppoleto is unsure whether responsive documents do not exist, or whether responsive documents exist and are being withheld. *See* Fed. R. Civ. P. 34(b)(2)(C). NextGen's remaining objections are boilerplate and not stated with specificity as required by Rule 34(b)(2)(B).

**Request For Production No. 4:**

Any and all communications and documents reflecting the purchase, sale, or transfer of shares that you once held or continue to hold in Labor Smart, Inc.

**Response To No. 4:**

Defendant objects to this request on the grounds that it calls for a legal conclusion, is vague and ambiguous as to the phrase "reflecting shares that you hold, or continue to hold" may call for speculation, and is overly broad. Notwithstanding these objections, see DEF00591 to DEF00884. See Amended Response to Request No. 4. Discovery is continuing and this response will be supplemented as warranted.

**LEGAL ARGUMENT:** Deppoleto incorporates by reference his argument in response to NextGen's objections to Request for Production No. 3.

**Request For Production No. 5:**

Any and all communications between you and any Defendant in this lawsuit (Takeover, Holley, McBride, Pavlik, Zarro, NextGen Beverages) since January 1, 2022, that references Mr. Deppoleto or his investment in Takeover.

**Response To No. 5:**

Defendant objects to this request on the grounds that it is vague and ambiguous as to the phrases "any and all communications" and "his investment", may call for speculation and legal conclusions, and is overly broad. Notwithstanding these objections, see DEF00591 to DEF00884. See also, DEF00547, DEF00589-590, DEF01375-01384; DEF01458; DEF01740-01743. Discovery is continuing and this response will be supplemented as warranted.

**LEGAL ARGUMENT:** NextGen has not produced all documents responsive to this request. The documents that NextGen references do not contain any messages (*e.g.*, text messages, emails, instant messages, etc.) between the Defendants in this lawsuit. And NextGen has failed to indicate whether any responsive materials are being withheld on the basis of its objections. Without this information, Deppoleto is unsure whether responsive documents do not exist, or whether responsive documents exist and are being withheld, which he suspects is the case given the subject of this lawsuit. *See* Fed. R. Civ. P. 34(b)(2)(C). Takeover's objections are boilerplate and not stated with specificity as required by Rule 34(b)(2)(B).

**Request For Production No. 6:**

Any and all communications between you and any Defendant in this lawsuit (Takeover,

Holley, McBride, Pavlik, Zarro, NextGen Beverages) since January 1, 2022, that reference the creation of NextGen Beverages.

**Response To No. 6:**

See response to request No. 5. Defendant objects to this request on the grounds that it is vague and ambiguous as to the phrases "any and all communications," and may call for speculation and legal conclusions, and is overly broad. Notwithstanding these objections, see DEF00591 to DEF00884; see also, DEF01281-DEF01280; see also, DEF01372-01374; see also, DEF01385-01406; DEF01528-01529; DEF01735-01737.

**LEGAL ARGUMENT:** Deppoleto incorporates by reference his argument in response to NextGen's objections to Request for Production No. 5.

**7. OTHER DEFICIENT DISCOVERY RESPONSES**

During the deposition of Zarro (in his individual capacity and as the corporate representative of Takeover and NextGen), Deppoleto reiterated several additional requests for production of documents that remain outstanding.

**Request No. 1:**

Directors and Officers insurance policies held by Takeover Industries Incorporated and/or NextGen Beverages, LLC.

**LEGAL ARGUMENT:** The Takeover Defendants have produced a single insurance policy for NextGen, but it has not produced any policies for Takeover. And the Takeover Defendants have failed to indicate whether any responsive materials are being withheld on the basis of its objections. Without this information, Deppoleto is unsure whether responsive documents do not exist, or whether responsive documents exist and are being withheld. *See* Fed. R. Civ. P. 34(b)(2)(C).

**Request No. 2:**

Documents detailing the pricing paid by Takeover Industries Incorporated and NextGen Beverages, LLC for energy shots.

**LEGAL ARGUMENT:** The Takeover Defendants have not produced any responsive documents.

**Request No. 3:**

Communications with Jason Tucker.

**LEGAL ARGUMENT:** The Takeover Defendants have not produced any responsive documents.

**Request No. 4:**

Documents detailing Mr. Deppoleto's purported relationship with the Board of Directors.

**LEGAL ARGUMENT:** The Takeover Defendants have not produced any responsive documents.

**CONCLUSION**

The Court should enter an Order compelling: (1) the Takeover Defendants to provide full and complete responses to Deppoleto's First, Second, and Third Sets of Requests for Production, within 14 days; (2) Zarro to complete his deposition by providing complete responses; and (3) reimburse Deppoleto for his attorneys' fees and costs incurred in bringing this Motion and incurred in taking Zarro's third deposition.

DATED this 12th day of March, 2025.

**HUSCH BLACKWELL LLP**

/s/ *Patrick M. Harvey*
JAMES PATRICK SHEA
Nevada Bar No. 405
BART K. LARSEN
Nevada Bar No. 8538
KYLE M. WYANT
Nevada Bar No. 14652
SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email: jshea@shea.law
blarsen@shea.law
kwyant@shea.law

JENNIFER E. HOEKEL
Nevada Bar No. 12775
jennifer.hoekel@huschblackwell.com

HUSCH BLACKWELL LLP
8001 Forsyth Boulevard, Suite 1500
St. Louis, Missouri 63105
Telephone: 314.480.1500
Facsimile: 314.480.1505

And

PATRICK M. HARVEY
*Admitted Pro Hac Vice*
Patrick.Harvey@huschblackwell.com
**HUSCH BLACKWELL LLP**
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Telephone: 414.273.2100
Facsimile: 414.223.5000

*Attorneys for Plaintiff*
*James V. Deppoleto Jr.*

**CERTIFICATE OF SERVICE**

1. On March 12, 2025, I served the following document(s): **PLAINTIFF'S RENEWED MOTION TO COMPEL DISCOVERY FROM TAKEOVER INDUSTRIES INCORPORATED, MICHAEL HOLLEY, TOBY MCBRIDE, JOSEPH PAVLIK, TOM ZARRO, AND NEXTGEN BEVERAGES, LLC.**

2. I served the above document(s) by the following means to the persons as listed below:

☒ a. ECF System:

☐ b. United States mail, postage fully prepaid:

☐ c. Personal Service:

I personally delivered the document(s) to the persons at these addresses:

☐ For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐ For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐ d. By direct email (as opposed to through the ECF System): Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ e. By fax transmission:

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐ f. By messenger:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 12, 2025.

By: /s/ *Patrick M. Harvey*