JAMES PATRICK SHEA
Nevada Bar No. 405
BART K. LARSEN
Nevada Bar No. 8538
KYLE M. WYANT
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email: jshea@shea.law
blarsen@shea.law
kwyant@shea.law

JENNIFER E. HOEKEL
Nevada Bar No. 12775
jennifer.hoekel@huschblackwell.com
**HUSCH BLACKWELL LLP**
8001 Forsyth Boulevard Suite 1500
St. Louis, Missouri 63105
Telephone: 314.480.1500
Facsimile: 314.480.1505

-and-

PATRICK M. HARVEY
Admitted *Pro Hac Vice*
patrick.harvey@huschblackwell.com
**HUSCH BLACKWELL LLP**
511 North Broadway Suite 1100
Milwaukee, Wisconsin 53202
Telephone: 414.273.2100
Facsimile: 414.223.5000
*Attorney for Plaintiff*
*James V. Deppoleto Jr.*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES V. DEPPOLETO JR., Individually and Derivatively on Behalf of Nominal Defendant Takeover Industries Incorporated<br><br>Plaintiff,<br><br>v.<br><br>TAKEOVER INDUSTRIES INCORPORATED, Defendant and Nominal Defendant<br><br>MICHAEL HOLLEY,<br><br>TOBY MCBRIDE,<br><br>JOSEPH PAVLIK,<br><br>TOM ZARRO,<br><br>and<br><br>NEXTGEN BEVERAGES, LLC<br><br>Defendants. | CASE NO. 2:22-cv-2013<br><br>**PATRICK M. HARVEY DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM TAKEOVER INDUSTRIES INCORPORATED, MICHAEL HOLLEY, TOBY MCBRIDE, JOSEPH PAVLIK, TOM ZARRO, AND NEXTGEN BEVERAGES, LLC** |

Under penalty of perjury and pursuant to 28 U.S.C. § 1746, I, Patrick M. Harvey, declare as follows:

1. I am one of the attorneys for Plaintiff, James V. Deppoleto Jr. ("Plaintiff" or "Deppoleto"), in the above captioned matter, and I am admitted to practice *pro hac vice* before this Court.

2. I submit this Declaration in support of Plaintiff's Renewed Motion to Compel Discovery from Takeover Industries Incorporated ("Takeover"), Michael Holley ("Holley"), Toby McBride ("McBride"), Joseph Pavlik ("Pavlik"), Tom Zarro ("Zarro"), and Nextgen Beverages, LLC ("NextGen") (collectively, the "Takeover Defendants").

3. On August 16, 2023, Deppoleto served Plaintiff's First Set of Requests for Production of Documents to Takeover; a true and correct copy of Takeover's Amended Responses, dated February 11, 2025, is attached as **Exhibit 1**.

4. On August 17, 2023, Deppoleto served a Subpoena Duces Tecum on Zarro; a true and correct copy of Zarro's Amended Responses, dated February 18, 2025, is attached as **Exhibit 2**.

5. On January 9, 2024, Deppoleto served Plaintiff's First Set of Requests for Production of Documents to NextGen; a true and correct copy of NextGen's Amended Responses, dated February 20, 2025, is attached as **Exhibit 3**.

6. On April 19, 2024, Deppoleto served Plaintiff's Second Set of Requests for Production of Documents to Takeover; a true and correct copy of Takeover's Amended Responses, dated February 18, 2025, is attached as **Exhibit 4**.

7. On April 19, 2024, Deppoleto served Plaintiff's Second Set of Requests for Production of Documents to NextGen; a true and correct copy of NextGen's Amended Responses, dated February 20, 2025, is attached as **Exhibit 5**.

8. On November 6, 2024, Deppoleto served Plaintiff's Third Set of Requests for Production of Documents to Takeover; a true and correct copy of Takeover's Amended Responses, dated February 18, 2025, is attached as **Exhibit 6**.

9. On November 6, 2024, Deppoleto served Plaintiff's Third Set of Requests for Production of Documents to Holley; a true and correct copy of Holley's Amended Responses, dated February 18, 2025, is attached as **Exhibit 7**.

10. On November 6, 2024, Deppoleto served Plaintiff's Third Set of Requests for Production of Documents to McBride; a true and correct copy of McBride's Amended Responses,

dated February 18, 2025, is attached as **Exhibit 8**.

11. On November 6, 2024, Deppoleto served Plaintiff's Third Set of Requests for Production of Documents to Pavlik; a true and correct copy of Pavlik's Amended Responses, dated February 18, 2025, is attached as **Exhibit 9**.

12. On November 6, 2024, Deppoleto served Plaintiff's Third Set of Requests for Production of Documents to Zarro; a true and correct copy of Zarro's Amended Responses, dated February 18, 2025, is attached as **Exhibit 10**.

13. On November 6, 2024, Deppoleto served Plaintiff's Third Set of Requests for Production of Documents to NextGen; a true and correct copy of NextGen's Amended Responses, dated February 20, 2025, is attached as **Exhibit 11**.

