S. Don Bennion, Esq.
Nevada Bar No. 4530
Law Office of S. Don Bennion
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
Tel: (702) 333-0777 Fax: (702) 333-0577
email: don@bennionlaw.com

Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
Whitehead & Burnett
6980 O'Bannon Drive
Las Vegas, Nevada 89117
Tel: (702)267-6500 Fax: (702)267-6262
Email: jeff@whiteheadburnett.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES V. DEPPOLETO JR.,<br>Plaintiff,<br><br>v.<br><br>TAKEOVER INDUSTRIES, INCORPORATED, *et al.*<br>Defendant. | Case NO. 2:22-cv-02013-GMN-BNW |

**NEXTGEN BEVERAGE LLC'S AMENDED RESPONSES TO PLAINTIFF'S FIRST, SECOND and THIRD REQUESTS FOR PRODUCTION OF DOCUMENTS**

TO: JAMES V. DEPPOLETO, JR.,

TO: SHEA LARSEN; and HUSCH BLACKWELL LLP, as his attorneys of record.

NEXTGEN BEVERAGES, LLC ("NextGen"), by and through counsel of record, hereby submits their Amended Responses to Plaintiff's First Request For Production of Documents, numbers 3,6,8; Amended Responses to Plaintiff's Second Set of Requests For Production of Documents number 7; Amended Responses to Plaintiff's Third Request For Production of Documents numbers 1,2,3,4,5 and 6 pursuant to the Federal Rules of Civil Procedure 34. Next Gen's Amended Responses are highlighted in **black** as follows:

**Amended Responses to Plaintiff's First Request For Production of Documents**

**Request No. 3:**

Any and all documents containing monthly financial statements of NextGen (including balance sheets, profits and loss statements, statements of cash flows, and any other financial statement forms maintained by Next(Gen) for each month of 2023.

**Amended Response Request No. 3:**

Objection. This request is vague and ambiguous as to the terms "monthly financial statements." Responding Party also objects that this request seeks confidential and proprietary information. Subject to, and without waiving, the foregoing objections, Responding Party responds as follows:

Responding Party is in the process of reviewing documents in its possession, custody, or control for any other documents it may have responsive to this request. Responding Party will supplement this response with additional documents when/if such documents become available. Discovery is ongoing and Responding Party reserves the right to supplement these responses when and if more information becomes available. **See DEF01271 to 01290; see also, DEF 01385 to DEF01415; DEF01528-01529.**

**Request No. 6:**

Any and all documents and communications reflecting any assets and products acquired by NextGen, including the consideration exchanged for the assets.

**Amended Response to Request No. 6:**

Objection. This request is vague and ambiguous as to the terms "assets and products acquired by NextGen." Responding Party also objects that this request is overbroad and not limited in time and scope and seeks information irrelevant to this matter and beyond the scope of discovery information in this matter. Responding Party also objects that this request seeks confidential and proprietary information. Subject to, and without waiving, the foregoing objections, Responding party responds as follows:

Responding Party is in the process of reviewing documents in its possession, custody, or control for any other documents it may have responsive to this request. Responding Pary will supplement this response with additional documents when/if such documents become available. **See DEF00689 to DEF00803; See also, DEF01372 to 01384; See also, DEF01271 to 01290. See also, DEF01385 to DEF01415; See also, DEF01528-DEF01529; See also, DEF01534-DEF01537.** Discovery is ongoing and Responding Party reserves the right to supplement these responses when and if more information becomes available.

**Request For Production No.8:**

Any and all documents reflecting any agreement between NextGen and any brand ambassadors of NextGen, including but not limited to, Manny Pacquiao.

**Amended Response to Request No. 8:**

Objection. This request is vague and ambiguous as to the terms "agreement" and "brand ambassadors." Responding Party also objects that this request is overbroad and not

limited in time and scope and seeks information irrelevant to this matter and beyond the scope of discovery information in this matter. Responding party also objects that this request seeks confidential and proprietary information.

Subject to, and without waiving, the foregoing objections, Responding Party responds as follows:

Responding Party is in the process of reviewing documents in its possession, custody, or control for any other documents it may have responsive to this request. Responding Pary will supplement this response with additional documents when/if such documents become available. **See, DEF01304 to DEF01361.** Discovery is ongoing and Responding Party reserves the right to supplement these responses when and if more information becomes available.

**Amended Answers to Plaintiff's Second Request For Production of Documents**

**Request For Production No. 7:**

Any and all documents and communications reflecting product inventory held by NextGen.

**Amended Response to Request No. 7:**

Responding Party is unaware of any documents responsive to this request. . **See DEF00689 to DEF00803; See also, DEF01372 to 01384; See also, DEF01271 to 01290. See also, DEF01385 to DEF01415; See also, DEF01528-DEF01529; See also, DEF01534-DEF01537.** Responding Party reserves the right to supplement this response if and when more information becomes available.

**Amended Answers to Plaintiff's Third Set of Requests for Production of Documents**

**Request For Production No. 1:**

Any and all documents that contain the product formulations for products that have ever been sold by NextGen, including but not limited to, Hydrogen-enriched waters, Nootropic performance beverages, and Artesian Water.

**Amended Response to Request No. 1:**

Defendant objects to this request on the grounds that it calls for proprietary documentation, possibly including trade secret information/documentation, legal conclusions, is vague and ambiguous, overly broad, calls for speculation, and lacks foundation. Notwithstanding these objections, see DEF00591 to DEF00884. **To the extent the following documents could be relevant to this Request, see also, DEF01291 to DEF01293; see also, DEF01534 to DEF01537 ("Confidential"- subject to a Stipulation and/or Motion for Protective Order).** Discovery is continuing and this response will be supplemented as warranted.

