S. Don Bennion, Esq.
Nevada Bar No. 4530
Law Office of S. Don Bennion
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
Tel: (702) 333-0777 Fax: (702) 333-0577
email: don@bennionlaw.com

Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
Whitehead & Burnett
6980 O'Bannon Drive
Las Vegas, Nevada 89117
Tel: (702)267-6500 Fax: (702)267-6262
Email: jeff@whiteheadburnett.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES V. DEPPOLETO JR.,<br>Plaintiff,<br><br>v.<br><br>TAKEOVER INDUSTRIES, INCORPORATED, *et al.*<br>Defendant. | Case NO. 2:22-cv-02013-GMN-BNW |

**TAKEOVER INDUSTRIES INCORPORATED'S AMENDED RESPONSES TO PLAINTIFF'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS**

TO: JAMES V. DEPPOLETO, JR.,

TO: SHEA LARSEN; and HUSCH BLACKWELL LLP, as his attorneys of record.

TAKEOVER INDUSTRIES INCORPORATED ("Takeover") by and through their attorneys of record hereby submit Takeover's Amended Responses to Plaintiff's First Request for Production of Documents numbers 1,2,3,4 and 5 pursuant to the Federal Rules of Civil Procedure 34. Takeover's Amended Responses to Plaintiff's First Request for Production of Document are highlighted in **black** as follows:

**Request For Production No. 1:**

And and all documents that contain the product formulation for products that were sold by Takeover, including but not limited to, Hydrogen Water and Gamer shots.

**Amended Response to Request No. 1:**

Defendant objects to this request on the grounds that it calls for proprietary documentation, possibly including trade secret information/documentation, legal conclusions, is vague and ambiguous, overly broad, calls for speculation, and lacks foundation. Discovery is continuing and this response will be supplemented as warranted. **See DEF01088 to DEF01106; See also, DEF01107 to DEF01135.**

**Request For Production No. 2:**

And and all communications and documents reflecting shares that you hold in Labor Smart, Inc.

**Amended Response to Request No. 2:**

Defendant objects to this request on the grounds that it calls for a legal conclusion, is vague and ambiguous as to the phrase "reflecting shares that you hold," may call for speculation, and is overly broad. Notwithstanding these objections, see DEF00591 to DEF00884. **See also, DEF01530-01531.** Discovery is continuing and this response will be supplemented as warranted.

**Request For Production No. 3:**

Any and all communications and documents reflecting the purchase, sale or transfer of shares that you once held or continue to hold in Labor Smart, Inc.

**Amended Response to Request No. 3:**

Defendant objects to this request on the grounds that it calls for a legal conclusion, is vague and ambiguous as to the phrase "reflecting shares that you hold," may call for speculation, and is overly broad. Notwithstanding these objections, see DEF 00591 to DEF00884. **See also, DEF01530-01531.** Discovery is continuing and this response will be supplemented as warranted.

**Request For Production No. 4:**

Any and all communications between you and any Defendant in this lawsuit (Takeover, Holley, McBride, Pavlik, Zarro, NextGen Beverages) since January 1, 2022, that references Mr. Deppoleto or his investment in Takeover.

**Amended Response to Request No. 4:**

Defendant objects to this request on the grounds that it is vague and ambiguous as to the phrases "any and all communications" and "his investment," my call for speculation and legal conclusions, and is overly broad. Notwithstanding these objections, see DEF00591 to DEF00884, **See also, DEF00534 to DEF00547; See also, DEF00874 to DEF00918.**. Discovery is continuing and this response will be supplemented as warranted.

**Request For Production No. 5:**

Any and all communications between you and any Defendant in this lawsuit (Takeover, Holley, McBride, Pavlik, Zarro, NextGen Beverages) since January 1, 2022, that reference the creation of NextGen Beverages.

**Amended Response to Request No. 5:**

See response to request No. 4.

DATED this 18th day of February 2025.

Law Office of S. Don Bennion

*S. Don Bennion, Esq.*________
S. Don Bennion, Esq.
Nevada Bar No. 4530
Law Office of S. Don Bennion
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
Tel: (702) 333-0777 Fax: (702) 333-0577
email: don@bennionlaw.com

Whitehead & Burnett

*Jeffrey J. Whitehead, Esq.*
Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
6980 O'Bannon Drive
Las Vegas, Nevada 89117
Tel: (702)267-6500 Fax: (702)267-6262
Email: jeff@whiteheadburnett.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

On February 18th , 2025 I served the following document(s):

1. The document(s) were served by the following means to the person(s) as listed below:

**TAKEOVER INDUSTRIES INCORPORATED'S AMENDED RESPONSES TO PLAINTIFF'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS**

☐ a. ECF System

And all other parties requesting notice.

☐ b. US mail, postage prepaid

c. Personal Service:

☑ d. By direct email (as opposed to the ECF system): Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the person(s) at the email addresses listed below. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful.

**James Patrick Shea, Esq.**
Nevada Bar No. 405
**Bart K. Larsen, Esq.**
Nevada Bar NO. 8538
**Kyle M. Wyant, Esq.**
Nevada Bar No. 14652
SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
T: 702-471-7432 F: 702-926-9683
blarsen@shea.law
kwyant@shea.law
*Attorneys for Plaintiff*

**Jennifer Hoekel, Esq.**
Nevada Bar No. 12775
Husch Blackwell LLP
8001 Forsyth Boulevard Suite 1500
St. Louis, Missouri 63105

**Patrick M. Harvey, Esq.**
Admitted Pro-Hac Vice
Husch Blackwell LLP
511 North Broadway, Suite 1100
Milwaukee, WI 53202

T: 314-480-1500
Jennifer.hoekel@huschblackwell.com
*Attorney for Plaintiff*

T: 414-273-2100
Patrick.Harvey@huschblackwell.com
*Attorney for Plaintiff*

☐ e. By fax transmission

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the person(s) at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐ f. By messenger

I served the document(s) by placing them in an envelope or package addressed to the person(s) at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ *S. Don Bennion, Esq*________
Law Office of S. Don Bennion