# EXHIBIT 12

HUSCH BLACKWELL

Patrick M. Harvey
Partner

511 North Broadway, Suite 1100
Milwaukee, WI 53202
Direct: 414.978.5321
Fax: 414.223.5000
Patrick.Harvey@huschblackwell.com

March 11, 2024

**VIA EMAIL & U.S. MAIL**

Kurt R. Bonds
Hall & Evans, LLC
1160 North Town Center Drive, Suite 330
Las Vegas, NV 89144
bondsk@hallevans.com

David Sexton
Hall & Evans, LLC
1160 North Town Center Drive
Las Vegas, NV 89144
sextond@hallevans.com

**Re: *James V. Deppoleto Jr. v. Takeover Industries Incorporated et al.*
District of Nevada Case No. 2:22-cv-2013**

Dear Mr. Bonds and Mr. Sexton:

We are writing with regard to Takeover Industries Incorporated's ("Takeover") Responses to Plaintiff's First Set of Interrogatories and Requests for the Production of Documents, and with regard to Tom Zarro's ("Zarro") Responses to the Subpoena *Duces Tecum*.

As explained below, Takeover's and Zarro's responses contain numerous deficiencies, and their responses substantively fail to comply with their discovery obligations. This letter identifies some of these deficiencies. However, Plaintiff is not waiving – and, on the contrary, is explicitly reserving – the right to challenge Takeover's and Zarro's objections to any discovery request, whether identified in this letter or not.

Please supplement Takeover's and Zarro's responses and produce the requested documents by no later than the close of business on March 15, 2024.

## I. TAKEOVER

### A. Answers to Interrogatories.

Takeover must address the following deficiencies in its answers to Plaintiff's interrogatories:

> Interrogatory No. 3: Takeover's answer is incomplete and evasive. Takeover has insufficiently identified "Mr. Kerby," "Mike T.," "Mike C." and "other[s] that Mr. Tucker put on the payroll." Please

HUSCH BLACKWELL



supplement Takeover's response to sufficiently identify these individuals.

Interrogatory No. 4: Takeover's answer is incomplete, because it does not indicate whether Mr. Deppoleto provided consent to Takeover. Instead, Takeover merely argues that Mr. Deppoleto's consent was not necessary. Please supplement Takeover's response to specifically answer the interrogatory.

Interrogatory No. 5: Takeover's answer is incomplete, because it does not indicate whether Mr. Deppoleto provided consent to Takeover. Instead, Takeover merely argues that Mr. Deppoleto's consent was not necessary. Please supplement Takeover's response to specifically answer the interrogatory.

Interrogatory No. 6: Takeover's answer is incomplete, because it does not indicate whether Mr. Deppoleto provided consent to Takeover. Instead, Takeover merely argues that Mr. Deppoleto's consent was not necessary. Please supplement Takeover's response to specifically answer the interrogatory.

Interrogatory No. 7: Takeover's answer is incomplete. This interrogatory also asks Takeover to identify the type of contract that the identified individuals were authorized to execute. Please supplement Takeover's answer.

Interrogatory No. 10: Takeover's answer is incomplete. This interrogatory also asks Takeover to state with particularity the identified individuals' knowledge relating to the facts and circumstances giving rise to the complaint. Takeover's reference to its Initial Disclosures does not remedy this defect, because those responses are vague and ambiguous. Please supplement Takeover's response.

Interrogatory No. 11: Takeover's answer is incomplete. This interrogatory also asks Takeover to state with particularity the identified individuals' knowledge relating to the facts and circumstances giving rise to Takeover's Affirmative Defenses. Takeover's reference to its Initial Disclosures does not remedy this defect, because those responses are vague and ambiguous. Please supplement Takeover's answer.

**B. Requests for the Production of Documents.**

Request No. 2: Takeover has not produced all documents responsive to this request. This request seeks account statements through to the present, but Takeover's production only includes account statements through December 2023. Please supplement Takeover's response.

Request No. 3: Takeover has not produced all documents responsive to this request. Takeover identified DEF006-DEF00419 as responsive documents. However, the referenced documents do not include financial statements for each month of 2022, as requested. Please supplement Takeover's response.

Request No. 4: Takeover has not produced all documents responsive to this request. In response to Interrogatory No. 3, Takeover indicated that it used funds from Mr. Deppoleto for salaries to Mr. Tucker, Mr. Tucker's wife, Mr. Kerby, Mike T., Mike C., Joe DelBruno, and others that Mr. Tucker put on the payroll. As such, Takeover should have responsive documents to produce. Please supplement Takeover's response.

Request No. 5: Takeover's response is incomplete and evasive. The phrase "distributions made to shareholders" is not vague and ambiguous. Please withdraw the objection and supplement Takeover's response.

