# EXHIBIT 13

HUSCH BLACKWELL

Patrick M. Harvey
Partner

511 North Broadway, Suite 1100
Milwaukee, WI 53202
Direct: 414.978.5321
Fax: 414.223.5000
Patrick.Harvey@huschblackwell.com

November 6, 2024

**VIA EMAIL AND CERTIFIED U.S. MAIL**

Kurt R. Bonds, Esq.
David M. Sexton, Esq.
1160 North Town Center Drive, Suite 330
Las Vegas, NV 89144

NextGen Beverages, LLC
c/o Company Agent, LLC
125 South King Street, Suite 2A
Jackson, WY 83001

Re: ***James Deppoleto, Jr.. v. Takeover Industries Incorporated, et al.***
District of Nevada Case No. 2:22-cv-2013

Dear Mr. Bonds and Mr. Sexton:

We are writing with regard to NextGen Beverages, LLC's ("NextGen") Responses to Plaintiff's First Set of Requests for the Production of Documents dated February 8, 2024 and NextGen's Responses to Plaintiff's Second Set of Requests for the Production of Documents dated August 28, 2024.

As explained below, NextGen's responses contain numerous deficiencies, and their responses substantively fail to comply with their discovery obligations. This letter identifies some of these deficiencies. However, Plaintiff is not waiving – and, on the contrary, is explicitly reserving – the right to challenge NextGen's objections to any discovery request, whether identified in this letter or not.

Please supplement NextGen's responses and produce the requested documents by no later than the close of business on November 8, 2024.

**First Set of Requests for the Production of Documents**

Request No. 2: NextGen has not produced any documents in response to this request. NextGen cannot seriously contend that it does not have a bank account for its business. Please supplement NextGen's response.

Request No. 3: NextGen has not produced any documents in response to this request. NextGen cannot seriously contend that it

does not have documents reflecting its monthly financial statements. Please supplement NextGen's response.

Request No. 5: NextGen has not produced any documents in response to this request. Based on deposition testimony, we understand that Tom Zarro has made investments in NextGen, thus NextGen cannot seriously contend that it does not have documents reflecting such investments. Please supplement NextGen's response.

Request No. 6: NextGen has not produced any documents in response to this request. NextGen cannot seriously contend that it does not have any documents or communications reflecting any assets purchased, such as product inventory. Please supplement NextGen's response.

Request No. 8: NextGen has not produced any documents in response to this request. NextGen cannot seriously contend that it does not have documents reflecting an agreement with Manny Pacquiao. Please supplement NextGen's response.

**SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Request No. 7: NextGen has not produced any documents in response to this request. NextGen cannot seriously contend that it does not have documents reflecting its product inventory. Please supplement NextGen's responses.

If you have questions about these issues, you may contact me directly. We look forward to receiving NextGen's supplemental responses, and responsive documents, no later than the close of business on November 8, 2024.

Very truly yours,

Patrick M. Harvey

cc: James Patrick Shea, Esq. (via email)
Bart K. Larson, Esq. (via email)
Jennifer E. Hoekel, Esq. (via email)

HUSCH BLACKWELL

Patrick M. Harvey
Partner

511 North Broadway, Suite 1100
Milwaukee, WI 53202
Direct: 414.978.5321
Fax: 414.223.5000
Patrick.Harvey@huschblackwell.com

November 6, 2024

**VIA EMAIL AND CERTIFIED U.S. MAIL**

Kurt R. Bonds, Esq.
David M. Sexton, Esq.
1160 North Town Center Drive, Suite 330
Las Vegas, NV 89144

Takeover Industries, Inc.
c/o Registered Agents, Inc.
401 Ryland Street, Suite 200A
Reno, NV 89502

Re: ***James Deppoleto, Jr.. v. Takeover Industries Incorporated, et al.***
District of Nevada Case No. 2:22-cv-2013

Dear Mr. Bonds and Mr. Sexton:

We are writing with regard to Takeover Industries, Inc.'s ("Takeover") Responses to Plaintiff's First Set of Requests for the Production of Documents dated February 8, 2024 and Takeover's Responses to Plaintiff's Second Set of Requests for the Production of Documents dated August 28, 2024.

As explained below, Takeover's responses contain numerous deficiencies, and their responses substantively fail to comply with their discovery obligations. This letter identifies some of these deficiencies. However, Plaintiff is not waiving – and, on the contrary, is explicitly reserving – the right to challenge Takeover's objections to any discovery request, whether identified in this letter or not.

Please supplement Takeover's responses and produce the requested documents by no later than the close of business on November 8, 2024.

**First Set of Requests for the Production of Documents**

Request No. 2: Takeover has not produced all documents responsive to this request. This request seeks account statements through to the present, but Takeover's production only includes account statements through December 2023. Please supplement Takeover's response.

Request No. 3: Takeover has not produced all documents responsive to this request. Takeover identified DEF006-DEF00419 as

responsive documents. However, the referenced documents do not include financial statements for each month of 2022, as requested. Please supplement Takeover's response.

