S. Don Bennion, Esq.
Nevada Bar No. 4530
Law Office of S. Don Bennion
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
Tel: (702) 333-0777 Fax: (702) 333-0577
email: don@bennionlaw.com

Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
Whitehead & Burnett
6980 O'Bannon Drive
Las Vegas, Nevada 89117
Tel: (702)267-6500 Fax: (702)267-6262
Email: jeff@whiteheadburnett.com
*Attorneys for Defendants*

✓ FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD
MAR 27 2025
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: ___ DEPUTY

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES V. DEPPOLETO JR.,<br>Plaintiff,<br><br>v.<br><br>TAKEOVER INDUSTRIES, INCORPORATED, *et al.*<br>Defendant. | Case NO. 2:22-cv-02013-GMN-BNW<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S RENEWED MOTION TO COMPEL DISCOVERY FROM TAKEOVER INDUSTRIES INCORPORATED, MICHAEL HOLLEY, TOBY MCBRIDE, JOSEPH PAVLIK, TOM ZARRO AND NEXTGEN BEVERAGES LLC** |

COMES NOW Defendants Takeover Industries Incorporated, Michael Holley, Toby McBride, Joseph Pavlik, Tom Zarro and NextGen Beverage, LLC, ("Defendants") by and through counsel S. Don Bennion, Esq. of the Law Office of S. Don Bennion and Jeffrey J.

Whitehead, Esq. of Whitehead & Burnett and files this Opposition to Plaintiff's Renewed Motion to Compel Discovery ("Renewed Motion") From Takeover Industries Incorporated, Michael Holley, Toby McBride, Joseph Pavlik, Tom Zarro and NextGen Beverage, LLC. This Opposition is made and based upon the papers and pleadings on file with this Court, Defendants' Memorandum of Points and Authorities, the Exhibits referenced herein, and the Declaration of S. Don Bennion, Esq., with Exhibits set forth therein.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………………3

Summary of Opposition to Renewed Motion to Compel ………………………………...4

Legal Argument……………………………………………………………………...…6

Defendants' Discovery Responses Including Amended Responses………………………9

CONCLUSION………………………………………………………………………33

## TABLE OF AUTHORITIES

### CASES

*Blankenship v. Hearst Corp.*, 519 F. 2d 418, 429 (9th Cir. 1975)…………………………8

*F.T.C. v. AMG Servs., Inc.* 291 F.R.D. 544, 553 (D.Nev. 2013)…………………………7

*Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev.1999)………………………6

*Jackson v. Montgomery Ward & Co., Inc.*, 173 F.R.D. 524 (D. Nev. 1997)……………..8

*Nevada Power v. Monsanto* 151 F.R.D. 118, 120 (D. Nev. 1993)………………………..6

*ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996)…..6

*United States EEOC v. Caesaers Ent., Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006)………8

*V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019)…………………………8

## MEMORANDUM OF POINTS AND AUTHORITIES

**SUMMARY OF OPPOSITION TO RENEWED MOTION TO COMPEL**

Pursuant to this Court's January 31, 2025 Order denying Plaintiff's initial Motion to Compel, counsel for Plaintiff and Defendants conferred via telephone and in regarding the documents requested and produced herein. See Declaration of S. Don Bennion. February 11, 2025, counsel for the parties conducted a telephone conference for nearly two hours in compliance with this Court's January 31, 2025 Order. See Declaration of S. Don Bennion. Defendants have produced 1,159 additional documents responsive to Plaintiff's discovery requests from November 15, 2024, to February 20, 2025. **See Exhibit A**, Defendants' Fourteenth Supplemental List of Witnesses and Documents served February 20, 2025, p. 11, which lists the 1,159 additional documents (numbered DEF00591 to DEF01749) produced by Defendants from November 15, 2024, through February 20, 2025.

Plaintiff argues that many documents have not been produced by Defendants in response(s) to Plaintiff's multiple requests for production of documents. However, after the February 11, 2025 telephone conference between counsel, Defendants served Plaintiff February 18 and February 20, 2025, with Amended Responses to Plaintiff's Requests for Production of Documents, which more specifically identified the documents previously produced in responses to Plaintiff's requests for production of documents. *See* **Exhibits B to G** to the Declaration of S. Don Bennion, Defendants' respective Amended Responses to Plaintiff's Requests for Production of Documents.

Although Plaintiff argues that Defendants' discovery responses to Plaintiff's Requests for Production of Documents are insufficient, it is noteworthy that Plaintiff's discovery

responses are inadequate and unresponsive to Defendants' written discovery requests. See, **Exhibits H,** Plaintiff's Responses to Requests for Production and Answers to Interrogatories, p. 9 of Responses to Requests for Production.

In addition, following the abbreviated deposition of Defendant Zarro December 13, 2024, the parties have engaged in extensive negotiations regarding the scope of a proposed, stipulated protective order concerning topics of questions for Defendant Zarro, as well as regarding documents that contain proprietary information with respect to the formula for the content of the subject hydrogen water and energy drink(s) marketed and sold. See, **Exhibit I**, p. 1, correspondence between counsel regarding proposed stipulation and order for a protective order. Due recent changes in laws since the inauguration of President Trump January 20, 2025, Defendants' concerns regarding the subject matter of deposition questions for Defendant Zarro have been rendered moot and a protective order is no longer necessary with regard to Defendant Zarro's deposition testimony regarding a non-disclosure agreement concerning a company referred to in deposition as Acme. See, **Exhibit J, Declaration of Thomas Zarro**, p. 2. However, a protective order is still necessary to protect the proprietary information regarding the formulas for the content of the subject hydrogen water and energy drink(s) at issue herein. . See, **Exhibit J, Declaration of Thomas Zarro**, p. 2.

