S. Don Bennion, Esq.
Nevada Bar No. 4530
Law Office of S. Don Bennion
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
Tel: (702) 333-0777 Fax: (702) 333-0577
email: don@bennionlaw.com

Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
Whitehead & Burnett
6980 O'Bannon Drive
Las Vegas, Nevada 89117
Tel: (702)267-6500 Fax: (702)267-6262
Email: jeff@whiteheadburnett.com
*Attorneys for Defendants*

✓ FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD
MAR 27 2025
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: ___ DEPUTY

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES V. DEPPOLETO JR.,<br>Plaintiff,<br><br>v.<br><br>TAKEOVER INDUSTRIES, INCORPORATED, *et al.*<br>Defendant. | Case NO. 2:22-cv-02013-GMN-BNW<br><br>**INDEX OF EXHIBITS TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S RENEWED MOTION TO COMPEL** |

COME NOW Defendants by and through counsel S. Don Bennion of the Law Office of S. Don Bennion, and Jeffrey Whitehead Esq., of Whitehead & Burnett, and hereby submit this Index of Exhibits in support of Defendants' Opposition to Plaintiff's Renewed Motion to Compel.

**INDEX OF EXHIBITS to DEFENDANTS' OPPOSITION TO PLAINTIFF'S RENEWED MOTION TO COMPEL**

| EXHIBIT | DESCRIPTION | DATE |
|---|---|---|
| A | Defendants' Fourteenth Supplement to Initial Disclosures | 2-20-25 |
| B | Takeover Industries' Amended Responses to Plaintiff's Requests for Production of Documents | 2-18-25 |
| C | Michael Holley's Amended Responses to Plaintiff's Requests for Production of Documents | 2-18-25 |
| D | Toby McBride's Amended Responses to Plaintiff's Requests for Production of Documents | 2-18-25 |
| E | Joseph Pavlik's Amended Responses to Plaintiff's Requests for Production of Documents | 2-18-25 |
| F | Thomas Zarro's Amended Responses to Subpoena Duces Tecum and Amended Responses to Plaintiff's Requests for Production of Documents | 2-18-25 |
| G | NextGen Beverages' Amended Responses to Plaintiff's Requests for Production of Documents | 2-20-25 |
| H | Plaintiff's Responses to Takeover Industries' First Set of Requests for Production of Documents and Plaintiff's Answers to Interrogatories | 9-11-24 |
| I | Correspondence between counsel regarding Stipulation and Order for Protective Order | Dec. 2024/Jan. 2025 |
| J | Declaration of Thomas Zarro | 3-26-25 |

///

///

Respectfully submitted this 26th day of March, 2025.

Law Office of S. Don Bennion

S. Don Bennion, Esq.
Nevada Bar No. 4530
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
Tel: (702) 333-0777 Fax: (702) 333-0577
email: don@bennionlaw.com

Whitehead & Burnett

Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
6980 O'Bannon Drive
Las Vegas, Nevada 89117
Tel: (702)267-6500 Fax: (702)267-6262
Email: jeff@whiteheadburnett.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

On March 27, 2025 I served the following document(s): **INDEX OF EXHIBITS to DEFENDANTS' OPPOSITION TO PLAINTIFF'S RENEWED MOTION TO COMPEL**

1. The document(s) were served by the following means to the person(s) as listed below:

X☐ a. ECF System

And all other parties requesting notice.

☐ b. US mail, postage prepaid

c. Personal Service:

d. By direct email (as opposed to the ECF system): Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the person(s) at the email addresses listed below. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful.

**James Patrick Shea, Esq.**
Nevada Bar No. 405
**Bart K. Larsen, Esq.**
Nevada Bar NO. 8538
**Kyle M. Wyant, Esq.**
Nevada Bar No. 14652
SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
T: 702-471-7432 F: 702-926-9683
blarsen@shea.law
kwyant@shea.law
*Attorneys for Plaintiff*

**Jennifer Hoekel, Esq.**
Nevada Bar No. 12775
Husch Blackwell LLP
8001 Forsyth Boulevard Suite 1500
St. Louis, Missouri 63105
T: 314-480-1500
Jennifer.hoekel@huschblackwell.com
*Attorney for Plaintiff*

**Patrick M. Harvey, Esq.**
Admitted Pro-Hac Vice
Husch Blackwell LLP
511 North Broadway, Suite 1100
Milwaukee, WI 53202
T: 414-273-2100
Patrick.Harvey@huschblackwell.com
*Attorney for Plaintiff*

☐ e. By fax transmission

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the person(s) at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐ f. By messenger

I served the document(s) by placing them in an envelope or package addressed to the person(s) at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ *S. Don Bennion, Esq*
Law Office of S. Don Bennion

# EXHIBIT A

J. Deppoleto, Jr. v. Takeover Industries, Inc.

Case No. 2:22-cv-2013-GMN-BNW

Defendants' Opposition to Plaintiff's Renewed Motion to Compel Discovery To Defendants' Takeover Industries, Incorporated., Mike Holley, Toby McBride, Joseph Pavlik, Tom Zarro and NextGen Beverage, LLC

Defendants' Fourteenth Supplement to Initial Federal Rules of Civil Procedure 26(A) Disclosures dated February 20, 2025

EXHIBIT A

S. Don Bennion, Esq.
Nevada Bar No. 4530
Law Office of S. Don Bennion
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
Tel: (702) 333-0777 Fax: (702) 333-0577
email: don@bennionlaw.com

Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
Whitehead & Burnett
6980 O'Bannon Drive
Las Vegas, Nevada 89117
Tel: (702)267-6500 Fax: (702)267-6262
Email: jeff@whiteheadburnett.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES V. DEPPOLETO JR.,<br>Plaintiff,<br><br>v.<br><br>TAKEOVER INDUSTRIES, INCORPORATED, *et al.*<br>Defendant. | Case NO. 2:22-cv-02013-GMN-BNW<br><br>**DEFENDANTS' FOURTEENTH SUPPLEMENT TO INITIAL FEDERAL RULES OF CIVIL PROCEDURE 26(A) DISCLOSURES** |

Defendants, TAKEOVER INDUSTRIES INCORPORATED, MICHAEL HOLLEY, TOM ZARRO, JOE PAVLIK, TOBY MCBRIDE and NEXTGEN BEVERAGES, LLC (collectively "Defendants"), by and through their counsel of record, the Law Office of S. Don Bennion and Whitehead & Burnett, hereby provide their Fourteenth Supplement to Initial

Disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure in this matter as follows: **(supplemental material in bold).**

**I.**

**WITNESSES**

Defendant discloses the following witnesses who may have discoverable information, with their address and telephone, if known, that Defendant may use to supports its claims and defenses:

1. James V. Deppoleto, Plaintiff
c/o SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, NV 89134

and

c/o HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105

Mr. Deppoleto is the Plaintiff in this matter. It is expected that Mr. Deppoleto will testify as to the allegations in the complaint and the facts and circumstances related to those allegations and the claims he is making.

2. FRCP 30(b)(6) Representative for
Takeover Industries Incorporated
c/o Kurt R. Bonds, Esq.
Hall & Evans, LLC
1160 North Town Center Drive, Suite 330
Las Vegas, Nevada 89144
(702) 998-1022

Takeover Industries Incorporated is a Defendant in this matter. It is expected that a corporate representative for Takeover Industries Incorporated will be designated and testify as

///

14. Stacey Stanley, CPA
Great Northern Corporation
1800 South St.
Racine, WI 53404

It is anticipated that Ms. Stanley will testify as to the facts and circumstances related to payment of Great Northern Corporation's invoices to Takeover Industries and/or James Deppoleto Jr.

15. David Anderson, Operations, Takeover Industries, Inc.
c/o Law Office of S. Don Bennion
6980 Obannon Drive # 400
Las Vegas, Nevada 89117

It is anticipated that Mr. Anderson will testify regarding bookkeeping accounting entries for Takeover Industries of which he has knowledge or is familiar with in the course and scope of his work.

Defendants reserve the right to call any and all other witnesses identified by any other party to this litigation in their FRCP 26(a) disclosures and all supplements thereto. Furthermore, discovery is continuing in this matter and Defendants reserve the right to supplement and amend this list of witnesses as additional information is discovered.

## II.

## DOCUMENTS

Defendants identify the following documents that may be relevant to the allegations in this litigation and that Defendants may use to supports their claims and defenses:

1. Resolution of the Board of Directors Of Labor Smart, Inc. dated Nov. 7, 2022 [DEF00001-DEF00005];

2. Written Consent – Board of Directors of Takeover Industries, Inc. dated Nov. 7, 2022 [DEF00006-DEF00008];

3. Written Consent – Board of Directors of Takeover Industries, dated Nov. 7, 2022 [DEF00009-DEF00011];

4. Bank Statements 2022-2023 [DEF00012-DEF00335];

5. Takeover Balance Sheet 2021 [DEF00336];

6. Takeover Profit and Loss 2021 [DEF00337];

7. Takeover Balance Sheet 2022 [DEF00338];

8. Takeover Profit and Loss 2022 [DEF00339];

9. General Ledger 2023 [DEF00340-DEF00419];

10. Resolution of the Board of Directors 1.24.23 [DEF00420];

11. Resolution of the Takeover Board 4.17.23 [DEF00421-DEF00422];

12. LTNC Demand Letter 1-22-2023 [DEF00423-DEF00445];

13. Tom Zarro LTNC Subscription Agreement 3-23-23 [DEF00446-DEF00461];

14. Tom Zarro Wells Fargo Bank Statement December 31, 2022 [DEF00462];

15. Term Sheet Takeover & Boost [DEF00463];

16. Correspondence from Jeff Whitehead to Michael Brandess [DEF00464- DEF00465];

17. Convertible Note Purchase Agreement [DEF00466-DEF00481];

18. Correspondence with Bryan Calka re: PFL [DEF00482-DEF00486];

19. Various Wire Statements [DEF00487-DEF00492];

20. PPM Labor Smart and Zarro [DEF00493-DEF00508];

21. Zarro-NextGen Investment Transaction Details Receipt [DEF00509];

22. Bank statements 2024 [DEF00510-DEF00521];

23. Jason Tucker-Battleship Invoice [DEF00522];

24. Melissa Tucker-Blue Butterfly Digital Invoice [DEF00523];

25. JBB Media Group LLC Invoice [DEF00524];

26. Payroll Payments [DEF00525-DEF00526];

27. Minutes of Special Meet of Directors 12.8.21 [DEF00527];

28. Email correspondence between Tom Zarro and Jason Tucker re: Zarro note. [ DEF00528-DEF00533];

29. Various Email Correspondence between Tom Zarro, Jason Tucker, Michael Brandess and James Deppoleto [DEF00534-DEF00546];

30. Email correspondence between Tom Zarro and Jason Tucker re: Note Payments and Deppoleto [DEF00547-DEF00548];

31. Email Correspondence between Tom Zarro, Jason Tucker and Toby McBride re: Payments on Note. [DEF00549-DEF00550];

32. DocuSign Email Correspondence from Jason Tucker to Tom Zarro [DEF00551-DEF00559];

33. Email Correspondence between Tom Zarro and Jason Tucker re: Payments on Note [DEF00560-DEF00561];

34. Email Correspondence between Tom Zarro and Jason Tucker re: Payments on Note [DEF00562-DEF564];

35. Email Correspondence between Jason Tucker And Kerby Fortner re: Deppoleto Note [DEF00565-DEF00566];

36. Email Correspondence from Toby McBride to Mike Tzanetatos re: Termination of Employment [DEF00567];

37. Email Correspondence between Mike Holley and Tom Zarro re: PPM with attachment [DEF00568-DEF00584];

38. Email Correspondence between Jason Tucker and Amy Allen re: Takeover payroll [DEF00585-DEF00588];

39. Email Correspondence between Toby McBride, Joe Pavlik, and Jason Tucker re: Takeover Social Media Login Information [DEF00589-DEF00590];

40. NextGen Beverage Insurance Documents [DEF00591-DEF00688];

41. NextGen Beverage Bank Records June 2023-October 2024 [DEF00689-DEF00803];

| | | |
|---|---|---|
| 42. | NXT LVL Brand Partnership Investor Funding Funding Pitchdeck | [DEF00804-DEF00824]; |
| 43. | Family Dollar Invoice | [DEF00825]; |
| 44. | Settlement Agreement | [DEF00826-DEF00835]; |
| 45. | Bylaws re: Takeover Industries, Inc. | [DEF00836-DEF00869]; |
| 46. | License Agreement between Toby McBride and Tom Zarro. | [DEF00870-DEF00872]; |
| 47. | NXT LVL/ 5 Hr. Energy Accelerator Partnership | [DEF00873]; |
| 48. | Emails between Amy Allen, Jason Tucker, and James Deppoleto, Jr. | [DEF00874-DEF00882]; |
| 49. | Email between Jason Tucker, Eric Bjorgum, Melissa Tucker and James Deppoleto, Jr. | . [DEF00883-DEF00884]; |
| 50. | Email correspondence documents | [DEF00885-DEF00898]; |
| 51. | Convertible Note Purchase Agreement | [DEF00899-DEF00918]; |
| 52. | Bylaws of Takeover Industries, Inc. | [DEF00919- DEF 01080]; |
| 53. | James L. Deppoleto, Jr. social media post July 12, 2022 | [DEF01081]; |
| 54. | JBB Media Group LLC receipts dated July 15, 2022 and September 14, 2022 | [DEF01082-DEF01087]; |
| 55. | NXT LVL Gamer Shots ( subject to pending Motion For Protective Order) (Confidential) | [DEF01088 to DEF01106]; |
| 56. | Email correspondence (subject to pending Stipulation and Order for Protective Order)(Confidential) | [DEF01107 to DEF01112]; |
| 57. | Partner Presentation (subject to pending Stipulation and Order for Protective Order)(Confidential) | [DEF01113 to DEF01135]; |
| 58. | Private Placement Agreement Tom Zarro | [DEF01136 to DEF01263]; |

| | | |
|---|---|---|
| 59. | Bill Invoices | [DEF01264 to DEF01268]; |
| 60. | Monthly Salary and Outside Contractor Expenses | [DEF01269]; |
| 61. | Abomb99 post re: J. Deppoleto | [DEF01270]; |
| 62. | Loan Agreements re: Takeover and NextGen | [DEF01271-DEF01280]; |
| 63. | NextGen Balance Sheets | [DEF01281-DEF01290]; |
| 64. | Nootropics documents | [DEF01291-DEF01293]; |
| 65. | T-Pain Agreement | [DEF01294-DEF01300]; |
| 66. | TKO Inventory Value 12-5-22 | [DEF01301]; |
| 67. | Tom Zarro Mutual Non-Disclosure Agreement (subject to pending Stipulation and Order for Protective order)(Confidential) | [DEF01302-DEF01303]; |
| 68. | NextGen Ambassador and Consulting Agreements | [DEF01304-DEF01361]; |
| 69. | Agreement; Shipping Invoices Sept.-Oct. 2022; (7-Eleven Shipping Invoices via USB excel sheet) | [DEF01362-DEF01369]; |
| 70. | Takeover Inventory Detail Valuation | [DEF01370-DEF01371]; |
| 71. | Takeover Loans payable to NextGen June 2023-August 2024 | [DEF01372-DEF01374]; |
| 72. | Display Invoices and Transaction Reports Takeover Industries and Next Gen | [DEF01375-DEF01384]; |
| 73. | NextGen 2024 Balance Sheets | [DEF01385-DEF01406]; |
| 74. | NextGen Bank Statement November 2024 | [DEF01407-DEF01415]; |
| 75. | Takeover Bank Statements March 2024-March 2024-November 2024 | [DEF01416- DEF01457]; |
| 76. | October 7, 2022 J. Pavlik Letter to Plaintiff | [DEF01458] ; |

