JAMES PATRICK SHEA
Nevada Bar No. 405
BART K. LARSEN
Nevada Bar No. 8538
KYLE M. WYANT
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email: jshea@shea.law
blarsen@shea.law
kwyant@shea.law

JENNIFER E. HOEKEL
Nevada Bar No. 12775
jennifer.hoekel@huschblackwell.com
**HUSCH BLACKWELL LLP**
8001 Forsyth Boulevard Suite 1500
St. Louis, Missouri 63105
Telephone: 314.480.1500
Facsimile: 314.480.1505

-and-

PATRICK M. HARVEY
*Admitted Pro Hac Vice*
Patrick.Harvey@huschblackwell.com
**HUSCH BLACKWELL LLP**
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Telephone: 414.273.2100
Facsimile: 414.223.5000

*Attorneys for Plaintiff,*
*James V. Deppoleto Jr.*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

HB: 4931-3803-6785.1

JAMES V. DEPPOLETO JR.,
Individually and Derivatively on Behalf of
Nominal Defendant Takeover Industries
Incorporated

                              Plaintiff,

v.

TAKEOVER INDUSTRIES
INCORPORATED,
Defendant and Nominal Defendant

MICHAEL HOLLEY,

TOBY MCBRIDE,

JOSEPH PAVLIK,

TOM ZARRO,

and

NEXTGEN BEVERAGES, LLC

                              Defendants.

CASE NO. 2:22-cv-02013-GMN-MDC

**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S RENEWED MOTION TO COMPEL DISCOVERY FROM TAKEOVER INDUSTRIES INCORPORATED, MICHAEL HOLLEY, TOBY MCBRIDE, JOSEPH PAVLIK, TOM ZARRO, AND NEXTGEN BEVERAGES, LLC**

Plaintiff, James V. Deppoleto Jr. ("Plaintiff" or "Deppoleto"), by and through his undersigned counsel, submits this Reply Brief in Support of his Renewed Motion to Compel Takeover Industries Incorporated ("Takeover"), Michael Holley ("Holley"), Toby McBride ("McBride"), Joseph Pavlik ("Pavlik"), Tom Zarro ("Zarro"), and NextGen Beverages, LLC ("NextGen") (collectively, the "Takeover Defendants") to: (1) provide complete responses to Deppoleto's First, Second, and Third Set of Requests for Production; and (2) for Zarro to complete his deposition, and to provide full and complete answers to the questions asked at it.

HB: 4931-3803-6785.1

## MEMORANDUM OF POINTS AND AUTHORITIES

The Takeover Defendants suggest that their recent supplemental productions and amended discovery responses – most of which were not even produced until *after* Plaintiff was forced to file his original Motion to Compel – have satisfied all outstanding Requests for Production.  However, even their supplemental production has barely moved the needle toward curing the Takeover Defendants' discovery deficiencies.

Since December 17, 2024 – and after the discovery cutoff – the Takeover Defendants have served several supplemental document productions and amended their written discovery responses, but deficiencies remain.  Although the Takeover Defendants' amended discovery responses identify the Bates labels of additional responsive documents that have been produced, they have not made any substantive changes to their written responses to comply with their obligations under Federal Rules.  And even with the supplemental document productions from the Takeover Defendants, they surely have not produced all responsive documents.

Overall, the Takeover Defendants have repeatedly failed to comply with their discovery obligations under the Federal Rules of Civil Procedure.  As a result, Deppoleto respectfully requests that the Court compel the Takeover Defendants to provide complete responses to Deppoleto's requests for production, because their current responses are wholly deficient.  *See* Fed. R. Civ. P. 37(a)(3)(A)-(B); Local Rule 26-7.  Because of the Takeover Defendants' repeated failures to cure their discovery deficiencies, Deppoleto also respectfully requests reimbursement of his reasonable costs and attorneys' fees incurred in bringing this Motion, and for re-deposing Zarro for a third time.

## ARGUMENT

1. **The Court should compel the Takeover Defendants to provide complete responses to Deppoleto's Requests for Production.**

The Takeover Defendants incorrectly claim that they "have properly supplemented their discovery responses." (Dkt. No. 121 at 33.)  However, the Takeover Defendants' responses remain deficient – even with their amended discovery responses and supplemental document production.

HB: 4931-3803-6785.1

1    The Takeover Defendants suggest that Deppoleto's Motion does not account for the

2  documents that the Takeover Defendants have produced in recent months (after the close of

3  discovery).  That is incorrect.  Deppoleto has thoroughly reviewed the Takeover Defendants'

4  supplemental document productions and amended discovery responses, and -- as outlined in

5  Deppoleto's Renewed Motion to Compel – significant deficiencies remain.  Specifically, three

6  primary issues remain: (1) the Takeover Defendants failed to revise their boilerplate objections, in

7  violation of Rule 34(b)(2)(B); (2) the Takeover Defendants failed to indicate in writing whether any

8  responsive materials are being withheld on the basis of their objections, in violation of Rule

9  34(b)(2)(B); and (3) the Takeover Defendants failed to produce all documents responsive to

10  Deppoleto's requests for production.

11    First, the Takeover Defendants have not revised any of their improper and meritless

12  objections to Deppoleto's Requests for Production.  For example, the Takeover Defendants continue

13  to insist that their objections to words like "investment" and "reflecting" are vague and ambiguous

14  terms.  (Dkt. No. 121 at 6-8 ("In this case, discovery requests using words such as 'reflecting' and

15  'investment' are proper subjects of specific objections set forth by Defendants.").)  Rather than

16  relying upon boilerplate objections to commonsense words and phrases, the Takeover Defendants

17  must state their objections with specificity, as required by Rule 34(b)(2)(B).

