S. Don Bennion, Esq.
Nevada Bar No. 4530
Law Office of S. Don Bennion
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
Tel: (702) 333-0777  Fax: (702) 333-0577
email: don@bennionlaw.com

Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
Whitehead & Burnett
6980 O'Bannon Drive
Las Vegas, Nevada 89117
Tel: (702)267-6500 Fax: (702)267-6262
Email: jeff@whiteheadburnett.com
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JAMES V. DEPPOLETO JR., <br><br> Plaintiff, <br><br> v. <br><br><br> TAKEOVER INDUSTRIES, INCORPORATED, *et al.* <br> Defendant. | Case NO. 2:22-cv-02013-GNM-BNW |

## STIPULATION AND ORDER FOR A PROTECTIVE AND CONFIDENTIALITY ORDER

The Court has found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this case.  Accordingly, it is ORDERED as follows:

1.     Any person subject to this order who received from any other person any discovery material (i.e. information of any kind provided in the course of discovery in this action) that is designated confidential pursuant to the terms of this order shall not disclose such "confidential discovery material" to anyone else except as expressly permitted by this order.

2.     Any party who produces information, documents, or other material may designate them as confidential that consists of:

a.    Agreements and other documentation governed by non-disclosure agreements.

b.    Previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

c.    Previously nondisclosed material relating to ownership or control of any non-public, or public company;

d.    Previously nondisclosed business plans, product development information, trade secret information, documentation, or marketing plans;

e.    Any information of a personal or intimate nature regarding any individual; or

f.    Any other category of information hereinafter given confidential status by the court.

3.     With respect to the confidential portion of any discovery material, the producing party, person or that person's counsel may designate such portion as confidential by stamping or otherwise clearly marking as "CONFIDENTIAL" the protected portion in a manner that will not interfere with legibility or audibility.

4.     If a party inadvertently produces material that should be designated confidential, he may make the designation by apprising all parties in writing within 10 days of

the inadvertent production and providing a replacement copy of the discovery material with the confidential designation, upon which such discovery material will be treated as confidential under the terms of this order.

5.    No person subject to this order other than the producing party or person shall disclose any confidential discovery material to any other person, except as follows:

a.    The parties to this action and any of their in-house counsel specifically assigned to work on this case;

b.    Counsel of record, including any paralegal, clerical or other assistant employed by such counsel and assigned to work on this case;

c.    As to any document, its author, its addressee and any other person indicated on the face of the document as having received a copy;

d.    Any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this case, provided such person has first executed the non-disclosure agreement in the form annexes as an exhibit to this order;

e.    Stenographers engaged to transcribe depositions conducted in this action; and

f.    The court and its personnel.

6.    Any party seeking to file confidential discovery material with the court must file a motion to seal and/or redact consistent with the District of Nevada Local Rules of Practice. The parties will use their best efforts to minimize such motions and sealing.

7.    Any party who either objects to any confidential designation, or who, by contrast, request further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or

request.  If agreement cannot be reached promptly, counsel for all affected persons shall file a stipulation and order with the court requesting a case management conference for purposes of obtaining a ruling.

8.      The court also retains unfettered discretion whether or not to afford confidential treatment to any confidential discovery material submitted to the court in connection with any motion, application, or proceeding that may result in an order and/or decision by the court.

9.      Each person who has access to confidential discovery material shall take all necessary precautions to prevent the unauthorized or inadvertent disclosure of such material.

10.      If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection, such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the inadvertently disclosed information and its subject matter.

11.      If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the inadvertently disclosed information for any purpose, except by order of the court.  The receiving party shall, within 5 business days, return or destroy all copies of the inadvertently disclosed information, and provide a certification of counsel that all such information has been returned or destroyed.

12.      Within 5 business days of the notification that inadvertently disclosed information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the inadvertently disclosed information.

13.     As with any information redacted or withheld, the receiving party may move the court for an order compelling production of the inadvertently disclosed information.  The motion shall be filed under temporary seal, along with a motion to seal, and shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

14.     Any unauthorized disclosure of material designated as confidential by a party named as a plaintiff or defendant in this case, attorney(s), shall be subject to sanctions by this Court including, but not limited to, monetary sanctions in an amount to be determined by this Court sufficient to deter, stop, prevent, and prohibit the party or person violating this Protective Order from so doing again at the Court's reasonable discretion.

