JAMES PATRICK SHEA
Nevada Bar No. 405
BART K. LARSEN
Nevada Bar No. 8538
KYLE M. WYANT
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email: jshea@shea.law
blarsen@shea.law
kwyant@shea.law

JENNIFER E. HOEKEL
Nevada Bar No. 12775
jennifer.hoekel@huschblackwell.com
**HUSCH BLACKWELL LLP**
8001 Forsyth Boulevard Suite 1500
St. Louis, Missouri 63105
Telephone: 314.480.1500
Facsimile: 314.480.1505

-and-

PATRICK M. HARVEY
*Admitted Pro Hac Vice*
Patrick.Harvey@huschblackwell.com
**HUSCH BLACKWELL LLP**
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Telephone: 414.273.2100
Facsimile: 414.223.5000

*Attorneys for Plaintiff,*
*James V. Deppoleto Jr.*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

JAMES V. DEPPOLETO JR.,
Individually and Derivatively on Behalf of Nominal Defendant Takeover Industries Incorporated

Plaintiff,

v.

TAKEOVER INDUSTRIES INCORPORATED,
Defendant and Nominal Defendant

MICHAEL HOLLEY,

TOBY MCBRIDE,

JOSEPH PAVLIK,

TOM ZARRO,

and

NEXTGEN BEVERAGES, LLC

Defendants.

CASE NO. 2:22-cv-02013-GMN-MDC

**PLAINTIFF'S SUPPLEMENT IN SUPPORT OF HIS REQUEST FOR ATTORNEYS' FEES RELATED TO PLAINTIFF'S MOTION TO COMPEL**

At the Court's invitation, Plaintiff, James V. Deppoleto Jr. ("Plaintiff" or "Deppoleto"), by and through his undersigned counsel, submits this supplement in support of his request for attorneys' fees that he incurred in order to obtain an Order from the Court that compelled Takeover Industries Incorporated ("Takeover"), Michael Holley ("Holley"), Toby McBride ("McBride"), Joseph Pavlik ("Pavlik"), Tom Zarro ("Zarro"), and NextGen Beverages, LLC's ("NextGen") (collectively, the "Takeover Defendants") to: (1) provide complete responses to Deppoleto's First, Second, and Third Set of Requests for Production; and (2) for Zarro to complete his deposition. (*See* Dkt. No. 118, 129.)

On May 15, 2025, the Court held a Hearing on Plaintiff's Renewed Motion to Compel discovery from the Takeover Defendants. (*See* Dkt. No. 129.) The Court ruled in Plaintiff's favor on the vast majority of issues presented, and also ordered the Takeover Defendants to serve any

additional documents responsive to Plaintiff's discovery requests by June 5, 2025, and to schedule Zarro's third deposition by May 25, 2025. (*See* Dkt. No. 129.) At the close of the Hearing, the Court held its ruling on Plaintiff's attorneys' fee request in abeyance, in part so that the Court could see what additional documents the Takeover Defendants produced in response to the Court's Order from the Hearing, and also invited Plaintiff to file a supplement on his attorneys' fees request after Plaintiff was able to review the additional materials from the Takeover Defendants. (May 15, 2025 Hr'g Tr. 74:20-25.) Plaintiff has now received additional documents, and completed Mr. Zarro's third deposition on July 1, 2025. At the Court's invitation, Plaintiff now files this supplement to his attorneys' fee request.

**Factual Background**

The Takeover Defendants have repeatedly failed to comply with their discovery obligations under the Federal Rules of Civil Procedure. Faced with the Takeover Defendants' wholly deficient responses to Deppoleto's First, Second, and Third Sets of Requests for Production, Deppoleto first filed a Motion to Compel on December 17, 2024. (Dkt. No. 94.) After reviewing it, the Court denied the motion without prejudice, ordered the parties to meet and confer regarding the discovery deficiencies, and invited Deppoleto to re-file the motion if Takeover Defendants' deficiencies remained. (Dkt. No. 107.) In compliance with the Court's order, the parties held a meet-and-confer, and the Takeover Defendants made several supplemental document productions. However, even with the supplemental document productions from the Takeover Defendants, significant deficiencies remained, and Plaintiff filed a Renewed Motion to Compel Discovery on March 12, 2025. (Dkt. No. 118.)

Between December 17, 2024, when Plaintiff was forced to file his original Motion to Compel (Dkt. No. 94), and May 15, 2025, when the Court held a Hearing on Plaintiff's Renewed Motion to Compel (Dkt. No. 129), the Takeover Defendants produced 677 pages of responsive documents that

should have been produced before discovery closed in December 2024. At the Motion Hearing, the Court ordered the Takeover Defendants to serve any additional documents responsive to Plaintiff's discovery requests by June 5, 2025. (May 15, 2025, Hr'g Tr. 77:1-5, Dkt. No. 131.) The Court also ordered counsel for the Takeover Defendants, Attorney Bennion, to submit a Declaration in which he affirmed that he had conducted a thorough review, and that there are no other documents responsive to Plaintiff's discovery requests. (*See id.* at 8:2-15, 10:15-11:1.) On June 9, 2025 – several days after that deadline – the Takeover Defendants filed a Motion to extend their deadline to produce additional responsive materials, and to move the deadline to file Attorney Bennion's declaration from June 5, 2025, to June 10, 2025. (Dkt. No. 132.) After the Motion Hearing on May 15, 2025, the Takeover Defendants produced approximately 607 additional pages of responsive and relevant documents that should have been produced months before. And Plaintiff was finally able to complete the deposition of Zarro on July 1, 2025 (to accommodate Zarro's vacation schedule).

## ARGUMENT

### 1. Legal standard for award of attorneys' fees.

Rule 37 outlines the consequences for a party's failure to comply with its discovery obligations. If a party's "motion [to compel] is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must" require the party and/or the party's attorney whose conduct necessitated the motion to pay the movant's reasonable expenses including attorneys' fees. Fed. R. Civ. P. 37(a)(5)(A).

### 2. The Court should award Deppoleto his attorneys' fees.

The Court should award Deppoleto the attorneys' fees and costs that he incurred in bringing this Motion and the original Motion. *See* Fed. R. Civ. P. 37(a)(5)(A). Since the original December 2024 deadline for the Takeover Defendants to respond to discovery, Deppoleto has provided the Takeover Defendants *numerous* opportunities to cure their deficiencies. However, at each turn, they have repeatedly refused.

As explained above, the Takeover Defendants have now produced nearly 1,300 pages of responsive documents that should have been produced before discovery closed in December 2024. To underscore the harm caused by the Takeover Defendants' obstruction, the late-produced materials include evidence that Plaintiff would have included in his Motion for Partial Summary Judgment (Dkt. No. 100). For instance, among the late-produced materials is a text message exchange in which Zarro tells McBride – who, in his deposition, claimed that he may not have signed the Notes at issue in this litigation – "U [*sic*] signed everything Jason [Tucker, Takeover's former President] put in front of u [*sic*]," which is an admission against interest, and is highly probative with respect to Plaintiff's breach of contract claim related to the Notes. (*See* Declaration of Patrick Harvey ("Harvey Decl."), ¶ 3, Ex. A at DEF01757.) Had those documents been produced in a timely manner – as the Takeover Defendants were obligated to do under the Federal Rules of Civil Procedure – Plaintiff would have included them as evidence in his Motion for Partial Summary Judgment.

Equally troublingly, despite Attorney Bennion declaring that "all documents in Defendants' possession, custody, or control have been produced," it still appears that the Takeover Defendants have not produced all responsive documents, including communications. (Decl. of D. Bennion 3, Dkt. No. 135.) In the late-produced documents, the Takeover Defendants repeatedly refer to conversations that took place using the communication platform Discord. For example, in text messages between Zarro and Jason Tucker, Tucker writes "According to what I saw in [D]iscord, a train left the station." (Harvey Decl. ¶ 4, Ex. B at DEF02139.) Zarro responded "I haven't been on [D]iscord. I'll check now." (*Id.*) Other Defendants seem to have been involved in Discord communications, as well. In another conversation, Tucker writes "Who is KineBuds. There's a person in [D]iscord that somehow knows too much." (Harvey Decl. ¶ 5, Ex. C. at DEF02145.) Zarro responded: "No clue. Ryan Toby [McBride] joe [Pavlik] mike [Holley] [*sic*] in my

conversations. Nobody else. Didn't see him on [D]iscord." (*Id.*) Communications to and from the Takeover Defendants occurring on Discord are responsive to several of Plaintiff's Requests for Production and should be produced. (*See e.g.*, Dkt. No. 118, Plaintiff's First Set of Requests for Production of Documents to Takeover Nos. 18, 19; Plaintiff's Third Set of Requests for Production of Documents to Takeover No. 5.)

Because the Takeover Defendants produced nearly 1,300 responsive documents only *after* Deppoleto filed the original Motion to Compel and the Renewed Motion to Compel, and because, despite Attorney Bennion's certification, it appears that the Takeover Defendants are still withholding responsive documents, the Court must order the Takeover Defendants to pay Deppoleto's reasonable expenses, including his attorneys' fees. *See* Fed. R. Civ. P. 37(a)(5)(A) ("If the motion [to compel] is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.").

As the Court observed at the May 15, 2025, Hearing, the Takeover Defendants have not explained "why the failure to respond to these requests was substantially justified or what other circumstances make the award of expenses unjust." (May 15, 2025, Hr'g Tr. 71:24-72:2, Dkt. No. 131.) If an award of fees is not warranted under these circumstances, it is difficult to imagine a case in which such an award would ever be appropriate.

**CONCLUSION**

Plaintiff respectfully renews his request that the Court award him his attorneys' fees and costs incurred in bringing his Original Motion to Compel, the Renewed Motion to Compel, and for taking Zarro's third deposition.

DATED this 15th day of July, 2025.

**HUSCH BLACKWELL LLP**

/s/ *Patrick M. Harvey*
JAMES PATRICK SHEA
Nevada Bar No. 405
BART K. LARSEN
Nevada Bar No. 8538
KYLE M. WYANT
Nevada Bar No. 14652
SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email: jshea@shea.law
blarsen@shea.law
kwyant@shea.law

JENNIFER E. HOEKEL
Nevada Bar No. 12775
jennifer.hoekel@huschblackwell.com
HUSCH BLACKWELL LLP
8001 Forsyth Boulevard, Suite 1500
St. Louis, Missouri 63105
Telephone: 314.480.1500
Facsimile: 314.480.1505

And

PATRICK M. HARVEY
*Admitted Pro Hac Vice*
Patrick.Harvey@huschblackwell.com
**HUSCH BLACKWELL LLP**
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Telephone: 414.273.2100
Facsimile: 414.223.5000

*Attorneys for Plaintiff,*
*James V. Deppoleto Jr.*

## CERTIFICATE OF SERVICE

1. On July 15, 2025, I served the following document(s): **PLAINTIFF'S SUPPLEMENT IN SUPPORT OF HIS REQUEST FOR ATTORNEYS' FEES**

**RELATED TO PLAINTIFF'S RENEWED MOTION TO COMPEL**

2. I served the above document(s) by the following means to the persons as listed below:

☒ a. ECF System:

☐ b. United States mail, postage fully prepaid:

☐ c. Personal Service:

I personally delivered the document(s) to the persons at these addresses:

☐ For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐ For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐ d. By direct email (as opposed to through the ECF System): Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ e. By fax transmission:

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐ f. By messenger:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 15, 2025.

By: /s/ *Patrick M. Harvey*



HB: 4917-7741-8837.1