JAMES PATRICK SHEA
Nevada Bar No. 405
BART K. LARSEN
Nevada Bar No. 8538
KYLE M. WYANT
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email: jshea@shea.law
blarsen@shea.law
kwyant@shea.law

JENNIFER E. HOEKEL
Nevada Bar No. 12775
jennifer.hoekel@huschblackwell.com
**HUSCH BLACKWELL LLP**
8001 Forsyth Boulevard Suite 1500
St. Louis, Missouri 63105
Telephone: 314.480.1500
Facsimile: 314.480.1505

-and-

PATRICK M. HARVEY
*Admitted Pro Hac Vice*
Patrick.Harvey@huschblackwell.com
**HUSCH BLACKWELL LLP**
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Telephone: 414.273.2100
Facsimile: 414.223.5000

*Attorneys for Plaintiff,*
*James V. Deppoleto Jr.*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES V. DEPPOLETO JR., Individually and Derivatively on Behalf of Nominal Defendant Takeover Industries Incorporated<br><br>Plaintiff,<br><br>v.<br><br>TAKEOVER INDUSTRIES INCORPORATED, Defendant and Nominal Defendant<br><br>MICHAEL HOLLEY,<br><br>TOBY MCBRIDE,<br><br>JOSEPH PAVLIK,<br><br>TOM ZARRO,<br><br>and<br><br>NEXTGEN BEVERAGES, LLC<br><br>Defendants. | CASE NO. 2:22-cv-02013-GMN-MDC<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. NO. 100)** |

Plaintiff, James V. Deppoleto Jr. ("Plaintiff" or "Deppoleto"), by and through his undersigned counsel, moves the Court, pursuant to Rule 7-2(g) of the Local Rules of Practice of the United States District Court for the District of Nevada, to file a Supplemental Brief in Further Support of His Motion for Partial Summary Judgment. (Dkt. No. 100, 114.) Plaintiff submits that good cause exists to grant his Motion for Leave to File a Supplemental Brief, which is attached as **Exhibit 1**, and in support of his Motion, states as follows:

1. On December 17, 2024, Plaintiff filed a Motion to Compel Discovery from Takeover Industries Incorporated ("Takeover"), Michael Holley ("Holley"), Toby McBride

("McBride"), Joseph Pavlik ("Pavlik"), Tom Zarro ("Zarro"), and NextGen Beverages, LLC's ("NextGen Beverages") (collectively, the "Takeover Defendants"). (Dkt. No 94.)

2. As detailed in Plaintiff's original Motion to Compel, the Takeover Defendants' responses to nearly 50 Requests for the Production of Documents were wholly deficient. (*See* Dkt. No 94 at 5-6, 8-40.)

3. In addition to written discovery deficiencies, Zarro had improperly refused to answer certain questions during his deposition, and claimed that his answers were confidential and subject to a non-disclosure agreement. (Dkt. No. 94 at 6-8.)

4. On January 10, 2025 – while Plaintiff's original Motion to Compel was pending the Court's review – Plaintiff filed a Motion for Partial Summary Judgment against Takeover with respect to Count II – Breach of Contract, and against Takeover, Holley, Zarro, and NextGen Beverages with respect to Count VII – Fraudulent Transfer. (Dkt. No. 100.)

5. Because the Scheduling Order required Plaintiff to file his Motion for Partial Summary Judgment before the Court ruled on his original Motion to Compel, Plaintiff explicitly requested permission to supplement his Motion for Partial Summary Judgment after receiving Takeover's supplemental discovery. (Dkt. No. 100 at 25.)

6. After reviewing Plaintiff's original Motion to Compel, the Court denied the Motion without prejudice, ordered the parties to meet and confer regarding the discovery deficiencies, and invited Deppoleto to re-file the motion if Takeover Defendants' deficiencies remained. (Dkt. No. 107.) In compliance with the Court's order, the parties held a meet-and-confer, and the Takeover Defendants made several supplemental document productions.

7. However, even with the supplemental document productions from the Takeover Defendants, significant deficiencies remained, so Plaintiff had to file a Renewed Motion to Compel Discovery on March 12, 2025. (Dkt. No. 118.)

8. On May 15, 2025, the Court held a Hearing on Plaintiff's Renewed Motion to Compel discovery from the Takeover Defendants. (*See* Dkt. No. 129.) The Court ruled in Plaintiff's favor on the vast majority of issues presented, and also ordered the Takeover

Defendants to serve any additional documents responsive to Plaintiff's discovery requests by June 5, 2025, and to schedule Zarro's third deposition by May 25, 2025. (*See* Dkt. No. 129.)

9. In total, between December 17, 2024, when Plaintiff was forced to file his original Motion to Compel (Dkt. No. 94), and May 15, 2025, when the Court held a Hearing on Plaintiff's Renewed Motion to Compel (Dkt. No. 129), the Takeover Defendants produced approximately 677 pages of responsive documents. And after the Motion to Compel Hearing on May 15, 2025, the Takeover Defendants produced approximately 607 additional pages of responsive and relevant documents that should have been produced months before.

10. In addition, Plaintiff finally completed Zarro's third deposition on July 1, 2025 (to accommodate Zarro's vacation schedule).

11. In total, the Takeover Defendants produced nearly 1,300 pages of responsive documents that should have been produced before discovery closed in December 2024 – before the dispositive motion deadline.

12. Had those documents been produced in a timely manner – as the Takeover Defendants were obligated to do under the Federal Rules of Civil Procedure – Plaintiff would have included them as evidence in his Motion for Partial Summary Judgment. (Dkt. No. 100.)

13. The late-produced materials include several pieces of evidence that are highly probative to the claims upon which Plaintiff moved for judgment as a matter of law (Breach of Contract against Takeover, and Fraudulent Transfer against Takeover, Holley, Zarro and NextGen Beverages).

14. For example, among the late-produced materials are the following documents which Plaintiff requests leave to supplement his summary judgment brief with:

a. A text message exchange in which Zarro told McBride, "U [*sic*] signed everything Jason [Tucker, Takeover's former President] put in front of u [*sic*]." (*See* Patrick Harvey Declaration ("Harvey Decl.") ¶ 3, Ex. A at DEF01757.) As an Officer and Board Member of Takeover, Zarro's statement constitutes an admission against interest, and is highly

probative evidence of the validity and enforceability of the Notes that are the subject of Plaintiff's breach of contract claim.

b. Bank of America records, which confirm that Takeover received three deposits from Deppoleto matching the principal amounts and dates of the Notes that are the subject of Plaintiff's breach of contract claim: (a) $500,000.00 on May 25, 2022; (b) $500,000 on July 7, 2022; and (c) $500,000 on August 19, 2022. (*Id.* ¶ 4, Ex. B at DEF02009-DEF02011.) These records confirm that Takeover received $1.5 million in principal, in accordance with the terms of the Notes. (*Id.* ¶ 3, Ex. B at DEF02009-DEF02011.) This evidence plainly establishes that Plaintiff provided consideration for the Notes, and that Takeover received the money.

c. A text message from Zarro to Jason Tucker, which states: "[T]akeover is insolvent." (*Id.* ¶ 5, Ex. C at DEF02286.) Takeover's insolvent status is a critical fact that establishes NextGen Beverages, Holley, and Zarro's liability under all three of Nevada's fraudulent transfer standards: (1) actual fraudulent transfer under Nev. Rev. Stat. § 112.180(1)(a); (2) constructive fraudulent transfer under Nev. Rev. Stat. § 112.180(1)(b); and (3) certain transfers by insolvent debtors under Nev. Rev. Stat. § 112.190(1). Zarro's direct admission – made against his own interest – a conclusively establishes Takeover's insolvent status.

15. Had the Takeover Defendants complied with the Federal Rules of Civil Procedure and the Court's scheduling order, Plaintiff should have received all of the evidence highlighted above in the ordinary course of discovery, and well in advance of the summary judgment deadline. It was only after the Court's intervention that Defendants finally complied with their discovery obligations and provided those materials. In other words, Plaintiff would not have received the documents highlighted above but for filing Plaintiff's Motion to Compel, and the Court's subsequent Order that required Defendants to produce those documents.

16. Accordingly, Plaintiff cannot be faulted for not including those materials in his initial Motion for Partial Summary Judgment. The delay in production was entirely outside Plaintiff's control, and Plaintiff acted diligently to obtain the necessary discovery.

17. Finally, this Motion is timely because Plaintiff only recently received the final installment of Defendants' supplemental production. Furthermore, Plaintiffs completed the deposition of Mr. Zarro on July 1, 2025 – the earliest possible date that could apparently accommodate Zarro's vacation schedule. Plaintiff waited to file this Motion until he received all outstanding discovery, and completed all necessary depositions, so that the Court would have the benefit of a complete record, and so that the Court would only have one Motion instead of several.

18. Because the additional materials will assist the Court in its disposition of the Plaintiff's Motion for Partial Summary Judgment, Plaintiff respectfully requests that the Court grant this Motion for Leave to File the Supplemental Brief that Plaintiff is attaching to this Motion as **Exhibit 1**.

WHEREFORE, Plaintiff respectfully submits that good cause exists to file a supplemental pleading, and respectfully requests that the Court enter an Order granting Plaintiff leave to file a Supplemental Brief in Further Support of Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 100).

DATED this 29th day of July, 2025.

**HUSCH BLACKWELL LLP**

*/s/ Patrick M. Harvey*
JAMES PATRICK SHEA
Nevada Bar No. 405
BART K. LARSEN
Nevada Bar No. 8538
KYLE M. WYANT
Nevada Bar No. 14652
SHEA LARSEN
1731 Village Center Circle, Suite 150

Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email: jshea@shea.law
blarsen@shea.law
kwyant@shea.law

JENNIFER E. HOEKEL
Nevada Bar No. 12775
jennifer.hoekel@huschblackwell.com
HUSCH BLACKWELL LLP
8001 Forsyth Boulevard, Suite 1500
St. Louis, Missouri 63105
Telephone: 314.480.1500
Facsimile: 314.480.1505

And

PATRICK M. HARVEY
*Admitted Pro Hac Vice*
Patrick.Harvey@huschblackwell.com
**HUSCH BLACKWELL LLP**
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Telephone: 414.273.2100
Facsimile: 414.223.5000

*Attorneys for Plaintiff*
*James V. Deppoleto Jr.*

# CERTIFICATE OF SERVICE

1. On July 29, 2025, I served the following document(s): **PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. NO. 100)**

2. I served the above document(s) by the following means to the persons as listed below:

☒ a. ECF System:

On all parties appearing, receiving, and requesting notice.

☐ b. United States mail, postage fully prepaid:

☐ c. Personal Service:

I personally delivered the document(s) to the persons at these addresses:

☐ For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐ For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐ d. By direct email (as opposed to through the ECF System): Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ e. By fax transmission:

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐ f. By messenger:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 29, 2025.

By: /s/ *Patrick M. Harvey*