**EXHIBIT 1**

JAMES PATRICK SHEA
Nevada Bar No. 405
BART K. LARSEN
Nevada Bar No. 8538
KYLE M. WYANT
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email: jshea@shea.law
blarsen@shea.law
kwyant@shea.law

JENNIFER E. HOEKEL
Nevada Bar No. 12775
jennifer.hoekel@huschblackwell.com
**HUSCH BLACKWELL LLP**
8001 Forsyth Boulevard Suite 1500
St. Louis, Missouri 63105
Telephone: 314.480.1500
Facsimile: 314.480.1505

-and-

PATRICK M. HARVEY
*Admitted Pro Hac Vice*
Patrick.Harvey@huschblackwell.com
**HUSCH BLACKWELL LLP**
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Telephone: 414.273.2100
Facsimile: 414.223.5000

*Attorneys for Plaintiff,*
*James V. Deppoleto Jr.*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES V. DEPPOLETO JR., Individually and Derivatively on Behalf of Nominal Defendant Takeover Industries Incorporated<br><br>Plaintiff,<br><br>v.<br><br>TAKEOVER INDUSTRIES INCORPORATED, Defendant and Nominal Defendant<br><br>MICHAEL HOLLEY,<br><br>TOBY MCBRIDE,<br><br>JOSEPH PAVLIK,<br><br>TOM ZARRO,<br><br>and<br><br>NEXTGEN BEVERAGES, LLC<br><br>Defendants. | CASE NO. 2:22-cv-02013-GMN-MDC<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. NO. 100)** |

Plaintiff, James V. Deppoleto Jr. ("Deppoleto" or "Plaintiff"), by and through his counsel, files this Supplemental Brief in Support of Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 100) against Takeover Industries Incorporated ("Takeover") with respect to Count II – Breach of Contract, and against Takeover, Michael Holley ("Holley"), Tom Zarro ("Zarro") and NextGen Beverages, LLC ("NextGen Beverages") with respect to Count VII – Fraudulent Transfer (collectively, the "Takeover Defendants"). Plaintiff filed a Motion for Partial Summary Judgment on January 10, 2025. (Dkt. No. 100.) When Plaintiff filed the Motion for Partial Summary Judgment, Plaintiff' previously-filed Motion to Compel Discovery (Dkt. No. 94) was pending the Court's review. Since filing Plaintiff's original Motion to

Compel Discovery, the Takeover Defendants have produced nearly 1,300 pages of responsive documents that should have been produced before discovery closed in December 2024. Because Plaintiff did not have those documents before filing his Motion for Partial Summary Judgment, Plaintiff files this Supplemental Brief in Support of his Motion for Partial Summary Judgment.

## SUPPLEMENT TO STATEMENT OF PREVIOUSLY OFFERED UNDISPUTED FACTS

### A. Deppoleto's secured convertible debt interest in Takeover.

As detailed in Plaintiff's opening Brief, Deppoleto loaned Takeover a total of $1.5 million in principal pursuant to three separate promissory notes. (Dkt. No. 100 at ¶¶ 12-27.) Each Note was for $500,000 in principal and was executed by (a) Jason Tucker, Takeover's President, on behalf of Takeover; (b) Michael Costello ("Costello"), Chief Executive Officer of Labor Smart, on behalf of Labor Smart; and (c) Deppoleto. (Dkt. No. 100 ¶¶ at 12, 16-18, 21-23, 26.)

For each Note, a corresponding joint written consent was executed, approving the Note. (Dkt. No. 100 at ¶¶ 14-15, 19-20, 24-25.) The joint written consents were signed by Tucker, Toby McBride ("McBride"), and Joseph Pavlik ("Pavlik"), as the Board of Directors of Takeover, and Costello, on behalf of Labor Smart as the primary shareholder of Takeover. (Dkt. No. 100 at ¶¶ 14, 19, 24.) Those consents authorized and directed the President of Takeover to take such actions to execute and deliver, and otherwise effect, the transactions involving the Notes and Deppoleto's related debt interest. (Dkt. No. 100 at ¶¶ 14-15, 19-20, 24-25.)

Throughout this lawsuit, the Takeover Defendants have (baselessly) challenged the validity of the Notes, and have suggested that Plaintiff may not have provided all of the money that Plaintiff actually provided to Takeover. However, the late-produced materials from the Takeover Defendants further confirm the validity of the joint written consents, and the Notes that they authorized.

For example, in a text message exchange, Zarro told McBride – who, in his deposition, claimed that he may not have signed the Notes at issue in this litigation – "U [*sic*] signed

everything Jason [Tucker, Takeover's former President] put in front of u [*sic*]." (Patrick M. Harvey Declaration ("Harvey Decl.") ¶ 3, Ex. A at DEF01757.)

In addition, Takeover recently produced Bank of America records, which confirm that Takeover received three deposits from Deppoleto that matched the principal amounts in, and the dates of, the Notes: (a) $500,000.00 on May 25, 2022; (b) $500,000 on July 7, 2022; and (c) $500,000 on August 19, 2022. (Harvey Decl. ¶ 4, Ex. B at DEF02009-DEF02011.)

As such, the recently-produced evidence confirms the validity of the Notes, and that Takeover received every cent that Plaintiff loaned Takeover pursuant to the Notes.

**B. Takeover's corporate misdeeds and formation of NextGen Beverages.**

As explained in Plaintiff's opening Brief, Takeover's liabilities exceeded its assets as of November 8, 2022 – the date that Takeover defaulted on its Notes and the Supplemental Loans that Plaintiff extended. (Dkt. No. 100 at ¶ 36.) Late-produced evidence further confirms Takeover's insolvent status. Specifically, a text message from Zarro to Tucker states: "[T]akeover is insolvent." (Harvey Decl. ¶ 5, Ex. C at DEF02286.)

## SUPPLEMENT TO PLAINTIFF'S PREVIOUSLY OFFERED ARGUMENT

**A. The Court should grant Deppoleto summary judgment on his breach of contract claim against Takeover.**

**1. Takeover and Deppoleto entered into a valid and enforceable contract.**

There is no genuine dispute that Takeover breached its contracts with Deppoleto. In order to prove a breach of contract claim under Nevada law, the first element that a plaintiff must prove is that there was an enforceable contract. An enforceable contract requires an offer and acceptance, a meeting of the minds, and consideration. *See, e.g.*, *May v. Anderson*, 119 P.3d 1254, 1257 (2005).

The late-produced records from Takeover's Bank of America account confirm that Takeover received $1.5 million in principal, in accordance with the terms of the Notes. (Harvey Decl. ¶ 4, Ex. B at DEF02009-DEF02011.) This evidence plainly establishes that Plaintiff provided consideration for the Notes, and that Takeover received the money.

In addition, Zarro – an Officer and Board Member of Takeover – admitted that McBride

executed the joint written consents that approved the Notes being issued to Deppoleto. In a text message to McBride, Zarro said: "U [*sic*] signed everything Jason [Tucker, Takeover's former President] put in front of u [*sic*]." (Harvey Decl. ¶ 3, Ex. A at DEF01757.) As an Officer and Board Member of Takeover, Zarro's statement constitutes an admission against interest, and demonstrates that the Notes are valid and enforceable.

**B. <u>The Court should grant Deppoleto summary judgment on his fraudulent transfer claim</u>.**

As explained in Plaintiff's opening Brief, there is no genuine dispute that Takeover transferred assets to NextGen Beverages, Holley, and Zarro to place them out of Deppoleto's reach. The fraudulent transfers identified in Plaintiff's opening Brief (Dkt. No. 100 at 22-23), occurred at a time when Takeover's liabilities exceeded its assets – meaning that, at the time of the transfers, Takeover was insolvent under Nevada law.

Takeover's insolvent status is a critical fact that establishes that NextGen Beverages, Holley, and Zarro are liable under all three of Nevada's fraudulent transfer standards: (1) actual fraudulent transfer under Nev. Rev. Stat. § 112.180(1)(a); (2) constructive fraudulent transfer under Nev. Rev. Stat. § 112.180(1)(b); and (3) certain transfers by insolvent debtors under Nev. Rev. Stat. § 112.190(1).

First, to prove intent under the actual fraudulent transfer standard, a court can consider whether the debtor was insolvent, or became insolvent, shortly after the fraudulent transfer. Nev. Rev. Stat. § 112.180(2)(i). Second, to prove a constructive fraudulent transfer, a plaintiff must prove that the debtor "[i]ntended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond his or her ability to pay as they became due." Nev. Rev. Stat. §§ 112.180(b)(2). And third, liability for transfers by insolvent debtors requires proof that "the sum of the debtor's debts is greater than all of the debtor's assets at a fair valuation." Nev. Rev. Stat. § 112.160(1).

The late-produced evidence removes any doubt regarding Takeover's insolvency. Among those materials is a text message from Zarro to Tucker in which Zarro unequivocally admits:

"[T]akeover is insolvent." (Harvey Decl. ¶ 5, Ex. C at DEF02286.) Zarro's direct admission – which he made against his own interest – conclusively establishes Takeover's insolvent status. Zarro's admission satisfies a critical element of all three of Nevada's fraudulent transfer statutes: actual fraudulent transfer, constructive fraudulent transfer, and certain transfers by insolvent debtors. If there were any lingering question as to Takeover's insolvency, Zarro's unequivocal admission dispels it.

## CONCLUSION

For the reasons set forth above, and for the reasons that Plaintiff set forth earlier (*see* Dkt. No. 100, 114), the Court should grant partial summary judgment against Takeover on Count II (breach of contract), and against Takeover, NextGen Beverages, Holley, and Zarro on Count VII (fraudulent transfer).

DATED this 29th day of July, 2025.

**HUSCH BLACKWELL LLP**

/s/ *Patrick M. Harvey*
JAMES PATRICK SHEA
Nevada Bar No. 405
BART K. LARSEN
Nevada Bar No. 8538
KYLE M. WYANT
Nevada Bar No. 14652
SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email: jshea@shea.law
blarsen@shea.law
kwyant@shea.law

JENNIFER E. HOEKEL
Nevada Bar No. 12775
jennifer.hoekel@huschblackwell.com
HUSCH BLACKWELL LLP
8001 Forsyth Boulevard, Suite 1500

St. Louis, Missouri 63105
Telephone: 314.480.1500
Facsimile: 314.480.1505

And

PATRICK M. HARVEY
*Admitted Pro Hac Vice*
Patrick.Harvey@huschblackwell.com
**HUSCH BLACKWELL LLP**
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Telephone: 414.273.2100
Facsimile: 414.223.5000

*Attorneys for Plaintiff*
*James V. Deppoleto Jr.*

# CERTIFICATE OF SERVICE

1. On July 29, 2025, I served the following document(s): **PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. NO. 100)**

2. I served the above document(s) by the following means to the persons as listed below:

☒ a. ECF System:

On all parties appearing, receiving, and requesting notice.

☐ b. United States mail, postage fully prepaid:

☐ c. Personal Service:

I personally delivered the document(s) to the persons at these addresses:

☐ For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐ For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐ d. By direct email (as opposed to through the ECF System): Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ e. By fax transmission:

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐ f. By messenger:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 29, 2025.

By: /s/ *Patrick M. Harvey*