JAMES PATRICK SHEA
Nevada Bar No. 405
BART K. LARSEN
Nevada Bar No. 8538
KYLE M. WYANT
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email: jshea@shea.law
blarsen@shea.law
kwyant@shea.law

JENNIFER E. HOEKEL
Nevada Bar No. 12775
jennifer.hoekel@huschblackwell.com
**HUSCH BLACKWELL LLP**
8001 Forsyth Boulevard Suite 1500
St. Louis, Missouri 63105
Telephone: 314.480.1500
Facsimile: 314.480.1505

-and-

PATRICK M. HARVEY
*Admitted Pro Hac Vice*
Patrick.Harvey@huschblackwell.com
**HUSCH BLACKWELL LLP**
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Telephone: 414.273.2100
Facsimile: 414.223.5000

*Attorneys for Plaintiff,*
*James V. Deppoleto Jr.*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

HB: 4929-0487-1770.1

| | |
|---|---|
| JAMES V. DEPPOLETO JR.,<br>Individually and Derivatively on Behalf of Nominal Defendant Takeover Industries Incorporated<br><br>Plaintiff,<br><br>v.<br><br>TAKEOVER INDUSTRIES INCORPORATED,<br>Defendant and Nominal Defendant<br><br>MICHAEL HOLLEY,<br><br>TOBY MCBRIDE,<br><br>JOSEPH PAVLIK,<br><br>TOM ZARRO,<br><br>and<br><br>NEXTGEN BEVERAGES, LLC<br><br>Defendants. | CASE NO. 2:22-cv-02013-GMN-MDC<br><br>**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HIS SUPPLEMENTAL REQUEST FOR ATTORNEYS' FEES RELATED TO PLAINTIFF'S MOTION TO COMPEL** |

Plaintiff, James V. Deppoleto Jr. ("Plaintiff" or "Deppoleto"), by and through his undersigned counsel, submits this reply brief in support of his supplemental request for attorneys' fees that he incurred to obtain an Order from the Court that compelled Takeover Industries Incorporated ("Takeover"), Michael Holley ("Holley"), Toby McBride ("McBride"), Joseph Pavlik ("Pavlik"), Tom Zarro ("Zarro"), and NextGen Beverages, LLC's ("NextGen") (collectively, the "Takeover Defendants") to: (1) provide complete responses to Deppoleto's First, Second, and Third Set of Requests for Production; and (2) for Zarro to complete his deposition. (*See* Dkt. No. 118, 129.)

The Takeover Defendants do not dispute that they produced thousands of pages of responsive material only after Plaintiff filed his original and renewed motion to compel – circumstances that mandate an award of attorneys' fees to Plaintiff under Fed. R. Civ. P.

2

37(a)(5)(A). Instead, the Takeover Defendants now argue – for the first time – that Plaintiff's request should be denied simply because a specific dollar amount of fees was not included in Plaintiff's original submission.

Up until the Motion to Compel Hearing on May 15, 2025, which was the Takeover Defendants' deadline to object, the Takeover Defendants had never challenged Plaintiff's entitlement to fees pursuant to Fed. R. Civ. P. 37(a)(5)(A). (*See* May 15, 2025, Hr'g Tr. 71:24-72:2, Dkt. No. 131 (Weksler, J.: "So there's been no opposition here in terms of explaining why the failure to respond to these requests was substantially justified or what other circumstances make the award of expenses unjust, which is what the rule requires.").) Only now – after the issue has been fully briefed and argued at the Motion to Compel Hearing – do Defendants belatedly contend that Plaintiff's request should be denied solely because Plaintiff did not submit a specific dollar amount incurred in connection with his Motions to Compel. The Court should reject the Takeover Defendants' argument.

Nevertheless, out of an abundance of caution, and to facilitate prompt resolution of this issue, Plaintiff represents that he has incurred $34,431.80 in attorney's fees and related expenses in connection with the Motions to Compel, which includes review of late-produced documents to identify remaining deficiencies, drafting of the Motions, conferencing with opposing counsel, and attending the Motion to Compel Hearing, and $2,123.85 in fees and costs for taking Zarro's deposition a third time. Should the Court wish to review the underlying invoices and time entries supporting that figure, Plaintiff is prepared to submit those materials to the Court for in camera or other appropriate review, if requested.

In conclusion, Plaintiff respectfully renews his request that the Court award him his attorneys' fees and costs incurred in bringing his original Motion to Compel, his Renewed Motion to Compel, and for taking Zarro's deposition a third time.

3

1  DATED this 5th day of August, 2025.

2                                          **HUSCH BLACKWELL LLP**

3

4  /s/ *Patrick M. Harvey*
   JAMES PATRICK SHEA
5  Nevada Bar No. 405
   BART K. LARSEN
6  Nevada Bar No. 8538
   KYLE M. WYANT
7  Nevada Bar No. 14652
   SHEA LARSEN
8  1731 Village Center Circle, Suite 150
   Las Vegas, Nevada 89134
9  Telephone: (702) 471-7432
   Fax: (702) 926-9683
10 Email: jshea@shea.law
   blarsen@shea.law
11 kwyant@shea.law

12

13 JENNIFER E. HOEKEL
   Nevada Bar No. 12775
14 jennifer.hoekel@huschblackwell.com
   HUSCH BLACKWELL LLP
15 8001 Forsyth Boulevard, Suite 1500
   St. Louis, Missouri 63105
16 Telephone: 314.480.1500
   Facsimile: 314.480.1505
17

18 And

19 PATRICK M. HARVEY
   *Admitted Pro Hac Vice*
20 Patrick.Harvey@huschblackwell.com
   **HUSCH BLACKWELL LLP**
21 511 North Broadway, Suite 1100
   Milwaukee, WI 53202
22 Telephone: 414.273.2100
   Facsimile: 414.223.5000
23

24 *Attorneys for Plaintiff,*
   *James V. Deppoleto Jr.*
25

26

27

28

4

HB: 4929-0487-1770.1

# CERTIFICATE OF SERVICE

1. On August 5, 2025, I served the following document(s): **PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HIS SUPPLEMENTAL REQUEST FOR ATTORNEYS' FEES RELATED TO PLAINTIFF'S MOTION TO COMPEL**

2. I served the above document(s) by the following means to the persons as listed below:

   ☒ a. ECF System:

   ☐ b. United States mail, postage fully prepaid:

   ☐ c. Personal Service:

   I personally delivered the document(s) to the persons at these addresses:

   ☐ For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

   ☐ For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

   ☐ d. By direct email (as opposed to through the ECF System):
   Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

   ☐ e. By fax transmission:

   Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

   ☐ f. By messenger:

   I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

   I declare under penalty of perjury that the foregoing is true and correct.

   Dated: August 5, 2025.

   By: /s/ *Patrick M. Harvey*

HB: 4929-0487-1770.1