1 | JAMES PATRICK SHEA
Nevada Bar No. 405
2 | BART K. LARSEN
Nevada Bar No. 8538
3 | KYLE M. WYANT
Nevada Bar No. 14652
4 | **SHEA LARSEN**
5 | 1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
6 | Telephone: (702) 471-7432
7 | Fax: (702) 926-9683
Email: jshea@shea.law
8 | blarsen@shea.law
kwyant@shea.law
9 |
10 | JENNIFER E. HOEKEL
Nevada Bar No. 12775
11 | jennifer.hoekel@huschblackwell.com
**HUSCH BLACKWELL LLP**
12 | 8001 Forsyth Boulevard, Suite 1500
13 | St. Louis, Missouri 63105
Telephone: 314.480.1500
14 | Facsimile: 314.480.1505

15 | -and-

16 | PATRICK M. HARVEY
17 | *Admitted Pro Hac Vice*
Patrick.Harvey@huschblackwell.com
18 | **HUSCH BLACKWELL LLP**
19 | 511 North Broadway, Suite 1100
Milwaukee, WI 53202
20 | Telephone: 414.273.2100
21 | Facsimile: 414.223.5000
*Attorney for Plaintiff*
22 | *James V. Deppoleto Jr.*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

|   |   |
|---|---|
| JAMES V. DEPPOLETO JR., <br><br> Plaintiff, <br><br> v. <br><br> TAKEOVER INDUSTRIES INCORPORATED, *et al.* <br><br> Defendants. | CASE NO. 2:22-cv-02013-GMN-DJA <br><br> **JOINT STATUS REPORT** |

Pursuant to the Court's Minute Order on October 16, 2025 (ECF No. 161), Plaintiff, James V. Deppoleto Jr. ("Deppoleto" or "Plaintiff"), by and through his undersigned counsel, and Defendants, Takeover Industries Incorporated ("Takeover"), Tom Zarro ("Zarro"), Michael Holley ("Holley"), Toby McBride ("McBride"), Joseph Pavlik ("Pavlik") and NextGen Beverages, LLC ("NextGen") (collectively, the "Takeover Defendants"),[1] by and through their undersigned counsel, hereby submit this Joint Status Report. The Parties' joint position as to whether this action should be stayed in light of Takeover's Notice of Bankruptcy is as follows:

The automatic stay arising under 11 U.S.C. § 362 is limited to the debtor Takeover. The bankruptcy court retains subject matter jurisdiction over the breadth of the automatic stay. Absent a ruling in the bankruptcy court extending the automatic stay, the injunction does not apply to any third parties. The extension of the automatic stay to third parties has occurred in limited and unusual circumstances where the third party is necessary for the debtor to reorganize. *See In re LTL Mgmt., LLC*, 638 B.R. 291, 304 (Bankr. D.N.J. 2022) *quoting In re Philadelphia Newspapers, LLC,* 407 B.R. 606, 616 (E.D. Pa. 2009) ("[U]unusual circumstances exist warranting extension of the stay to nondebtors when: '(i) the non-debtor and debtor enjoy such an identity of interests that the suit of the non-debtor is essentially a suit against the debtor; or (ii) the third-party action

---

[1] Plaintiff and the Takeover Defendants may be referred to as the "Parties."

1   will have an adverse impact on the debtor's ability to accomplish reorganization'.").

2   Here, neither circumstance applies. Takeover initiated its bankruptcy under chapter 7, which displaced the prior debtor-in-possession management with a chapter 7 trustee and which eliminated any chance of restructuring. Accordingly, even if Zarro, Holley, McBride, Pavlik, and NextGen (the "Non-Debtor Defendants") were to seek approval to extend the automatic stay to third parties, the bankruptcy court is unlikely to approve such a request.

Accordingly, Plaintiff seeks to move forward with the prosecution of his claims against the Non-Debtor Defendants in this Court.

[*Signatures on Next Page.*]

DATED this 23rd day of October, 2025.

**HUSCH BLACKWELL LLP**

*/s/ Patrick M. Harvey*
JAMES PATRICK SHEA
Nevada Bar No. 405
BART K. LARSEN
Nevada Bar No. 8538
KYLE M. WYANT
Nevada Bar No. 14652
SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email: jshea@shea.law
blarsen@shea.law
kwyant@shea.law

JENNIFER E. HOEKEL
Nevada Bar No. 12775
jennifer.hoekel@huschblackwell.com
HUSCH BLACKWELL LLP
8001 Forsyth Boulevard, Suite 1500
St. Louis, Missouri 63105
Telephone: 314.480.1500
Facsimile: 314.480.1505

And

PATRICK M. HARVEY
*Admitted Pro Hac Vice*
Patrick.Harvey@huschblackwell.com
**HUSCH BLACKWELL LLP**
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Telephone: 414.273.2100
Facsimile: 414.223.5000

*Attorneys for Plaintiff*
*James V. Deppoleto Jr*

DATED this 23rd day of October, 2025.

**LAW OFFICE OF S. DON BENNION**

*/s/ S. Don Bennion*
S. DON BENNION, ESQ.
Nevada Bar No. 4530
6980 O'Bannon Drive, Suite 400
Las Vegas, NV 89117
Telephone: (702) 333-0777
Fax: (702) 333-0577
Email: Don@bennionlaw.com

**WHITEHEAD & BURNETT**

JEFFREY J. WHITEHEAD, ESQ.
Nevada Bar No. 3183
6980 O'Bannon Drive
Las Vegas, NV 89117
Telephone: (702) 267-6500
Fax: (702) 267-6262
Email: Jeff@whiteheadburnett.com

*Attorneys for Defendants Takeover Industries Incorporated, Tom Zarro, Michael Holley, Toby McBride, Joseph Pavlik and NextGen Beverages, LLC*

**CERTIFICATE OF SERVICE**

1. On October 23, 2025, I served the following document(s): **JOINT STATUS REPORT**

2. I served the above document(s) by the following means to the persons as listed below:

- a. ECF System:

On all parties appearing, receiving, and requesting notice.

- b. United States mail, postage fully prepaid:

- c. Personal Service:

I personally delivered the document(s) to the persons at these addresses:

- For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

- For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

- d. By direct email (as opposed to through the ECF System):

Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

- e. By fax transmission:

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

- f. By messenger:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 23, 2025.

By: /s/ *Patrick M. Harvey*