JAMES PATRICK SHEA
Nevada Bar No. 405
BART K. LARSEN
Nevada Bar No. 8538
KYLE M. WYANT
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email: jshea@shea.law
blarsen@shea.law
kwyant@shea.law

JENNIFER E. HOEKEL
Nevada Bar No. 12775
jennifer.hoekel@huschblackwell.com
**HUSCH BLACKWELL LLP**
8001 Forsyth Boulevard, Suite 1500
St. Louis, Missouri 63105
Telephone: 314.480.1500
Facsimile: 314.480.1505

-and-

PATRICK M. HARVEY
*Admitted Pro Hac Vice*
Patrick.Harvey@huschblackwell.com
**HUSCH BLACKWELL LLP**
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Telephone: 414.273.2100
Facsimile: 414.223.5000
*Attorney for Plaintiff*
*James V. Deppoleto Jr.*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

JAMES V. DEPPOLETO JR.,

                    Plaintiff,

v.

TAKEOVER INDUSTRIES
INCORPORATED, *et al.*

                    Defendants.

CASE NO. 2:22-cv-02013-GMN-DJA

**PRETRIAL ORDER**

After pretrial proceedings in this case,

IT IS ORDERED:

**I.**

**A. Nature of the Action**

This is an action brought by Plaintiff, James V. Deppoleto, Jr. ("Plaintiff" or "Deppoleto") individually and derivatively on behalf of nominal defendant Takeover Industries, Inc. ("Takeover"), against the following defendants: Takeover (Defendant and Nominal Defendant), Michael Holley ("Holley"), Toby McBride ("McBride"), Tom Zarro ("Zarro"), Joseph Pavlik ("Pavlik"), and NextGen Beverages LLC ("NextGen Beverages") (collectively, "Defendants").

Generally speaking, this case arises from Deppoleto's investment in Takeover, and Takeover's subsequent failure to repay Deppoleto, as required by the parties' contracts. Between May 25, 2022, and November 4, 2022, by way of three Promissory Notes and two Supplemental Loans, Deppoleto loaned Takeover the principal sum of $2,015,698.48. Shortly after his final investment, Takeover defaulted on its repayment obligations to Deppoleto. Deppoleto filed this lawsuit on December 2, 2022, asserting claims arising from Defendants' alleged breaches of contract, breaches of fiduciary duty, fraudulent transfers, and related misconduct in connection with Plaintiff's debt and equity investments in Takeover. Deppoleto has asserted the following

causes of action:

- **Count I:** Declaratory Judgment (against Takeover);

- **Count II:** Breach of Contract/Money Judgment (against Takeover, McBride, Holley, Pavlik, and Zarro);

- **Count III:** Breach of Fiduciary Duty (against McBride, Holley, Pavlik, and Zarro);

- **Count IV:** Fraud/Fraud by Inducement (against Takeover, Holley, Pavlik, Zarro, and McBride) (in the alternative to Counts I through III);

- **Count V:** Estoppel (against Takeover, Holley, McBride, and Pavlik) (in the alternative to Counts I through IV);

- **Count VI:** Unjust Enrichment (against Takeover, Holley, McBride, Zarro, and Pavlik) (in the alternative to Counts I through V);

- **Count VII:** Fraudulent Transfer (against Takeover, Holley, McBride, Pavlik, and Zarro);

- **Count VIII:** Receiving a Fraudulent Transfer (against NextGen Beverages);

- **Count IX:** Aiding and Abetting a Fraudulent Transfer (against Holley, McBride, Pavlik, Zarro, and NextGen Beverages LLC);

- **Count X:** Breach of Fiduciary Duty (derivatively, against McBride, Holley, Pavlik, and Zarro);

- **Count XI**: Waste of Corporate Assets (derivatively, against McBride, Holley, Pavlik, and Zarro); and

- **Count XII:** Aiding and Abetting Breach of Fiduciary Duty (derivatively, against McBride, Holley, Pavlik, and Zarro) (in the alternative to Count X).

On August 15, 2025, the Court granted Plaintiff's Motion for Partial Summary Judgment

1   with respect to Count II: Breach of Contract against Takeover.  (ECF No. 152.)  The Court

2   determined that Takeover entered into valid and enforceable contracts with Deppoleto by way of

3   the Notes and Supplemental Loans, and determined that Takeover owes Deppoleto $2,070,098.36

4   in principal, plus interest and attorneys' fees.  (ECF No. 152 at 8, 11, 17).  Claim I for Declaratory

5   Judgment against Takeover has been resolved by way of the Court's grant of summary judgment

6   in Plaintiff's favor.  Plaintiff's remaining claims against the Defendants will proceed to trial.

7   **B. Relief Sought**

8   Plaintiff seeks monetary and equitable relief, including:

9

10   - judgment against McBride, Holley, Pavlik, and Zarro for at least $2,015,698.48,

11     plus interest, costs, and attorneys' fees on Count II (Breach of Contract);

12   - judgment against McBride, Holley, Pavlik, and Zarro for at least $2,015,698.48,

13     plus interest, costs, and attorneys' fees on Count III (Breach of Fiduciary Duty);

14

15   - judgment against Takeover, McBride, Holley, Pavlik, and Zarro for at least

16     $2,015,698.48, plus interest, costs, and attorneys' fees on Count VII (Fraudulent

17     Transfer);

18   - judgment against NextGen Beverages for at least $2,015,698.48, plus interest,

19     costs, and attorneys' fees on Count VIII (Receiving a Fraudulent Transfer);

20

21   - judgment against McBride, Holley, Pavlik, Zarro, and NextGen Beverages for at

22     least $2,015,698.48, plus interest, costs, and attorneys' fees on Count IX (Aiding

23     and Abetting a Fraudulent Transfer);

24   - judgment against McBride, Holley, Pavlik, and Zarro for at least $2,015,698.48,

25     plus interest, costs, and attorneys' fees on Count X (Breach of Fiduciary Duty,

26     derivatively), Count XI (Waste of Corporate Assets, derivatively), and Count XIII

27

28

(Aiding and Abetting Breach of Fiduciary Duty, derivately).

In the alternative, Deppoleto seeks monetary and equitable relief, including:

- judgment against Takeover, McBride, Holley, Pavlik and Zarro for at least $2,015,698.48, plus interest, costs, and attorneys' fees on Count IV (Fraud/Fraud by Inducement); and

- judgment against Takeover, Holley, McBride, and Pavlik for at least $2,015,698.48, plus interest, costs, and attorneys' fees on Count V (Estoppel) or Count VI (Unjust Enrichment).

## C. Plaintiff's Contentions

Plaintiff is both a creditor and shareholder of Takeover, having invested over $2 million through notes and supplemental loans and holding 200,000,000 shares of common stock. Between May and November 2022, Plaintiff entered into various loan agreements and related amendments with Takeover, totaling $2,015,698.48 in loans to Takeover. The loans were approved by Takeover's Board of Directors and executed by authorized officers. Despite these valid and binding agreements, Takeover defaulted on its repayment obligations to Plaintiff and has failed to pay principal or interest to Plaintiff on any loans.

Through their roles as officers and directors, Holley, McBride, Pavlik, and Zarro engaged in a pattern of misconduct—including unauthorized distributions, personal use of company funds, mismanagement of corporate assets, and the improper transfer of Takeover's proprietary information, inventory, and business opportunities to NextGen Beverages. By disregarding corporate formalities, using company resources for personal benefit, and treating Takeover's assets as their own, the individual defendants are alter egos of Takeover, making them personally liable for Takeover's obligations to Plaintiff and for the harm caused to creditors and shareholders.

Plaintiff further alleges that, while Takeover was insolvent and in default to Plaintiff, the defendants orchestrated and executed a series of fraudulent transfers of Takeover's proprietary information, trade secrets, inventory, product ingredients, and other valuable assets to NextGen Beverages, a new entity founded and controlled by the directors of Takeover. These transfers were made without fair or reasonably equivalent consideration, and with the intent to hinder, delay, or defraud Plaintiff as a creditor.

NextGen Beverages, operating as "Lock'd In," then began selling Takeover's own products, capitalizing on Takeover's assets, business relationships, and goodwill, and eventually developed and sold products nearly identical to those of Takeover. The individual defendants also caused NextGen to enter into a contract with Manny Pacquiao as a brand ambassador, in direct violation of Takeover's existing agreement with Pacquiao. By diverting assets and business opportunities to NextGen Beverages for their own benefit, the individual defendants depleted Takeover's resources, further jeopardized its ability to repay Plaintiff, and enriched themselves at the expense of Takeover, its creditors, and its shareholders. NextGen Beverages accepted these assets with knowledge of Plaintiff's claims, and the individual defendants assisted and benefitted from these transfers. The individual defendants also shifted their efforts from Takeover to NextGen, abandoned Takeover's business, and commingled assets among Takeover, NextGen, and Labor Smart.

Defendants induced Plaintiff to invest over $2 million in Takeover, then breached their duties of good faith and fair dealing and failed to act in the best interests of Takeover and its shareholders. Defendants' conduct resulted in substantial financial harm to Plaintiff and further damaged Takeover and its shareholders by wasting and diverting corporate assets.

Plaintiff seeks to hold the individual defendants personally liable as alter egos of Takeover,

to recover compensatory damages, interest, and attorneys' fees, and to obtain declaratory and equitable relief, including the return of fraudulently transferred assets and redress for breaches of fiduciary duty and waste of corporate assets.

### D. Defendants' Contentions

Defendants request that the Court determine that they are entitled to relief in accordance with the following defenses including the business judgment rule which protects Defendants from any liability individually and collectively. Further, Plaintiff's remaining claims are barred, in whole or in part, by the doctrine of unclean hands. Plaintiff has failed to join indispensable parties such as Jason Tucker ("Tucker"). Defendants exercised reasonable and ordinary care under the circumstances and discharged any and all duties that may have existed by law. As officers of Nevada corporations, the officers and directors of Takeover and NextGen are governed by the Reasonable Business Judgment Rule, NRS 78.138.

Plaintiff also alleges fraudulent transfers of assets from Takeover to NextGen Beverages were facilitated by Defendants Holley and Zarro. Although certain payments were made by Takeover to NextGen related to services on short-term and limited bases, NextGen repaid all such payments made pursuant to loan agreements between the two companies.

Plaintiff's Motion for Partial Summary Judgment was granted in part regarding Plaintiff's cause of action for breach of contract against Defendant Takeover Industries (ECF No. 152 at p. 17, ll. 16-17). Plaintiff's Motion for Partial Summary Judgment was denied in part regarding Plaintiff's causes of action for fraudulent transfer against Defendants Takeover Industries, Holley, McBride, Pavlik, and Zarro. (ECF No. 152 at p. 22, ll. 4-7).

NextGen was formed and incorporated in June 2023, for the purpose of marketing and selling products different than Takeover. The formation of NextGen Beverages was undertaken

to protect shareholder interests and create new value after Takeover's trademark loss and mounting legal challenges made continuing business operations impossible under that entity. Next Level Fitness water filed the trademark months before Takeover did. Next Level Fitness filed an action with the trademark commission and later a lawsuit against Takeover.

Defendants are entitled to recover their reasonable costs and attorneys' fees related to defending Plaintiff's claims for relief herein. Defendants assert that the claims made by Plaintiff were caused by the acts or omissions of a third party or parties over whom Defendants had no control.

In 2021, Defendants Holley, McBride, and Pavlik founded Takeover Industries in Nevada, a company organized to manufacture and promote specific beverage products.  Takeover sold products under the brand name NXT LVL. Two Takeover products were sold under the brand name NXT LVL: 1-Hydrogen water; and 2- A two-ounce energy shot known as a Gamer shot. Those were the only two products sold under the brand name NXT LVL through Takeover. In early 2021, with Holley as Chief Operating Officer and McBride as Chief Executive Officer they launched Takeover Industries which achieved immediate success with the hydrogen water product, generating approximately $500,000 in revenue during the first weekend of launch.

On or about February 26, 2021, Labor Smart acquired Takeover and became a wholly owned subsidiary of Labor Smart.  After the acquisition, McBride was named a Director of Labor Smart and continued in his role as Director and CEO of Takeover. Holley was named a Director of Labor Smart, as well as Chief Operating Officer and Treasurer of Takeover in addition to sitting on the Board of Directors for Takeover.  In April 2021, Takeover engaged Jason Tucker as a consultant to assist with contract negotiations and intellectual property matters.

Joseph Pavlik, Takeover's Chief Science Officer, and Jason Tucker were added to the

Board of Directors for Takeover in November 2021.  Within one month of Tucker's addition to the Board of Directors, Holley was erroneously dismissed from the Board based on Tucker's allegations of misuse of funds to which McBride and Pavlik briefly agreed and subsequently rejected.

In the summer and fall of 2022 Plaintiff undertook actions with Tucker and others to remove Pavlik from the Board of Directors and exclude him from Company meetings, purportedly suspend McBride from the Company, and set a course of action representing himself as a "Director" of Takeover marketing products to third parties without the knowledge or authorization of McBride or Pavlik.

The actions of Plaintiff, Tucker and others suffocated the value of Takeover in 2022, damaging Takeover's viability which necessitated the call for a meeting of Labor Smart/Takeover's Board of Directors November 7, 2022.  While directors  Toby McBride and Michael Holley attended and participated in the said November 7, 2022 meeting of Labor Smart/Takeover's Board of Directors, "director" Jason Tucker decided not to attend the November 7, 2022 meeting.  As a result, the Resolution of the Board of Directors of Labor Smart, Inc., Takeover's parent company was issued November 7, 2022.  On November 7, 2022, Pavlik was reinstated as a member of Takeover's Board of Directors, and Tucker was removed as president and director of Takeover.

Defendant Zarro was an early investor in Takeover, even before Plaintiff loaned or invested money in Takeover.  Zarro did not become involved as a member of Takeover's Board of Directors until April 17, 2023.

Plaintiff argues that Takeover did not receive any consideration for its transfers to Holley for the release of legal claims against him and a $5,000 settlement payment in the "Arizona" case.

But as set forth in the Court Order granting in part and denying in part Plaintiff's Motion for Partial Summary Judgment, the "Court cannot say that, as a matter of law, Takeover did not receive a reasonably equivalent value by agreeing to settle the last remaining claim in a lawsuit that would otherwise cost Takeover time and more money." (ECF No. 152, p. 21, ll.17-19). Likewise, questions of fact remain for trial regarding "whether it was reasonable for Takeover to transfer the recipe for a product that it had discontinued to NextGen for no cost because there is a genuine issue of material fact as to the monetary value of the recipe." (ECF No. 152, p. 21, ll. 20-21). Because Zarro testified that the $45,000 monetary transfers to NextGen were done to pay back a loan, the evidence will show Takeover received reasonably equivalent value. And regarding "the gamer shots and hydrogen water that Zarro purchased for manufacturing cost, or close to it," the Court ruled it to be a question of fact for the jury as to whether Zarro's payment amount was reasonable. (ECF No. 152, p. 21, ll. 24-25, to p. 22, l. 1).

Evidence exists for each transfer that they were done for a legitimate business purpose.

## II.

This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship, and the amount in controversy exceeds $75,000, exclusive of interests and costs. The residency of each defendant is as follows:

- Plaintiff Deppoleto is a citizen of Wisconsin.

- Defendant Holley is a citizen of Arizona.

- Defendant McBride is a citizen of California.

- Defendant Zarro is a citizen of Nevada.

- Defendant Pavlik is a citizen of Ohio.

- Defendant Takeover is a Nevada corporation with a principal place of business in

1    Nevada.  Thus, Takeover is a Nevada citizen.

2    • Defendant NextGen Beverages is a limited liability company, organized under

3    Wyoming law.  NextGen Beverages has one member: Labor Smart, Inc., which is

4    a Wyoming corporation with a principal place of business in Wyoming.  Thus,

5    NextGen Beverages is a citizen of Wyoming.

6
7    Accordingly, complete diversity exists.  Subject matter jurisdiction is proper and not contested.

8    **III.**

9    The following facts are admitted by the parties and require no proof:

10    1.    In 2021, Holley and McBride established a beverage business named Takeover

11    Industries, Inc. ("Takeover").

12    2.    Takeover sold products under the brand name "NXT LVL."  NXT LVL's product

13    line focuses on performance water products and energy drinks, including "gamer shots."

14    3.    Shortly after Takeover's formation, Labor Smart, Inc. ("Labor Smart") acquired

15    Takeover, and Takeover became a wholly-owned subsidiary of Labor Smart.

16
17    4.    Labor Smart is a publicly-traded company, and Michael Costello ("Costello")

18    served as its Chief Executive Officer.

19    5.    As of Takeover's formation, Holley and McBride both became Directors of

20    Takeover.  Holley and McBride also became Officers: Holley became Takeover's Chief Executive

21    Officer, and McBride became the Chief Operating Officer.

22
23    6.    By November 2021, Takeover's Board of Directors resolved that it would add two

24    more Directors: Joseph Pavlik ("Pavlik") and Jason Tucker ("Tucker").   At the same time,

25    Takeover's Board of Directors also resolved that Tucker would become Takeover's President.

26    7.    As of November 2021, the Takeover Board of Directors consisted of Holley,

27
28

McBride, Pavlik, and Tucker.

8.      In November 2021, Deppoleto provided consideration for and acquired 200,000,000 shares of Takeover's common stock.

9.      Takeover changed the composition of its Board of Directors in December 2021 when the Directors voted to remove Holley.  Takeover then initiated a lawsuit against Holley in the U.S. District Court, District of Arizona (*Takeover Industries Incorporated v. Michael Holley, et. al.*, No. CV-22-00357-PHX-JJT (D. Ariz. Mar. 3, 2022), ECF No. 1) (the "Arizona Lawsuit").

10.     After Takeover's Board of Directors removed Holley from the Takeover Board in December 2021, the Takeover Board solely consisted of McBride, Tucker, and Pavlik.

11.     Deppoleto's debt interest is documented by way of the Convertible Note Purchase Agreement dated May 25, 2022, by and between Deppoleto, Takeover, and Labor Smart ("NPA"), and certain secured notes issued pursuant to the NPA as it has been amended.

12.     The NPA was executed by: (a) Tucker, Takeover's President, on behalf of Takeover; (b) Costello, Chief Executive Officer of Labor Smart, on behalf of Labor Smart; and (c) Deppoleto.

13.     Along with the NPA, Tucker, McBride, and Pavlik, as the Board of Directors of Takeover, and Costello, on behalf of Labor Smart, signed a joint written consent approving the NPA ("First Consent").

14.     The principal amount of the first secured note, under the NPA, was $500,000.00, which was issued as of May 25, 2022 ("First Note").

15.     Shortly after issuance of the First Note, the parties amended the NPA by entering into the First Amendment to the Convertible Note Purchase Agreement, dated as of July 6, 2022 ("First Amendment").

16.     As with the initial NPA, the First Amendment was executed by: Tucker, on behalf of Takeover; Costello; on behalf of Labor Smart; and Deppoleto.

17.     Along with the First Amendment, Tucker, McBride, and Pavlik, as the Board of Directors of Takeover, and Costello, on behalf of Labor Smart as the primary shareholder of Takeover, signed a joint written consent approving the First Amendment ("Second Consent").

18.     The principal amount of the second secured note, under the NPA, was $500,000.00, which was issued as of July 6, 2022 ("Second Note").

19.     Then, Takeover issued a third note to Deppoleto.  The NPA and First Amendment thereto were amended by that certain Second Amendment to the Convertible Note Purchase Agreement, dated August 19, 2022 ("Second Amendment").

20.     The Second Amendment was executed by: Tucker, on behalf of Takeover; Costello; on behalf of Labor Smart; and Deppoleto.

21.     Along with the Second Amendment, Tucker, McBride, and Pavlik, as the Board of Directors of Takeover, and Costello, on behalf of Labor Smart as the primary shareholder of Takeover, signed a joint written consent approving the Second Amendment ("Third Consent").

22.     The principal amount of the third secured note, under the NPA, was $500,000.00, which was issued as of August 19, 2022 ("Third Note," and, collectively with the First Note and the Second Note, the "Notes").

23.     In total, Takeover issued three written Notes to Deppoleto, for a principal amount of $1,500,000.00.

24.     On or about October 13, 2022, Deppoleto loaned Takeover $386,773.86. Deppoleto made this payment, on Takeover's behalf, directly to one of Takeover's vendors, Great Northern Corporation, which was making display shelves for Takeover's gamer shots ("First

Supplemental Loan").

25.    On or about November 4, 2022, Deppoleto loaned Takeover an additional $128,924.62 ("Second Supplemental Loan" and together with the First Supplemental Loan, the "Supplemental Loans").  Once again, Deppoleto made this payment directly to Great Northern Corporation on Takeover's behalf.

26.    Deppoleto sent Takeover his first Notice of Default and Demand for Payment on November 8, 2022.  In the First Notice, Deppoleto declared the Outstanding Principal, plus all accrued interest (including default interest) immediately due and payable.

27.    Upon the occurrence of an Event of Default, and during any period in which such Event of Default is ongoing: (1) Deppoleto, as Holder, may declare all outstanding loan amounts immediately due and payable in full; and (2) all amounts due but not paid under the Notes shall bear interest at a rate of eighteen percent (18%) per annum (or, if lower, the highest rate permissible under applicable law), compounded monthly.

28.    On November 22, 2022, Deppoleto sent Takeover a second Notice of Default and Demand for Payment.

29.    Deppoleto's Second Notice of Default also alerted Takeover to the fact that it did not repay Deppoleto's First Note on or before the Maturity Date of November 21, 2022.

30.    The Second Note became due and payable on the Maturity Date of January 2, 2023, but Takeover has failed to repay any portion of the Second Note.

31.    The Third Note became due and payable on the Maturity Date of February 15, 2023, but Takeover has failed to repay any portion of the Third Note.

32.    The First Supplemental Loan became due and payable on the Maturity Date of April 11, 2023, but Takeover has failed to repay any portion of the First Supplemental Loan.

33. The Second Supplemental Loan became due and payable on the Maturity Date of May 3, 2023, but Takeover has failed to repay any portion of the Second Supplemental Loan.

34. Takeover dismissed the claims that it filed against Holley in the Arizona Lawsuit.

35. Takeover paid Holley a $5,000.00 "settlement payment" as compensation for filing the Arizona Lawsuit.

36. NextGen Beverages was founded in June 2023.

37. Zarro provided start-up capital for NextGen Beverages.

38. NextGen Beverages is also wholly-owned by Labor Smart, Inc., and NextGen Beverages is a "sister subsidiary" to Takeover.

39. NextGen Beverages operates under the brand name "Lock'd In" and sells energy drinks.

40. Takeover's liabilities have exceeded its assets since at least November 8, 2022.

**IV.**

The following facts, though not admitted, will not be contested at trial by evidence to the contrary:

None.

**V.**

The following are the issues of fact to be tried and determined at trial.

**Plaintiff's Statement of Issues of Fact**

1. Labor Smart is the primary shareholder of Takeover.

2. Takeover began soliciting an investment from Deppoleto in August 2021.

3. The Arizona Lawsuit was initiated against Holley on the basis that: (a) Holley had made unauthorized distributions of over $750,000.00 on behalf of Takeover; (b) he charged

personal expenses to Takeover; and (c) he allowed family members to use Takeover funds for personal expenses. Takeover eventually dismissed the claims that it filed against Holley in the Arizona Lawsuit without receiving any consideration in return.

4.    Holley authorized distributions totaling over $750,000 from Takeover's funds without approval from the Board of Directors.

5.    Holley charged personal expenses to Takeover and allowed his family members to make personal purchases using Takeover funds.

6.    McBride spent over $250,000 of Takeover funds on personal expenses, including travel and shopping.

7.    The First Consent authorizes and directs the President of Takeover to take such actions to execute and deliver, and otherwise effect, the transaction involving the NPA and Deppoleto's related debt interest.

8.    The Second Consent authorizes and directs the President of Takeover to take such actions to execute and deliver, and otherwise effect, the transaction involving the First Amendment and Deppoleto's related debt interest.

9.    The Third Consent authorizes and directs the President of Takeover to take such actions to execute and deliver, and otherwise effect, the transaction involving the Second Amendment and Deppoleto's related debt interest.

10.    Deppoleto and Takeover agreed that the Supplemental Loans would be funded as part of the NPA and result in a fourth Note, similar to the Third Note, and similarly as secured indebtedness.

11.    Deppoleto and Takeover were in the process of documenting the Supplemental Loans at the time of Deppoleto's payments to Great Northern Corporation, but the documents were

not finalized.

12.     In November 2022, Holley and McBride convened a Board meeting, at which Holley was reinstated to the Board and appointed CFO, McBride's leave of absence was terminated, McBride was appointed CEO, and Pavlik was appointed President.

13.     As of Takeover's default on November 8, 2022, Takeover's liabilities exceeded its assets.

14.     Takeover's failure to repay Deppoleto the amount due under the First Note on or before November 21, 2022, constituted an additional Event of Default.

15.     After November 2022, Holley and McBride interfered with Takeover's website and online sales, and communicated to investors that they were in control of Takeover.

16.     Takeover entered into a contract with Manny Pacquiao under which Pacquiao agreed not to endorse products competitive with Takeover's products during the term of the agreement and for six months thereafter.

17.     In or around June 2023, NextGen Beverages, with the involvement of Holley, McBride, Pavlik, and Zarro, entered into an agreement with Pacquiao for him to serve as brand ambassador for Lock'd In, in violation of the Pacquiao contract.

18.     In January 2023, Takeover's Board of Directors published a strategy memo stating their intention to "spin-out" Takeover.

19.     On May 31, 2023, Zarro publicized the launch of Lock'd In, a new entity, on his Twitter account and continued to promote it.

20.     Beginning in June 2023, Lock'd In began selling NXT LVL products on its website at prices substantially below retail value.

21.     In or around June 2023, Takeover, with the assistance of Holley, McBride, Pavlik,

and Zarro, transferred proprietary information, trade secrets, inventory, product ingredients, and other assets to NextGen Beverages.

22.    Takeover shared the recipe for its hydrogen water with NextGen Beverages, which now sells its own hydrogen water.

23.    After the formation of NextGen Beverages, Zarro, Holley, and Pavlik shifted their efforts away from Takeover and towards growing NextGen.

24.    Zarro's purchase of Takeover's hydrogen water and gamer shots inventory in January 2023, including the purchase price paid and how that price relates to the manufacturing cost and retail value of the inventory.

25.    Takeover, NextGen Beverages, and Labor Smart have comingled assets, including a shared bank account for operating expenses.

26.    Takeover has repeatedly transferred money to NextGen Beverages without receipt of any consideration in return.

27.    Plaintiff sent multiple notices to Takeover, its Board, and its Officers alerting them to Takeover's defaults and related misconduct, including a Notice of Default and Demand for Payment on November 8, 2022, a second Notice of Default on November 22, 2022, and a Cease and Desist Letter on June 14, 2023.

28.    On August 30, 2023, Plaintiff, through counsel, demanded that Takeover's Board pursue derivative claims against Holley, McBride, Pavlik, and Zarro.  Any further demand on Takeover's Board would have been futile.

**Defendants' Statement of Issues of Fact**

1.    Whether the product Zarro purchased from Takeover at a cost less than the market selling price was reasonable and done for legitimate business purposes?

2.    Whether it was reasonable for Takeover to transfer a recipe for a product it had discontinued to NextGen Beverages for little or no cost?

3.    Whether it was reasonable for Takeover to settle claims against Holley in the "Arizona" case?

4.    Whether NextGen Beverages competed in the same product market with Takeover to the detriment of Takeover?

5.    Whether Plaintiff wrongfully interfered with the operations of Takeover by taking control and charge of Takeover's employee payroll, corporate marketing strategies, and activities?

6.    Whether Plaintiff misrepresented himself as a "Director" of Takeover in 2022 to the detriment of Takeover?

7.    Whether Plaintiff's actions excluded Takeover director/Defendant Pavlik from knowledge and understanding of Takeover's business activities to the detriment of Takeover in 2022?

8.    Whether Takeover and NextGen Beverages properly transferred funds to and between each corporation?

9.    Whether Takeover properly conducted a meeting of its Board of Directors November 7, 2022?

10.    Whether Defendants Holley, McBride, Pavlik, and Zarro acted in good faith regarding the business interests of Takeover?

11.    Whether Defendants Holley and Zarro acted in good faith regarding the business interests of NextGen Beverages?

12.    Whether clear and convincing evidence proves that Defendants Takeover, Holley, McBride, Pavlik, and Zarro caused Plaintiff to justifiably relied on their representations and loan

money to Takeover?

**VI.**

The following are the issues of law to be to be tried and determined at trial.

**Plaintiff's Statement of Issues of Law**

1.     Whether Takeover's modification of its Board of Directors and change in officers that occurred on November 7, 2022 was a valid corporate action, including whether Takeover's appointment of Holley to Takeover's Board of Directors and to serve as Takeover's Interim Chief Executive Officer was valid.

2.     Whether Takeover's modification of its Board of Directors and change in offers that occurred on April 17, 2023 was a valid corporate action, including whether Takeover's appointment of Zarro as a Board Member and Officer was valid.

3.     Whether Holley, McBride, Pavlik, and Zarro acted as the alter ego of Takeover, such that they may be held personally liable for the obligations and conduct of the corporation.

4.     Whether McBride, Holley, Pavlik, and Zarro may be held personally liable for Takeover's breach of contract as alter egos of Takeover.

5.     Whether McBride, Holley, Pavlik, and Zarro owed fiduciary duties to Plaintiff as a creditor and/or shareholder of Takeover, and if so, whether they breached such duties by, among other things, placing their personal interests ahead of Takeover's creditors, refusing to repay Plaintiff, forming NextGen Beverages while negotiating a settlement with Plaintiff, transferring assets and inventory to NextGen Beverages, sharing trade secrets with NextGen Beverages, placing the future of Takeover in danger by ignoring Takeover's debts owed to Deppoleto, intentionally breaching the Pacquaio Contract, and by transferring Takeover's assets to NextGen Beverages.

6. Whether Takeover, Holley, Pavlik, Zarro, and McBride made material misrepresentations to Plaintiff, with the intent to induce Plaintiff's investment, and whether Plaintiff reasonably relied on those misrepresentations to his detriment.

7. Whether Takeover, Holley, McBride, and Pavlik are estopped from denying the validity or enforceability of the Notes and Supplemental Loans due to their prior representations and conduct towards Plaintiff such that it would be unjust to allow Takeover to retain Plaintiff's investment with nothing in return.

8. Whether Takeover was unjustly enriched at Plaintiff's expense and whether Holley, McBride, Pavlik, and Zarro are personally liable for such conduct.

9. Whether Takeover, Holley, McBride, Pavlik, and Zarro transferred assets (e.g. products, trade secrets, money) from Takeover to NextGen Beverages with the actual intent to hinder, delay, or defraud Plaintiff as a creditor, or without receiving reasonably equivalent value.

10. Whether NextGen Beverages received assets from Takeover with knowledge, or in reckless disregard, that the transfer was intended to hinder, delay, or defraud Plaintiff.

11. Whether Holley, McBride, Pavlik, Zarro, and NextGen Beverages knowingly participated in or assisted with the fraudulent transfer of Takeover's assets.

12. Whether, derivatively on behalf of Takeover, McBride, Holley, Pavlik, and Zarro breached their fiduciary duties to Takeover and its shareholders by among other things, failing to comply with corporate formalities, failing to honor Takeover's contractual obligations, transferring assets to NextGen Beverages, and ceasing Takeover's operations and vitality as a company.

13. Whether, derivatively on behalf of Takeover, McBride, Holley, Pavlik, and Zarro wasted corporate assets.

21

14.     Whether, derivatively on behalf of Takeover, McBride, Holley, Pavlik, and Zarro aided and abetted a breach of fiduciary duty by Takeover's officers or directors, by among other things, failing to comply with corporate formalities, failing to honor Takeover's contractual obligations, transferring assets to NextGen Beverages, and ceasing Takeover's operations and vitality as a company.

15.     The amount of damages to which Plaintiff is entitled under each cause of action, including compensatory damages (principal and interest), attorneys' fees, and other equitable or injunctive relief.

**Defendants' Statement of Issues of Law**

1.     Whether Plaintiff has met the requirements of NRS 78.138 to overcome the presumption that Defendants Holley, McBride, Pavlik, and/or Zarro acted in good faith and on an informed basis?

2.     Whether Plaintiff has met the requirements of NRS 78.138 to overcome the presumption that Defendants Holley and Zarro acted in good faith and on an informed basis regarding Defendant NextGen Beverages?

3.     Whether Defendants Holley, McBride, Pavlik, and /or Zarro owed a fiduciary duty to Plaintiff?

4.     Whether Defendants Holley, McBride, Pavlik, and/or Zarro breached a fiduciary duty to Plaintiff?

5.     Whether Plaintiff sustained damages as a proximate cause of breach of a fiduciary duty?

6.     Whether Defendants Holley, McBride and/or Pavlik breached a contract with Plaintiff?

7.     Whether Plaintiff sustained damages as a proximate cause of Defendants Holley, McBride and/or Pavlik's breach of a contract?

8.     Whether Defendants made material misrepresentations of fact to Plaintiff with the

intent to induce Plaintiff giving loans to Takeover?

9.    Whether Plaintiff justifiably relied on any material misrepresentations of fact made by Defendants to Plaintiff to his detriment and sustained damages as a result?

10.    Whether as a matter of law Takeover did not receive a reasonably equivalent value by agreeing to settle a lawsuit filed against Defendant Holley, and by accepting payment from Defendant Zarro for Takeover's products?

11.    Whether Defendants knowingly participated in the fraudulent transfer of Takeover's assets?

12.    Whether any act or omission by any of the Defendants caused damages to Plaintiff?

13.    Whether any derivative actions on behalf of Takeover, Holley, McBride, Pavlik and/or Zarro for wasting corporate assets, breach of fiduciary duties, or aiding and abetting same caused damages?

14.    Whether Plaintiff's actions in taking charge of Takeover's assets, employee(s) payroll, and/or corporate functions caused damages to Takeover and/or its investors, vendors, and/or shareholders?

**VII.**

a.    The following exhibits are stipulated into evidence in this case and may be so marked by the clerk:

| Exhibit No. | Description |
|---|---|
| JX1 | Holley Dep. Vo1. 1 Ex. 02<br>December 9, 2022 Email<br>(DEF00567) |
| JX2 | Holley Dep. Vo1. 1 Ex. 03<br>Resolution of Board of Directors of Labor Smart Inc.<br>(DEF00001-DEF00005) |
| JX3 | Holley Dep. Vo1. 1 Ex. 04<br>Written Consent of Board of Directors of Takeover Industries,<br>Inc. (DEF00009-00011) |
| JX4 | Holley Dep. Vo1. 1 Ex. 05<br>Convertible Note Purchase Agreement |
| JX5 | Holley Dep. Vo1. 1 Ex. 06<br>Holley's Responses to Plaintiff's Second Set of Interrogatories |
| JX6 | Holley Dep. Vo1. 1 Ex. 09 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | Arizona Complaint – Takeover v. Holley |
|---|---|
| JX7 | Holley Dep. Vo1. 1 Ex. 10<br>Related Party Receivable Confirmation |
| JX8 | Holley Dep. Vo1. 1 Ex. 11<br>Takeover Balance Sheet - Spreadsheet<br>DEF00338 |
| JX9 | Holley Dep. Vo1. 1 Ex. 12<br>January 19, 2024 Email Chain<br>(DEF00484-00486) |
| JX10 | Holley Dep. Vo1. 1 Ex. 13<br>Declaration of Joseph Pavlik |
| JX11 | Holley Dep. Vo1. 1 Ex. 14<br>Takeover Bank Statements<br>(DEF00197-DEF00322) |
| JX12 | Holley Dep. Vol. 2 (Corporate Representative of Takeover) Ex. 01<br>Subpoena to Testify at a Deposition |
| JX13 | Holley Dep. Vol. 2 Ex. 02<br>Note Purchase Agreement |
| JX14 | Holley Dep. Vol. 2 Ex. 03<br>May 25, 2022 Promissory Note |
| JX15 | Holley Dep. Vol. 2 Ex. 04<br>May 20, 2022 Joint Written Consent |
| JX16 | Holley Dep. Vol. 2 Ex. 05<br>July 6, 2022 First Amendment |
| JX17 | Holley Dep. Vol. 2 Ex. 06<br>July 6, 2022 Second Promissory Note |
| JX18 | Holley Dep. Vol. 2 Ex. 07<br>July 1, 2022 Joint Written Consent |
| JX19 | Holley Dep. Vol. 2 Ex. 08<br>August 19, 2022 Second Amendment |
| JX20 | Holley Dep. Vol 2 Ex. 09<br>August 19, 2022 Third Promissory Note |
| JX21 | Holley Dep. Vol. 2 Ex. 10<br>August 18, 2022 Joint Written Consent |
| JX22 | Holley Dep. Vol. 2 Ex. 11<br>May 2022 Bank of America Statement<br>(DEF00088-DEF00184) |
| JX23 | Holley Dep. Vol. 2 Ex. 12<br>Labor Smart Board Resolution<br>(DEF00001-DEF00005) |
| JX24 | Holley Dep. Vol. 2 Ex. 13<br>Takeover Board Resolution<br>(DEF00421-DEF00422) |
| JX25 | Holley Dep. Vol. 2 Ex. 17 |

|  | | |
|---|---|---|
| | | October 13, 2022 Great Northern Receipt (PLTF000346) |
| | JX26 | Holley Dep. Vol. 2 Ex. 18<br>November 4, 2022 Great Northern Receipt (PLTF000359) |
| | JX27 | Holley Dep. Vol. 3 (Corporate Representative of NextGen Beverages) Ex. A<br>Subpoena to Testify at a Deposition to NextGen Beverages |
| | JX28 | Zarro Vol. 1 (Individual Deposition) Dep. Ex. 01<br>Convertible Note Purchase Agreement (DEF00466-DEF00481) |
| | JX29 | Zarro Vol. 1 Dep. Ex. 02<br>Emails Re: Stay of Default (DEF00560-DEF00561) |
| | JX30 | Zarro Vol. 1 Dep. Ex. 03<br>Emails Re: Payment Information (DEF00549-DEF00550) |
| | JX31 | Zarro Vol. 1 Dep. Ex. 04<br>Emails Re: Notes and Payments (DEF00547) |
| | JX32 | Zarro Vol. 1 Dep. Ex. 05<br>Letter Re: Convertible Note Purchase Agreement (DEF00423-DEF00425) |
| | JX33 | Zarro Vol. 1 Dep. Ex. 06<br>Resolution of the Board of Directors (DEF00001-DEF00005) |
| | JX34 | Zarro Vol. 1 Dep. Ex. 07<br>Labor Smart Inc. Private Placement Agreement (DEF00446-DEF00461) |
| | JX35 | Zarro Vol. 1 Dep. Ex. 08<br>Proposed Term Sheet (DEF00463) |
| | JX36 | Zarro Vol. 1 Dep. Ex. 09<br>Labor Smart Inc. Private Placement Agreement (DEF00493-DEF00509) |
| | JX37 | Zarro Vol. 1 Dep. Ex. 10<br>Zarro's Responses to Plaintiff's First Set of Interrogatories |
| | JX38 | Zarro Vol. 1 Dep. Ex. 11<br>Takeover Industries Inc. Balance Sheet as of Dec. 31, 2022 |
| | JX39 | Zarro Vol. 1 Dep. Ex. 12<br>Resolution of the Board of Directors of Takeover (DEF00421-DEF00422) |
| | JX40 | Zarro Vol. 1 Dep. Ex. 13<br>Zarro's Response to Subpoena Duces Tecum |
| | JX41 | Zarro Vol. 1 Dep. Ex. 14 |

| | | |
|---|---|---|
| | | Zarro's Personal Bank Statement (DEF00462) |
| | JX42 | Zarro Vol. 1 Dep. Ex. 15 Takeover Bank Statement (DEF00024-DEF00269) |
| | JX43 | Zarro Vol. 1 Dep. Ex. 17 Takeover Withdrawals and Deposits Statement (DEF00257-DEF00278) |
| | JX44 | Zarro Vol 2. (Corporate Representative for Takeover) Dep. Ex. A Takeover Bank Statement (DEF00269) |
| | JX45 | Zarro Vol. 3 (Individual Deposition on July 1, 2025) Dep. Ex. 01 Bank of America Bank Statement (DEF02009-DEF02011) |
| | JX46 | Zarro Vol. 3 Dep. Ex. 02 Text Messages between Zarro and Tucker (DEF02138-DEF02215) |
| | JX47 | Zarro Vol. 3 Dep. Ex. 03 Text Messages between Zarro and Tucker (DEF02286) |
| | JX48 | Zarro Vol. 3 Dep. Ex. 04 Agreement between Labor Smart, Takeover, and Emmanuel ("Manny") Pacquiao and Manny Pacquiao Foundation (DEF02301-DEF02307) |
| | JX49 | McBride Vol. 1 (November 15, 2024) Dep. Ex. 01 December 9, 2022 Email (DEF00567) |
| | JX50 | McBride Vol. 1 Dep. Ex. 02 Related Party Receivable Confirmation |
| | JX51 | McBride Vol. 2 (November 22, 2024) Dep. Ex. 03 Excerpts from Bank Statements |
| | JX52 | McBride Vol. 2 Dep. Ex. 04 Email re Payments |
| | JX53 | McBride Vol. 2 Dep. Ex. 05 Resolution of Board of Directors |
| | JX54 | McBride Vol. 2 Dep. Ex. 06 Written Consent of Board of Directors |
| | JX55 | McBride Vol. 2 Dep. Ex. 09 Verified Complaint |
| | JX56 | McBride Vol. 2 Dep. Ex. 10 Balance Sheet 2022 |
| | JX57 | Deppoleto Dep. Ex. 01 Notice of Taking Zoom Deposition of James V. Deppoleto Jr. |

| | |
|---|---|
| JX58 | Deppoleto Dep. Ex. 02<br>Plaintiff's First Amended Verified Complaint |
| JX59 | Deppoleto Dep. Ex. 03<br>Convertible Note Purchase Agreement |
| JX60 | Deppoleto Dep. Ex. 04<br>Secured Convertible Promissory Note |
| JX61 | Deppoleto Dep. Ex. 05<br>First Amendment to Convertible Note Purchase Agreement |
| JX62 | Deppoleto Dep. Ex. 06<br>Second Amendment to Convertible Note Purchase Agreement |
| JX63 | Deppoleto Dep. Ex. 07<br>Plaintiff's Response to Takeover's First Set of Interrogatories |
| JX64 | Deppoleto Dep. Ex. 08<br>Receipt from Great Northern Corporation Dated November 4, 2022 |
| JX65 | Deppoleto Dep. Ex. 09<br>Receipt from Great Northern Corporation Dated October 13, 2022<br>(PLTF000359) |
| JX66 | Text messages between Zarro and McBride<br>DEF01753-01758 |
| JX67 | Takeover Bank of America Records<br>DEF02009-DEF02011 |
| JX68 | Written Consent – Board of Directors of Takeover dated Nov. 7, 2022<br>(DEF00006-DEF00008) |
| JX69 | Bank Statements 2022-2023<br>(DEF00012-DEF00335) |
| JX70 | Takeover Balance Sheet 2021<br>(DEF00336) |
| JX71 | Takeover Profit and Loss 2021<br>(DEF00337) |
| JX72 | Takeover Balance Sheet 2022<br>(DEF00338) |
| JX73 | Takeover Profit and Loss 2022<br>(DEF00339) |
| JX74 | General Ledger 2023<br>(DEF00340-DEF00419) |
| JX75 | Resolution of the Board of Directors, dated January 24, 2023<br>(DEF00420) |
| JX76 | Resolution of the Board of Directors, dated April 17, 2023<br>(DEF00421-DEF00422) |
| JX77 | Tom Zarro LTNC Subscription Agreement, dated March 23, 2023<br>(DEF00446-DEF00461) |

| JX78 | Various Wire Statements<br>(DEF00487-DEF00492) |
|---|---|
| JX79 | Bank statements 2024<br>(DEF00510-DEF00521) |
| JX80 | Minutes of Special Meet of Directors 12.8.21<br>(DEF00527) |
| JX81 | Email correspondence between Tom Zarro and Jason Tucker re:<br>Zarro note<br>(DEF00528-DEF00533) |
| JX82 | Email Correspondence between Mike Holley and Tom Zarro re:<br>Private Placement Agreement<br>(DEF00568-DEF00584) |
| JX83 | Email Correspondence between Toby McBride, Joe Pavlik, and<br>Jason Tucker re: Takeover Social Media Login Information<br>(DEF00589-DEF00590) |
| JX84 | NextGen Beverage Bank Records June 2023–October 2024<br>(DEF00689-DEF00803) |
| JX85 | Bylaws re: Takeover Industries, Inc.<br>(DEF00836-DEF00869) |
| JX86 | License Agreement between Toby McBride and Tom Zarro<br>(DEF00870-DEF00872) |
| JX87 | Loan and Private Placement Documents from Labor Smart to<br>Zarro<br>(DEF00885-DEF01028) |
| JX88 | Email from Zarro to Deppoleto, dated January 2, 2023<br>(DEF01030-DEF01031) |
| JX89 | License Agreement, dated December 29, 2022<br>(DEF01036-DEF01038) |
| JX90 | Takeover – Bills<br>(DEF01039-DEF01044) |
| JX91 | Convertible Note Purchase Agreement, dated June 18, 2021<br>between Labor Smart and Zarro<br>(DEF01048-DEF01063) |
| JX92 | Takeover Bylaws<br>(DEF01064-DEF01080) |
| JX93 | Private Placement Agreement Tom Zarro<br>(DEF01136-DEF01263) |
| JX94 | Bill Invoices<br>(DEF01264-DEF01268) |
| JX95 | Monthly Salary and Outside Contractor Expenses<br>(DEF01269) |
| JX96 | NextGen Balance Sheets<br>(DEF01281-DEF01290) |
| JX97 | Nootropics documents<br>(DEF01291-DEF01293) |

| | |
|---|---|
| JX98 | T-Pain Agreement (DEF01294-DEF01300) |
| JX99 | TKO Inventory Value 12-5-22 (DEF01301) |
| JX100 | Agreement between Takeover and Nappy Boy Entertainment (DEF01362-DEF01368) |
| JX101 | Takeover Inventory Valuation Detail (DEF01370-DEF01371) |
| JX102 | Takeover Account QuickReport (DEF01372) |
| JX103 | NextGen Beverages Account QuickReport (DEF01373-DEF01374) |
| JX104 | Gret Northern Corporation Invoices (DEF01375-DEF01379) |
| JX105 | Email Correspondence Re: NXT LVL Gamer Shot (DEF01380-DEF01382) |
| JX106 | Takeover Account QuickReport (DEF01383-DEF01384) |
| JX107 | NextGen Beverages Balance Sheet as of March 31, 2024 (DEF01385-DEF01386) |
| JX108 | NextGen Beverages Balance Sheet as of June 30, 2024 (DEF01387-DEF01388) |
| JX109 | NextGen Beverages Balance Sheet as of September 30, 2024 (DEF01389-DEF01390) |
| JX110 | NextGen Beverages Profit and Loss January – March 2024 (DEF01391-DEF01392) |
| JX111 | NextGen Beverages Profit and Loss April – June 2024 (DEF01393-DEF01394) |
| JX112 | NextGen Beverages Profit and Loss July – September 2024 (DEF01395-DEF01397) |
| JX113 | NextGen Beverages Balance Sheet as of June 30, 2023 (DEF01398) |
| JX114 | NextGen Beverages Balance Sheet as of September 30, 2023 (DEF01399) |
| JX115 | NextGen Beverages Balance Sheet as of December 31, 2023 (DEF01400) |
| JX116 | NextGen Beverages Profit and Loss January – March 2023 (DEF01401) |
| JX117 | NextGen Beverages Profit and Loss April – June 2023 (DEF01402) |
| JX118 | NextGen Beverages Profit and Loss July – September 2023 (DEF01403-DEF01404) |
| JX119 | NextGen Beverages Profit and Loss October – December 2023 (DEF01405-DEF01406) |
| JX120 | NextGen Beverages Bank Statement, November 30, 2024 |

| | |
|---|---|
| | (DEF01407-DEF01415) |
| JX121 | Takeover Bank Statement March 1, 2024 to March 31, 2024 (DEF01416-DEF01421) |
| JX122 | Takeover Bank Statement April 1, 2024 to April 30, 2024 (DEF01422-DEF01425) |
| JX123 | Takeover Bank Statement May 1, 2024 to May 31, 2024 (DEF01426-DEF01431) |
| JX124 | Takeover Bank Statement June 1, 2024 to June 30, 2024 (DEF01432-DEF01435) |
| JX125 | Takeover Bank Statement July 1, 2024 to July 31, 2024 (DEF01436-DEF01439) |
| JX126 | Takeover Bank Statement August 1, 2024 to August 31, 2024 (DEF01440-DEF01443) |
| JX127 | Takeover Bank Statement September 1, 2024 to September 30, 2024 (DEF01444-DEF01447) |
| JX128 | Takeover Bank Statement October 1, 2024 to October 31, 2024 (DEF01448-DEF01451) |
| JX129 | Takeover Bank Statement November 1, 2024 to November 30, 2024 (DEF01452-DEF01457) |
| JX130 | Takeover Balance Sheet March 31, 2021 (DEF01463) |
| JX131 | Takeover Balance Sheet June 30, 2021 (DEF01464-DEF01465) |
| JX132 | Takeover Balance Sheet September 30, 2021 (DEF01466-DEF01467) |
| JX133 | Takeover Balance Sheet December 31, 2021 (DEF01468-DEF01470) |
| JX134 | Takeover Balance Sheet March 31, 2022 (DEF01471-DEF01473) |
| JX135 | Takeover Balance Sheet June 30, 2022 (DEF01474-DEF01476) |
| JX136 | Takeover Balance Sheet September 30, 2022 (DEF01477-DEF01479) |
| JX137 | Takeover Balance Sheet December 31, 2022 (DEF01480-DEF01482) |
| JX138 | Takeover Balance Sheet March 31, 2023 (DEF01483-DEF01485) |
| JX139 | Takeover Balance Sheet June 30, 2023 (DEF01486-DEF01488) |
| JX140 | Takeover Balance Sheet September 30, 2023 (DEF01489-DEF01491) |
| JX141 | Takeover Balance Sheet December 31, 2023 (DEF01492-DEF01494) |

| JX142 | Takeover Balance Sheet March 31, 2024 (DEF01495-DEF01497) |
|---|---|
| JX143 | Takeover Balance Sheet June 30, 2024 (DEF01498-DEF01500) |
| JX144 | Takeover Balance Sheet September 30, 2024 (DEF01501-DEF01503) |
| JX145 | Takeover Profit and Loss January – March 2021 (DEF01504) |
| JX146 | Takeover Profit and Loss April to June 2021 (DEF01505-DEF01506) |
| JX147 | Takeover Profit and Loss July to September 2021 (DEF01507-DEF01508) |
| JX148 | Takeover Profit and Loss October to December 2021 (DEF01509-DEF01510) |
| JX149 | Takeover Profit and Loss January to March 2022 (DEF01511-DEF01512) |
| JX150 | Takeover Profit and Loss April to June 2022 (DEF01513-DEF01514) |
| JX151 | Takeover Profit and Loss July to September 2022 (DEF01515-DEF01516) |
| JX152 | Takeover Profit and Loss October to December 2022 (DEF01517-DEF01518) |
| JX153 | Takeover Profit and Loss January to March 2023 (DEF01519-DEF01520) |
| JX154 | Takeover Profit and Loss April to June 2023 (DEF01521) |
| JX155 | Takeover Profit and Loss July to September 2023 (DEF01522) |
| JX156 | Takeover Profit and Loss October to December 2023 (DEF01523) |
| JX157 | Takeover Profit and Loss January to March 2024 (DEF01524) |
| JX158 | Takeover Profit and Loss April to June 2024 (DEF01525) |
| JX159 | Takeover Profit and Loss July to September 2024 (DEF01526) |
| JX160 | Takeover Profit and Loss October to December 2024 (DEF01527) |
| JX161 | NextGen Beverages Balance Sheet December 31, 2024 (DEF01528-DEF01529) |
| JX162 | Resolution of Labor Smart, Inc. Issuance of shares J. Pavlik (Redacted) (DEF01530-DEF01531) |
| JX163 | Takeover Industries, Inc. Minutes of Special meeting of Directors May 3, 2023 |

| | | |
|---|---|---|
| | | (DEF01532) |
| JX164 | Lock'd In operations – confidential – NGB Intellectual Property (Redacted) (Confidential) (DEF01534-DEF01537) | |
| JX165 | Text messages; Tom Zarro and Mike Holley (DEF01538-DEF01545) | |
| JX166 | Labor Smart, Inc. Private Placement Agreements (DEF01560-DEF01734) | |
| JX167 | Resolution of the Board of Directors, Labor Smart (DEF01735-DEF01737) | |
| JX168 | LOCK'D IN Product (DEF01738-DEF01741) | |
| JX169 | Email Correspondence re: Takeover Industries, Inc. (DEF01742-DEF01746) | |
| JX170 | Takeover Industries, Inc. Certified Shareholder List (DEF01747-DEF01749) | |
| JX171 | Text messages between Tom Zarro and Toby McBride (DEF01750-DEF01765) | |
| JX172 | Takeover Bank Statement December 12, 2024 to January 11, 2025 (DEF01766-DEF01769) | |
| JX173 | Takeover Bank Statement January 12, 2025 to February 11, 2025 (DEF01770-DEF01773) | |
| JX174 | Takeover Bank Statement February 12, 2025 to March 11, 2025 (DEF01774-DEF01777) | |
| JX175 | Takeover Bank Statement March 12, 2025 to April 11, 2025 (DEF01778-DEF01781) | |
| JX176 | Takeover Bank Statement April 12, 2025 to May 11, 2025 (DEF01782-DEF01785) | |
| JX177 | NextGen Beverages Bank Statement January 31, 2025 (DEF01786-DEF01792) | |
| JX178 | NextGen Beverages Bank Statement February 28, 2025 (DEF01793-DEF01799) | |
| JX179 | NextGen Beverages Bank Statement March 31, 2025 (DEF01800-DEF01808) | |
| JX180 | NextGen Beverages Bank Statement April 30, 2025 (DEF01809-DEF01817) | |
| JX181 | NextGen Beverages Bank Statement May 31, 2025 (DEF01818-DEF01826) | |
| JX182 | Detailed Holder List Takeover Industries (DEF01827-DEF01828) | |
| JX183 | Detailed Holder List Labor Smart, Inc. (DEF01829-DEF01860) | |
| JX184 | Resolution of Labor Smart dated November 7, 2022 | |

| | | |
|---|---|---|
| | | (DEF01861-DEF01865) |
| JX185 | | Written Consent, Board of Directors Takeover, dated November 7, 2022 (DEF01866-DEF01868) |
| JX186 | | Resolution of the Board of Directors of Takeover, dated January 5, 2022 (DEF01869-DEF01870) |
| JX187 | | Resolution of the Board of Directors Takeover Industries, Inc. (DEF01873-DEF01874) |
| JX188 | | Subscription Agreements between Takeover and James Deppoleto (DEF01910-DEF01915) |
| JX189 | | Takeover Minutes from Special Meetings June 3, 2021; June 7, 2022; June 10, 2021; August 6, 2021 (DEF01934-DEF01938) |
| JX190 | | Agreement between McBride, Holley, Pavlik (DEF01939-DEF01940) |
| JX191 | | Takeover Minutes from Special Meetings December 7, 2021; December 8, 2021; December 28, 2021 (DEF01941-DEF01944) |
| JX192 | | UPDC Beverages Invoice May 13, 2024 (DEF01968-DEF01969) |
| JX193 | | Takeover Invoice (DEF01970) |
| JX194 | | Takeover Proforma Invoice PO#3T Pain Gamer Shots (DEF01986) |
| JX195 | | Bank Wire Transactions dated May 25, 2022; July 7, 2022 and August 19, 2022 (DEF02009-DEF02011) |
| JX196 | | Takeover Minutes of Special Meeting of Directors, dated September 21, 2022 (DEF02015) |
| JX197 | | Notice of special meeting Board of Directors of Labor Smart, November 4, 2022 (DEF02016) |
| JX198 | | NextGen Beverages Inventory (DEF02056-DEF02059) |
| JX199 | | Takeover Bank Statement, April 8, 2025 to May 7, 2025 (DEF02060-DEF02063) |
| JX200 | | NextGen Beverages Profit and Loss January to March 2025 (DEF02064-DEF02065) |
| JX201 | | NextGen Beverages Balance Sheet March 31, 2025 (DEF02066-DEF02067) |
| JX202 | | NextGen Beverages A/P Aging Detail May 2, 2025 (DEF02068) |

| | |
|---|---|
| JX203 | Labor Smart Agreement with Manny Pacquiao (DEF02301-DEF02307) |
| JX204 | Transfer Journal (DEF02308-DEF02365) |
| JX205 | Takeover Profit and Loss, January 1, 2024 to December 31, 2024 (DEF02366-DEF02367) |
| JX206 | Takeover Statement of Cash Flows January 1, 2024 to December 31, 2024 (DEF02368-DEF02369) |
| JX207 | Zarro as Corporate Representative for NextGen Beverages Ex. 01 Subpoena to Testify at a Deposition |
| JX208 | Zarro's Responses to Subpoena Duces Tecum |
| JX209 | Zarro's Responses to Plaintiff's First Set of Requests for Production of Documents |
| JX210 | Zarro's Responses to Plaintiff's First Set of Interrogatories |
| JX211 | Pavlik's Responses to Plaintiff's First Set of Interrogatories |
| JX212 | Pavlik's Responses to Plaintiff's First Set of Requests for Production of Documents |
| JX213 | Takeover's Responses to Plaintiff's First Set of Interrogatories |
| JX214 | Takeover's Responses to Plaintiff's First Set of Requests for Production of Documents |
| JX215 | McBride's Responses to Plaintiff's First Set of Requests for Production of Documents |
| JX216 | McBride's Responses to Plaintiff's First Set of Interrogatories |
| JX217 | NextGen Beverages' Responses to Plaintiff's First Set of Interrogatories |
| JX218 | NextGen Beverages' Responses to Plaintiff's First Requests for Production of Documents |
| JX219 | Holley's Responses to Plaintiff's First Set of Interrogatories |
| JX220 | Holley's Responses to Plaintiff's First Set of Requests for Production of Documents |
| JX221 | Takeover's Responses to Plaintiff's Second Set of Requests for Production of Documents |
| JX222 | Takeover's Responses to Plaintiff's Second Set of Interrogatories |
| JX223 | NextGen Beverages' Responses to Plaintiff's Second Set of Requests for Production of Documents |
| JX224 | NextGen Beverages' Responses to Plaintiff's Second Set of Interrogatories |
| JX225 | Holley's Responses to Plaintiff's Second Set of Interrogatories |
| JX226 | Holley's Responses to Plaintiff's Second Set of Requests for Production of Documents |
| JX227 | McBride's Responses to Plaintiff's Second Set of Interrogatories |

| JX228 | McBride's Responses to Plaintiff's Second Set of Requests for Production of Documents |
|---|---|
| JX229 | Zarro's Responses to Plaintiff's Third Set of Requests for Production of Documents and First Set of Requests for Admission |
| JX230 | NextGen Beverages' Responses to Plaintiff's Third Set of Requests for Production of Documents and First Set of Requests for Admission |
| JX231 | Takeover's Responses to Plaintiff's Third Set of Requests for Production of Documents and First Set of Requests for Admission |
| JX232 | McBride's Responses to Plaintiff's Third Set of Requests for Production of Documents and First Set of Requests for Admission |
| JX233 | Holley's Responses to Plaintiff's Third Set of Requests for Production of Documents and First Requests for Admission |
| JX234 | Pavlik's Responses to Plaintiff's Third Set of Requests for Production of Documents and First Set of Requests for Admission |
| JX235 | Takeover's Amended Responses to Plaintiff's First Requests for Production of Documents |
| JX236 | Holley's Amended Responses to Plaintiff's First Requests for Production of Documents |
| JX237 | McBride's Amended Responses to Plaintiff's First Requests for Production of Documents |
| JX238 | Pavlik's Amended Responses to Plaintiff's First Requests for Production of Documents |
| JX239 | Takeover's Amended Responses to Plaintiff's Third Requests for Production of Documents |
| JX240 | NextGen Beverage's Amended Responses to Plaintiff's First, Second, and Third Requests for Production of Documents |
| JX241 | Takeover's Second Amended Responses to Plaintiff's First Requests for Production |
| JX242 | Takeover's Second Amended Responses to Plaintiff's Third Requests for Production of Documents |
| JX243 | Holley's Second Amended Responses to Plaintiff's First Requests for Production of Documents |
| JX244 | McBride's Second Amended Responses to Plaintiff's First Requests for Production of Documents |
| JX245 | Pavlik's Amended Responses to Plaintiff's First Requests for Production of Documents |
| JX246 | Zarro's Second Amended Responses to Subpoena Duces Tecum and Amended Responses to Plaintiff's First Requests for Production of Documents |
| JX247 | NextGen Beverage's Second Amended Responses to Plaintiff's |

| | First, Second, and Third Requests for Production of Documents |
|---|---|
| JX248 | Takeover's Third Amended Responses to Plaintiff's First Requests for Production |
| JX249 | Takeover's Third Amended Responses to Plaintiff's Second Requests for Production of Documents |
| JX250 | NextGen Beverage's Third Amended Responses to Plaintiff's First, Second, and Third Requests for Production of Documents |
| JX251 | Zarro's Third Amended Responses to Subpoena Duces Tecum and Amended Responses to Plaintiff's First Requests for Production of Documents |
| JX252 | Holley's Third Amended Responses to Plaintiff's First Requests for Production of Documents |
| JX253 | Pavlik's Third Amended Responses to Plaintiff's First Requests for Production of Documents |
| JX254 | Deppoleto's Responses to Takeover's First Set of Requests for Production of Documents |
| JX255 | Deppoleto's Responses to Takeover's First Set of Interrogatories |

b.  As to the following exhibits, the party against whom the same will be offered objects to

their admission on the grounds stated:

| Plaintiff's Exhibits and Objections | | |
|---|---|---|
| Exhibit No. | Description | Objection |
| PX1 | Holley Dep. Vol. 1 (Individual Deposition on October 4, 2024) Ex. 01<br>June 14, 2023 Cease and Desist Letter | Hearsay |
| PX2 | Holley Dep. Vo1. 1 Ex. 07<br>November 8, 2022 Husch Blackwell Letter | Hearsay |
| PX3 | Holley Dep. Vo1. 1 Ex. 08<br>November 22, 2022 Husch Blackwell Letter | Hearsay |
| PX4 | Holley Dep. Vol. 3 Ex. C<br>June 14, 2023 Cease and Desist | Hearsay |
| PX5 | Zarro Vol. 1 Dep. Ex. 16<br>Letter from Whitehead & Burnett (DEF00464-DEF00465) | Hearsay |
| PX6 | Demand Letter to LTNC and Takeover, from Zarro, dated January 22, 2023<br>(DEF00423-DEF00445) | Hearsay |
| PX7 | Tom Zarro Mutual Non-Disclosure | Relevance; confidential. |

| | Agreement (subject to pending Stipulation and Order for Protective Order) (Confidential) (DEF01302-DEF01303) | |
| PX8 | Twitter Screenshots 2023 (PLTF328-PLT327) | Hearsay and foundation. |

| Defendants' Exhibits and Objections | | |
|---|---|---|
| Exhibit No. | Description | Objection |
| DX1 | Deppoleto Dep. Ex. 10 Family Dollar Vendor Funding Receipt Dated November 2, 2022 | Lacks foundation; hearsay. |
| DX2 | Deppoleto Dep. Ex. 12 NXL LVL/5-hour Energy Accelerator Partnership | Lacks foundation; hearsay. |

    c.  Electronic evidence:

Both parties intend to use available courtroom technology to display exhibits electronically and request that, to the extent exhibits are provided to the jury for deliberations, they be made available to the jury in electronic format.

    d.  Depositions:

Both parties reserve the right to use depositions for any purpose allowed under Fed. R. Civ. P. 32(a), including for impeachment purposes.  In addition, both parties reserve the right under Fed. R. Civ. P. 32(a)(4) to offer the deposition of Joseph Pavlik if the witness becomes unavailable.

    (1) Plaintiff will offer the following depositions:

        See above.

    (2) Defendants will offer the following depositions:

        See above.

    e.  Objections to depositions:

1    (1) Defendants object to Plaintiff's depositions as follows:

2        Not applicable.

3    (2) Plaintiff objects to Defendants' depositions as follows:

4        Not applicable.

5                                    **VIII.**

6

7    The following witnesses may be called by the parties at trial:

8

9    (a) Plaintiff's Witnesses:

| Witness | Live/Deposition |
|---|---|
| James V. Deppoleto, Jr.<br>(to be contacted through Plaintiff's counsel) | Live |
| Corporate Representative for Takeover (adversely)<br>(to be contacted through Defendants' counsel) | Live |
| Corporate Representative for NextGen Beverages (adversely)<br>(to be contacted through Defendants' counsel) | Live |
| Thomas Zarro (adversely)<br>(to be contacted through Defendants' counsel) | Live |
| Mike Holley (adversely)<br>(to be contacted through Defendants' counsel) | Live |
| Toby McBride (adversely)<br>(to be contacted through Defendants' counsel) | Live |
| Joseph Pavlik (adversely)<br>(to be contacted through Defendants' counsel) | Live |

(b) Defendants' Witnesses:

| Witness | Live/Deposition |
|---|---|
| James V. Deppoleto, Jr.<br>(adversely) (to be contacted through Plaintiff's counsel) | Live |
| Corporate Representative for Takeover<br>(to be contacted through Defendants' counsel) | Live |
| Corporate Representative for NextGen Beverages<br>(to be contacted through Defendants' counsel) | Live |
| Thomas Zarro<br>(to be contacted through Defendants' counsel) | Live |
| Mike Holley<br>(to be contacted through Defendants' counsel) | Live |

| Toby McBride (to be contacted through Defendants' counsel) | Remotely |
|---|---|
| Joseph Pavlik (to be contacted through Defendants' counsel) | Remotely |
| Jason Tucker | Live or Remotely |
| Melissa Tucker | Live or Remotely |
| Mike Tzanetatos | Live or Remotely |
| Corporate Representative for Quintec Integration, Inc. (to be contacted through Plaintiff's counsel) | Live or Remotely |
| Amy Allen (to be contacted through Plaintiff's counsel) | Live or Remotely |
| Stacey Stanley | Live or Remotely |
| David Anderson (to be contacted through Defendants' counsel) | Live or Remotely |

**IX.**

The attorneys or parties have met and jointly offer these three dates to begin trial:

| May 18, 2026 | June 1, 2026 | June 8, 2026 |
|---|---|---|

It is expressly understood by the parties that the Court will set the trial of this matter on one of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the Court's calendar.

**X.**

It is estimated that the trial will take a total of 7 days.

*[Signatures on Next Page.]*

39

1

2    APPROVED AS TO FORM AND CONTENT:

3    DATED this 23rd day of October, 2025.        DATED this 23rd day of October, 2025.

4    **HUSCH BLACKWELL LLP**                      **LAW OFFICE OF S. DON BENNION**

5    */s/ Patrick M. Harvey*                      */s/ S. Don Bennion*

6    JAMES PATRICK SHEA                           S. DON BENNION, ESQ.
     Nevada Bar No. 405                           Nevada Bar No. 4530

7    BART K. LARSEN                               6980 O'Bannon Drive, Suite 400
     Nevada Bar No. 8538                          Las Vegas, NV 89117

8    KYLE M. WYANT                                Telephone: (702) 333-0777
     Nevada Bar No. 14652                         Fax: (702) 333-0577

9    SHEA LARSEN                                  Email: Don@bennionlaw.com

10   1731 Village Center Circle, Suite 150
     Las Vegas, Nevada 89134                      **WHITEHEAD & BURNETT**

11   Telephone: (702) 471-7432
     Fax: (702) 926-9683                          JEFFREY J. WHITEHEAD, ESQ.

12   Email: jshea@shea.law                        Nevada Bar No. 3183
     blarsen@shea.law                             6980 O'Bannon Drive

13   kwyant@shea.law                              Las Vegas, NV 89117
                                                  Telephone: (702) 267-6500

14                                                Fax: (702) 267-6262
     JENNIFER E. HOEKEL                           Email: Jeff@whiteheadburnett.com

15   Nevada Bar No. 12775
     jennifer.hoekel@huschblackwell.com           *Attorneys for Defendants Takeover Industries*

16   HUSCH BLACKWELL LLP
     8001 Forsyth Boulevard, Suite 1500           *Incorporated, Tom Zarro, Michael Holley,*

17   St. Louis, Missouri 63105
     Telephone: 314.480.1500                      *Toby McBride, Joseph Pavlik and NextGen*

18   Facsimile: 314.480.1505
                                                  *Beverages, LLC*
19   And

20   PATRICK M. HARVEY

21   *Admitted Pro Hac Vice*
     Patrick.Harvey@huschblackwell.com

22   **HUSCH BLACKWELL LLP**
     511 North Broadway, Suite 1100

23   Milwaukee, WI 53202
     Telephone: 414.273.2100

24   Facsimile: 414.223.5000
     *Attorney for Plaintiff*

25   *James V. Deppoleto Jr*

26

27

28

                                    40

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**XI.**

ACTION BY THE COURT

This ~~case is~~ set for ~~court/jury tria~~l on the fixed/stacked calendar on

June 15, 2026, at 8:30 AM .Calendar call will be held on   June 9, 2026, at 9:00 AM           .

DATED:   October 24, 2025

_____

UNITED STATES DISTRICT JUDGE

1

## <u>CERTIFICATE OF SERVICE</u>

2

1.    On October 23, 2025, I served the following document(s): **PRETRIAL ORDER**

3

2.    I served the above document(s) by the following means to the persons as listed below:

4

•    a.    ECF System:

5

On all parties appearing, receiving, and requesting notice.

6

•    b.    United States mail, postage fully prepaid:

7

•    c.    Personal Service:

8

I personally delivered the document(s) to the persons at these addresses:

9

10

•    For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

11

12

•    For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

13

14

•    d.    By direct email (as opposed to through the ECF System): Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

15

16

17

•    e.    By fax transmission:

18

19

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

20

21

•    f.    By messenger:

22

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

23

24

I declare under penalty of perjury that the foregoing is true and correct.

25

Dated: October 23, 2025.

By: <u>/s/ *Patrick M. Harvey*   </u>

26

27

28