S. Don Bennion, Esq.
Nevada Bar No. 4530
Law Office of S. Don Bennion
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
Tel: (702) 333-0777 Fax: (702) 333-0577
email: don@bennionlaw.com

Jeffrey J. Whitehead, Esq.
Nevada Bar No. 3183
Whitehead & Burnett
6980 O'Bannon Drive
Las Vegas, Nevada 89117
Tel: (702)267-6500 Fax: (702)267-6262
Email: jeff@whiteheadburnett.com

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES V. DEPPOLETO JR.,<br><br>Plaintiff,<br><br>v.<br><br>TAKEOVER INDUSTRIES, INCORPORATED, Defendant and Nominal Defendant<br><br>MICHAEL HOLLEY,<br>TOBY MCBRIDE<br>JOSEPH PAVLIK<br>TOM ZARRO<br>And<br>NEXTGEN BEVERAGE, LLC<br><br>Defendants. | Case NO. 2:22-cv-02013-GMN-DJA<br><br>**MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANTS** |

The Law Office of S. Don Bennion and Whitehead & Burnett hereby submit their Motion to Withdraw as Counsel ("Motion") for Defendants Takeover Industries, Inc., Tom Zarro, Michael Holley, Toby McBride, Joseph Pavlik, and NextGen Beverage, LLC, collectively ("Defendants") , pursuant to LR IA 11-6(b) and Nevada Rule of Professional Conduct 1.16.

This Motion is made and based upon the following Memorandum of Points and Authorities, the declarations of S. Don Bennion and Jeffrey Whitehead, the papers and pleadings on file with Court, and such oral argument as may be presented before the Court.

Respectfully submitted this 24th day of March 2026.

Law Office of S. Don Bennion

*/s/ S. Don Bennion, Esq.*____________
Nevada Bar No. 4530
Law Office of S. Don Bennion
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
Tel: (702) 333-0777 Fax: (702) 333-0577
email: don@bennionlaw.com

Whitehead & Burnett

*/s/ Jeffrey J. Whitehead, Esq.*_________
Nevada Bar No. 3183
Whitehead & Burnett
6980 O'Bannon Drive
Las Vegas, Nevada 89117
Tel: (702)267-6500 Fax: (702)267-6262
Email: jeff@whiteheadburnett.com
*Attorneys for Defendants*

/ / /

/ / /

/ / /

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODCTION

Plaintiff's operative, First Amended Complaint was filed September 19, 2023. (Dkt. No. 25). Undersigned counsel were retained to represent Defendants on or about November 13, 2024.

Thereafter, undersigned counsel responded to many discovery requests, took Plaintiff's deposition, and conducted extensive motion practice in behalf of Defendants.

In addition, undersigned counsel participated with Defendants and Plaintiff and Plaintiff's counsel in a Settlement Conference with Magistrate Judge Weksler May 21, 2025. The case did not settle.

Undersigned counsel for Defendants worked with Plaintiff's counsel to draft and submit the Pre-Trial Order that was issued by this Court October 24, 2025. (Dkt. No. 165). The trial is scheduled to commence June 15, 2026. The calendar call is set for June 9, 2026. Motions in Limine are due to be filed by May 16, 2026. A full list of pending pre-trial dates are set forth in the declarations of S. Don Bennion and Jeffrey Whitehead accompanying this Motion to Withdraw.

## II. LEGAL STANDARDS

Nevada Rule of Professional Conduct, Rule 1.16(b) states:

Except as stated in paragraph (c ), a lawyer may withdraw from representing a client if:

(1) **Withdrawal can be accomplished without material adverse effect on the interests of the client**;

(2) The client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

(3) The client has used the lawyer's services to perpetrate a crime or fraud;

(4) A client insists upon taking action that the lawyer considers repugnant or with which the lawyer has fundamental disagreement.

**(5) The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;**

(6) The representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

**(7) Other good cause for withdrawal exists.**

Nev. R. Prof. Conduct 1.16(b) (emphasis added).

Local Rule 1A 11-6 provides, in relevant part:

(b) if an attorney seeks to withdraw after appearing in a case, the attorney must file a motion or stipulation and serve it on the affected client and opposing counsel. The affected client may, but is not required to, file a response to the attorney's motion within 14 days of the filing of the motion, unless the court orders otherwise…

(d) Discharge, withdrawal, or substitution of an attorney will not alone be reason for delay of pretrial proceedings, discovery, the trial or any hearing in the case. Where delay would result, the papers seeking leave of the court for the withdrawal or substitution must request specific relief from the scheduled discovery, trial, or hearing. If a trial setting has been

made, an additional copy of the moving papers must be provided to the clerk for immediate delivery to the assigned district judge, bankruptcy judge, or magistrate judge.

LR IA 11-6(b), (d), ( e ).

**III. ARGUMENT**

As set forth herein, good cause exists to grant the Law Office of S. Don Bennion and Whitehead & Burnett leave to withdraw as counsel of record. Under Nevada Rule of Professional Conduct, Rule 1.16(b), an attorney may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled, or other good cause for withdrawal exists. Nev. R. Prof. Conduct 1.16(b)(1), (5), (7).

Here, without waiving the attorney-client privilege, despite numerous communications from counsel to Defendants about fulfilling their obligations regarding counsel's services and reasonable warnings that counsel will withdraw unless the obligations are fulfilled, these Defendants have not fulfilled their obligations to counsel regarding counsel's services. Declaration of S. Don Bennion ("Bennion Decl."), paragraph 10; Declaration of Jeffrey Whitehead ("Whitehead Decl."), paragraph 10. Likewise, fundamental differences have developed between undersigned counsel and Defendants necessitating this Motion to Withdraw. Bennion Decl., paragraph 10; Whitehead Decl., paragraph 10.

The last known addresses, telephone numbers, and email addresses of Defendants are set forth in the Declaration of S. Don Bennion. Bennion Decl., paragraphs 15-16.

The Law Office of S. Don Bennion and Whitehead & Burnett do not anticipate delay if the present Motion is granted. Accordingly, for good cause, the Law Office of S. Don

Bennion and Whitehead & Burnett request that this Court grant the present Motion to Withdraw as Defendants' counsel herein. In addition, the Law Office of S. Don Bennion and Whitehead & Burnett respectfully request the opportunity to file a motion to adjudicate their anticipated attorneys' liens.

## IV. CONCLUSION

In accordance with the foregoing, the Law Office of S. Don Bennion and Whitehead & Burnett respectfully request that their Motion to Withdraw as counsel be granted. In addition, the Law Office of S. Don Bennion and Whitehead & Burnett request that the Court allow them to file a motion to adjudicate their anticipated attorneys' liens pursuant to NRS 18.015 should it become necessary and appropriate.

Respectfully submitted this 24th day of March 2026.

Law Office of S. Don Bennion

/s/ *S. Don Bennion, Esq.*____________
Nevada Bar No. 4530
Law Office of S. Don Bennion
6980 O'Bannon Drive #400
Las Vegas, Nevada 89117
Tel: (702) 333-0777 Fax: (702) 333-0577
email: don@bennionlaw.com

Whitehead & Burnett

/s/ *Jeffrey J. Whitehead, Esq.*_________
Nevada Bar No. 3183
Whitehead & Burnett
6980 O'Bannon Drive
Las Vegas, Nevada 89117
Tel: (702)267-6500 Fax: (702)267-6262
Email: jeff@whiteheadburnett.com

**CERTIFICATE OF SERVICE**

On March 24, 2026 I served the following document(s):

1. The document(s) were served by the following means to the person(s) as listed below:

**MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR TAKEOVER INDUSTRIES, INC., TOM ZARRO, MICHAEL HOLLEY, JOSEPH PAVLIK, TOBY MCBRIDE, AND NEXTGEN BEVERAGES, LLC.**

X a. ECF System

And all other parties requesting notice.

☐ b. US mail, postage prepaid

| | | |
|---|---|---|
| Tom Zarro<br>1100 Boletus Dr.<br>Henderson, NV<br>89011 | Mike Holley<br>5137 E. Armour St.<br>Cave Creek, Arizona<br>85331 | Toby McBride<br>2948 Monticello Drive<br>Stockton, CA<br>95209 |
| Joseph Pavlik<br>17047 Racoon Trail<br>Strongsville, Ohio<br>44136 | Takeover Industries, Inc<br>401 Ryland St Ste 200-A<br>Reno, NV 89052 | NextGen Beverage , LLC<br>3741 El Sereno Ave.<br>Altadena, CA 91001 |

d. By direct email (as opposed to the ECF system): Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the person(s) at the email addresses listed below. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful.

**James Patrick Shea, Esq.**
Nevada Bar No. 405
**Bart K. Larsen, Esq.**

Nevada Bar NO. 8538
**Kyle M. Wyant, Esq.**
Nevada Bar No. 14652
SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
T: 702-471-7432 F: 702-926-9683
blarsen@shea.law
kwyant@shea.law
*Attorneys for Plaintiff*

**Jennifer Hoekel, Esq.**
Nevada Bar No. 12775
Husch Blackwell LLP
8001 Forsyth Boulevard Suite 1500
St. Louis, Missouri 63105
T: 314-480-1500
Jennifer.hoekel@huschblackwell.com
*Attorney for Plaintiff*

**Patrick M. Harvey, Esq.**
Admitted Pro-Hac Vice
Husch Blackwell LLP
511 North Broadway, Suite 1100
Milwaukee, WI 53202
T: 414-273-2100
Patrick.Harvey@huschblackwell.com
*Attorney for Plaintiff*

☐ e. By fax transmission

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the person(s) at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐ f. By messenger

I served the document(s) by placing them in an envelope or package addressed to the person(s) at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ *S. Don Bennion, Esq*________
Law Office of S. Don Bennion