FILED ENTERED RECEIVED SERVED ON
COUNSEL/PARTIES OF RECORD
APR 0 9 2026
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DEPUTY

Thomas Zarro
Michael Holley, Joseph Pavlik,
And Toby McBride
Individual Defendants, *Pro Se for this response*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| James Deppeleto, Jr,<br><br>Plaintiff,<br><br>vs.<br><br>TAKEOVER INDUSTRIES, INC. et al<br><br>Defendant. | Case No. 2:22-cv-02013-GMN-DJA<br><br>**RESPONSE OF INDIVIDUAL DEFENDANTS TO BENNION MOTION TO WITHDRAW** |

## RESPONSE OF INDIVIDUAL DEFENDANTS TO MOTION TO WITHDRAW AS COUNSEL

Defendants **Tom Zarro, Michael Holley, Joseph Pavlick, and Toby McBride** (the "Individual Defendants"), appearing *pro se* for the limited purpose of this Response, hereby respond to the Motion to Withdraw as Counsel (ECF No. 172), and state as follows:

---

## I. LIMITED OPPOSITION

The Individual Defendants do not oppose counsel's withdrawal **in principle**, but respectfully submit that withdrawal at this stage—without appropriate

safeguards—would materially prejudice their rights and ability to defend this matter. The primary matter of dispute between attorneys and the parties was an outstanding invoice and counsel's request for a trial retainer. Defendants have brought the invoices current. In addition, the Defendants and the Plaintiff have been working diligently to settle the case. The Defendants should be able to either a) settle the case or b) bring Mr. Bennion and Mr. Whitehead current in the next seven days. If Defendants cannot, they will not oppose the attorneys motion to withdraw.

---

## II. TIMING OF WITHDRAWAL WILL CAUSE MATERIAL PREJUDICE

As reflected in the Motion and supporting declarations:

- Trial is currently set for **June 15, 2026**
- Motions in limine are due **May 16, 2026**
- The case is in an advanced procedural posture

(see pp. 3, 11)

Withdrawal under these circumstances would leave the Individual Defendants without counsel during a critical phase of litigation, significantly impairing their ability to prepare for trial, comply with deadlines, and adequately protect their interests.

---

## III. DEFENDANTS ARE ACTIVELY WORKING TO RESOLVE FEE ISSUE

The basis for withdrawal appears to be, in part, a fee dispute.

The Individual Defendants respectfully represent to the Court that they are **actively working in good faith to resolve any outstanding financial obligations** and to secure continued representation or substitute counsel.

A brief continuance or delay in ruling would allow Defendants the opportunity to:

- Cure any alleged deficiency; or
- Retain replacement counsel without disruption to the case

---

## IV. COURT HAS DISCRETION TO CONDITION OR DELAY WITHDRAWAL

While Local Rule IA 11-6 permits withdrawal, courts routinely:

- Delay withdrawal where it would prejudice the client
- Condition withdrawal on protection of the client's interests
- Require continued representation through critical deadlines

Given the proximity to trial and pending deadlines, the requested withdrawal should not be granted without such protections.

---

## V. REQUEST FOR RELIEF

WHEREFORE, the Individual Defendants respectfully request that the Court:

1. **Defer ruling** on the Motion to Withdraw for a period of at least fourteen (14) days to allow Defendants to resolve the issue or retain new counsel;

**OR, in the alternative:**

2. Condition any withdrawal on:
   - Counsel remaining through upcoming pretrial deadlines; and/or
   - A reasonable continuance of trial and related deadlines;
3. Grant such other relief as the Court deems just and proper.

---

## VI. CONCLUSION

The Individual Defendants respectfully request that the Court ensure that any withdrawal does not materially prejudice their ability to defend this matter at a critical stage of proceedings.

---

**DATED:** [insert date]

Respectfully submitted,

**/s/ Tom Zarro**

**/s/ Michael Holley**

**/s/ Joseph Pavlick**

**/s/ Toby McBride**

Pro Se Defendants

Dated Month Day, Year