14. On March 11, 2024, Deppoleto sent a deficiency letter to Takeover and Zarro with respect to their responses to the First Set of Requests for Production and Responses to the Subpoena Duces Tecum, respectively, requesting that the deficiencies be corrected by March 15, 2024. A true and correct copy of the March 11, 2024, letter is attached as **Exhibit 12**.

15. On November 6, 2024, Deppoleto sent a deficiency letter to Takeover and NextGen Beverages with respect to their First and Second Set of Requests for Production, and a deficiency letter to Zarro with respect to his responses to the Subpoena Duces Tecum, requesting that the deficiencies be corrected by November 8, 2024. A true and correct copy of the November 6, 2024, letter is attached as **Exhibit 13**.

16. On November 20, 2024, Deppoleto sent another letter to Takeover, Zarro, and NextGen Beverages again requesting that their outstanding deficiencies be corrected by November 22, 2024. A true and correct copy of the November 20, 2024, letter is attached as **Exhibit 14**.

17. On November 21, 2024, I took the deposition of Zarro in Nevada. During Zarro's

deposition, it became clear that the Takeover Defendants failed to produce documents that Plaintiff had previously requested, and therefore should have been provided. Therefore, I made several document requests to the Takeover Defendants, which were subsequently memorialized in a letter on November 25, 2024. A true and correct copy of the November 25, 2024, letter is attached hereto as **Exhibit 15**.

18. During Zarro's deposition on November 21, 2024, Zarro refused to answer several questions, claiming that his answers were confidential and subject to a non-disclosure agreement, which he did not discuss or review with his counsel before November 21, 2024, deposition.

19. In an effort to work cooperatively, the parties agreed to hold the deposition open until after Zarro and his counsel reviewed the non-disclosure agreement to determine what they believed would be appropriate next steps.

20. The parties agreed to continue Zarro's deposition on December 13, 2024. Zarro's deposition continued on December 13, 2024.

21. Between the first and second depositions, Zarro did not seek a protective order – which led me to believe that Zarro was prepared to testify fully and completely on December 13, 2024. However, Zarro continued to refuse to answer questions, claiming that certain information was confidential.

22. At the December 13, 2024, deposition, the parties' counsel once again agreed to hold the deposition open, with Plaintiff's counsel additionally reserving Plaintiff's right to seek attorneys' fees because Plaintiff should not have had to take a third deposition of Zarro.

23. Deppoleto's counsel and the Takeover Defendants' counsel exchanged several communications regarding the Takeover Defendants' deficient discovery responses. The Takeover Defendants' counsel agreed that, even though discovery technically closed on December

9, 2024, Plaintiff could still file a timely Motion to Compel up through December 17, 2024 – in part because of the fact that Zarro's second deposition, by agreement of the parties, did not take place until December 13, 2024, and in part because of Zarro's refusal to answer questions at that December 13, 2024, deposition.

24. On December 17, 2024, Plaintiff filed a Motion to Compel (Dkt. No. 94), and the parties fully briefed that Motion (Dkt. Nos. 96, 99).

25. Upon review, the Court denied Plaintiff's Motion to Compel, without prejudice, and ordered the parties to meet and confer regarding the discovery deficiencies, and invited Deppoleto to re-file his Motion to Compel if deficiencies remained. (Dkt. No. 107.)

26. The parties held a meet-and-confer, via telephone, on February 11, 2025, which lasted well over an hour. During that meet-and-confer, the parties reviewed each of the Takeover Defendants' 50 deficient discovery responses.

27. In response to most of the outstanding deficiencies, the Takeover Defendants' counsel represented that all outstanding responsive materials would be produced by February 14, 2025. The Takeover Defendants did not supplement their discovery responses by February 14, 2025. The Takeover Defendants did produce some supplemental materials on February 18 2025. However, the Takeover Defendants' discovery deficiencies remain in a nearly identical state as when Deppoleto filed his original Motion to Compel on December 17, 2024.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 12th day of March, 2025.

*/s/ Patrick M. Harvey*
Patrick M. Harvey

**CERTIFICATE OF SERVICE**

1. On March 12, 2025, I served the following document(s): **PATRICK M. HARVEY DECLARATION IN SUPPORT OF PLAINTIFF'S RENEWED MOTION TO COMPEL DISCOVERY FROM TAKEOVER INDUSTRIES INCORPORATED, MICHAEL HOLLEY, TOBY MCBRIDE, JOSEPH PAVLIK, TOM ZARRO, AND NEXTGEN BEVERAGES, LLC.**

2. I served the above document(s) by the following means to the persons as listed below:

☒ a. ECF System:

☐ b. United States mail, postage fully prepaid:

☐ c. Personal Service:

I personally delivered the document(s) to the persons at these addresses:

☐ For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐ For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐ d. By direct email (as opposed to through the ECF System): Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ e. By fax transmission:

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐ f. By messenger:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 12, 2025.

By: /s/ *Patrick M. Harvey*