**Request For Production No. 2:**

Any and all communications and documents, between January 1, 2022, and present, arising out of or relating to any solicitation or anticipated solicitation of any supplier, vendor, brand ambassador, or vendor of Takeover's with whom/which NextGen worked or attempted to solicit.

**Amended Response to Request No. 2:**

Defendant objects to this request on the grounds that it is vague and ambiguous as to the phrases "anticipated solicitation", **"or vendor of Takeover's with whom/which NextGen worked or attempted to solicit,"** may call for speculation and legal conclusions, and is overly

broad. Notwithstanding these objections, see DEF00591 to DEF00884. **To the extent the following documents could be relevant to this Request, see also, DEF01294 to DEF01300 and DEF01304 to DEF01361.** Discovery is continuing and this response will be supplemented as warranted.

**<u>Request For Production No. 3:</u>**

Any and all communications and documents reflecting shares that you hold in Labor Smart, Inc.

**<u>Amended Response to Request No. 3:</u>**

Defendant objects to this request on the grounds that it calls for a legal conclusion, is vague and ambiguous as to the phrase "reflecting the shares that you hold", may call for speculation, and is overly broad. Notwithstanding these objections, see DEF00591 to DEF00884. **To the extent the following documents could be relevant to this Request, see also, DEF01281 to DEF01290; see also, DEF01528 to DEF01531; see also, DEF01560 to DEF01734.** Discovery is continuing and this response will be supplemented as warranted.

**<u>Request for Production No. 4</u>**

Any and all communications and documents reflecting the purchase, sale, or transfer of shares that you once held or continue to hold in Labor Smart, Inc.

**<u>Amended Response to Request No. 4:</u>**

Defendant objects to this request as it calls for a legal conclusion, is vague and ambiguous as to the phrase, "reflecting shares that you held, **or continue to hold"** may call for speculation, and is overly broad. Notwithstanding these objections, see DEF00591 to DEF00884. **See Amended Response to Request No. 4.** Discovery is continuing and this response will be supplemented as warranted.

**Request for Production No. 5:**

Any and all communications between you and any Defendant in this lawsuit (Takeover, Holley, McBride, Pavlik, Zarro, NextGen Beverage) since January 1, 2022, that references Mr. Deppoleto or his investment in Takeover.

**Amended Response to Request No. 5:**

Defendant objects to this request on the grounds that it is vague and ambiguous as to the phrases “any and all communications” and “his investment”, may call for speculation and legal conclusions, and is overly broad. Notwithstanding these objections, see DEF00591 to DEF00884. **See also, DEF00547, DEF00589-590, DEF01375-01384; DEF01458; DEF01740-01743.** Discovery is continuing and this response will be supplemented as warranted.

**Request for Production No. 6:**

Any and all communications between you and any Defendant in this lawsuit (Takeover, Holley, McBride, Pavlik, Zarro, NextGen Beverages) since January 1, 2022, that reference the creation of NextGen Beverages.

**Amended Response to Request No. 6:**

See response to request No. 5**. Defendant objects to this request on the grounds that it is vague and ambiguous as to the phrases “any and all communications,” and may call for speculation and legal conclusions, and is overly broad. Notwithstanding these objections, see DEF00591 to DEF00884; see also, DEF01281-DEF01280; see also, DEF01372-01374; see also, DEF01385-01406; DEF01528-01529; DEF01735-01737.**

DATED this 20th day of February 2025.

Law Office of S. Don Bennion

*S. Don Bennion, Esq.*________
S. Don Bennion, Esq.
Nevada Bar No. 4530
Law Office of S. Don Bennion
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
Tel: (702) 333-0777 Fax: (702) 333-0577
email: don@bennionlaw.com

Whitehead & Burnett

*Jeffrey J. Whitehead, Esq.*
Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
6980 O'Bannon Drive
Las Vegas, Nevada 89117
Tel: (702)267-6500 Fax: (702)267-6262
Email: jeff@whiteheadburnett.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

On February 20th , 2025 I served the following document(s):

1. The document(s) were served by the following means to the person(s) as listed below:

**NEXTGEN'S AMENDED RESPONSES TO PLAINTIFF'S FIRST, SECOND and THIRD REQUESTS FOR PRODUCTION OF DOCUMENTS.**

☐ a. ECF System

And all other parties requesting notice.

☐ b. US mail, postage prepaid

c. Personal Service:

☑ d. By direct email (as opposed to the ECF system): Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the person(s) at the email addresses listed below. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful.

**James Patrick Shea, Esq.**
Nevada Bar No. 405
**Bart K. Larsen, Esq.**
Nevada Bar NO. 8538
**Kyle M. Wyant, Esq.**
Nevada Bar No. 14652
SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
T: 702-471-7432 F: 702-926-9683
blarsen@shea.law
kwyant@shea.law
*Attorneys for Plaintiff*

**Jennifer Hoekel, Esq.**
Nevada Bar No. 12775
Husch Blackwell LLP
8001 Forsyth Boulevard Suite 1500
St. Louis, Missouri 63105
T: 314-480-1500
Jennifer.hoekel@huschblackwell.com
*Attorney for Plaintiff*

**Patrick M. Harvey, Esq.**
Admitted Pro-Hac Vice
Husch Blackwell LLP
511 North Broadway, Suite 1100
Milwaukee, WI 53202
T: 414-273-2100
Patrick.Harvey@huschblackwell.com
*Attorney for Plaintiff*

☐ e. By fax transmission

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the person(s) at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐ f. By messenger

I served the document(s) by placing them in an envelope or package addressed to the person(s) at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ *S. Don Bennion, Esq*________
Law Office of S. Don Bennion