Request No. 8: Takeover's response is incomplete and evasive. The phrases "expense reports" and "reimbursement requests" are not vague and ambiguous. Please withdraw the objection and supplement Takeover's response.

Request No. 9: Takeover has not produced all documents in response to this request. Takeover cannot seriously contend that it does not have any communications between Mr. Deppoleto and Takeover and/or any of Takeover's owners, directors, employees, or agents regarding Mr. Deppoleto's loan of $386,773.86 to Takeover. Please supplement Takeover's response.

Request No. 10: Takeover has not produced all documents in response to this request. Takeover cannot seriously contend that it does not have any communications between Mr. Deppoleto and Takeover and/or any of Takeover's owners, directors, employees, or

HUSCH BLACKWELL



agents regarding Mr. Deppoleto's loan of $128,924.62 to Takeover. Please supplement Takeover's response.

Request No. 11: Takeover has not produced all documents in response to this request. Takeover cannot seriously contend that it does not have a single document or communication relating to Takeover's Board of Directors meeting in December 2021. Please supplement Takeover's response.

Request No. 12: Takeover has not produced all documents in response to this request. Takeover cannot seriously contend that it does not have any communications relating to the November 2022 Board of Directors meeting. Please supplement Takeover's response.

Request No. 16: Takeover has not produced all documents in response to this request. Takeover cannot seriously contend that it does not have any records communications with a customer or prospective customer, especially considering Takeover's response to Interrogatory No. 3, in which Takeover disclosed its deal with Dollar General. Please supplement Takeover's response.

Request No. 18: Takeover has not produced all documents in response to this request. Takeover indicated that several of its officers held positions at both Takeover and NextGen during the same timeframe. Accordingly, there must be records or communications that those individuals created while working for Takeover that relate to Takeover's business. Please supplement Takeover's response.

Request No. 19: Takeover has not produced all documents in response to this request. Takeover indicated that several of its officers held positions at both Takeover and NextGen during the same timeframe. As such, Takeover cannot seriously contend that none of Takeover's officers had any communications with NextGen's officers. Please supplement Takeover's response.

Request No. 21: Takeover has not produced all documents in response to this request. Takeover indicated that several of its officers held positions at both Takeover and NextGen during the same timeframe. As such, Takeover cannot seriously contend that

HUSCH BLACKWELL



none of Takeover's officers had any communications with NextGen's officers. Please supplement Takeover's response.

Request No. 22: Takeover has not produced all documents in response to this request. Takeover indicated that several of its officers held positions at both Takeover and NextGen during the same timeframe. As such, Takeover cannot seriously contend that there are no records or communications relating to employment offers or agreements that Takeover provided to NextGen's officers. Please supplement Takeover's response.

Request No. 24: Takeover has not produced all documents in response to this request. Takeover indicated that several of its officers held positions at both Takeover and NextGen during the same timeframe. As such, Takeover cannot seriously contend that there are no records or communications relating to employment offers or agreements that Takeover provided to NextGen's officers. Please supplement Takeover's response.

## II. TOM ZARRO

Tom Zarro must address the following deficiencies in his response to the Subpoena:

Request No. 6: Zarro has not produced all documents in response to this request. According to the Convertible Note Purchase Agreement that Zarro produced (DEF00426-445), Zarro made an investment in Takeover in June 2021, but Zarro became a Takeover officer in April 2023 (DEF00421-22), which is presumably around the time that Zarro obtained a Takeover email account. As such, Zarro should have responsive documents in email accounts other than tom@takeoverind.com that was purportedly hacked. Please supplement Zarro's response.

Request No. 8: Zarro has not produced all documents in response to this request. In response to Request No. 7, Zarro indicated that he directed Takeover to "make payments on bills and possibly other obligations as Takeover was able." As such, Zarro cannot seriously contend that he does not have any communications that reference a withdrawal or transfer of funds from Takeover. Please supplement Zarro's response.

HUSCH BLACKWELL



Request No. 14: Zarro has not produced all documents in response to this request. Zarro cannot seriously contend that he does not have a single communication that references his investment in NextGen. Please supplement Zarro's response.

Request No. 16: Zarro has not produced all documents in response to this request. In response to Request No. 15, Zarro identified DEF00493-509 as documents reflecting any investments or other assets acquired by NextGen at Zarro's direction. Then, in response to this request, Zarro contends that he does not have any communications that mention those same investments or assets – which is highly unlikely. Please supplement Zarro's response.

Request No. 17: Zarro has not produced all documents in response to this request. Zarro cannot seriously contend that he does not have a single email communication relating to Deppoleto's Default letters. Please supplement Zarro's response.

Sincerely,

Patrick M. Harvey

Cc: Jennifer Hoekel (via email)
Kyle Wyant (via email)