Request No. 9: Takeover has not produced all documents in response to this request. Takeover cannot seriously contend that it does not have any communications between Mr. Deppoleto and Takeover and/or any of Takeover's owners, directors, employees, or agents regarding Mr. Deppoleto's loan of $386,773.86 to Takeover. Please supplement Takeover's response.

Request No. 10: Takeover has not produced all documents in response to this request. Takeover cannot seriously contend that it does not have any communications between Mr. Deppoleto and Takeover and/or any of Takeover's owners, directors, employees, or agents regarding Mr. Deppoleto's loan of $128,924.62 to Takeover. Please supplement Takeover's response.

Request No. 11: Takeover has not produced all documents in response to this request. Takeover cannot seriously contend that it does not have a single document or communication relating to Takeover's Board of Directors meeting in December 2021. Please supplement Takeover's response.

Request No. 12: Takeover has not produced all documents in response to this request. Takeover cannot seriously contend that it does not have any communications relating to the November 2022 Board of Directors meeting. Please supplement Takeover's response.

Request No. 18: Takeover has not produced all documents in response to this request. Takeover indicated that several of its officers held positions at both Takeover and NextGen during the same timeframe. Accordingly, there must be records or communications that those individuals created while working for Takeover that relate to Takeover's business. Please supplement Takeover's response.

Request No. 19: Takeover has not produced all documents in response to this request. Takeover indicated that several of its officers held positions at both Takeover and NextGen during the same timeframe. As such, Takeover cannot seriously contend that

none of Takeover's officers had any communications with NextGen's officers. Please supplement Takeover's response.

Request No. 21: Takeover has not produced all documents in response to this request. Takeover indicated that several of its officers held positions at both Takeover and NextGen during the same timeframe. As such, Takeover cannot seriously contend that none of Takeover's officers had any communications with NextGen's officers. Please supplement Takeover's response.

**SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Request No. 7: Takeover has not produced any documents in response to this request. Takeover cannot seriously contend that it does not have documents reflecting its product inventory. Please supplement Takeover's responses.

Request No. 11: Takeover has not produced any documents in response to this request. Takeover cannot seriously contend that it does not have documents reflecting its monthly financial statements for each month of 2023-2024. Please supplement Takeover's responses.

If you have questions about these issues, you may contact me directly. We look forward to receiving Takeover's supplemental responses, and responsive documents, no later than the close of business on November 8, 2024.

Very truly yours,

Patrick M. Harvey

cc: James Patrick Shea, Esq. (via email)
Bart K. Larson, Esq. (via email)
Jennifer E. Hoekel, Esq. (via email)

**HUSCH BLACKWELL**

Patrick M. Harvey
Partner

511 North Broadway, Suite 1100
Milwaukee, WI 53202
Direct: 414.978.5321
Fax: 414.223.5000
Patrick.Harvey@huschblackwell.com

November 6, 2024

**VIA EMAIL AND CERTIFIED U.S. MAIL**

Kurt R. Bonds, Esq.
David M. Sexton, Esq.
1160 North Town Center Drive, Suite 330
Las Vegas, NV 89144

Tom Zarro
1100 Boletus Drive
Henderson, NV 89011

Re: ***James Deppoleto, Jr.. v. Takeover Industries Incorporated, et al.***
District of Nevada Case No. 2:22-cv-2013

Dear Mr. Bonds and Mr. Sexton:

We are writing with regard to Defendant Tom Zarro's ("Zarro") Responses to Plaintiff's Subpoena Duces Tecum dated February 27, 2024.

As explained below, Zarro's responses contain numerous deficiencies, and their responses substantively fail to comply with their discovery obligations. This letter identifies some of these deficiencies. However, Plaintiff is not waiving – and, on the contrary, is explicitly reserving – the right to challenge Takeover's objections to any discovery request, whether identified in this letter or not.

Please supplement Zarro's responses and produce the requested documents by no later than the close of business on November 8, 2024.

> Request No. 8: Zarro has not produced all documents in response to this request. In response to Request No. 7, Zarro indicated that he directed Takeover to "make payments on bills and possibly other obligations as Takeover was able." As such, Zarro cannot seriously contend that he does not have any communications that reference a withdrawal or transfer of funds from Takeover. Please supplement Zarro's response.
>
> Request No. 14: Zarro has not produced all documents in response to this request. Zarro cannot seriously contend that he does not have

HUSCH BLACKWELL



a single communication that references his investment in NextGen. Please supplement Zarro's response.

Request No. 16: Zarro has not produced all documents in response to this request. In response to Request No. 15, Zarro identified DEF00493-509 as documents reflecting any investments or other assets acquired by NextGen at Zarro's direction. Then, in response to this request, Zarro contends that he does not have any communications that mention those same investments or assets – which is highly unlikely. Please supplement Zarro's response.

If you have questions about these issues, you may contact me directly. We look forward to receiving Zarro's supplemental responses, and responsive documents, no later than the close of business on November 8, 2024.

Very truly yours,

Patrick M. Harvey

cc: James Patrick Shea, Esq. (via email)
Bart K. Larson, Esq. (via email)
Jennifer E. Hoekel, Esq. (via email)