Many of the documents requested by Plaintiff are not in possession of any Defendant because in the summer and fall of 2022, Plaintiff and Takeover president, Jason Tucker, were in control of Takeover's company operations, bank accounts, and other related documents to which Defendants did not have access. See, **Exhibit K, Declaration of Michael Holley**, p. 2.

**LEGAL ARGUMENT**

The initial inquiry with any motion to compel is whether the moving party made adequate meet and confer efforts. *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev.1999). This Court has previously held that the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto* 151 F.R.D. 118, 120 (D. Nev. 1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id.* This is done when the parties "present to each other the merits of their respective positions with the same candor, specifically, and support during the informal negotiations as during the briefing of discovery motions." *Id.* Here, counsel for the parties consulted via telephone February 11, 2025, for nearly two hours regarding documents previously produced and anticipated amendments to Defendants' responses to requests for production of documents. See, Declaration of S. Don Bennion.

Plaintiff argues Defendants' objections to Plaintiff's requests for production of documents are improper and meritless as the objections are "boilerplate" in nature. Plaintiff cites to Defendant Holley's Amended Response to Request No. 1, and argues that Holley's objection that this Request is "vague and ambiguous" is an improper boilerplate objection. ECF 118, p. 11, ll.1-7. The aforesaid Request No. 1 states: "Any and all communications and documents *reflecting* shares that you hold in Labor Smart, Inc." (emphasis added). ECF 119-7, p. 2, ll. 6-14. Reflecting is not an unambiguous word. While the word "reflecting" is not

directly mentioned in Holley's objection to Request No. 1, "reflecting" is specifically identified in Defendant Zarro's objections set forth in Zarro's Amended Responses to Requests No. 1 and No. 2, which are essentially identical to the aforesaid Request No. 1 to Holley. ECF 119-10, p.3, ll. 3-18. Zarro's Amended Response to Request No. 1 reads in part as follows: "Defendant objects to this request on the grounds that it is vague and ambiguous as to the word 'reflecting,' calls for speculation, and is overly broad." ECF 119-10, p. 3, ll. 5-6. Thereafter, Zarro's Amended Response to Request No. 1 goes on to identify documents agreed to be produced following the February 11, 2025 conference between counsel and highlighted in black lettering as: " **DEF01560 to DEF01764**." ECF 119-10, p. 3, l. 8.

Plaintiff further argues that Zarro's objection to the word "'investment' as vague and ambiguous" is inappropriate boilerplate. ECF 118, p. 11, ll. 8-10. Here again, the objection is specified as to one word in the context of the subject Request which is vague and ambiguous. Plaintiff's own descriptions of monies Plaintiff allegedly contributed to Defendant Takeover in 2022 necessitate this objection to "investment" as vague and ambiguous, as set forth in Plaintiff's First Amended Complaint and Motion for Partial Summary Judgment. The First Amended Complaint filed September 19, 2023, reads: "As of May 25, 2022, Deppoleto holds a valid and binding *debt interest* in Takeover." ECF 25, p. 7, l. 21. Plaintiff's Motion for Partial Summary Judgment filed January 10, 2025, states: "Between May 25, 2022, and November 4, 2022, by way of three Promissory Notes and two Supplemental Loans, Deppoleto loaned Takeover the principal sum of $2,015,698.48." ECF 100, p. 3, ll. 8-9.

Contrary to Plaintiff's assertions in the Renewed Motion to Compel, Defendants' objections are not improper and meritless, let alone boilerplate in form. As set forth in *F.T.C. v. AMG Servs., Inc.* 291 F.R.D. 544, 553 (D.Nev. 2013), Defendants herein, as the parties

objecting to discovery, bear the burden of persuasion on their objections. In this case, discovery requests using words such as "reflecting" and "investment" are proper subjects of specific objections set forth by Defendants. *United States EEOC v. Caesaers Ent., Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

A party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. See, *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019). Arguments against discovery must be supported by "specific examples and articulated reasoning." *Id.* (citation omitted). District courts enjoy wide discretion in deciding relevancy for discovery purposes, and relevance for the purposes of discovery is defined broadly. *Id.* (citation omitted). The person resisting discovery carries the heavy burden of showing why discovery should be denied. *Blankenship v. Hearst Corp.,* 519 F. 2d 418, 429 (9th Cir. 1975). To meet this burden, the objecting person must allege specific facts, which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence, or sufficient detail regarding the time, money and procedures required to comply with the purportedly improper request. *Jackson v. Montgomery Ward & Co., Inc.*, 173 F.R.D. 524 (D. Nev. 1997) (citations omitted).

Contrary to Plaintiff's claims, Defendants have produced text messages between themselves related to this lawsuit. **See, Exhibit A, p. 11, l. 17**. In this case, the Defendants have provided sufficient responses to Plaintiff's discovery requests in their six amended responses to requests for production of documents served February 18 and 20, 2025, as well as in Defendants' Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, and Fourteenth Supplemental Discovery Responses to Requests for Production of Documents served from January 7 through February 20, 2025. See, **Exhibits A to G**.

**DEFENDANTS' DISCOVERY RESPONSES INCLUDING AMENDED RESPONSES**

It is important to note that Defendants'Amended Discovery Responses served following counsels' February 11, 2025 discovery conference were highlighted in **black lettering**. (emphasis added). Therefore, the highlighted black lettering is contained in the following Amended Responses served February 18 and 20, 2025. However, most of the documents highlighted in black lettering were served between November 15, 2024, and January 31, 2025.

Herein, Defendants' Opposition to Plaintiff's Renewed Motion to Compel addresses those discovery responses that Plaintiff claims are deficient.

**First Set of Requests for the Production of Documents**

**Request No. 9:**

Any and all communications between Mr. Deppoleto and Takeover and/or any of Takeover's owners/directors/employees/agents related to Mr. Deppoleto lending Takeover $386,773.86 in or about October 2022.

**Amended Response to Request No. 9:**

Responding Party is not aware of any responsive documents at this time. **See DEF01375-DEF01384. Defendants object to this Request to the extent it may call for a legal conclusion.** Discovery is ongoing and Responding Party reserves the right to supplement these responses when and if more information becomes available.

**Request No. 10:**

Any and all communications between Mr. Deppoleto and Takeover and/or any of Takeover's owners, directors, officers, employees, contractors and/or agents related to Mr. Deppoleto funding Takeover $128,924.62 in or about October 2022.

**Amended Response to Request No. 10:**

Responding Party is not aware of any responsive documents at this time. **See DEF01375-DEF01384. Defendants object to this Request to the extent it may call for a legal conclusion.** Discovery is ongoing and Responding Party reserves the right to supplement these responses when and if more information becomes available.

**LEGAL ARGUMENT**

These documents identified in the Amended Responses to Requests No. 9 and No. 10 were produced to Plaintiff January 7, 2025.

**Request No. 11:**

Any and all documents related to Takeover's Board of Directors meeting in December 2021, including, but not limited to, any and all communications relating to the same, as well as proposed or passed resolutions, meeting minutes and meeting summaries.

**Amended Response to Request No. 11:**

Responding Party is not aware of any responsive documents at this time. **See DEF00001-DEF00011; See also DEF00527. Defendants object to this Request to the extent that it is vague and ambiguous.** Discovery is ongoing and Responding Party reserves the right to supplement these responses when and if more information becomes available.

**LEGAL ARGUMENT**

These documents were produced to Plaintiff in Defendants' Initial Production of Documents.

**Request No. 12:**

Any and all documents related to Takeover's Board of Directors meeting in November 2022, including but not limited to, any and all communications relating to the same, as well as proposed or passed resolutions, meeting minutes and meeting summaries.

**<u>Amended Response to Request No. 12:</u>**

See DEF00001-DEF00011. **See also, DEF00534-00550, DEF00565-00566, DEF00589-00590; See also, Declaration of Joseph Pavlik January 31, 2025, 0025-0030, Exhibit D to Defendants' Opposition to Motion for Partial Summary Judgment; See also, Declaration of Toby McBride January 31, 2025, 0013-0017, Exhibit B to Defendants' Opposition to Motion for Partial Summary Judgment; See also, Declaration of Michael Holley January 31, 2025, 0018 – 0023, Exhibit C to Defendants' Opposition to Motion for Partial Summary Judgment.** Discovery is ongoing and Responding Party reserves the right to supplement these responses when and if more information becomes available.

**LEGAL ARGUMENT**

As set forth in the above-referenced Declarations of Michael Holley, Toby McBride, and Joseph Pavlik submitted in support of Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment, Plaintiff and Jason Tucker gained and maintained control of Takeover's website, email accounts, and bank accounts until November/December 2022, making Defendants' access to these subject documents restricted and incomplete.

**<u>Request No. 18:</u>**

All Records or Communications that any of NextGen's owners/directors/employees/agents created while working for Takeover that in any way arise out of relate to Takeover's business.

**<u>Amended Response to Request No. 18:</u>**

Responding Party does not have any documents responsive to this Request. **See DEF01271-DEF01280; see also, DEF01372-01374. Defendants object to this Request that it is vague and ambiguous.**

Discovery is ongoing and Responding Party reserves the right to supplement these responses when and if more information becomes available.

**LEGAL ARGUMENT**

Defendants' Responses to this Request were supplemented in December 2024, and January 2025, as set forth in this Amended Response. See Exhibit A, p. 10, paras. 62, 63, and 73.

**Request No. 19:**

All Records or Communications of any Takeover Records or Communication that Takeover's owners/directors/employees/agents shared with NextGen's owners/directors/employees/agents.

**Amended Response to Request No. 19:**

Responding Party is not aware of any documents responsive to this Request. **See, DEF01370-DEF01384. Defendants object to this Request on the grounds that it is vague and ambiguous and overly broad as to time, definition(s), and manner of communication.**

Discovery is ongoing and Responding Party reserves the right to supplement these responses when and if more information becomes available.

**LEGAL ARGUMENT**

The Amended Response to Request No. 19 does identify responsive documents produced contrary to Plaintiff's argument herein.

**Request No. 21:**

All Records or Communications that Takeover's owners/directors/employees/agents sent to NextGen at any point between January 1, 2021 and the present.

**Amended Response to Request No. 21:**

Responding Party is unaware of any documents responsive to this Request. While some of Responding Party's board/officers may have held positions at both Takeover and NextGen during the same timeframe, and they may therefore have some knowledge of each company, as stated above, Responding Party is unaware of any documents that would be responsive to this Request. **See DEF-1372-DEF01374; See also, DEF01533, DEF01538-01545.**

Discovery is ongoing and Responding Party reserves the right to supplement these responses when and if more information becomes available.

**LEGAL ARGUMENT**

Here again, Plaintiff does not acknowledge that Defendants have identified documents responsive to this Request in his Renewed Motion to Compel.

**Second Set of Requests for the Production of Documents**

**Request For Production No. 7:**

And and all documents and communications reflecting product inventory held by Takeover.

**Amended Response to Request No. 7:**

Responding Party is unaware of any product inventory currently held by Takeover. Please see DEF00336-DEF00339 which do reference Takeover product inventory in the past. **See also, DEF01301; See also, DEF01362-DEF01371.** Responding Party reserves the right to supplement this response if and when more information becomes available.

**LEGAL ARGUMENT**

As set forth in the above-referenced Declarations of Michael Holley, Toby McBride, and Joseph Pavlik submitted in support of Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment, Plaintiff and Jason Tucker gained and maintained control of

Takeover's website, email accounts, and bank accounts until November/December 2022, making Defendants' access to these subject documents restricted and incomplete.

**Third Set of Requests for the Production of Documents**

**Request For Production No. 1:**

And and all documents that contain the product formulation for products that were sold by Takeover, including but not limited to, Hydrogen Water and Gamer shots.

**Amended Response to Request No. 1:**

Defendant objects to this request on the grounds that it calls for proprietary documentation, possibly including trade secret information/documentation, legal conclusions, is vague and ambiguous, overly broad, calls for speculation, and lacks foundation. Discovery is continuing and this response will be supplemented as warranted. **See DEF01088 to DEF01106; See also, DEF01107 to DEF01135.**

**LEGAL ARGUMENT**

A protective order is still necessary to protect the proprietary information regarding the formulas for the content of the subject hydrogen water and energy drink(s) at issue herein. See, **Exhibit J**, Declaration of Thomas Zarro. Defendants' Amended Response to Request No. 1 identifies documents, also identified in their privilege log (See Exhibit A) in need of the protection of confidentiality. As a result, due to the parties inability to agree on a proposed Stipulation and Order for a Protective Order, Defendants will file a motion for protective order regarding these issues. **See Exhibit I**, correspondence between counsel regarding a proposed protective order.

**Request For Production No. 2:**

And and all communications and documents reflecting shares that you hold in Labor Smart, Inc.

**<u>Amended Response to Request No. 2:</u>**

Defendant objects to this request on the grounds that it calls for a legal conclusion, is vague and ambiguous as to the phrase "reflecting shares that you hold," may call for speculation, and is overly broad. Notwithstanding these objections, see DEF00591 to DEF00884. **See also, DEF01530-01531.** Discovery is continuing and this response will be supplemented as warranted.

**LEGAL ARGUMENT**

Additional documents responsive to this Request have been produced by Takeover with Defendants' 14th Supplemental Production of Documents, as well as documents DEF01560 to DEF01734.

**<u>Request For Production No. 3:</u>**

Any and all communications and documents reflecting the purchase, sale or transfer of shares that you once held or continue to hold in Labor Smart, Inc.

**<u>Amended Response to Request No. 3:</u>**

Defendant objects to this request on the grounds that it calls for a legal conclusion, is vague and ambiguous as to the phrase "reflecting shares that you hold," may call for speculation, and is overly broad. Notwithstanding these objections, see DEF 00591 to DEF00884. **See also, DEF01530-01531.** Discovery is continuing and this response will be supplemented as warranted.

**LEGAL ARGUMENT**

See Legal Argument response to Request for Production No. 2.

**Request For Production No. 4:**

Any and all communications between you and any Defendant in this lawsuit (Takeover, Holley, McBride, Pavlik, Zarro, NextGen Beverages) since January 1, 2022, that references Mr. Deppoleto or his investment in Takeover.

**Amended Response to Request No. 4:**

Defendant objects to this request on the grounds that it is vague and ambiguous as to the phrases "any and all communications" and "his investment," my call for speculation and legal conclusions, and is overly broad. Notwithstanding these objections, see DEF00591 to DEF00884, **See also, DEF00534 to DEF00547; See also, DEF00874 to DEF00918.** Additional documents such as DEF01458 to DEF01462, and DEFDiscovery is continuing and this response will be supplemented as warranted.

**LEGAL ARGUMENT**

Defendants' documents produced are referenced above, as well as text messages produced between Defendants Holley and Zarro DEF01538 to 01545. Further 16 pages of additional text messages discovered between Tom Zarro and Toby McBride are produced concurrently herewith. See, DEF01750 to DEF01765.

**Request For Production No. 5:**

Any and all communications between you and any Defendant in this lawsuit (Takeover, Holley, McBride, Pavlik, Zarro, NextGen Beverages) since January 1, 2022, that reference the creation of NextGen Beverages.

**Amended Response to Request No. 5:**

See response to request No. 4.

**LEGAL ARGUMENT**

A protective order is necessary to protect the proprietary information regarding the formulas for the content of the subject hydrogen water and energy drink(s) at issue herein. As set forth in Defendants' privilege log, documents DEF01088 to DEF01106 and others necessitate the issuance of a protective order herein. Due to the parties inability to agree on a proposed Stipulation and Order for a Protective Order, Defendants will file a motion for protective order regarding these issues. **See Exhibit I**, correspondence between counsel regarding a proposed protective order.

**HOLLEY'S DISCOVERY RESPONSES**

**Third Set of Requests for the Production of Documents**

**Request For Production No. 1:**

Any and all communications and documents reflecting shares that you hold in Labor Smart, Inc.

**Amended Response To No. 1:**

Defendant objects to this request on the grounds it is vague and ambiguous, calls for legal conclusion, and is overly broad. Notwithstanding these objections, see DEF00001 to DEF00884. **See also, DEF01560 to DEF01744.** Discovery is continuing and this response will be supplemented as warranted.

**Request For Production No. 2:**

And and all communications and documents reflecting the purchase, sale, or transfer of shares that you once held or continue to hold in Labor Smart, Inc.

**Amended Response to Request No. 2:**

Defendant objects to this request on the grounds that it is vague and ambiguous, calls ro legal conclusion, calls for speculation as to time, and is overly broad. Notwithstanding these

objections, see DEF00001 to DEF00884. **See also, DEF01560 to DEF011744.** Discovery is continuing and this response will be supplemented as warranted.

**LEGAL ARGUMENT**

The aforesaid Requests No. 1 and No. 2 read similarly and No. 1 states: "Any and all communications and documents *reflecting* shares that you hold in Labor Smart, Inc." Reflecting is not an unambiguous word and Holley's objection is properly made with reference to the documents made.

**Request For Production No. 3:**

Any and all communications between you and any Defendant in this lawsuit (Takeover, Holley, McBride, Pavlik, Zarro, NextGen Beverages) since January 1, 2022, that references Mr. Deppoleto or his investment in Takeover.

**Amended Response to Request No. 3:**

Defendant objects to this request on the grounds that it is vague and ambiguous as to the phrases "any and all communications" and does not specify a time period, is duplicative, may call for speculation and legal conclusions, and is overly broad. Notwithstanding these objections, see DEF00591 to DEF00884. **See also, DEF000534 to DEF00550.** Discovery is continuing and this response will be supplemented as warranted.

**LEGAL ARGUMENT**

Holley has produced text messages with Tom Zarro. See DEF01538 to DEF01545, as well as other documents as set forth therein.

**Request For Production No. 4:**

Any and all communications between you and any Defendant in this lawsuit (Takeover, Holley, McBride, Pavlik, Zarro, NextGen Beverages) since January 1, 2022, that reference the creation of NextGen Beverages.

**Amended Response to Request No. 4:**

See response to request No. 3. **See also, DEF01271 to DEF01280; See also, DEF01304 to DEF01361; See also, DEF01538 to 01545.**

**LEGAL ARGUMENT**

The above-referenced documents are responsive to said Request No. 4.

**MCBRIDE'S DISCOVERY RESPONSES**

**Third Set of Requests for the Production of Documents**

**Request For Production No. 1:**

Any and all communications and documents reflecting shares that you hold in Labor Smart, Inc.

**Amended Response to Request No. 1:**

Defendant objects to this request on the grounds it calls for legal conclusion, is vague and ambiguous and to the phrases "and and all communications" and "reflecting shares that you hold," may call for speculation, and is overly broad. Notwithstanding these objections, see DEF00001 to DEF00848. **See also, DEF01560 to DEF01744.** Discovery is continuing and this response will be supplemented as warranted.

**Request For Production No. 2:**

Any and all communications and documents reflecting the purchase, sale, or transfer of shares that you once held or continue to hold in Labor Smart, Inc.

**Amended Response to Request No. 2:**

Defendant objects to this request on the grounds that it calls for a legal conclusion, is vague and ambiguous to the phrases "and and all communications" and "reflecting shares that you hold," may call for speculation, and is overly broad. Notwithstanding these objections, see DEF00001 to DEF00848. **See also, DEF01560 to DEF01744.** Discovery is continuing and this response will be supplemented as warranted.

**LEGAL ARGUMENT**

The aforesaid Requests No. 1 and No. 2 read similarly and No. 1 states: "Any and all communications and documents *reflecting* shares that you hold in Labor Smart, Inc." Reflecting is not an unambiguous word and McBride's objection is properly made with reference to the documents made.

**Request For Production No. 3:**

Any and all communications between you and any Defendant in this lawsuit (Takeover, Holley, McBride, Pavlik, Zarro, NextGen Beverages) since January 1, 2022, that references the creation of NextGen Beverages.

**Amended Response to Request No. 3:**

Defendant objects to this request on the grounds that it is vague and ambiguous as to the phrases "any and all communications" and does not specify a time period, is duplicative, may call for speculation and legal conclusions, and is overly broad. Notwithstanding these objections, see DEF00591 to DEF00884. Discovery is continuing and this response will be supplemented as warranted.

**LEGAL ARGUMENT**

McBride has produced text messages with Tom Zarro. See DEF01750 to DEF01765, as well as other documents as set forth therein. However, McBride has never been part of NextGen Beverages.

**Request For Production No. 4:**

Any and all communications between you and any Defendant in this lawsuit (Takeover, Holley, McBride, Pavlik, Zarro, NextGen Beverages) since January 1, 2022, that reference the creation of NextGen Beverages. **Amended Response to Request No. 4:**

See response to request No. 4 .

**PAVLIK'S DISCOVERY RESPONSES**

**Third Set of Requests for the Production of Documents**

**Request For Production No. 1:**

And and all documents that contain the product formulations for products that were sold by Takeover, including but not limited to, Hydrogen Water and Gamer shots.

**Amended Response to Request No. 1:**

Defendant objects to this request on the grounds that it calls for proprietary documentation, possibly including trade secret information/documentation, legal conclusions, is vague and ambiguous, overly broad, calls for speculation, and lacks foundation. Discovery is continuing and this response will be supplemented as warranted. **See DEF001088 to DEF01106; see also DEF01113 to DEF01135.**

**LEGAL ARGUMENT**

While Plaintiff claims that Pavlik has produced only two documents responsive, DEF01088 to DEF01106 as redacted may be relevant yet a protective order is necessary to

protect this proprietary information as set forth hereinabove. These documents state at the bottom of the page as "Confidential- Takeover Industries, Inc.- All rights reserved."

**<u>Request For Production No. 2:</u>**

And and all documents that contain the product formulations for products that have ever been sold by NextGen, including but not limited to, Hydrogen-enriched waters, Nootropic performance beverages, and Artesian Water.

**<u>Amended Response to Request No. 2:</u>**

Defendant objects to this request on the grounds that it calls for proprietary documentation, possibly including trade secret information/documentation, legal conclusions, is vague and ambiguous, overly broad, calls for speculation, and lacks foundation. Discovery is continuing and this response will be supplemented as warranted. **Notwithstanding these objections, see DEF01291 to 01293; see also, DEF01534 to 01537.**

**LEGAL ARGUMENT**

Plaintiff claims that Pavlik has produced only two documents responsive, DEF01088 to DEF01106 as redacted may be relevant yet a protective order is necessary to protect this proprietary information as set forth hereinabove. These documents state at the bottom of the page "Confidential- Takeover Industries, Inc.- All rights reserved."

**<u>Request For Production No. 3:</u>**

Any and all communications reflecting shares that you hold in Labor Smart, Inc.

**<u>Amended Response to Request No. 3:</u>**

Defendant objects to this request on the grounds that it is vague and ambiguous as to the phrases "reflecting" calls for legal conclusion, and is overly broad. Discovery is continuing and this response will be supplemented as warranted. **See DEF01530-01531.**

**LEGAL ARGUMENT**

The aforesaid Request states: "Any and all communications and documents *reflecting* shares that you hold in Labor Smart, Inc." Reflecting is not an unambiguous word and Pavlik's objection is properly made with reference to the documents made.

**Request For Production No. 4:**

Any and all communications and documents reflecting the purchase, sale, or transfer of shares that you once held or continue to hold in Labor Smart, Inc.

**Amended Response to Request No. 4:**

Defendant objects to this request on the grounds that it is vague and ambiguous as to the word "reflecting," calls for legal conclusion, and is overly broad. Discovery is continuing and this response will be supplemented as warranted. **See DEF01530-01531.**

**LEGAL ARGUMENT-** Reflecting is not an unambiguous word and Pavlik's objection is properly made with reference to the documents requested. Further, the documents identified above are responsive to this Request.

**Request For Production No. 5:**

Any and all communications between you and any Defendant in this lawsuit (Takeover, Holley, McBride, Pavlik, Zarro, NextGen Beverages) since January 1, 2022, that references Mr. Deppoleto or his investment in Takeover.

**Amended Response to Request No. 5:**

Defendant objects to this request on the grounds that it is vague and ambiguous as to the phrases "any and all communications," is duplicative, may call for speculation, violation of the attorney-client, work product privilege, and legal conclusions regarding the word "investment,"

and is overly broad. **Notwithstanding these objections, see DEF00589-00590; see also, DEF01458.** Discovery is continuing and this response will be supplemented as warranted.

**LEGAL ARGUMENT** See objections set forth above.

**Request For Production No. 6:**

Any and all communications between you and any Defendants in this lawsuit (Takeover, Holley, McBride, Pavlik, Zarro, NextGen Beverages) since January 1, 2022, that reference the creation of NextGen Beverages.

**Amended Response to Request No. 6:** See response to request No. 5. **See also, DEF01530 to 01531.**

**LEGAL ARGUMENT** See objections set forth above.

**ZARRO'S DISCOVERY RESPONSES**

**Responses to Subpoena Duces Tecum**

**Subpoena Duces Tecum Request No. 8:**

And and all communications between you and any individual that reference any withdrawal or transfer of funds from Takeover.

**Amended Response to Subpoena Duces Tecum Request No. 8:**

Responding Party is unaware of any documents responsive to this Request. Discovery is ongoing and Responding Party reserves the right to supplement this Response when and if additional information becomes available. **See DEF001463 to DEF01503; see also, DEF01372 to DEF01374; see also DEF01271 to DEF01280.**

**LEGAL ARGUMENT**

The relevant documents have been identified as set forth above.

**Subpoena Duces Tecum Request No. 14:**

Any and all communications between You and any individual that mention any investments that You made in NextGen Beverages LLC.

**Amended Response Subpoena Duces Tecum Request No. 14:**

Responding Party has performed a diligent review of his records and is unaware of any documents responsive to this Request. Discovery is ongoing and Responding Party reserves the right to supplement these responses when and if more information becomes available. **See DEF01538 to 01545; see also, DEF01560 to 01764.**

**LEGAL ARGUMENT**

See also DEF01385 to DEF01406.

**Third Set of Requests for the Production of Documents**

**Request For Production No. 1:**

Any and all communications and documents reflecting shares that you hold in Labor Smart, Inc

**Amended Response to Request No. 1:**

Defendant objects to this request on the grounds that it is vague and ambiguous as to the word "reflecting" calls for legal conclusion, and is overly broad. Notwithstanding these objections, see DEF00285 to DEF00868. Discovery is continuing and this response will be supplemented as warranted. **See also, DEF01560 DEF01764.**

**Request For Production No. 2:**

Any and all communications and documents reflecting the purchase, sale, or transfer of shares that you once held or continue to hold in Labor Smart, Inc.

**Amended Response to Request No. 2:**

Defendant objects to this request on the grounds that it is vague and ambiguous as to the word "reflecting," calls for legal conclusion, and is overly broad. Notwithstanding these objections, see DEF00285 to DEF00868. Discovery is continuing and this response will be supplemented as warranted. **See also, DEF01560 to DEF01764.**

**<u>Request For Production No. 3:</u>**

Any and all communications between you and any Defendant in this lawsuit (Takeover, Holley, McBride, Pavlik, Zarro, NextGen Beverages) since January 1, 2022, that references Mr. Deppoleto or his investment in Takeover.

**<u>Amended Response to Request No. 3:</u>**

Defendant objects to this request on the grounds that it is vague and ambiguous as to the term "investment", may call for speculation, lacks foundation, calls for legal conclusion, and is overly broad, duplicative and unduly burdensome. Notwithstanding these objections, see **DEF00534 to 00550; see also, DEF01107 to 01112.** Discovery is continuing and this response will be supplemented as warranted.

**<u>Request For Production No. 4:</u>**

Any and all communications between you and any Defendants in this lawsuit (Takeover, Holley, McBride, Pavlik, Zarro, NextGen Beverages) since January 1, 2022, that reference the creation of NextGen Beverages.

**<u>Amended Response to Request No. 4:</u>**

See response to request No. 3. **See DEF001372 to 01374; see also,DEF01385-1406 .**

**LEGAL ARGUMENT**

See also, DEF01538 to DEF01545. A protective order is still necessary to protect the proprietary information regarding the formulas for the content of the subject hydrogen water and energy drink(s) at issue herein.

**NEXTGEN'S DISCOVERY RESPONSES**

**First Set of Requests for the Production of Documents**

**Request No. 3:**

Any and all documents containing monthly financial statements of NextGen (including balance sheets, profits and loss statements, statements of cash flows, and any other financial statement forms maintained by Next(Gen) for each month of 2023.

**Amended Response Request No. 3:**

Objection. This request is vague and ambiguous as to the terms "monthly financial statements." Responding Party also objects that this request seeks confidential and proprietary information. Subject to, and without waiving, the foregoing objections, Responding Party responds as follows:

Responding Party is in the process of reviewing documents in its possession, custody, or control for any other documents it may have responsive to this request. Responding Party will supplement this response with additional documents when/if such documents become available. Discovery is ongoing and Responding Party reserves the right to supplement these responses when and if more information becomes available. **See DEF01271 to 01290; see also, DEF 01385 to DEF01415; DEF01528-01529.**

**Request No. 6:**

Any and all documents and communications reflecting any assets and products acquired by NextGen, including the consideration exchanged for the assets.

**Amended Response to Request No. 6:**

Objection. This request is vague and ambiguous as to the terms "assets and products acquired by NextGen." Responding Party also objects that this request is overbroad and not limited in time and scope and seeks information irrelevant to this matter and beyond the scope of discovery information in this matter. Responding Party also objects that this request seeks confidential and proprietary information. Subject to, and without waiving, the foregoing objections, Responding party responds as follows:

Responding Party is in the process of reviewing documents in its possession, custody, or control for any other documents it may have responsive to this request. Responding Pary will supplement this response with additional documents when/if such documents become available. **See DEF00689 to DEF00803; See also, DEF01372 to 01384; See also, DEF01271 to 01290. See also, DEF01385 to DEF01415; See also, DEF01528-DEF01529; See also, DEF01534-DEF01537.** Discovery is ongoing and Responding Party reserves the right to supplement these responses when and if more information becomes available.

**Request For Production No.8:**

Any and all documents reflecting any agreement between NextGen and any brand ambassadors of NextGen, including but not limited to, Manny Pacquiao.

**Amended Response to Request No. 8:**

Objection. This request is vague and ambiguous as to the terms "agreement" and "brand ambassadors." Responding Party also objects that this request is overbroad and not limited in time and scope and seeks information irrelevant to this matter and beyond the scope of discovery information in this matter. Responding party also objects that this request seeks confidential and proprietary information.

Subject to the foregoing objections, Responding Party responds as follows:

Responding Party is in the process of reviewing documents in its possession, custody, or control for any other documents it may have responsive to this request. Responding Pary will supplement this response with additional documents when/if such documents become available. **See, DEF01304 to DEF01361.** Discovery is ongoing and Responding Party reserves the right to supplement these responses when and if more information becomes available.

**Second Set of Requests for the Production of Documents**

**Request For Production No. 7:**

Any and all documents and communications reflecting product inventory held by NextGen.

**Amended Response to Request No. 7:**

Responding Party is unaware of any documents responsive to this request. . **See DEF00689 to DEF00803; See also, DEF01372 to 01384; See also, DEF01271 to 01290. See also, DEF01385 to DEF01415; See also, DEF01528-DEF01529; See also, DEF01534-DEF01537.** Responding Party reserves the right to supplement this response if and when more information becomes available.

**Third Request for the Production of Documents**

**Request For Production No. 1:**

Any and all documents that contain the product formulations for products that have ever been sold by NextGen, including but not limited to, Hydrogen-enriched waters, Nootropic performance beverages, and Artesian Water.

**Amended Response to Request No. 1:**

Defendant objects to this request on the grounds that it calls for proprietary documentation, possibly including trade secret information/documentation, legal conclusions, is vague and ambiguous, overly broad, calls for speculation, and lacks foundation. Notwithstanding these objections, see DEF00591 to DEF00884. **To the extent the following documents could be relevant to this Request, see also, DEF01291 to DEF01293; see also, DEF01534 to DEF01537 ("Confidential"- subject to a Stipulation and/or Motion for Protective Order).** Discovery is continuing and this response will be supplemented as warranted.

**Request For Production No. 2:**

Any and all communications and documents, between January 1, 2022, and present, arising out of or relating to any solicitation or anticipated solicitation of any supplier, vendor, brand ambassador, or vendor of Takeover's with whom/which NextGen worked or attempted to solicit.

**Amended Response to Request No. 2:**

Defendant objects to this request on the grounds that it is vague and ambiguous as to the phrases "anticipated solicitation", **"or vendor of Takeover's with whom/which NextGen worked or attempted to solicit,"** may call for speculation and legal conclusions, and is overly broad. Notwithstanding these objections, see DEF00591 to DEF00884. **To the extent the following documents could be relevant to this Request, see also, DEF01294 to DEF01300 and DEF01304 to DEF01361.** Discovery is continuing and this response will be supplemented as warranted.

**Request For Production No. 3:** Any and all communications and documents reflecting shares that you hold in Labor Smart, Inc.

**Amended Response to Request No. 3:**

Defendant objects to this request on the grounds that it calls for a legal conclusion, is vague and ambiguous as to the phrase "reflecting the shares that you hold", may call for speculation, and is overly broad. Notwithstanding these objections, see DEF00591 to DEF00884. **To the extent the following documents could be relevant to this Request, see also, DEF01281 to DEF01290; see also, DEF01528 to DEF01531; see also, DEF01560 to DEF01734.** Discovery is continuing and this response will be supplemented as warranted.

**Request for Production No. 4**

Any and all communications and documents reflecting the purchase, sale, or transfer of shares that you once held or continue to hold in Labor Smart, Inc.

**Amended Response to Request No. 4:**

Defendant objects to this request as it calls for a legal conclusion, is vague and ambiguous as to the phrase, "reflecting shares that you held, **or continue to hold"** may call for speculation, and is overly broad. Notwithstanding these objections, see DEF00591 to DEF00884. **See Amended Response to Request No. 4.** Discovery is continuing and this response will be supplemented as warranted.

**Request for Production No. 5:**

Any and all communications between you and any Defendant in this lawsuit (Takeover, Holley, McBride, Pavlik, Zarro, NextGen Beverage) since January 1, 2022, that references Mr. Deppoleto or his investment in Takeover.

**Amended Response to Request No. 5:**

Defendant objects to this request on the grounds that it is vague and ambiguous as to the phrases "any and all communications" and "his investment", may call for speculation and legal

conclusions, and is overly broad. Notwithstanding these objections, see DEF00591 to DEF00884. **See also, DEF00547, DEF00589-590, DEF01375-01384; DEF01458; DEF01740-01743.** Discovery is continuing and this response will be supplemented as warranted.

**Request for Production No. 6:**

Any and all communications between you and any Defendant in this lawsuit (Takeover, Holley, McBride, Pavlik, Zarro, NextGen Beverages) since January 1, 2022, that reference the creation of NextGen Beverages.

**Amended Response to Request No. 6:**

See response to request No. 5. **Defendant objects to this request on the grounds that it is vague and ambiguous as to the phrases "any and all communications," and may call for speculation and legal conclusions, and is overly broad. Notwithstanding these objections, see DEF00591 to DEF00884; see also, DEF01281-DEF01280; see also, DEF01372-01374; see also, DEF01385-01406; DEF01528-01529; DEF01735-01737.**

**LEGAL ARGUMENT**

These discovery responses are detailed and specific in the references which identify relevant, responsive documentation.

**OTHER DISCOVERY RESPONSES**

These "other discovery responses" relate to the ongoing deposition of Thomas Zarro which the parties have agreed to reconvene. These documents regard Plaintiff's relationship with the Takeover Board of Directors (DEF01113 to DEF01135), communications with Jason Tucker (DEF0547), and insurance policies (DEF0591 to DEF0688, DEF01559) have been responded to by Defendants via supplemental productions of documents as set forth in

undersigned counsel's February 20, 2025 letter. See also, **Exhibit K**, Declaration of Michael Holley, p. 2.

**CONCLUSION**

In accordance with the foregoing, Defendants submit that Plaintiff's Renewed Motion to Compel must be denied regarding Plaintiff's claims for production of documents. Defendants do not object to Defendant Zarro's deposition continuing for a period of one or two hours. In summary, while Defendants acknowledge that the continued deposition of Defendant Zarro, which counsel for the parties concurred would not take more than an hour or two, may be Defendants' responsibility, no additional aspect of Plaintiff's Renewed Motion to Compel should be granted by this Honorable Court. In addition, Plaintiff's Renewed Motion must be considered through the lense of Plaintiff's own discovery responses in this case.

Therefore, Defendants respectfully request that this Court deny Plaintiff's Renewed Motion to Compel because Defendants have properly supplemented their discovery responses as set forth herein, and counsel for the parties previously agreed to continue and resume the deposition of Defendant Zarro December 13, 2024.

Dated this 26th day of March 2025.

Law Office of S. Don Bennion

*/s/S. Don Bennion, Esq.*

S. Don Bennion, Esq.
Nevada Bar No. 4530
Law Office of S. Don Bennion
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
email: don@bennionlaw.com

## CERTIFICATE OF SERVICE

On March 27th , 2025 I served the following document(s): **DEFENDANTS' OPPOSITION TO PLAINTIFF'S RENEWED MOTION TO COMPEL DISCOVERY FROM TAKEOVER INDUSTRIES INCORPORATED, MICHAEL HOLLEY, TOBY MCBRIDE, JOSEPH PAVLIK, TOM ZARRO AND NEXTGEN BEVERAGE LLC**

2. The document(s) were served by the following means to the person(s) as listed below:

X☐ a. ECF System

☐ c. Personal Service:

I personally delivered the documents(s) to the persons at these addresses:

☐ For a party represented by an attorney, delivery was mad by handling the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge, by leaving the document(s) in a conspicuous place in the office.

☐ For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

d. By direct email (as opposed to the ECF system): Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the person(s) at the email addresses listed below. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful.

**James Patrick Shea, Esq.**
Nevada Bar No. 405
**Bart K. Larsen, Esq.**
Nevada Bar NO. 8538
**Kyle M. Wyant, Esq.**
Nevada Bar No. 14652
SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134

**Kurt R. Bonds, Esq.**
Nevada Bar No. 6228
**David M. Sexton, Esq.**
Nevada Bar No. 14951
HALL & EVANS, LLC
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
T: 702-998-1022

T: 702-471-7432 F: 702-926-9683
blarsen@shea.law
kwyant@shea.law
*Attorneys for Plaintiff*

nvefile@hallevans.com
bondsk@hallevans.com
sextond@hallevans.com
*Attorneys for Defendants*

**Jennifer Hoekel, Esq.**
Nevada Bar No. 12775
Husch Blackwell LLP
8001 Forsyth Boulevard Suite 1500
St. Louis, Missouri 63105
T: 314-480-1500
Jennifer.hoekel@huschblackwell.com
*Attorney for Plaintiff*

**Patrick M. Harvey, Esq.**
Admitted Pro-Hac Vice
Husch Blackwell LLP
511 North Broadway, Suite 1100
Milwaukee, WI 53202
T: 414-273-2100
Patrick.Harvey@huschblackwell.com
*Attorney for Plaintiff*

I declare under penalty of perjury that the foregoing is true and correct.

/s/ *S. Don Bennion,Esq*________
Law Office of S. Don Bennion