| | | |
|---|---|---|
| 77. | Partnership with Shaquille O'Neal | [DEF01459-DEF01462]; |
| 78. | Takeover Industries, Inc. Balance Sheets March 2021-September 2024 | [DEF01463-DEF01503]; |
| 79. | Takeover Industries, Inc. Profit and Loss Statements January 2021-December 2024 | [DEF01504-DEF01527]; |
| 80. | NextGen Beverage balance Sheet December 2024 | [DEF01528-DEF01529]; |
| 81. | Resolution of Labor Smart, Inc. Issuance of shares J. Pavlik(Redacted) | [DEF01530-DEF01531]; |
| 82. | Takeover Industries, Inc. Minutes of Special meeting of Directors May 3, 2023 | [DEF001532 ]; |
| 83. | U.S. Patent and Trademark Office- Next Level Fitness Water, Inc. v. Takeover Industries, Inc. April 3, 2023 Decision | [DEF01533]; |
| 84. | Lock'din operations-confidential- NGB Intellectual Property (Redacted)- subject To a pending Protective Order- (Confidential) | [DEF01534-DEF01537]; |
| 85. | Text messages; Tom Zarro and Mike Holley | [DEF01538-01545]; |
| 86. | Emails; James Deppoleto, Jr. and Jason Tucker (Redacted)-subject to a pending Protective Order (Confidential) | [DEF01546-DEF01558]; |
| 87. | Takeover Industries Insurance Declaration page. | [DEF01559]; |
| 88. | Labor Smart, Inc. Private Placement Agreements | [DEF01560-DEF01734]; |
| **89.** | **Resolution of the Board of Directors, Labor Smart** | **[DEF01735-DEF01737];** |
| **90.** | **LOCK'D IN Product** | **[DEF01738-DEF01741];** |
| **91.** | **Email Correspondence re: Takeover Industries, Inc.** | **[DEF01742-DEF01746];** |
| **92.** | **Takeover Industries, Inc. Certified Shareholder List** | **[DEF01747-01749];** |

Defendants reserve the right to use any and all other documents identified by any other party to this litigation in their FRCP 26(a) disclosures and all supplements thereto. Furthermore, discovery is ongoing in this matter and Defendants reserve the right to supplement and amend this list of documents as additional information is discovered.

**III.**

**TANGIBLE ITEMS**

Defendants hereby describe and identify the tangible items or things in their possession which are relevant to this lawsuit as follows:

See documents identified as DEF00001-~~DEF01080.~~ DEF0

Defendants reserve the right to (1) supplement this list of tangible items as discovery continues, and (2) use any tangible items disclosed by any other party to this litigation.

**IV.**

**INSURANCE AGREEMENTS**

Defendants hereby identifies the following insurance agreements for possible coverage:

See DEF00591-DEF00688 produced December 6, 2024.

Defendants reserve the right to supplement this list as discovery continues.

**V.**

**COMPUTATION OF DAMAGES**

Defendants have been damaged by attorney's fees and costs in an amount to be determined.

VI.

PRIVILEGE LOG

Following is a list identifying documents withheld from production, by virtue of privilege, that may have been responsive to certain documents requests from Plaintiff, as more fully stated therein:

| DOCUMENT/ REQUEST NO. | DESCRIPTION | PRIVILEGE/PROTECTION CLAIMED |
|---|---|---|
| Request No. 13 (Plaintiff's Requests for Production of Documents to Takeover) | Various correspondence between Takeover and their attorney(s) that could be related to Plaintiff's Notice of Default and the litigation resulting therefrom | Attorney-client privilege<br>• Communications between client and attorney related to representation |
| Request No. 18 (Subpoena to Tom Zarro) | Various correspondence between Mr. Zarro and his attorney(s) that are related to, or arising out of, this lawsuit filed by Plaintiff | Attorney-client privilege<br>• Communications between client and attorney related to representation |
| DEF00522 | Invoice from Jason Tucker/Battleship to Takeover – Bank Account and Routing Number Redacted | Confidential Financial Information |
| DEF00523 | Invoice from Melissa Tucker/Blue Butterfly Digital to Takeover – Bank Account and Routing Number Redacted | Confidential Financial Information |
| DEF00552 | DocuSign Email from Jason Tucker to Tom Zarro – Bank Account/Routing Number Redacted | Confidential Financial Information |
| DEF00555 | DocuSign Email from Jason Tucker to Tom Zarro – Bank Account/Routing Number Redacted | Confidential Financial Information |
| DEF00558 | DocuSign Email from Jason Tucker to Tom Zarro – Bank Account/Routing Number Redacted | Confidential Financial Information |
| DEF00563 | Email Between Tom Zarro and Jason Tucker – Bank Account and Routing Number Redacted | Confidential Financial Information |
| DEF00565 | Correspondence between Mike Holley and Counsel related to documents provided for disclosure | Attorney-client privilege<br>• Communications between client and attorney related to representation |
| DEF00567 | Correspondence between Mike Holley and Counsel related to documents provided for disclosure | Attorney-client privilege<br>• Communications between client and attorney related to representation |
| DEF00568 | Correspondence between Mike Holley and Counsel related to documents provided for disclosure | Attorney-client privilege<br>• Communications between client and attorney related to representation |

| | | |
|---|---|---|
| 570 | Draft Private Placement Subscription Agreement-Bank Account and Routing Number Redacted | Confidential Financial Information |
| 585 | Correspondence between Mike Holley and Counsel related to documents provided for disclosure | Attorney-client privilege<br>• Communications between client and attorney related to representation |
| 589 | Correspondence between Mike Holley and Counsel related to documents provided for disclosure | Attorney-client privilege<br>• Communications between client and attorney related to representation |
| 1088-1106 | NXT LVL Gamer Shots marketing documents | Designated Confidential on documents by Takeover Industries, Inc. |
| 1107-1112 | Email Correspondence | |
| 1113-1135 | Partnership Presentation | Designated Confidential |
| 1302-1303 | Tom Zarro Mutual Non Disclosure Agreement | Confidential Non-Disclosure Agreement |
| 1534-1537 | Lock'din operations ; NGB Intellectual property | Intellectual Property Trade Secret designation |
| 1546-1558 | James Deppoleto,Jr. and Jason Tucker email correspondence | Bank account numbers/password redacted |

DATED this 20th day of February 2025.

Law Office of S. Don Bennion

<u>/s/ *S. Don Bennion, Esq.*</u>
S. Don Bennion, Esq.
Nevada Bar No. 4530
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
Tel: (702) 333-0777
Fax: (702)333-0577
Email: don@bennionlaw.com
*Attorneys for Defendants*

Whitehead & Burnett

<u>/s/ *Jeffrey J. Whitehead, Esq.*</u>
Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
Whitehead & Burnett
6980 O'Bannon Drive
Las Vegas, Nevada 89117
*Attorneys for Defendants*

# EXHIBIT B

J. Deppoleto, Jr. v. Takeover Industries, Inc.

Case No. 2:22-cv-2013-GMN-BNW

Defendants' Opposition to Plaintiff's Renewed Motion to Compel Discovery To Defendants' Takeover Industries, Incorporated., Mike Holley, Toby McBride, Joseph Pavlik, Tom Zarro and NextGen Beverage, LLC

Takeover Industries Incorporated's Amended Responses to Plaintiff's First Request for Production of Documents/Amended Responses to Plaintiff's Second Request for Production of Documents/Amended Responses to Plaintiff's Third Request for Production of Documents

Dated February 18, 2025

EXHIBIT B

S. Don Bennion, Esq.
Nevada Bar No. 4530
Law Office of S. Don Bennion
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
Tel: (702) 333-0777 Fax: (702) 333-0577
email: don@bennionlaw.com

Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
Whitehead & Burnett
6980 O'Bannon Drive
Las Vegas, Nevada 89117
Tel: (702)267-6500 Fax: (702)267-6262
Email: jeff@whiteheadburnett.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES V. DEPPOLETO JR.,<br>Plaintiff,<br><br>v.<br><br>TAKEOVER INDUSTRIES, INCORPORATED, *et al.*<br>Defendant. | Case NO. 2:22-cv-02013-GMN-BNW |

**TAKEOVER INDUSTRIES INCORPORATED'S AMENDED RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

TO: JAMES V. DEPPOLETO, JR.,

TO: SHEA LARSEN; and HUSCH BLACKWELL LLP, as his attorneys of record.

TAKEOVER INDUSTRIES INCORPORATED ("Takeover") by and through its attorneys of record hereby submit Takeover's Amended Responses to Plaintiff's First Request for Production of Documents numbers 2, 3, 9, 10, 11, 12, 18, 19, and 21, pursuant to the Federal Rules of Civil Procedure 34. Takeover's Amended Responses to Plaintiff's First Request for Production of Document are highlighted in **black** as follows:

**REQUEST NO. 2:**

Any and all documents containing account statements for all bank and financial accounts in the name of Takeover from May 1, 2022, through to the present.

**AMENDED RESPONSE TO REQUEST NO. 2:**

See DEF00012-DEF00335. **See also DEF01416-DEF01457.** Discovery is ongoing and Responding Party reserves the right to supplement this Response when and if additional information becomes available.

**REQUEST NO. 3:**

Any and all documents containing financial statements of Takeover for the year-ended 2021 and 2022, as well as monthly financial statements (including balance sheets, profits and loss statements, statements of cash flows and any other financial statement forms maintained by Takeover) for each month of 2022 and 2023.

**AMENDED RESPONSE TO REQUEST NO. 3:**

See DEF00336-DEF00419. **See also, DEF01269; See also, DEF01416-DEF01457; See also, DEF01463-DEF01527.** Discovery is ongoing and Responding Party reserves the right to supplement this Response when and if additional information becomes available.

**REQUEST NO. 9:**

Any and all communications between Mr. Deppoleto and Takeover and/or any of Takeover's owners/directors/employees/agents related to Mr. Deppoleto lending Takeover $386,773.86 in or about October 2022.

**AMENDED RESPONSE TO REQUEST NO. 9:**

Responding Party is not aware of any responsive documents at this time. **See DEF01375-DEF01384. Defendants object to this Request to the extent it may call for a legal conclusion.**

Discovery is ongoing and Responding Party reserves the right to supplement these responses when and if more information becomes available.

**REQUEST NO. 10:**

Any and all communications between Mr. Deppoleto and Takeover and/or any of Takeover's owners, directors, officers, employees, contractors and/or agents related to Mr. Deppoleto funding Takeover $128,924.62 in or about October 2022.

**AMENDED RESPONSE TO REQUEST NO. 10:**

Responding Party is not aware of any responsive documents at this time. **See DEF01375-DEF01384. Defendants object to this Request to the extent it may call for a legal conclusion.**

Discovery is ongoing and Responding Party reserves the right to supplement these responses when and if more information becomes available.

**REQUEST NO. 11:**

Any and all documents related to Takeover's Board of Directors meeting in December 2021, including, but not limited to, any and all communications relating to the same, as well as

proposed or passed resolutions, meeting minutes and meeting summaries.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Responding Party is not aware of any responsive documents at this time. **See DEF00001-DEF00011; See also DEF00527. Defendants object to this Request to the extent that it is vague and ambiguous.**

Discovery is ongoing and Responding Party reserves the right to supplement these responses when and if more information becomes available.

**REQUEST NO. 12:**

Any and all documents related to Takeover's Board of Directors meeting in November 2022, including but not limited to, any and all communications relating to the same, as well as proposed or passed resolutions, meeting minutes and meeting summaries.

**AMENDED RESPONSE TO REQUEST NO. 12:**

See DEF00001-DEF00011. **See also, DEF00534-00550, DEF00565-00566, DEF00589-00590; See also, Declaration of Joseph Pavlik January 31, 2025, 0025-0030, Exhibit D to Defendants' Opposition to Motion for Partial Summary Judgment; See also, Declaration of Toby McBride January 31, 2025, 0013-0017, Exhibit B to Defendants' Opposition to Motion for Partial Summary Judgment; See also, Declaration of Michael Holley January 31, 2025, 0018 – 0023, Exhibit C to Defendants' Opposition to Motion for Partial Summary Judgment.**

Discovery is ongoing and Responding Party reserves the right to supplement these responses when and if more information becomes available.

**REQUEST NO. 18:**

All Records or Communications that any of NextGen's

owners/directors/employees/agents created while working for Takeover that in any way arise out of relate to Takeover's business.

**AMENDED RESPONSE TO REQUEST NO. 18:**

Responding Party does not have any documents responsive to this Request. **See DEF01271-DEF01280; see also, DEF01372-01374. Defendants object to this Request that it is vague and ambiguous.**

Discovery is ongoing and Responding Party reserves the right to supplement these responses when and if more information becomes available.

**REQUEST NO. 19:**

All Records or Communications of any Takeover Records or Communication that Takeover's owners/directors/employees/agents shared with NextGen's owners/directors/employees/agents.

**AMENDED RESPONSE TO REQUEST NO. 19:**

Responding Party is not aware of any documents responsive to this Request. **See, DEF01370-DEF01384. Defendants object to this Request on the grounds that it is vague and ambiguous and overly broad as to time, definition(s), and manner of communication.**

Discovery is ongoing and Responding Party reserves the right to supplement these responses when and if more information becomes available.

**REQUEST NO. 21:**

All Records or Communications that Takeover's owners/directors/employees/agents sent to NextGen at any point between January 1, 2021 and the present.

**AMENDED RESPONSE TO REQUEST NO. 21:**

Responding Party is unaware of any documents responsive to this Request. While some

of Responding Party's board/officers may have held positions at both Takeover and NextGen during the same timeframe, and they may therefore have some knowledge of each company, as stated above, Responding Party is unaware of any documents that would be responsive to this Request. **See DEF-1372-DEF01374; See also, DEF01533, DEF01538-01545.**

Discovery is ongoing and Responding Party reserves the right to supplement these responses when and if more information becomes available.

DATED this 18th day of February 2025.

Law Office of S. Don Bennion

*S. Don Bennion, Esq.*
S. Don Bennion, Esq.
Nevada Bar No. 4530
Law Office of S. Don Bennion
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
Tel: (702) 333-0777 Fax: (702) 333-0577
email: don@bennionlaw.com

Whitehead & Burnett

*Jeffrey J. Whitehead, Esq.*
Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
6980 O'Bannon Drive
Las Vegas, Nevada 89117
Tel: (702)267-6500 Fax: (702)267-6262
Email: jeff@whiteheadburnett.com
*Attorneys for Defendants*

S. Don Bennion, Esq.
Nevada Bar No. 4530
Law Office of S. Don Bennion
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
Tel: (702) 333-0777 Fax: (702) 333-0577
email: don@bennionlaw.com

Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
Whitehead & Burnett
6980 O'Bannon Drive
Las Vegas, Nevada 89117
Tel: (702)267-6500 Fax: (702)267-6262
Email: jeff@whiteheadburnett.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES V. DEPPOLETO JR.,<br>Plaintiff,<br><br>v.<br><br>TAKEOVER INDUSTRIES, INCORPORATED, *et al.*<br>Defendant. | Case NO. 2:22-cv-02013-GMN-BNW |

**TAKEOVER INDUSTRIES INCORPORATED'S AMENDED RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

TO: JAMES V. DEPPOLETO, JR.,

TO: SHEA LARSEN; and HUSCH BLACKWELL LLP, as his attorneys of record.

TAKEOVER INDUSTRIES INCORPORATED ("Takeover") by and through their attorneys of record hereby submit Takeover's Amended Responses to Plaintiff's First Request for Production of Documents numbers 7 and 11 pursuant to the Federal Rules of Civil Procedure 34. Takeover's Amended Responses to Plaintiff's First Request for Production of Document are highlighted in **black** as follows:

**Request For Production No. 7:**

And and all documents and communications reflecting product inventory held by Takeover.

**Amended Response to Request No. 7:**

Responding Party is unaware of any product inventory currently held by Takeover. Please see DEF00336-DEF00339 which do reference Takeover product inventory in the past. **See also, DEF01301; See also, DEF01362-DEF01371.**

Responding Party reserves the right to supplement this response if and when more information becomes available.

**Request For Production No. 11:**

Monthly financial statements (including balance sheets, profits and loss statements, statements of cash flows, and any other financial forms maintained by Takeover) for each month of 2023-2024.

**Amended Response to Request No. 11:**

See DEF00340-DEF00419 and DEF00510-DEF00521. **See also, DEF01416-DEF01457; see also DEF01463-DEF01527.**

Responding Party reserves the right to supplement this response if and when more information becomes available.

DATED this 18th day of February 2025.

Law Office of S. Don Bennion

*S. Don Bennion, Esq.*
S. Don Bennion, Esq.
Nevada Bar No. 4530
Law Office of S. Don Bennion
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
Tel: (702) 333-0777 Fax: (702) 333-0577
email: don@bennionlaw.com

Whitehead & Burnett

*Jeffrey J. Whitehead, Esq.*
Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
6980 O'Bannon Drive
Las Vegas, Nevada 89117
Tel: (702)267-6500 Fax: (702)267-6262
Email: jeff@whiteheadburnett.com
*Attorneys for Defendants*

S. Don Bennion, Esq.
Nevada Bar No. 4530
Law Office of S. Don Bennion
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
Tel: (702) 333-0777 Fax: (702) 333-0577
email: don@bennionlaw.com

Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
Whitehead & Burnett
6980 O'Bannon Drive
Las Vegas, Nevada 89117
Tel: (702)267-6500 Fax: (702)267-6262
Email: jeff@whiteheadburnett.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

JAMES V. DEPPOLETO JR.,

Plaintiff,

v.

TAKEOVER INDUSTRIES, INCORPORATED, *et al.*

Defendant.

Case NO. 2:22-cv-02013-GMN-BNW

**TAKEOVER INDUSTRIES INCORPORATED'S AMENDED RESPONSES TO PLAINTIFF'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS**

TO: JAMES V. DEPPOLETO, JR.,

TO: SHEA LARSEN; and HUSCH BLACKWELL LLP, as his attorneys of record.

TAKEOVER INDUSTRIES INCORPORATED ("Takeover") by and through their attorneys of record hereby submit Takeover's Amended Responses to Plaintiff's First Request for Production of Documents numbers 1,2,3,4 and 5 pursuant to the Federal Rules of Civil Procedure 34. Takeover's Amended Responses to Plaintiff's First Request for Production of Document are highlighted in **black** as follows:

**Request For Production No. 1:**

And and all documents that contain the product formulation for products that were sold by Takeover, including but not limited to, Hydrogen Water and Gamer shots.

**Amended Response to Request No. 1:**

Defendant objects to this request on the grounds that it calls for proprietary documentation, possibly including trade secret information/documentation, legal conclusions, is vague and ambiguous, overly broad, calls for speculation, and lacks foundation. Discovery is continuing and this response will be supplemented as warranted. **See DEF01088 to DEF01106; See also, DEF01107 to DEF01135.**

**Request For Production No. 2:**

And and all communications and documents reflecting shares that you hold in Labor Smart, Inc.

**Amended Response to Request No. 2:**

Defendant objects to this request on the grounds that it calls for a legal conclusion, is vague and ambiguous as to the phrase "reflecting shares that you hold," may call for speculation, and is overly broad. Notwithstanding these objections, see DEF00591 to DEF00884. **See also, DEF01530-01531.** Discovery is continuing and this response will be supplemented as warranted.

**<u>Request For Production No. 3:</u>**

Any and all communications and documents reflecting the purchase, sale or transfer of shares that you once held or continue to hold in Labor Smart, Inc.

**<u>Amended Response to Request No. 3:</u>**

Defendant objects to this request on the grounds that it calls for a legal conclusion, is vague and ambiguous as to the phrase "reflecting shares that you hold," may call for speculation, and is overly broad. Notwithstanding these objections, see DEF 00591 to DEF00884. **See also, DEF01530-01531.** Discovery is continuing and this response will be supplemented as warranted.

**<u>Request For Production No. 4:</u>**

Any and all communications between you and any Defendant in this lawsuit (Takeover, Holley, McBride, Pavlik, Zarro, NextGen Beverages) since January 1, 2022, that references Mr. Deppoleto or his investment in Takeover.

**<u>Amended Response to Request No. 4:</u>**

Defendant objects to this request on the grounds that it is vague and ambiguous as to the phrases "any and all communications" and "his investment," my call for speculation and legal conclusions, and is overly broad. Notwithstanding these objections, see DEF00591 to DEF00884, **See also, DEF00534 to DEF00547; See also, DEF00874 to DEF00918.**. Discovery is continuing and this response will be supplemented as warranted.

**<u>Request For Production No. 5:</u>**

Any and all communications between you and any Defendant in this lawsuit (Takeover, Holley, McBride, Pavlik, Zarro, NextGen Beverages) since January 1, 2022, that reference the creation of NextGen Beverages.

**Amended Response to Request No. 5:**

See response to request No. 4.

DATED this 18th day of February 2025.

Law Office of S. Don Bennion

*S. Don Bennion, Esq.*
S. Don Bennion, Esq.
Nevada Bar No. 4530
Law Office of S. Don Bennion
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
Tel: (702) 333-0777 Fax: (702) 333-0577
email: don@bennionlaw.com

Whitehead & Burnett

*Jeffrey J. Whitehead, Esq.*
Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
6980 O'Bannon Drive
Las Vegas, Nevada 89117
Tel: (702)267-6500 Fax: (702)267-6262
Email: jeff@whiteheadburnett.com
*Attorneys for Defendants*

# EXHIBIT C

J. Deppoleto, Jr. v. Takeover Industries, Inc.

Case No. 2:22-cv-2013-GMN-BNW

Defendants' Opposition to Plaintiff's Renewed Motion to Compel Discovery To Defendants' Takeover Industries, Incorporated., Mike Holley, Toby McBride, Joseph Pavlik, Tom Zarro and NextGen Beverage, LLC

Michael Holley's Amended Responses to Plaintiff's First Request for Production of Documents dated February 18, 2025

EXHIBIT C

S. Don Bennion, Esq.
Nevada Bar No. 4530
Law Office of S. Don Bennion
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
Tel: (702) 333-0777 Fax: (702) 333-0577
email: don@bennionlaw.com

Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
Whitehead & Burnett
6980 O'Bannon Drive
Las Vegas, Nevada 89117
Tel: (702)267-6500 Fax: (702)267-6262
Email: jeff@whiteheadburnett.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES V. DEPPOLETO JR.,<br>Plaintiff,<br><br>v.<br><br>TAKEOVER INDUSTRIES, INCORPORATED, *et al.*<br>Defendant. | Case NO. 2:22-cv-02013-GMN-BNW |

**MICHAEL HOLLEY'S AMENDED RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

TO: JAMES V. DEPPOLETO, JR.,

TO: SHEA LARSEN; and HUSCH BLACKWELL LLP, as his attorneys of record.

MICHAEL HOLLEY ("Holley"), by and through counsel of record, hereby submits his Amended Responses to Plaintiff's First Request for Production of Documents numbers 1,2,3 and 4 pursuant to the Federal Rules of Civil Procedure 34. Holley's Amended Responses to Plaintiff's First Request for Production of Document are highlighted in **black** as follows:

**Request For Production No. 1:**

And and all communications and documents reflecting shares that you hold in Labor Smart, Inc.,

**Amended Response to Request No. 1:**

Defendant objects to this request on the grounds it is vague and ambiguous, calls for legal conclusion, and is overly broad. Notwithstanding these objections, see DEF00001 to DEF00884. **See also, DEF01560 to DEF01744.** Discovery is continuing and this response will be supplemented as warranted.

**Request For Production No. 2:**

And and all communications and documents reflecting the purchase, sale, or transfer of shares that you once held or continue to hold in Labor Smart, Inc.

**Amended Response to Request No. 2:**

Defendant objects to this request on the grounds that it is vague and ambiguous, calls ro legal conclusion, calls for speculation as to time, and is overly broad. Notwithstanding these objections, see DEF00001 to DEF00884. **See also, DEF01560 to DEF011744.** Discovery is continuing and this response will be supplemented as warranted.

**Request For Production No. 3:**

Any and all communications between you and any Defendant in this lawsuit (Takeover, Holley, McBride, Pavlik, Zarro, NextGen Beverages) since January 1, 2022, that references Mr. Deppoleto or his investment in Takeover.

**Amended Response to Request No. 3:**

Defendant objects to this request on the grounds that it is vague and ambiguous as to the phrases "any and all communications" and does not specify a time period, is duplicative, may call for speculation and legal conclusions, and is overly broad. Notwithstanding these objections, see DEF00591 to DEF00884. **See also, DEF000534 to DEF00550.** Discovery is continuing and this response will be supplemented as warranted.

**Request For Production No. 4:**

Any and all communications between you and any Defendant in this lawsuit (Takeover, Holley, McBride, Pavlik, Zarro, NextGen Beverages) since January 1, 2022, that reference the creation of NextGen Beverages.

**Amended Response to Request No. 4:**

See response to request No. 3. **See also, DEF01271 to DEF01280; See also, DEF01304 to DEF01361; See also, DEF01538 to 01545.**

DATED this 18th day of February 2025.

Law Office of S. Don Bennion

*S. Don Bennion, Esq.*
S. Don Bennion, Esq.
Nevada Bar No. 4530
Law Office of S. Don Bennion
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
Tel: (702) 333-0777 Fax: (702) 333-0577
email: don@bennionlaw.com

Whitehead & Burnett

*Jeffrey J. Whitehead, Esq.*
Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
6980 O'Bannon Drive
Las Vegas, Nevada 89117
Tel: (702)267-6500 Fax: (702)267-6262
Email: jeff@whiteheadburnett.com
*Attorneys for Defendants*

# EXHIBIT D

J. Deppoleto, Jr. v. Takeover Industries, Inc.

Case No. 2:22-cv-2013-GMN-BNW

Defendants' Opposition to Plaintiff's Renewed Motion to Compel Discovery To Defendants' Takeover Industries, Incorporated., Mike Holley, Toby McBride, Joseph Pavlik, Tom Zarro and NextGen Beverage, LLC

Toby McBride's Amended Responses to Plaintiff's First Request for Production of Documents dated February 18, 2025

EXHIBIT D

S. Don Bennion, Esq.
Nevada Bar No. 4530
Law Office of S. Don Bennion
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
Tel: (702) 333-0777 Fax: (702) 333-0577
email: don@bennionlaw.com

Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
Whitehead & Burnett
6980 O'Bannon Drive
Las Vegas, Nevada 89117
Tel: (702)267-6500 Fax: (702)267-6262
Email: jeff@whiteheadburnett.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

JAMES V. DEPPOLETO JR.,
Plaintiff,

v.

TAKEOVER INDUSTRIES, INCORPORATED, *et al.*
Defendant.

Case NO. 2:22-cv-02013-GMN-BNW

**TOBY MCBRIDE'S AMENDED RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

TO: JAMES V. DEPPOLETO, JR.,

TO: SHEA LARSEN; and HUSCH BLACKWELL LLP, as his attorneys of record.

TOBY MCBRIDE'S ("McBride"), by and through counsel of record, hereby submits his Amended Responses to Plaintiff's First Request for Production of Documents numbers 1,2,3 and 4 pursuant to the Federal Rules of Civil Procedure 34. McBride's Amended Responses to Plaintiff's First Request for Production of Document are highlighted in **black** as follows:

**Request For Production No. 1:**

And and all communications and documents reflecting shares that you hold in Labor Smart, Inc.

**Amended Response to Request No. 1:**

Defendant objects to this request on the grounds it calls for legal conclusion, is vague and ambiguous and to the phrases "and and all communications" and "reflecting shares that you hold," may call for speculation, and is overly broad. Notwithstanding these objections, see DEF00001 to DEF00848. **See also, DEF01560 to DEF01744.** Discovery is continuing and this response will be supplemented as warranted.

**Request For Production No. 2:**

And and all communications and documents reflecting the purchase, sale, or transfer of shares that you once held or continue to hold in Labor Smart, Inc.

**Amended Response to Request No. 2:**

Defendant objects to this request on the grounds that it calls for a legal conclusion, is vague and ambiguous to the phrases "and and all communications" and "reflecting shares that you hold," may call for speculation, and is overly broad. Notwithstanding these objections, see DEF00001 to DEF00848. **See also, DEF01560 to DEF01744.** Discovery is continuing and this response will be supplemented as warranted.

**Request For Production No. 3:**

Any and all communications between you and any Defendant in this lawsuit (Takeover, Holley, McBride, Pavlik, Zarro, NextGen Beverages) since January 1, 2022, that references the creation of NextGen Beverages.

**Amended Response to Request No. 3:**

Defendant objects to this request on the grounds that it is vague and ambiguous as to the phrases "any and all communications" and does not specify a time period, is duplicative, may call for speculation and legal conclusions, and is overly broad. Notwithstanding these objections, see DEF00591 to DEF00884. Discovery is continuing and this response will be supplemented as warranted.

**Request For Production No. 4:**

Any and all communications between you and any Defendant in this lawsuit (Takeover, Holley, McBride, Pavlik, Zarro, NextGen Beverages) since January 1, 2022, that reference the creation of NextGen Beverages.

**Amended Response to Request No. 4:**

See response to request No. 4 .

DATED this 18th day of February 2025.

Law Office of S. Don Bennion

*S. Don Bennion, Esq.*

S. Don Bennion, Esq.
Nevada Bar No. 4530
Law Office of S. Don Bennion
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
Tel: (702) 333-0777 Fax: (702) 333-0577
email: don@bennionlaw.com

Whitehead & Burnett

*Jeffrey J. Whitehead, Esq.*
Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
6980 O'Bannon Drive
Las Vegas, Nevada 89117
Tel: (702)267-6500 Fax: (702)267-6262
Email: jeff@whiteheadburnett.com
*Attorneys for Defendants*

# EXHIBIT E

J. Deppoleto, Jr. v. Takeover Industries, Inc.

Case No. 2:22-cv-2013-GMN-BNW

Defendants' Opposition to Plaintiff's Renewed Motion to Compel Discovery To Defendants' Takeover Industries, Incorporated., Mike Holley, Toby McBride, Joseph Pavlik, Tom Zarro and NextGen Beverage, LLC

JoePavlik's Amended Responses to Plaintiff's First Request for Production of Documents dated February 18, 2025

EXHIBIT E

S. Don Bennion, Esq.
Nevada Bar No. 4530
Law Office of S. Don Bennion
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
Tel: (702) 333-0777 Fax: (702) 333-0577
email: don@bennionlaw.com

Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
Whitehead & Burnett
6980 O'Bannon Drive
Las Vegas, Nevada 89117
Tel: (702)267-6500 Fax: (702)267-6262
Email: jeff@whiteheadburnett.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES V. DEPPOLETO JR.,<br><br>Plaintiff,<br><br>v.<br><br>TAKEOVER INDUSTRIES, INCORPORATED, *et al.*<br>Defendant. | Case NO. 2:22-cv-02013-GMN-BNW |

**JOE PAVLIK'S AMENDED RESPONSES TO**

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

TO: JAMES V. DEPPOLETO, JR.,

TO: SHEA LARSEN; and HUSCH BLACKWELL LLP, as his attorneys of record.

JOE PAVLIK'S ("Pavlik"), by and through counsel of record, hereby submits his Amended Responses to Plaintiff's First Request for Production of Documents numbers 1,2,3,4,5 and 6 pursuant to the Federal Rules of Civil Procedure 34. Pavlik's Amended Responses to Plaintiff's First Request for Production of Document are highlighted in **black** as follows:

**Request For Production No. 1:**

And and all documents that contain the product formulations for products that were sold by Takeover, including but not limited to, Hydrogen Water and Gamer shots.

**Amended Response to Request No. 1:**

Defendant objects to this request on the grounds that it calls for proprietary documentation, possibly including trade secret information/documentation, legal conclusions, is vague and ambiguous, overly broad, calls for speculation, and lacks foundation. Discovery is continuing and this response will be supplemented as warranted. **See DEF001088 to DEF01106; see also DEF01113 to DEF01135.**

**Request For Production No. 2:**

And and all documents that contain the product formulations for products that have ever been sold by NextGen, including but not limited to, Hydrogen-enriched waters, Nootropic performance beverages, and Artesian Water.

**Amended Response to Request No. 2:**

Defendant objects to this request on the grounds that it calls for proprietary documentation, possibly including trade secret information/documentation, legal conclusions, is vague and ambiguous, overly broad, calls for speculation, and lacks foundation. Discovery is

continuing and this response will be supplemented as warranted. **Notwithstanding these objections, see DEF01291 to 01293; see also, DEF01534 to 01537.**

**<u>Request For Production No. 3:</u>**

Any and all communications and documents reflecting shares that you hold in Labor Smart, Inc.

**<u>Amended Response to Request No. 3:</u>**

Defendant objects to this request on the grounds that it is vague and ambiguous as to the phrases "reflecting" calls for legal conclusion, and is overly broad. Discovery is continuing and this response will be supplemented as warranted. **See DEF01530-01531.**

**<u>Request For Production No. 4:</u>**

Any and all communications and documents reflecting the purchase, sale, or transfer of shares that you once held or continue to hold in Labor Smart, Inc.

**<u>Amended Response to Request No. 4:</u>**

Defendant objects to this request on the grounds that it is vague and ambiguous as to the word "reflecting," calls for legal conclusion, and is overly broad. Discovery is continuing and this response will be supplemented as warranted. **See DEF01530-01531.**

**<u>Request For Production No. 5:</u>**

Any and all communications between you and any Defendant in this lawsuit (Takeover, Holley, McBride, Pavlik, Zarro, NextGen Beverages) since January 1, 2022, that references Mr. Deppoleto or his investment in Takeover.

**<u>Amended Response to Request No. 5:</u>**

Defendant objects to this request on the grounds that it is vague and ambiguous as to the phrases "any and all communications," is duplicative, maycall for speculation, violation of the attorney-client, work product privilege, and legal conclusions regarding the word "investment," and is overly broad. **Notwithstanding these objections, see DEF00589-00590; see also, DEF01458.** Discovery is continuing and this response will be supplemented as warranted.

**Request For Production No. 6:**

Any and all communications between you and any Defendants in this lawsuit (Takeover, Holley, McBride, Pavlik, Zarro, NextGen Beverages) since January 1, 2022, that reference the creation of NextGen Beverages.

**Amended Response to Request No. 6:**

See response to request No. 5. **See also, DEF01530 to 01531.**

DATED this 18th day of February 2025.

Law Office of S. Don Bennion

*S. Don Bennion, Esq.*
S. Don Bennion, Esq.
Nevada Bar No. 4530
Law Office of S. Don Bennion
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
Tel: (702) 333-0777 Fax: (702) 333-0577
email: don@bennionlaw.com

Whitehead & Burnett

*Jeffrey J. Whitehead, Esq.*
Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
6980 O'Bannon Drive
Las Vegas, Nevada 89117
Tel: (702)267-6500 Fax: (702)267-6262
Email: jeff@whiteheadburnett.com
*Attorneys for Defendants*

# EXHIBIT F

J. Deppoleto, Jr. v. Takeover Industries, Inc.

Case No. 2:22-cv-2013-GMN-BNW

Defendants' Opposition to Plaintiff's Renewed Motion to Compel Discovery To Defendants' Takeover Industries, Incorporated., Mike Holley, Toby McBride, Joseph Pavlik, Tom Zarro and NextGen Beverage, LLC

Tom Zarro's Amended Responses to Subpoena Duces Tecum and Amended Responses to Plaintiff's First Request for Production of Documents dated February 18, 2025

EXHIBIT F

S. Don Bennion, Esq.
Nevada Bar No. 4530
Law Office of S. Don Bennion
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
Tel: (702) 333-0777 Fax: (702) 333-0577
email: don@bennionlaw.com

Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
Whitehead & Burnett
6980 O'Bannon Drive
Las Vegas, Nevada 89117
Tel: (702)267-6500 Fax: (702)267-6262
Email: jeff@whiteheadburnett.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES V. DEPPOLETO JR.,<br>Plaintiff,<br><br>v.<br><br>TAKEOVER INDUSTRIES, INCORPORATED, *et al.*<br>Defendant. | Case NO. 2:22-cv-02013-GMN-BNW |

**TOM ZARRO'S AMENDED RESPONSES TO SUBPOENA DUCES TECUM and AMENDED RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

TO: JAMES V. DEPPOLETO, JR.,

TO: SHEA LARSEN; and HUSCH BLACKWELL LLP, as his attorneys of record.

TOM ZARRO'S ("Zarro"), by and through counsel of record, hereby submits his Amended Responses to Subpoena Duces Tecum numbers 8 and 14; Amended Responses to Plaintiff's First Request For Production of Documents, numbers 1, 2,3 and 4 pursuant to the Federal Rules of Civil Procedure 34. Zarro's Amended Responses to Subpoena Duces Tecum and Plaintiff's First Request for Production of Document are highlighted in **black** as follows:

**Subpoena Duces Tecum Request No. 8:**

And and all communications between you and any individual that reference any withdrawal or transfer of funds from Takeover.

**Amended Response to Subpoena Duces Tecum Request No. 8:**

Responding Party is unaware of any documents responsive to this Request. Discovery is ongoing and Responding Party reserves the right to supplement this Response when and if additional information becomes available. **See DEF001463 to DEF01503; see also, DEF01372 to DEF01374; see also DEF01271 to DEF01280.**

**Subpoena Duces Tecum Request No. 14:**

Any and all communications between You and any individual that mention any investments that You made in NextGen Beverages LLC.

**Amended Response Subpoena Duces Tecum Request No. 14:**

Responding Party has performed a diligent review of his records and is unaware of any documents responsive to this Request. Discovery is ongoing and Responding Party reserves the right to supplement these responses when and if more information becomes available. **See DEF01538 to 01545; see also, DEF01560 to 01764.**

**Request For Production No. 1:**

Any and all communications and documents reflecting shares that you hold in Labor Smart, Inc.

**Amended Response to Request No. 1:**

Defendant objects to this request on the grounds that it is vague and ambiguous as to the word "reflecting" calls for legal conclusion, and is overly broad. Notwithstanding these objections, see DEF00285 to DEF00868. Discovery is continuing and this response will be supplemented as warranted. **See also, DEF01560 to DEF01764.**

**Request For Production No. 2:**

Any and all communications and documents reflecting the purchase, sale, or transfer of shares that you once held or continue to hold in Labor Smart, Inc.

**Amended Response to Request No. 2:**

Defendant objects to this request on the grounds that it is vague and ambiguous as to the word "reflecting," calls for legal conclusion, and is overly broad. Notwithstanding these objections, see DEF00285 to DEF00868. Discovery is continuing and this response will be supplemented as warranted. **See also, DEF01560 to DEF01764.**

**Request For Production No. 3:**

Any and all communications between you and any Defendant in this lawsuit (Takeover, Holley, McBride, Pavlik, Zarro, NextGen Beverages) since January 1, 2022, that references Mr. Deppoleto or his investment in Takeover.

**Amended Response to Request No. 3:**

Defendant objects to this request on the grounds that it is vague and ambiguous as to the term "investment", may call for speculation, lacks foundation, calls for legal conclusion, and is overly broad, duplicative and unduly burdensome. Notwithstanding these objections, see

**DEF00534 to 00550; see also, DEF01107 to 01112.** Discovery is continuing and this response will be supplemented as warranted.

**<u>Request For Production No. 4:</u>**

Any and all communications between you and any Defendants in this lawsuit (Takeover, Holley, McBride, Pavlik, Zarro, NextGen Beverages) since January 1, 2022, that reference the creation of NextGen Beverages.

**<u>Amended Response to Request No. 4:</u>**

See response to request No. 3. **See DEF001372 to 01374; see also,DEF01385 to DEF01406.**

DATED this 18th day of February 2025.

Law Office of S. Don Bennion

*S. Don Bennion, Esq.*
S. Don Bennion, Esq.
Nevada Bar No. 4530
Law Office of S. Don Bennion
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
Tel: (702) 333-0777 Fax: (702) 333-0577
email: don@bennionlaw.com

Whitehead & Burnett

*Jeffrey J. Whitehead, Esq.*
Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
6980 O'Bannon Drive
Las Vegas, Nevada 89117
Tel: (702)267-6500 Fax: (702)267-6262
Email: jeff@whiteheadburnett.com
*Attorneys for Defendants*

# EXHIBIT G

J. Deppoleto, Jr. v. Takeover Industries, Inc.

Case No. 2:22-cv-2013-GMN-BNW

Defendants' Opposition to Plaintiff's Renewed Motion to Compel Discovery To Defendants' Takeover Industries, Incorporated., Mike Holley, Toby McBride, Joseph Pavlik, Tom Zarro and NextGen Beverage, LLC

NextGenBeverages LLC Amended Responses to Plaintiff's First, Second and Third Request for Production of Documents Dated February 18, 2025

EXHIBIT G

S. Don Bennion, Esq.
Nevada Bar No. 4530
Law Office of S. Don Bennion
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
Tel: (702) 333-0777 Fax: (702) 333-0577
email: don@bennionlaw.com

Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
Whitehead & Burnett
6980 O'Bannon Drive
Las Vegas, Nevada 89117
Tel: (702)267-6500 Fax: (702)267-6262
Email: jeff@whiteheadburnett.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES V. DEPPOLETO JR.,<br>Plaintiff,<br><br>v.<br><br>TAKEOVER INDUSTRIES, INCORPORATED, *et al.*<br>Defendant. | Case NO. 2:22-cv-02013-GMN-BNW |

**NEXTGEN BEVERAGE LLC'S AMENDED RESPONSES TO PLAINTIFF'S FIRST, SECOND and THIRD REQUESTS FOR PRODUCTION OF DOCUMENTS**

TO: JAMES V. DEPPOLETO, JR.,

TO: SHEA LARSEN; and HUSCH BLACKWELL LLP, as his attorneys of record.

NEXTGEN BEVERAGES, LLC ("NextGen"), by and through counsel of record, hereby submits their Amended Responses to Plaintiff's First Request For Production of Documents, numbers 3,6,8; Amended Responses to Plaintiff's Second Set of Requests For Production of Documents number 7; Amended Responses to Plaintiff's Third Request For Production of Documents numbers 1,2,3,4,5 and 6 pursuant to the Federal Rules of Civil Procedure 34. Next Gen's Amended Responses are highlighted in **black** as follows:

**Amended Responses to Plaintiff's First Request For Production of Documents**

**Request No. 3:**

Any and all documents containing monthly financial statements of NextGen (including balance sheets, profits and loss statements, statements of cash flows, and any other financial statement forms maintained by Next(Gen) for each month of 2023.

**Amended Response Request No. 3:**

Objection. This request is vague and ambiguous as to the terms "monthly financial statements." Responding Party also objects that this request seeks confidential and proprietary information. Subject to, and without waiving, the foregoing objections, Responding Party responds as follows:

Responding Party is in the process of reviewing documents in its possession, custody, or control for any other documents it may have responsive to this request. Responding Party will supplement this response with additional documents when/if such documents become available. Discovery is ongoing and Responding Party reserves the right to supplement these responses when and if more information becomes available. **See DEF01271 to 01290; see also, DEF 01385 to DEF01415; DEF01528-01529.**

**Request No. 6:**

Any and all documents and communications reflecting any assets and products acquired by NextGen, including the consideration exchanged for the assets.

**Amended Response to Request No. 6:**

Objection. This request is vague and ambiguous as to the terms "assets and products acquired by NextGen." Responding Party also objects that this request is overbroad and not limited in time and scope and seeks information irrelevant to this matter and beyond the scope of discovery information in this matter. Responding Party also objects that this request seeks confidential and proprietary information. Subject to, and without waiving, the foregoing objections, Responding party responds as follows:

Responding Party is in the process of reviewing documents in its possession, custody, or control for any other documents it may have responsive to this request. Responding Pary will supplement this response with additional documents when/if such documents become available. **See DEF00689 to DEF00803; See also, DEF01372 to 01384; See also, DEF01271 to 01290. See also, DEF01385 to DEF01415; See also, DEF01528-DEF01529; See also, DEF01534-DEF01537.** Discovery is ongoing and Responding Party reserves the right to supplement these responses when and if more information becomes available.

**Request For Production No.8:**

Any and all documents reflecting any agreement between NextGen and any brand ambassadors of NextGen, including but not limited to, Manny Pacquiao.

**Amended Response to Request No. 8:**

Objection. This request is vague and ambiguous as to the terms "agreement" and "brand ambassadors." Responding Party also objects that this request is overbroad and not

limited in time and scope and seeks information irrelevant to this matter and beyond the scope of discovery information in this matter. Responding party also objects that this request seeks confidential and proprietary information.

Subject to, and without waiving, the foregoing objections, Responding Party responds as follows:

Responding Party is in the process of reviewing documents in its possession, custody, or control for any other documents it may have responsive to this request. Responding Pary will supplement this response with additional documents when/if such documents become available. **See, DEF01304 to DEF01361.** Discovery is ongoing and Responding Party reserves the right to supplement these responses when and if more information becomes available.

**Amended Answers to Plaintiff's Second Request For Production of Documents**

**Request For Production No. 7:**

Any and all documents and communications reflecting product inventory held by NextGen.

**Amended Response to Request No. 7:**

Responding Party is unaware of any documents responsive to this request. . **See DEF00689 to DEF00803; See also, DEF01372 to 01384; See also, DEF01271 to 01290. See also, DEF01385 to DEF01415; See also, DEF01528-DEF01529; See also, DEF01534-DEF01537.** Responding Party reserves the right to supplement this response if and when more information becomes available.

**Amended Answers to Plaintiff's Third Set of Requests for Production of Documents**

**Request For Production No. 1:**

Any and all documents that contain the product formulations for products that have ever been sold by NextGen, including but not limited to, Hydrogen-enriched waters, Nootropic performance beverages, and Artesian Water.

**Amended Response to Request No. 1:**

Defendant objects to this request on the grounds that it calls for proprietary documentation, possibly including trade secret information/documentation, legal conclusions, is vague and ambiguous, overly broad, calls for speculation, and lacks foundation. Notwithstanding these objections, see DEF00591 to DEF00884. **To the extent the following documents could be relevant to this Request, see also, DEF01291 to DEF01293; see also, DEF01534 to DEF01537 ("Confidential"- subject to a Stipulation and/or Motion for Protective Order).** Discovery is continuing and this response will be supplemented as warranted.

**Request For Production No. 2:**

Any and all communications and documents, between January 1, 2022, and present, arising out of or relating to any solicitation or anticipated solicitation of any supplier, vendor, brand ambassador, or vendor of Takeover's with whom/which NextGen worked or attempted to solicit.

**Amended Response to Request No. 2:**

Defendant objects to this request on the grounds that it is vague and ambiguous as to the phrases "anticipated solicitation", **"or vendor of Takeover's with whom/which NextGen worked or attempted to solicit,"** may call for speculation and legal conclusions, and is overly

broad. Notwithstanding these objections, see DEF00591 to DEF00884. **To the extent the following documents could be relevant to this Request, see also, DEF01294 to DEF01300 and DEF01304 to DEF01361.** Discovery is continuing and this response will be supplemented as warranted.

**<u>Request For Production No. 3:</u>**

Any and all communications and documents reflecting shares that you hold in Labor Smart, Inc.

**<u>Amended Response to Request No. 3:</u>**

Defendant objects to this request on the grounds that it calls for a legal conclusion, is vague and ambiguous as to the phrase "reflecting the shares that you hold", may call for speculation, and is overly broad. Notwithstanding these objections, see DEF00591 to DEF00884. **To the extent the following documents could be relevant to this Request, see also, DEF01281 to DEF01290; see also, DEF01528 to DEF01531; see also, DEF01560 to DEF01734.** Discovery is continuing and this response will be supplemented as warranted.

**<u>Request for Production No. 4</u>**

Any and all communications and documents reflecting the purchase, sale, or transfer of shares that you once held or continue to hold in Labor Smart, Inc.

**<u>Amended Response to Request No. 4:</u>**

Defendant objects to this request as it calls for a legal conclusion, is vague and ambiguous as to the phrase, "reflecting shares that you held, **or continue to hold"** may call for speculation, and is overly broad. Notwithstanding these objections, see DEF00591 to DEF00884. **See Amended Response to Request No. 4.** Discovery is continuing and this response will be supplemented as warranted.

**Request for Production No. 5:**

Any and all communications between you and any Defendant in this lawsuit (Takeover, Holley, McBride, Pavlik, Zarro, NextGen Beverage) since January 1, 2022, that references Mr. Deppoleto or his investment in Takeover.

**Amended Response to Request No. 5:**

Defendant objects to this request on the grounds that it is vague and ambiguous as to the phrases "any and all communications" and "his investment", may call for speculation and legal conclusions, and is overly broad. Notwithstanding these objections, see DEF00591 to DEF00884. **See also, DEF00547, DEF00589-590, DEF01375-01384; DEF01458; DEF01740-01743.** Discovery is continuing and this response will be supplemented as warranted.

**Request for Production No. 6:**

Any and all communications between you and any Defendant in this lawsuit (Takeover, Holley, McBride, Pavlik, Zarro, NextGen Beverages) since January 1, 2022, that reference the creation of NextGen Beverages.

**Amended Response to Request No. 6:**

See response to request No. 5. **Defendant objects to this request on the grounds that it is vague and ambiguous as to the phrases "any and all communications," and may call for speculation and legal conclusions, and is overly broad. Notwithstanding these objections, see DEF00591 to DEF00884; see also, DEF01281-DEF01280; see also, DEF01372-01374; see also, DEF01385-01406; DEF01528-01529; DEF01735-01737.**

DATED this 20th day of February 2025.

Law Office of S. Don Bennion

*S. Don Bennion, Esq.*
S. Don Bennion, Esq.
Nevada Bar No. 4530
Law Office of S. Don Bennion
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
Tel: (702) 333-0777 Fax: (702) 333-0577
email: don@bennionlaw.com

Whitehead & Burnett

*Jeffrey J. Whitehead, Esq.*
Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
6980 O'Bannon Drive
Las Vegas, Nevada 89117
Tel: (702)267-6500 Fax: (702)267-6262
Email: jeff@whiteheadburnett.com

*Attorneys for Defendants*

# EXHIBIT H

J. Deppoleto, Jr. v. Takeover Industries, Inc.

Case No. 2:22-cv-2013-GMN-BNW

Defendants' Opposition to Plaintiff's Renewed Motion to Compel Discovery To Defendants' Takeover Industries, Incorporated., Mike Holley, Toby McBride, Joseph Pavlik, Tom Zarro and NextGen Beverage, LLC

Plaintiff's Response To Takeover Industries Incorporated's First Set of Requests for Production of Documents/Plaintiff's Response to Takeover Industries Incorporated's First Set of Interrogatories

EXHIBIT H

JAMES PATRICK SHEA
Nevada Bar No. 405
BART K. LARSEN
Nevada Bar No. 8538
KYLE M. WYANT
Nevada Bar No. 14652
SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email: jshea@shea.law
blarsen@shea.law
kwyant@shea.law

JENNIFER E. HOEKEL
Nevada Bar No. 12775
jennifer.hoekel@huschblackwell.com
HUSCH BLACKWELL LLP
8001 Forsyth Boulevard, Suite 1500
St. Louis, Missouri 63105
Telephone: 314.480.1500
Facsimile: 314.480.1505

-and-

PATRICK M. HARVEY
Admitted Pro Hac Vice
Patrick.Harvey@huschblackwell.com
HUSCH BLACKWELL LLP
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Telephone: 414.273.2100
Facsimile: 414.223.5000
*Attorney for Plaintiff*
*James V. Deppoleto Jr.*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES V. DEPPOLETO JR., Individually and Derivatively on Behalf of Nominal Defendant Takeover Industries Incorporated<br><br>Plaintiff,<br><br>v.<br><br>TAKEOVER INDUSTRIES INCORPORATED, Defendant and Nominal Defendant<br><br>MICHAEL HOLLEY,<br><br>TOBY MCBRIDE,<br><br>JOSEPH PAVLIK,<br><br>TOM ZARRO,<br><br>and<br><br>NEXTGEN BEVERAGES, LLC,<br><br>Defendants. | CASE NO.: 2:22-cv-2013-GMN- MDC<br><br>**PLAINTIFF'S RESPONSE TO TAKEOVER INDUSTRIES INCORPORATED'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Plaintiff, James V. Deppoleto, Jr. ("Plaintiff" or "Deppoleto"), by his attorneys, Husch Blackwell LLP, responds to Takeover Industries Incorporated's ("Takeover") First Set of Requests for Production of Documents as follows:

## GENERAL OBJECTIONS

These responses are made without in any way waiving or intending to waive, but on the contrary, intending to preserve and preserving:

(a) All questions as to competency, relevancy, materiality, privilege and admissibility as evidence for any purpose of the responses or subject matter thereof, in any subsequent proceeding in, or the trial of, this or any other action;

(b) The right to object on any ground to the use of said responses or the subject matter thereof, in any subsequent proceeding and in the trial of this or any other action; and

(c) The right to object on any ground at any time to other discovery requests or other discovery procedures involving or relating to the subject of these discovery requests.

These responses are limited by the records and information in existence, presently collected and thus far discovered in the course of preparing these responses. Consequently, Plaintiff reserves the right to make any changes in these responses if it appears at any time that omissions or errors have been made or that more accurate information is available.

Plaintiff objects to each and every request to the extent that it purports to impose any requirement or discovery obligation upon it other than as set forth in the Federal Rules of Civil Procedure and any applicable Local Rule. Plaintiff further objects to each and every request to the extent that it seeks to discover any information protected by the attorney-client privilege, the attorney work-product doctrine, and any other applicable restriction upon discovery.

Plaintiff further objects to Takeover's lengthy list of "Preliminary Definitions and Instructions" at the beginning of its Requests for Production, because some of them are inaccurate, repetitive, misleading, vague, and/or overly broad.

Without waiving the above general objections applicable to all the requests, Plaintiff has set forth responses to these discovery requests to the extent that:

(a) Information is presently known and available as a result of a reasonable search and inquiry by Plaintiff;

(b) Information is not subject to the attorney-client privilege or the attorney work-product doctrine; and

(c) Plaintiff has not further objected to particular discovery requests.

**RESPONSE TO REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:**

Produce all documents showing any and all correspondence and/or communications between yourself and anyone else related to any loan to or investment in Takeover made by you.

**RESPONSE TO REQUEST NO. 1:** Plaintiff objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiff further objects because a portion of this Request seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving said objections, Plaintiff will conduct a reasonable search and produce non-privileged documents within its possession, custody, and control referencing Plaintiff's loans to or investments in Takeover.

**REQUEST NO. 2:**

Produce all documents containing account statements for all bank and financial accounts showing the transfers of any money from you to Takeover.

**RESPONSE TO REQUEST NO. 2:** Plaintiff objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case. Subject to and without waiving said objection, Plaintiff will conduct a reasonable search and produce documents demonstrating Plaintiff's transfer of funds to Takeover.

**REQUEST NO. 3:**

Produce all documents showing any and all correspondence and/or communications between you and anyone acting on Takeover's behalf.

**RESPONSE TO REQUEST NO. 3:** Plaintiff objects to this Request because it is overly broad and unduly burdensome. Plaintiff further objects to this Request because it seeks information that is irrelevant and not proportional to the needs of this lawsuit. Plaintiff further objects to the phrase "anyone acting on Takeover's behalf" as vague and ambiguous because Plaintiff cannot be sure who was acting on Takeover's behalf. Subject to and without waiving said objections, Plaintiff will conduct a reasonable search and produce correspondence between Plaintiff and the Takeover Defendants that relate to the claims in this lawsuit from January 1, 2021 to present.

**REQUEST NO. 4:**

Produce all documents showing any and all correspondence and/or communications between yourself and Jason Tucker that are in any way related to any Defendants or any of your claims in the Amended Complaint from January 1, 2021 to the present.

**RESPONSE TO REQUEST NO. 4:** Plaintiff objects to this Request because it is overly broad and unduly burdensome, not proportional to the needs of the case, and a portion of it seeks information that it not relevant or reasonably likely to lead to the discovery of admissible evidence. Based on these objections, Plaintiff cannot realistically respond to this Request. If Takeover narrows its Request, Plaintiff will re-evaluate its response.

**REQUEST NO. 5:**

Produce all documents, correspondence, and communications between yourself and anyone else related to the drafting, negotiation, and execution of the notes and loans referenced in Paragraphs 36-48 of your Amended Complaint.

**RESPONSE TO REQUEST NO. 5:** Plaintiff objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiff further objects because a portion of this Request seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving said objections, Plaintiff will conduct a reasonable search and produce non-privileged documents and communications referencing the notes and loans that are the subject of this lawsuit from January 1, 2021, to present.

**REQUEST NO. 6:**

Produce all documents, correspondence, and communications that you have ever received from Takeover, or anyone acting on Takeover's behalf.

**RESPONSE TO REQUEST NO. 6:** Plaintiff objects to this Request because it is overly broad and unduly burdensome to produce every single document that Plaintiff has ever received from Takeover (because the request is not limited to a reasonable duration of time). Plaintiff further objects to this Request because it seeks information that is irrelevant and not proportional to the needs of this

lawsuit. Plaintiff further objects to the phrase "anyone acting on Takeover's behalf" as vague and ambiguous because Plaintiff cannot be sure who was acting on Takeover's behalf. Subject to and without waiving said objections, Plaintiff will conduct a reasonable search and produce documents and communications referencing the notes and loans that are the subject of this lawsuit from January 1, 2021, to present.

**REQUEST NO. 7:**

Produce any and all documents demonstrating the source of any funds that you have delivered to, paid to, or otherwise loaned to or invested in Takeover.

**RESPONSE TO REQUEST NO. 7:** Plaintiff objects to this Request because it is overly broad, unduly burdensome, not proportional to the needs of the case, and because the source of Plaintiff's funds is not relevant or likely to lead to the discovery of admissible evidence. As Plaintiff stated in its response to Takeover's Interrogatory No. 4, Plaintiff loaned Takeover money from his own private funds. Accordingly, it is impossible to produce documents demonstrating "the source of any funds" loaned to Takeover. Based on these objections, Plaintiff cannot realistically respond to this Request.

**REQUEST NO. 8:**

Produce all documents showing any and all correspondence and/or communications between yourself and Melissa Tucker that are in any way related to any Defendants or any of your claims in the Amended Complaint from January 1, 2021 to the present.

**RESPONSE TO REQUEST NO. 8:** Plaintiff objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of this case to produce any communication with Melissa Tucker that relates to any of the Defendants. Subject to and without waiving the said objections, Plaintiff will conduct a reasonable search and produce communications with Melissa Tucker that relate to the claims in the Amended Complaint from January 1, 2021, to present.

**REQUEST NO. 9:**

Produce all documents, correspondence, and communications between you and the individual who operates the Twitter (now known as X) account with username @BlameCanada82 that are in any way related to any Defendants or any of your claims in the Amended Complaint from January 1, 2021 to the present.

**RESPONSE TO REQUEST NO. 9:** Plaintiff states that he conducted a reasonable search for private communications between himself and @BlameCanada82 and states that no responsive documents exist.

**REQUEST NO. 9:**

Produce all documents, correspondence, and communications between you and any of the Defendants.

**RESPONSE TO REQUEST NO. 9:** Takeover has misnumbered its Requests for Production, labeling two of its requests for production as Request No. 9. Plaintiff will thus refer to this Request as Request No. 9.1. Plaintiff objects to this Request because it is overly broad and unduly burdensome to produce every single document or communication between Plaintiff and any of the six defendants since Takeover's request is not limited to a reasonable duration of time. Plaintiff further objects to this Request because it seeks information that is irrelevant and not proportional to the needs of this lawsuit since the scope of the requested information is not limited in any fashion. Plaintiff further objects to this Request because this information is equally if not more accessible to the Defendants, meaning this Request imposes unnecessary expenses and burdens on Plaintiff. Subject to and without waiving said objections, Plaintiff will conduct a reasonable search and produce documents between himself and any of the Takeover Defendants that relate to the claims in this lawsuit from January 1, 2021, to present.

**REQUEST NO. 10:**

Produce all documents that you intend to use or rely on as evidence or other exhibits at trial in this matter.

**RESPONSE TO REQUEST NO. 10:** Plaintiff will identify the exhibits that he intends to use at trial in this action by the Court's deadline to do so. Subject to and without waiving said objections, at this time, Plaintiff may use any document produced by any party or third party.

**REQUEST NO. 11:**

Produce all documents showing any and all correspondence and/or communications between yourself and any other person that are in any way related to "the process of documenting the Supplemental Loan" as referenced in Paragraphs 47-51 of your Amended Complaint.

**RESPONSE TO REQUEST NO. 11:** Plaintiff objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiff further objects to this Request because a portion of it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving said objections, Plaintiff will conduct a reasonable search and produce non-privileged documents referencing the Supplemental Loan.

**REQUEST NO. 12:**

Produce all documents related to, or otherwise showing, Takeover's finances and/or financial records that were provided to you at anytime between January 1, 2021 and December 31, 2023.

**RESPONSE TO REQUEST NO. 12:** Plaintiff objects to this Request because this information is equally if not more accessible to Takeover, meaning this Request imposes unnecessary expenses and burdens on Plaintiff. Subject to and without waiving said objections, Plaintiff will conduct a reasonable search and produce any responsive documents.

**REQUEST NO. 13:**

Produce all documents showing any and all correspondence and/or communications between yourself and Kerby Fortner that are in any way related to any Defendants or any of your claims in the Amended Complaint from January 1, 2021 to the present.

**RESPONSE TO REQUEST NO. 13:** Plaintiff objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of this case to produce any communication with Kerby Fortner that relates to any of the Defendants. Subject to and without waiving the said objections, Plaintiff will conduct a reasonable search and produce communications with Kerby Fortner that relate to the claims in the Amended Complaint from January 1, 2021, to present.

**REQUEST NO. 14:**

Produce all documents showing any and all correspondence and/or communications between yourself and Mike Tzanetatos that are in any way related to any Defendants or any of your claims in the Amended Complaint from January 1, 2021 to the present.

**RESPONSE TO REQUEST NO. 14:** Plaintiff objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of this case to produce any communication with Mike Tzanetatos that relates to any of the Defendants. Subject to and without waiving the said objections, Plaintiff will conduct a reasonable search and produce communications with Mike Tzanetatos that relate to the claims in the Amended Complaint from January 1, 2021, to present.

**REQUEST NO. 15:**

Produce all documents showing any and all correspondence and/or communications between yourself and Mike Costello that are in any way related to any Defendants or any of your claims in the Amended Complaint from January 1, 2021 to the present.

**RESPONSE TO REQUEST NO. 15:** Plaintiff objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of this case to produce any communication with Mike Costello that relates to any of the Defendants. Subject to and without waiving the said objections, Plaintiff will conduct a reasonable search and produce communications with Mike Costello that relate to the claims in the Amended Complaint from January 1, 2021, to present.

**REQUEST NO. 16:**

Produce all documents showing any and all correspondence and/or communications between yourself and Scott Bolden that are in any way related to any Defendants or any of your claims in the Amended Complaint from January 1, 2021 to the present.

**RESPONSE TO REQUEST NO. 16:** Plaintiff states that he conducted a reasonable search for correspondence between himself and Scott Bolden that relate to the claims in the Amended Complaint and states that no responsive documents exist.

**REQUEST NO. 17:**

Produce all documents showing any and all correspondence and/or communications between yourself and anyone else related to any of the Defendants.

**RESPONSE TO REQUEST NO. 17:** Plaintiff objects to this Request because the phrase "anyone else related to any of the Defendants" is vague and ambiguous and requires Plaintiff to speculate at to all individuals "related to any of the Defendants." Plaintiff further objects to this Request because it is overly broad and unduly burdensome to produce every single communication ever exchanged between Plaintiff and "anyone else related to any of the Defendants" (because the request is not limited to a reasonable duration of time). Plaintiff further objects to this Request because it seeks information that is irrelevant and not proportional to the needs of this lawsuit. Plaintiff further objects to this Request because some of this information is equally if not more accessible to the Defendants, meaning this Request imposes unnecessary expenses and burdens on Plaintiff. Plaintiff further objects because a portion of this Request seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Based on these objections, Plaintiff cannot realistically respond to this Request. If Takeover narrows its Request, Plaintiff will re-evaluate its response.

**REQUEST NO. 18:**

Produce any and all documents showing or otherwise related to you having any position (as an officer, director, or otherwise) with Takeover at any time.

**RESPONSE TO REQUEST NO. 18:** As Plaintiff stated in response to Takeover's Interrogatory No. 7, Plaintiff has not held any official position with Takeover, thus no responsive documents exist.

**REQUEST NO. 19:**

Produce any and all documents showing how the funds you invested in, loaned to, or otherwise transferred to Takeover were intended to be used.

**RESPONSE TO REQUEST NO. 19:** Plaintiff objects to this Request because this information is equally if not more accessible to the Defendants, meaning this Request imposes unnecessary expenses and burdens on Plaintiff. Subject to and without waiving said objections, Plaintiff will conduct a reasonable search and produce documents referencing Takeover's intended use for the funds that Plaintiff loaned it.

**REQUEST NO. 20:**

Produce any and all documents showing how the funds you invested in, loaned to, or otherwise transferred to Takeover were actually used.

**RESPONSE TO REQUEST NO. 20:** Plaintiff objects to this Request because only Takeover knows how the funds that Plaintiff loaned it were actually used. Based on this objection, Plaintiff cannot realistically respond to this Request.

**REQUEST NO. 21:**

Produce any and all documents related to, or otherwise showing, assets that you claim were transferred to NextGen from Takeover.

**RESPONSE TO REQUEST NO. 21:** Plaintiff objects to this Request because this information is uniquely in the possession of the Defendants. Subject to and without waiving said objections, Plaintiff will conduct a reasonable search and produce documents relating to assets transferred from NextGen to Takeover that are within Plaintiff's possession, custody, and control.

**REQUEST NO. 22:**

Produce any and all documents related to, or otherwise showing, that Takeover assets and/or funds were used for the personal benefit or gain of any of the Defendants.

**RESPONSE TO REQUEST NO. 22:** Plaintiff objects to this Request because this information is uniquely in the possession of Defendants. Subject to and without waiving said objections, Plaintiff will conduct a reasonable search and produce responsive documents within its possession, custody and control.

**REQUEST NO. 23:**

Produce any and all documents related to, or that otherwise support, your allegations in Paragraphs 26-33 of your Amended Complaint.

**RESPONSE TO REQUEST NO. 23:** Plaintiff objects to this Request because this information is more accessible to the Defendants, meaning this Request imposes unnecessary expenses and burdens on Plaintiff. Subject to and without waiving said objections, Plaintiff will conduct a reasonable search and produce responsive documents within its possession, custody and control.

**REQUEST NO. 24:**

Produce any and all documents related to, or that otherwise support, your allegations in Paragraphs 70-76 of your Amended Complaint.

**RESPONSE TO REQUEST NO. 24:** Plaintiff objects to this Request because this information is more accessible to the Defendants, meaning this Request imposes unnecessary expenses and burdens on Plaintiff. Subject to and without waiving said objections, Plaintiff will conduct a reasonable search and produce responsive documents within its possession, custody and control.

**REQUEST NO. 25:**

Produce any and all documents related to, or otherwise showing, any and all funds, monies, or other assets that have ever been paid by, or transferred from, Takeover to you.

**RESPONSE TO REQUEST NO. 25:** Plaintiff states that he has not been paid any funds from Takeover, thus no responsive documents exist.

**REQUEST NO. 26:**

Produce all documents showing any and all correspondence and/or communications between yourself and Anthony Pettis that are in any way related to any Defendants or any of your claims in the Amended Complaint from January 1, 2021 to the present.

**RESPONSE TO REQUEST NO. 26:** Plaintiff objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of this case to produce any communication with Anthony Pettis that relates to any of the Defendants. Subject to and without waiving said objections, Plaintiff will conduct a reasonable search and produce communications with Anthony Pettis that relate to the claims in the Amended Complaint from January 1, 2021, to present.

**REQUEST NO. 27:**

Produce all documents, communications, and/or correspondence that is in any way related to any changing Takeover's bylaws or any other governing documents.

**RESPONSE TO REQUEST NO. 27:** Plaintiff objects to this Request because this information is more accessible to the Defendants, meaning this Request imposes unnecessary expenses and burdens on Plaintiff. Subject to and without waiving said objections, Plaintiff will conduct a reasonable search and produce documents referencing Takeover's bylaws.

**REQUEST NO. 28:**

Produce all documents, communications, and/or correspondence that is in any way related to any presentation to Living Essentials and/or 5-Hour Energy and a possible investment in Takeover from January 1, 2021 to December 31, 2022.

**RESPONSE TO REQUEST NO. 28:** Plaintiff objects to this Request because it seeks information that is irrelevant and not proportional to the needs of this lawsuit. Plaintiff further objects to the phrase "presentation" as vague and ambiguous because it is not defined. Subject to and without waiving said objections, Plaintiff states that he conducted a reasonable search and no responsive documents exist.

**REQUEST NO. 29:**

Produce all documents, communications, and/or correspondence that is in any way related to any deal involving Dollar General as it relates to Takeover.

**RESPONSE TO REQUEST NO. 29:** Plaintiff objects to this Request because it seeks information that is irrelevant and not proportional to the needs of this lawsuit. Plaintiff further objects to the phrase "presentation" as vague and ambiguous because it is not defined. Plaintiff further objects to this Request because this information is equally if not more accessible to the Defendants, meaning this Request imposes unnecessary expenses and burdens on Plaintiff. Subject to and without waiving said objections, Plaintiff will conduct a reasonable search and produce responsive documents.

**REQUEST NO. 30:**

Produce any and all documents, communications, and correspondence related to the creation and/or management of a company known as Gamer Shots from January 1, 2021 to December 31, 2022

**RESPONSE TO REQUEST NO. 30:** Plaintiff objects to this Request because it seeks information that is irrelevant and not proportional to the needs of this lawsuit. Plaintiff further objects to this Request because this information is equally if not more accessible to the Defendants, meaning this Request imposes unnecessary expenses and burdens on Plaintiff. Subject to and without waiving said objections, Plaintiff will conduct a reasonable search and produce responsive documents.

**REQUEST NO. 31:**

Produce all documents, communications, and/or correspondence that are in any way related to plans you had with Jason Tucker to take Takeover private.

**RESPONSE TO REQUEST NO. 31:** Plaintiff objects to this Request because it seeks information that is irrelevant and not proportional to the needs of this lawsuit. Plaintiff further objects to this Request because it is inaccurate and misleading. Takeover is, and always has been, a private

company. Accordingly, it is impossible to have plans "to take Takeover private." Subject to and without waiving said objections, Plaintiff states that no responsive documents exist.

**REQUEST NO. 32:**

Produce all documents, communications, and/or correspondence that are in any way related to any Takeover board of directors meetings in which you participated or were present.

**RESPONSE TO REQUEST NO. 32:** Plaintiff objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of this case to produce any document "related to" any Takeover board of directors meeting because it requires Plaintiff to speculate as to what documents "relate to" such meetings. Plaintiff further objects because a portion of this Request seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Plaintiff further objects to this Request because this information is equally if not more accessible to the Defendants, meaning this Request imposes unnecessary expenses and burdens on Plaintiff. Subject to and without waiving said objections, Plaintiff will conduct a reasonable search for documents and communications referencing Takeover Board of Directors meetings and will produce responsive documents.

**REQUEST NO. 33:**

Produce all documents, communications, and/or correspondence between you and any shareholder and/or investor in Takeover related any of the Defendants and/or your claims in the Amended Complaint.

**RESPONSE TO REQUEST NO. 33:** Plaintiff objects to this Request because Plaintiff does not know every "shareholder and/or investor in Takeover," and thus, this Request requires Plaintiff to speculate as to which documents are responsive to this Request. Plaintiff further objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of this case to produce any communication with a shareholder and/or investor in Takeover that relates to

any of the Defendants. Based on these objections, Plaintiff cannot realistically respond to this Request. If Takeover narrows its Request, Plaintiff will re-evaluate its response.

**REQUEST NO. 34:**

Produce all documents, communications, and/or correspondence showing, or otherwise related to, the consideration you provided for the 200,000,000 common shares in Takeover referenced in Paragraph 58 of your Amended Complaint.

**RESPONSE TO REQUEST NO. 34:** Plaintiff objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of this case to produce any document "related to" the consideration that Plaintiff provided for the 200,000,000 common shares in Takeover. Plaintiff further objects because a portion of this Request seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving said objections, Plaintiff will conduct a reasonable search and produce documents showing his investment in Takeover that resulted in receiving 200,000,000 common shares.

Dated: September 11, 2024

*/s/ Patrick M. Harvey*

JENNIFER E. HOEKEL
Nevada Bar No. 12775
jennifer.hoekel@huschblackwell.com
**HUSCH BLACKWELL LLP**
8001 Forsyth Boulevard Suite 1500
St. Louis, Missouri 63105
Telephone: 314.480.1500
Facsimile: 314.480.1505

PATRICK M. HARVEY
Admitted *Pro Hac Vice*
patrick.harvey@huschblackwell.com
**HUSCH BLACKWELL LLP**
511 North Broadway Suite 1100
Milwaukee, Wisconsin 53202
Telephone: 414.273.2100
Facsimile: 414.223.5000

-and –

JAMES PATRICK SHEA
Nevada Bar No. 405
BART K. LARSEN
Nevada Bar No. 8538
KYLE M. WYANT
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email: jshea@shea.law
blarsen@shea.law
kwyant@shea.law

*Attorney for Plaintiff,*
*James V. Deppoleto Jr.*

JAMES PATRICK SHEA
Nevada Bar No. 405
BART K. LARSEN
Nevada Bar No. 8538
KYLE M. WYANT
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email: jshea@shea.law
blarsen@shea.law
kwyant@shea.law

JENNIFER E. HOEKEL
Nevada Bar No. 12775
jennifer.hoekel@huschblackwell.com
**HUSCH BLACKWELL LLP**
8001 Forsyth Boulevard Suite 1500
St. Louis, Missouri 63105
Telephone: 314.480.1500
Facsimile: 314.480.1505

-and-

PATRICK M. HARVEY
Admitted *Pro Hac Vice*
patrick.harvey@huschblackwell.com
**HUSCH BLACKWELL LLP**
511 North Broadway Suite 1100
Milwaukee, Wisconsin 53202
Telephone: 414.273.2100
Facsimile: 414.223.5000
*Attorney for Plaintiff*
*James V. Deppoleto Jr.*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

JAMES V. DEPPOLETO JR.,
Individually and Derivatively on Behalf of Nominal Defendant Takeover Industries Incorporated

Plaintiff,

v.

TAKEOVER INDUSTRIES INCORPORATED,
Defendant and Nominal Defendant

MICHAEL HOLLEY,

TOBY MCBRIDE,

JOSEPH PAVLIK,

TOM ZARRO,

and

NEXTGEN BEVERAGES, LLC

Defendants.

CASE NO. 2:22-cv-02013-GMN-MDC

**PLAINTIFF'S RESPONSE TO TAKEOVER INDUSTRIES INCORPORATED'S FIRST SET OF INTERROGATORIES**

Plaintiff, James V. Deppoleto, Jr. ("Plaintiff" or "Deppoleto"), by his attorneys, Husch Blackwell LLP, responds to Takeover Industries Incorporated's ("Takeover") First Set of Interrogatories as follows:

## GENERAL OBJECTIONS

These responses are made without in any way waiving or intending to waive, but on the contrary, intending to preserve and preserving:

(a) All questions as to competency, relevancy, materiality, privilege and admissibility as evidence for any purpose of the responses or subject matter thereof, in any subsequent proceeding in, or the trial of, this or any other action;

(b) The right to object on any ground to the use of said responses or the subject matter thereof, in any subsequent proceeding and in the trial of this or any other action; and

(c) The right to object on any ground at any time to other discovery requests or other discovery procedures involving or relating to the subject of these discovery requests.

These responses are limited by the records and information in existence, presently collected and thus far discovered in the course of preparing these responses. Consequently, Plaintiff reserves the right to make any changes in these responses if it appears at any time that omissions or errors have been made or that more accurate information is available.

Plaintiff objects to each and every request to the extent that it purports to impose any requirement or discovery obligation upon it other than as set forth in the Federal Rules of Civil Procedure and any applicable Local Rule. Plaintiff further objects to each and every request to the extent that it seeks to discover any information protected by the attorney-client privilege, the attorney work-product doctrine, and any other applicable restriction upon discovery.

Plaintiff further objects to Takeover's lengthy list of "Preliminary Definitions and Instructions" at the beginning of its Interrogatories, because some of them are inaccurate, repetitive, misleading, vague, and/or overly broad.

Without waiving the above general objections applicable to all the requests, Plaintiff has set forth responses to these discovery requests to the extent that:

(a) Information is presently known and available as a result of a reasonable search and inquiry by Plaintiff;

(b) Information is not subject to the attorney-client privilege or the attorney work-product doctrine; and

(c) Plaintiff has not further objected to particular discovery requests.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify yourself by providing your full name, date of birth, current address, all names you have ever been known by, and the last four digits of your social security number.

**RESPONSE TO INTERROGATORY NO. 1:** Plaintiff objects to Interrogatory No. 1 as overbroad because Takeover has defined "yourself" to include "the named party(s), counsel for such party or parties, and all agents, servants, employees, representatives, investigators and others who are in the possession of or who may have obtained information for or on behalf of the named party or parties." Plaintiff further objects to this Interrogatory because it is not relevant to any party's claims or defenses and is not proportional to the needs of this case. In addition, Plaintiff objects to providing the last four digits of his social security number because it invades his privacy rights. Subject to and without waiving said objections, Plaintiff states:

- James V. Deppoleto Jr.
  c/o Husch Blackwell LLP
  North Broadway Suite 1100
  Milwaukee, Wisconsin 53202
- DOB: December 8, 1970.

**INTERROGATORY NO. 2:**

Describe, in detail, whether Mr. Zarro provided consent to the notes and other loans referenced in Paragraphs 36-48 of your Amended Complaint prior to those transactions being finalized and memorialized, including the date that Mr. Zarro provided his consent and whether he provided consent via verbal or written means.

**RESPONSE TO INTERROGATORY NO. 2:** Plaintiff objects to Interrogatory No. 2 on the ground that the term "finalized and memorialized" is undefined, vague, and ambiguous. Plaintiff also objects to this Interrogatory because it seeks information known to, or otherwise equally available to, Defendants. Plaintiff further objects to this Interrogatory on the grounds that it suggests Mr. Zarro's consent was required prior to Plaintiff loaning Takeover the funds described

in Paragraph 36-48 of the Amended Complaint. Subject to and without waiving said objections, Plaintiff does not know whether Mr. Zarro provided consent for the loans described in Paragraph 36-48 of the Amended Complaint. Plaintiff further states that the Takeover Board of Directors (Tucker, McBride, and Pavlik) and Labor Smart (Costello) signed joint written consents approving the Note Purcahse Agreement, First Amendment, Second Amendment, and the First Note, Second Note, and Third Note. Plaintiff further states it is his understanding that Mr. Zarro was not on Takeover's Board of Directors at the time Plaintiff loaned Takeover the funds that are the subject of this lawsuit.

**INTERROGATORY NO. 3:**

Describe in detail your relationship with Jason Tucker, including how long you have known him, when you first met, the circumstances of your meeting, and the nature of your relationship.

**RESPONSE TO INTERROGATORY NO. 3:** Plaintiff objects to Interrogatory No. 3 because "the circumstances of your meeting" and "the nature of your relationship" are undefined, vague, and ambiguous. Plaintiff further objects that this Interrogatory calls for a narrative response that is better suited for deposition testimony. Subject to and without waiving said objections, Plaintiff states that he met Mr. Tucker in November or December 2021 through Plaintiff's involvement with Takeover. The parties' relationship was limited to an arms-length, professional relationship.

**INTERROGATORY NO. 4:**

Describe in detail the source of the money that you claim to have loaned to Takeover, referenced in Paragraphs 36-48 or your Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 4:** Plaintiff objects to Interrogatory No. 4 because it is not relevant to any party's claims or defenses and is not proportional to the needs of this case. Plaintiff further objects that the phrase "source of money" is vague and ambiguous. Subject to and without waiving said objections, Plaintiff states that he loaned Takeover money from his own private funds.

**INTERROGATORY NO. 5:**

Explain in detail the negotiations of the terms of the notes and loans referenced in Paragraphs 36-48 of your Amended Complaint, including who you dealt with while negotiating the terms of those notes and loans and whether you expected Takeover to be able to comply with the terms of the notes and loans.

**RESPONSE TO INTERROGATORY NO. 5:** Plaintiff objects to Interrogatory No. 5 because it is overbroad to "explain in detail" the negotiations of his loans to Takeover. As such, this Interrogatory is better suited for deposition testimony. Plaintiff also objects to this Interrogatory because "who you dealt with while negotiating the terms" is vague and ambiguous as it could be requesting identities of third parties who are not relevant to the claims and defenses in this lawsuit. Plaintiff further objects because this Interrogatory requests information protected by the attorney-client privilege. Plaintiff further objects on the ground that it seeks information known to, or otherwise equally available to, Defendants. Subject to and without waiving said objections, Plaintiff refers Takeover to paragraphs 34 to 58 of the First Amended Complaint (Dkt. No. 25), which outlines the dates of the Notes and Supplemental Loan and the individuals involved in their execution. Plaintiff further states that his attorneys were involved in negotiations with Takeover regarding the Notes and Supplemental Loan. Plaintiff further states that he fully expected Takeover to comply with its obligations under the Notes and Supplemental Loan.

**INTERROGATORY NO. 6:**

Explain in detail the factual basis for your allegation in Paragraph 72 of your Amended Complaint that Defendants "shared and/or transferred Takeover's proprietary information, trade secrets, inventory, product ingredients, and other assets with NextGen Beverages."

**RESPONSE TO INTERROGATORY NO. 6:** Plaintiff objects to Interrogatory No. 6 because it is overbroad to "explain in detail" the basis for Plaintiff's allegation. Plaintiff also objects to Interrogatory No. 6 on the basis that discovery is ongoing. Subject to and without waiving said objections, Plaintiff states that he believes that Defendants shared and/or transferred Takeover's proprietary information, trade secrets, inventory, product ingredients, and other assets with

NextGen Beverages because: (1) NextGen Beverages was created by and is operated by the many of the same individuals who were intimately involved in Takeover; (2) Takeover stopped operating at the same time NextGen Beverages began operations; (3) NextGen Beverages manufactures similar products as Takeover did; (4) NextGen Beverages uses Manny Pacquiao as a brand ambassador when Takeover had an exclusive contract with Pacquiao; and (5) NextGen Beverages advertised Takeover's products on NextGen Beverages' website (lockedin.com).

**INTERROGATORY NO. 7:**

Describe in detail your relationship with Takeover, including when and how you first became aware of Takeover, all positions you have held with Takeover and when you held those positions, and all actions you have taken on behalf of Takeover.

**RESPONSE TO INTERROGATORY NO. 7:** Plaintiff objects to Interrogatory No. 7 because it seeks information known to, or otherwise equally available to, Takeover. Plaintiff also objects to this Interrogatory on the basis that "your relationship with Takeover" is undefined, vague, and ambiguous. Plaintiff further objects that this Interrogatory calls for a narrative response that is better suited for deposition testimony. Subject to and without waiving said objections, Plaintiff became aware of Takeover through Plaintiff's cousin, a well-known MMA fighter who had a relationship with Takeover. Plaintiff further states that his relationship with Takeover is limited to being a lender and investor to Takeover. Plaintiff further states that he has not held any official positions with Takeover, and has not taken any official actions on behalf of Takeover.

**INTERROGATORY NO. 8:**

Explain in detail the factual basis for your allegation in Paragraph 139 of your Amended Complaint that Defendants "transferred Takeover's assets to NextGen Beverages, and NextGen Beverages began advertising Takeover's products for sale on NextGen Beverages' website."

**RESPONSE TO INTERROGATORY NO. 8:** Plaintiff incorporates and repeats its objections and response to Interrogatory No. 6. Plaintiff further refers Takeover to the Cease and Desist and Notice of Default letter that Plaintiff sent to Takeover, dated June 14, 2023, which includes screenshots of Takeover's inventory on lockedin.com.

**INTERROGATORY NO. 15:**

Identify and describe in detail all conversations and communications you have had with Mike Tzanetatos (whether in person, via phone, text, email, or other means) that are in any way related to any Defendants or any of your claims in the Amended Complaint from January 1, 2021 to the present.

**RESPONSE TO INTERROGATORY NO. 15:** Plaintiff objects to Interrogatory No. 15 because the term "in any way related to any Defendants or any of your claims" is vague, ambiguous, and overbroad such that Plaintiff cannot determine the nature of the information sought. Plaintiff further objects to this Interrogatory because it is overbroad, unduly burdensome, and not proportional to the needs of the case because Plaintiff cannot reasonably be expected to remember every conversation and communication that he had with Mike Tzanetatos. Plaintiff further objects to this Interrogatory because it is not relevant to any party's claims or defenses and is not proportional to the needs of this case. Subject to and without waiving said objections, Plaintiff states that he had a few phone calls with Mr. Tzanetatos that were limited to business discussions related to Takeover.

**INTERROGATORY NO. 16:**

Identify and describe in detail all conversations and communications you have had with Mike Costello (whether in person, via phone, text, email, or other means) that are in any way related to any Defendants or any of your claims in the Amended Complaint from January 1, 2021 to the present.

**RESPONSE TO INTERROGATORY NO. 16:** Plaintiff objects to Interrogatory No. 16 because the term "in any way related to any Defendants or any of your claims" is vague, ambiguous, and overbroad such that Plaintiff cannot determine the nature of the information sought. Plaintiff further objects to this Interrogatory because it is overbroad, unduly burdensome, and not proportional to the needs of the case because Plaintiff cannot reasonably be expected to remember every conversation and communication that he had with Mike Costello. Subject to and without waiving said objections, Plaintiff states that he had a few conversations with Mr. Costello that

were limited to business discussions related to Takeover in addition to at least one conversation regarding payment from Takeover to Mr. Costello.

**INTERROGATORY NO. 17:**

Identify and describe in detail all conversations and communications you have had with the individual who operates the Twitter (now known as X) account with username @BlameCanada82 (whether in person, via phone, text, email, or other means) that are in any way related to any Defendants or any of your claims in the Amended Complaint from January 1, 2021 to the present.

**RESPONSE TO INTERROGATORY NO. 17:** Plaintiff objects to Interrogatory No. 17 because the term "in any way related to any Defendants or any of your claims" is vague, ambiguous, and overbroad such that Plaintiff cannot determine the nature of the information sought. Plaintiff further objects to this Interrogatory because it is overbroad, unduly burdensome, and not proportional to the needs of the case because Plaintiff cannot reasonably be expected to remember every online communication that he had with @BlameCanada82. Plaintiff further objects to this Interrogatory because it is not relevant to any party's claims or defenses and is not proportional to the needs of this case. Subject to and without waiving said objections, Plaintiff states that he does not know the identity of the individual who operates the Twitter account with the username @BlameCanada82. Plaintiff further states that he does not recall a substantive conversation with @BlameCanada82.

**INTERROGATORY NO. 18:**

Identify and describe in detail all conversations and communications you have had with Scott Bolden (whether in person, via phone, text, email, or other means) that are in any way related to any Defendants or any of your claims in the Amended Complaint from January 1, 2021 to the present.

**RESPONSE TO INTERROGATORY NO. 18:** Plaintiff objects to Interrogatory No. 18 because the term "in any way related to any Defendants or any of your claims" is vague, ambiguous, and overbroad such that Plaintiff cannot determine the nature of the information sought. Plaintiff

further objects to this Interrogatory because it is not relevant to any party's claims or defenses and is not proportional to the needs of this case. Subject to and without waiving said objections, Plaintiff states that he does not recall any conversations with Scott Bolden.

**INTERROGATORY NO. 19:**

Identify any and all individuals that you are aware of who had access to, and control of, Takeover's bank account(s) from May 2022 through November 2022.

**RESPONSE TO INTERROGATORY NO. 19:** Plaintiff objects to Interrogatory No. 19 on the ground that it seeks information not within Plaintiff's personal knowledge. Plaintiff further objects to this Interrogatory because it seeks information that is exclusively within Takeover's knowledge and possession. Subject to and without waiving said objections, Plaintiff states that he has no knowledge of individuals who had access to and control of Takeover's bank account(s) from May 2022 through November 2022.

DATED this 11th day of September, 2024.

**HUSCH BLACKWELL LLP**

By: */s/ Patrick M. Harvey*

JENNIFER E. HOEKEL
Nevada Bar No. 12775
jennifer.hoekel@huschblackwell.com
**HUSCH BLACKWELL LLP**
8001 Forsyth Boulevard Suite 1500
St. Louis, Missouri 63105
Telephone: 314.480.1500
Facsimile: 314.480.1505

PATRICK M. HARVEY
Admitted *Pro Hac Vice*
patrick.harvey@huschblackwell.com
**HUSCH BLACKWELL LLP**
511 North Broadway Suite 1100
Milwaukee, Wisconsin 53202
Telephone: 414.273.2100
Facsimile: 414.223.5000

-and –

JAMES PATRICK SHEA
Nevada Bar No. 405
BART K. LARSEN
Nevada Bar No. 8538
KYLE M. WYANT
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email: jshea@shea.law
blarsen@shea.law
kwyant@shea.law

*Attorney for Plaintiff,*
*James V. Deppoleto Jr.*

## CERTIFICATE OF SERVICE

1. On September 11, 2024, I served the following document(s):
**PLAINTIFF'S RESPONSE TO TAKEOVER INDUSTRIES INCORPORATED'S FIRST SET OF INTERROGATORIES**

2. I served the above document(s) by the following means to the persons as listed below:

☐ a. ECF System:

☒ b. United States mail, postage fully prepaid:
Kurt R. Bonds
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144

☐ c. Personal Service:

I personally delivered the document(s) to the persons at these addresses:

☐ For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐ For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐ d. By direct email (as opposed to through the ECF System):
Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ e. By fax transmission:

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐ f. By messenger:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 11, 2024.

By: /s/ *Patrick M. Harvey*

**VERIFICATION**

**AS TO ANSWERS TO INTERROGATORIES:**

I, James V. Deppoleto, Jr., declare the following:

I am the Plaintiff in this lawsuit, and I have read the Plaintiff's Response to Takeover Industries Incorporated's First Set of Interrogatories, subscribed by me, and know the contents thereof. The responses were prepared with the assistance and advice of counsel, upon whose advice I have relied. The answers set forth herein are not necessarily within my personal knowledge, and I do not believe any single individual has personal knowledge of all such matters. The responses are based upon information assembled by authorized representatives and/or counsel representing me. The answers, subject to inadvertent or undiscovered errors, are based on and limited by existing records and information, presently recollected and thus far discovered during the preparation of these answers. I consequently reserve the right to make any changes to the responses if it appears at any time that omissions or errors have been made or that more accurate information is available. Subject to these limitations the responses are true to the best of my knowledge, information, or belief.

*/s/ James V. Deppoleto, Jr.*
James V. Deppoleto, Jr.

# EXHIBIT I

J. Deppoleto, Jr. v. Takeover Industries, Inc.

Case No. 2:22-cv-2013-GMN-BNW

Defendants' Opposition to Plaintiff's Renewed Motion to Compel Discovery To Defendants' Takeover Industries, Incorporated., Mike Holley, Toby McBride, Joseph Pavlik, Tom Zarro and NextGen Beverage, LLC

Correspondence

EXHIBIT I

**Don Bennion**

**From:** Harvey, Patrick <patrick.harvey@huschblackwell.com>
**Sent:** Monday, February 10, 2025 10:27 AM
**To:** Don Bennion
**Cc:** Jeff Whitehead; Villalpando, Meghan; Sewell, Peter
**Subject:** RE: Deppoleto vs. Takeover Industries, et al; proposed stipulated protective order
**Attachments:** 4930-8078-3633.1 Stip and order for a Protective and Confidentiality Order_HB edits.doc

External (patrick.harvey@huschblackwell.com)

Report This Email FAQ GoDaddy Advanced Email Security, Powered by INKY

Don,

We are attaching the final version of our proposed protective order. Here is some added explanation on our proposed changes:

- Besides our suggested deletions, your last version did not account for the other changes that we made in redline (see paragraphs 2, 2a, 5, 7, etc.). Are you opposed to those changes?

- We still request the removal of paragraphs 12-15, and 17, which related to inadvertent disclosure of materials subject to attorney-client privilege. Federal Rule of Civil Procedure 26(b)(5)(B) already addresses the inadvertent disclosure of privileged materials, and provides a mechanism for clawing them back, which is why it is unnecessary for inclusion in the protective order.

- We are fine with adding back in paragraphs 16 and 19, subject to the redlines we have proposed in paragraph 16. We deleted "witness, or third party to this matter," because those entities are not parties to this agreement, and so cannot be bound by something to which they have not agreed.

- It also looks like you have added paragraphs 20-22 to your most recent draft, which were not in the last draft that you sent. We are fine with those additions, subject to the redlines in the attached. In paragraph 20, we have deleted the instructions about filing under seal, because that is duplicative of paragraph 8. And because paragraphs 20-22 are duplicative of paragraph 4, we have deleted paragraph 4.

Please advise as to whether you are in agreement with this version. If not, we will proceed with filing our own proposed order with the Court.

Patrick

**Patrick M. Harvey**
**Partner**

**HUSCH BLACKWELL LLP**
511 North Broadway
Suite 1100
Milwaukee, WI 53202
Direct: 414.978.5321
Fax: 414.223.5000
patrick.harvey@huschblackwell.com
huschblackwell.com
View Bio | View VCard

**From:** Don Bennion <don@bennionlaw.com>
**Sent:** Thursday, February 6, 2025 4:59 PM

**To:** Harvey, Patrick <patrick.harvey@huschblackwell.com>
**Cc:** Jeff Whitehead <jeff@whiteheadburnett.com>; Villalpando, Meghan <Meghan.Villalpando@huschblackwell.com>; Sewell, Peter <Peter.Sewell@huschblackwell.com>
**Subject:** FW: Deppoleto vs. Takeover Industries, et al; proposed stipulated protective order

[EXTERNAL EMAIL]

Patrick,
Attached is the revised Stipulation and Protective Order with only the deletion of paragraph 7. Paragraphs 12-15 and 17 are necessary to address inadvertent disclosures of confidential records. Further, paragraphs 16 and 19 are appropriate to address sanctions for violations of the Order. In addition, I've included as "Exhibit A" at the end a page for relevant witnesses to sign and acknowledge the Protective Order. Please advise if you have any questions. Thanks, Don

S. Don Bennion
Attorney & Counselor at Law
Law Office of S. Don Bennion
6980 O'Bannon Drive Suite 400
Las Vegas, Nevada 89117
702.333.0777
702.333.0577*f*
don@bennionlaw.com

---

**From:** Harvey, Patrick <patrick.harvey@huschblackwell.com>
**Sent:** Tuesday, January 21, 2025 2:24 PM
**To:** Don Bennion <don@bennionlaw.com>
**Cc:** Jeff Whitehead <jeff@whiteheadburnett.com>; Villalpando, Meghan <Meghan.Villalpando@huschblackwell.com>; Sewell, Peter <Peter.Sewell@huschblackwell.com>
**Subject:** RE: Deppoleto vs. Takeover Industries, et al; proposed stipulated protective order

Don,

Thank you. I am attaching an updated draft, which includes our proposed edits. Also, by way of a quick summary on our changes:

- We deleted paragraph 7 because it references a non-disclosure agreement that is <u>not</u> found in paragraph 5.
- We deleted paragraphs 12-15 and 17 because issues of attorney-client privilege are beyond the scope of a standard protective order.
- We deleted paragraphs 16 and 19 because the Court can fashion whatever remedies it sees fit for violations of the protective order.

We look forward to your thoughts.

Finally, please also keep Meghan and Pete (both copied) copied on these emails.

Patrick

**Patrick M. Harvey**
**Partner**

**HUSCH BLACKWELL LLP**
511 North Broadway
Suite 1100
Milwaukee, WI 53202
Direct: 414.978.5321
Fax: 414.223.5000

**Don Bennion**

---

**From:** Don Bennion
**Sent:** Thursday, January 16, 2025 11:42 PM
**To:** patrick.harvey@huschblackwell.com
**Cc:** Jeff Whitehead
**Subject:** FW: Deppoleto vs. Takeover Industries et al; Case no. 2:22-cv-02013- Proposed Stipulated Protective Order and Defendants' Seventh Supplemental Production of Documents with designation of confidential documents
**Attachments:** Stipulated Protective Order.pdf; Defendants Seventh Supplemental Disclosures.pdf; Stip and order for a Protective and Confidentiality OrderTakeoverIndustriesDeppoleto.doc

Patrick,
Pursuant to your request, attached is the proposed Stipulated Protective Order in Word format. Thanks, Don

S. Don Bennion
Attorney & Counselor at Law
Law Office of S. Don Bennion
6980 O'Bannon Drive Suite 400
Las Vegas, Nevada 89117
702.333.0777
702.333.0577*f*
don@bennionlaw.com

**From:** Don Bennion
**Sent:** Tuesday, December 31, 2024 9:10 PM
**To:** patrick.harvey@huschblackwell.com
**Subject:** Deppoleto vs. Takeover Industries et al; Case no. 2:22-cv-02013- Proposed Stipulated Protective Order and Defendants' Seventh Supplemental Production of Documents with designation of confidential documents

Patrick,

Good evening and happy new year. Attached is Defendants' proposed Stipulated Protective Order and Seventh Supplemental Production of Documents which designates the documents relevant to the Protective Order at this time. Please let me know if we can affix your e-signature to the SPO. Thanks, Don

S. Don Bennion
Attorney & Counselor at Law
Law Office of S. Don Bennion
6980 O'Bannon Drive Suite 400
Las Vegas, Nevada 89117
702.333.0777
702.333.0577*f*
don@bennionlaw.com

patrick.harvey@huschblackwell.com
huschblackwell.com
View Bio | View VCard

**From:** Don Bennion <don@bennionlaw.com>
**Sent:** Tuesday, January 21, 2025 1:50 AM
**To:** Harvey, Patrick <patrick.harvey@huschblackwell.com>
**Cc:** Jeff Whitehead <jeff@whiteheadburnett.com>
**Subject:** Deppoleto vs. Takeover Industries, et al; proposed stipulated protective order

[EXTERNAL EMAIL]

Patrick,

Attached is the proposed stipulated protective order we discussed in Word format, with editions made at paragraph 16 and stylistically otherwise. Thanks, Don

S. Don Bennion
Attorney & Counselor at Law
Law Office of S. Don Bennion
6980 O'Bannon Drive Suite 400
Las Vegas, Nevada 89117
702.333.0777
702.333.0577*f*
don@bennionlaw.com

# EXHIBIT J

J. Deppoleto, Jr. v. Takeover Industries, Inc.

Case No. 2:22-cv-2013-GMN-BNW

Defendants' Opposition to Plaintiff's Renewed Motion to Compel Discovery To Defendants' Takeover Industries, Incorporated., Mike Holley, Toby McBride, Joseph Pavlik, Tom Zarro and NextGen Beverage, LLC

Declaration of Thomas Zarro

EXHIBIT J

S. Don Bennion, Esq.
Nevada Bar No. 4530
Law Office of S. Don Bennion
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
Tel: (702) 333-0777 Fax: (702) 333-0577
email: don@bennionlaw.com

Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
Whitehead & Burnett
6980 O'Bannon Drive
Las Vegas, Nevada 89117
Tel: (702)267-6500 Fax: (702)267-6262
Email: jeff@whiteheadburnett.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES V. DEPPOLETO JR.,<br>Plaintiff,<br><br>v.<br><br>TAKEOVER INDUSTRIES, INCORPORATED, *et al.*<br>Defendant. | Case NO. 2:22-cv-02013-GMN-BNW<br><br>**DECLARATION OF THOMAS ZARRO IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S RENEWED MOTION TO COMPEL** |

**DECLARATION OF THOMAS ZARRO**

I, Thomas Zarro state and declare as follows:

1. I am over the age of eighteen and I am a Defendant in the United States District Court of Nevada case no. 2:22-cv-02013-GMN-BNW. I have personal knowledge

of the facts set forth in this Declaration and will testify if called to do so, except those matters which are based upon my information and belief in this matter.

2. I made a $300,000 investment in Takeover Industries, Inc. in June of 2021. I was informed and believe that I was the first monetary investor in Takeover Industries. I am currently owed by Takeover Industries approximately $175,000.00.

3. The Company had a board meeting on November 7, 2022, and removed Jason Tucker from his positions at Takeover due to gross misconduct by him based on my information and belief.

4. Tucker was ordered by Board resolution to relinquish control of the bank accounts by November 7, 2022. Based on my information and belief, Tucker refused to hand over control of the Takeover bank accounts and had access up until mid-December of 2022.

5. Due recent changes in laws since the inauguration of President Trump January 20, 2025, my concerns regarding the subject matter of deposition questions for have been rendered moot and a protective order is no longer necessary with regard to my deposition testimony regarding a non-disclosure agreement concerning a company referred to in deposition as Acme. However, I believe a protective order is still necessary to protect the proprietary information regarding the formulas for the content of the subject hydrogen water and energy drink(s) at issue herein.

6. I declare under penalty of perjury that the foregoing is true and correct and if called upon as a witness I could and would competently testify thereto.

Dated this 26th day of March, 2025.

*/s/ Thomas Zarro*_______________
Thomas Zarro

# EXHIBIT K

J. Deppoleto, Jr. v. Takeover Industries, Inc.

Case No. 2:22-cv-2013-GMN-BNW

Defendants' Opposition to Plaintiff's Renewed Motion to Compel Discovery To Defendants' Takeover Industries, Incorporated., Mike Holley, Toby McBride, Joseph Pavlik, Tom Zarro and NextGen Beverage, LLC

Declaration of Michael Holley

EXHIBIT K

S. Don Bennion, Esq.
Nevada Bar No. 4530
Law Office of S. Don Bennion
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
Tel: (702) 333-0777 Fax: (702) 333-0577
email: don@bennionlaw.com

Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
Whitehead & Burnett
6980 O'Bannon Drive
Las Vegas, Nevada 89117
Tel: (702)267-6500 Fax: (702)267-6262
Email: jeff@whiteheadburnett.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES V. DEPPOLETO JR.,<br>Plaintiff,<br><br>v.<br><br>TAKEOVER INDUSTRIES, INCORPORATED, *et al.*<br>Defendant. | Case NO. 2:22-cv-02013-GMN-BNW<br><br>**DECLARATION OF MICHAEL HOLLEY IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S RENEWED MOTION TO COMPEL** |

**DECLARATION OF MICHAEL HOLLEY**

I, Michael Holley state and declare as follows:

I am over the age of eighteen and I am a Defendant in the United States District Court of Nevada case no. 2:22-cv-02013-GMN-BNW. I have personal knowledge of the facts set forth in this Declaration related to this matter.

1. I am a Defendant in the above-identified action and make this Declaration based on my personal knowledge.

2. Many of the documents requested by Plaintiff Deppoleto are not in my possession nor the possession of any other Defendant, according to my understanding, because in the summer and fall of 2022, Plaintiff Deppoleto and Takeover Industries' president, Jason Tucker, were in control of Takeover's company operations, bank accounts, and other related documents to which Defendants did not have access.

3. I did obtain access to many of Takeover Industries' documents, including bank records, in or about December 2022.

I declare under penalty of perjury that the foregoing is true and correct and if called upon as a witness I could and would competently testify thereto.

Dated this 26th day of March, 2025.

*_/s/ Michael Holley_*
Michael Holley