18

19    The Takeover Defendants also assert additional improper objections – such as their objection

20  that responsive materials include "proprietary documentation" that the Takeover Defendants will

21  only produce subject to a protective order.  However, the Takeover Defendants have not filed a

22  motion for a protective order, and with discovery now closed, they cannot withhold documents

23  based on this objection.  *See* Fed. R. Civ. P. 26(c)(1) (outlining the requirements for seeking a

24  protective order).  In addition, the Takeover Defendants assert this objection in several instances

25  where it makes no sense.  For example, in the Third Set of Requests for Production to Takeover,

26  Request for Production No. 5 requests: "Any and all communications between you and any

27

28  Defendant in this lawsuit (Takeover, Holley, McBride, Pavlik, Zarro, NextGen Beverages) since

HB: 4931-3803-6785.1

January 1, 2022, that reference the creation of NextGen Beverages." Takeover objects, stating that "[a] protective order is necessary to protect the proprietary information regarding the formulas for the content of the subject hydrogen water and energy drink(s) at issue herein." (Dkt. No. 121 at 17.) However, Request No. 5 does not even request product formulas. As a result, Takeover's objection is irrelevant and improper.

Second, the Takeover Defendants have still failed to indicate in a signed writing whether any responsive materials are being withheld on the basis of their objections. *See* Fed. R. Civ. P. 34(b)(2)(C). Without this information, Deppoleto cannot be sure that responsive documents do not exist, or whether – as Deppoleto suspects – responsive documents exist and are being withheld. The Takeover Defendants' supplemental productions underscore this concern. Despite discovery closing on December 9, 2024, the Takeover Defendants continue to produce documents responsive to Deppoleto's Requests for Production, which were served months before the discovery cutoff. By way of one example, the Takeover Defendants state in their Opposition Brief that they recently "discovered" additional text messages between Zarro and McBride that they "produced concurrently herewith." (Dkt. No. 121 at 16.) The Takeover Defendants' piecemeal production also raises the concern that they have failed to conduct a reasonable search for responsive records. "The Federal Rules obligate a party to . . . take reasonable and appropriate steps to search its records and produce all responsive documents or things." *McAteer v. Sunflower Bank*, No. 220CV02285APGEJY, 2024 WL 1054441, at *2 (D. Nev. Mar. 11, 2024) (internal quotations omitted). Accordingly, the Court should order the Takeover Defendants to conduct a thorough search for responsive materials and to comply with Rule 34's requirement to state, in a signed writing, whether any responsive materials are being withheld on the basis of their objections.

Third, the Takeover Defendants have surely not produced all documents responsive to Deppoleto's requests for production – despite their recent supplemental productions – and the Takeover Defendants essentially concede as much. In particular, the Takeover Defendants contend that they "are not in possession of" many of the requested materials because "in the summer and fall of 2022, Plaintiff and Takeover president, Jason Tucker, were in control of Takeover's company

operations, bank accounts, and other related documents to which Defendants did not have access." (Dkt. No. 121 at 5.)  Even assuming, *arguendo*, that the Takeover Defendants' assertion was true, their excuse lacks merit for several reasons.  The Takeover Defendants admit that they gained access to Takeover's information in "November/December 2022."  (Dkt. No. 121 at 11.)  Because the Takeover Defendants have had possession of Takeover's materials since November 2022, there is no reason that they cannot produce the requested documents at this time.  Relatedly, the Takeover Defendants do not assert that responsive materials were deleted before November 2022, meaning the requested documents should still be in the Takeover Defendants' possession.

Moreover, this objection does not apply to many discovery requests for which the Takeover Defendants assert it.  For example, Plaintiff's Request for Production No. 12 requested: "Any and all documents related to Takeover's Board of Directors meeting in November 2022, including but not limited to, any and all communications relating to the same, as well as proposed or passed resolutions, meeting minutes and meeting summaries."  Holley, Pavlik, and McBride attended Takeover's November 7, 2022, board meeting, meaning they certainly have communications regarding that meeting – regardless of whether they had control of *Takeover's* accounts at that time.

Finally, the Takeover Defendants assert – for the first time – that Deppoleto's September 2024 discovery responses are somehow deficient.  However, the Takeover Defendants have never sent Deppoleto a deficiency letter, requested a meet-and-confer regarding Deppoleto's discovery responses, or moved to compel a response from Deppoleto, and discovery closed months ago.  Even if Deppoleto's responses were somehow deficient – which they are not – with the discovery cutoff and dispositive motion deadlines having now passed, any objections that the Takeover Defendants may have otherwise had to them are now waived.  *See, e.g.*, *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999).  Moreover, a "party may not excuse its failure to comply with discovery obligations by claiming that its opponent is similarly delinquent."  *Genentech, Inc. v. Trustees of University of Pennsylvani*a, 2011 WL 7074208, at *1 (N.D. Cal. June 10, 2011).  As such, the Court should not give any credence to the Takeover Defendants' last-ditch effort to excuse their discovery failures.

HB: 4931-3803-6785.1

**2.** **The Court should compel Zarro to complete his deposition, and to provide full answers to Deppoleto's deposition questions.**

The Court should also enter an order compelling Zarro to have his deposition taken a third time, and to provide full and complete answers to the questions. At his November 21, 2024, deposition, Zarro refused to answer certain deposition questions, claiming that that he could not answer them because of purported confidentiality concerns. As a result, Zarro insisted on the entry of a protective order before finishing his deposition, and Deppoleto agreed to hold open the deposition for that purpose. The parties held Zarro's second deposition on December 13, 2024. But once again, Zarro refused to answer questions at his December 13, 2024, deposition based on his asserted confidentiality concerns, because Zarro had not sought entry of a protective order before his second deposition, effectively rendering Zarro's second deposition a waste of time and resources.

Now – more than four months after Zarro's first deposition – Zarro concedes that a protective order is unnecessary, and he will provide complete answers to deposition questions. Based on Zarro's previous conduct – *i.e.*, asserting an improper confidentiality objection at his first deposition, failing to address his purported confidentiality concerns before his second deposition, insisting for months that entry of a protective order was necessary yet not seeking entry of one, and now conceding that a protective order is not necessary – Deppoleto requests that the Court order Zarro to complete his deposition by providing complete responses. In addition, Deppoleto requests an award of his attorney's fees and costs required to take Zarro's deposition for a third time. *See* Fed. R. Civ. P. 37(a)(5)(A).

**3.** **The Court should award Deppoleto his attorneys' fees.**

Finally, the Court should award Deppoleto the attorneys' fees and costs that he incurred in bringing this Motion and the original Motion (Dkt. No. 94), as well as the fees that he will incur in taking Zarro's deposition for a third time. *See* Fed. R. Civ. P. 37(a)(5)(A) ("If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's

HB: 4931-3803-6785.1

reasonable expenses incurred in making the motion, including attorney's fees."). Because the Takeover Defendants have produced some responsive documents only *after* Deppoleto filed his original Motion and this Motion, the Court must order the Takeover Defendants to pay Deppoleto's reasonable expenses, including his attorney's fees. *See* Fed. R. Civ. P. 37(a)(5)(A).

## CONCLUSION

The Court should enter an Order compelling: (1) the Takeover Defendants to provide full and complete responses to Deppoleto's First, Second, and Third Sets of Requests for Production, within 14 days; (2) Zarro to complete his deposition by providing complete responses; and (3) reimburse Deppoleto for his attorney's fees and costs incurred in bringing his original Motion, this Motion, and incurred in taking Zarro's third deposition.

DATED this 3rd day of April, 2025.

**HUSCH BLACKWELL LLP**


/s/ *Patrick M. Harvey*
JAMES PATRICK SHEA
Nevada Bar No. 405
BART K. LARSEN
Nevada Bar No. 8538
KYLE M. WYANT
Nevada Bar No. 14652
SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email: jshea@shea.law
blarsen@shea.law
kwyant@shea.law

JENNIFER E. HOEKEL
Nevada Bar No. 12775
jennifer.hoekel@huschblackwell.com
HUSCH BLACKWELL LLP
8001 Forsyth Boulevard, Suite 1500
St. Louis, Missouri 63105
Telephone: 314.480.1500
Facsimile: 314.480.1505

HB: 4931-3803-6785.1

And


PATRICK M. HARVEY
*Admitted Pro Hac Vice*
Patrick.Harvey@huschblackwell.com
**HUSCH BLACKWELL LLP**
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Telephone: 414.273.2100
Facsimile: 414.223.5000

*Attorneys for Plaintiff,*
*James V. Deppoleto Jr.*

HB: 4931-3803-6785.1

## <u>CERTIFICATE OF SERVICE</u>

1.    On April 3, 2025, I served the following document(s): **PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S RENEWED MOTION TO COMPEL DISCOVERY FROM TAKEOVER INDUSTRIES INCORPORATED, MICHAEL HOLLEY, TOBY MCBRIDE, JOSEPH PAVLIK, TOM ZARRO, AND NEXTGEN BEVERAGES, LLC.**

2.    I served the above document(s) by the following means to the persons as listed below:

☒    a.    ECF System:

☐    b.    United States mail, postage fully prepaid:

☐    c.    Personal Service:

I personally delivered the document(s) to the persons at these addresses:

☐    For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐    For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐    d.    By direct email (as opposed to through the ECF System):
Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐    e.    By fax transmission:

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐    f.    By messenger:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 3, 2025.

By: /s/ *Patrick M. Harvey*

HB: 4931-3803-6785.1

10