15.     The disclosing party retains the burden of establishing the privileged or protected nature of any inadvertently disclosed information.  Nothing in this order shall limit the right of any party to request an in camera review of the inadvertently disclosed information.

16.     Within 30 days of the final disposition of this action, all confidential discovery material and all copies such material shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

17.     This court shall retain jurisdiction over all persons, companies, corporations, and attorneys, including employees and contractors of said attorneys, subject to this order to the extent necessary to enforce any of its obligations or to impose sanctions for any contempt of the order.

18.     Counsel for any party shall have the right to disclose Confidential Information at depositions, provided that such disclosure is consistent with this Protective Order.  Counsel to any party (or non-party subject to this Protective Order) may designate portions of a

deposition transcript and/or video of any deposition (or any other testimony) as containing Confidential Information in accordance with this Order by a statement on the record during the deposition or by notifying all other parties in writing, within thirty (30) calendar days of receiving the transcript or video that it contains Confidential Information and designating the specific pages, lines, and/or exhibit numbers as containing Confidential Information.  If a designation is made via a statement on the record during a deposition, counsel must follow up in writing within thirty (30) calendar days or receiving the transcript or video, identifying the specific pages, lines, and/or exhibit numbers containing the Confidential Information.

19.    If no confidentiality designations are made within the thirty calendar (30) day period, the entire transcript shall be considered non-confidential.

20.    All originals and copies of deposition transcripts that contain Confidential Information shall be prominently marked "CONFIDENTIAL" on the cover.

IT IS SO ORDERED.

Dated this _9_ day of July, 2025.


_____
Judge Brenda Weksler

Submitted by:

_/s/ S. Don Bennion, Esq.___
Nevada Bar No. 4530
Law Office of S. Don Bennion
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
Tel: (702) 333-0777  Fax: (702) 333-0577
email: don@bennionlaw.com

/s/ Jeffrey J. Whitehead, Esq._____
Nevada Bar No. 3183
Whitehead & Burnett
6980 O'Bannon Drive
Las Vegas, Nevada 89117
Tel: (702)267-6500 Fax: (702)267-6262
Email: jeff@whiteheadburnett.com
*Attorneys for Defendants*


Approved as to form and content:

/s/ Patrick Harvey, Esq._____
Patrick Harvey, Esq.
**HUSCH BLACKWELL LLP**
511 North Broadway, Suite 1100
Milwaukee, WI 53202
(T): (414) 273-2100
(F): (414) 223-5000
Patrick.Harvey@huschblackwell.com
*Attorney for Plaintiff James*
*V. Deppoleto Jr.*


## EXHIBIT A
## CONFIDENTIALITY AGREEMENT

I, _____ do hereby acknowledge and agree and declare under

penalty of perjury, as follows:

1.   I have read the Stipulated Confidentiality Agreement and Protective Order ("the

Protective Order") entered in United States District Court for the State of Nevada  case no.:

2:22-cv-02013-GMN-BNW _____,_____  and I fully understand its

contents.

2.   I hereby agree and consent to be bound by the terms of the Protective Order and to

comply with it in all respects, and to that end, I hereby knowingly and voluntarily submit and

subject myself to the personal jurisdiction of the United States District Court For The State of

Nevada so that the said Court shall have the power and authority to enforce the Protective Order and to impose appropriate sanctions upon me for knowingly violating  the Protective Order, including punishment for contempt of Court for a knowing violation of the Protective Order.

3.    I understand that by signing this instrument, I will be eligible to receive "Confidential Information" under the terms and conditions of the Protective Order.  I further understand and agree that I must treat any "Confidential Information" in accordance with the terms and conditions of the Protective Order, and that, if I should knowingly make a disclosure of any such information in a manner unauthorized by the Protective Order, I will have violated a Court order, will be in contempt of Court and will be subject to punishment by the Court for such conduct.

Dated this _____ day of _____2025

_____
Signature: