HUSCH BLACKWELL

Patrick M. Harvey
Partner

511 North Broadway, Suite 1100
Milwaukee, WI 53202
Direct: 414.978.5321
Fax: 414.223.5000
Patrick.Harvey@huschblackwell.com

June 12, 2026

**VIA ELECTRONIC FILING**
The Hon. Gloria M. Navarro
U.S. District Judge
Lloyd D. George Federal Courthouse
333 Las Vegas Boulevard South, Room 1334
Las Vegas, NV 89101

Re: ***James v. Deppoleto Jr. v. Takeover Industries Incorporated, et al.***
U.S. District Court for the District of Nevada, Case No. 2022-cv-02013

Dear Judge Navarro:

Pursuant to the Court's May 6, 2026 Order to Vacate and Continue June 15, 2026 Trial Dates and Pretrial Deadlines (ECF No. 185 at 3), this letter shall serve as Plaintiff's status update to the Court.

Unfortunately, despite the facts that: (1) the parties signed a Binding Term Sheet in early April 2026; (2) since that time, Plaintiff's counsel has sent drafts of various other agreements – which were intended to more holistically effectuate the core substance of the parties' settlement agreement – as well as numerous communications to request Defendants' comments or proposed edits to those drafts, Defendants refuse to provide any substantive responses to those drafts. As such, Plaintiff is unfortunately left with no choice but to file a Motion to Enforce the Binding Term Sheet, and Plaintiff will be doing so by no later than July 1, 2026. The general basis for that Motion will be that the Binding Term Sheet is actually titled "Binding Term Sheet," and specifically provides, among other things, that: "This Term sheet shall be deemed a binding contract between the Settling Parties. In the event that the Parties are not able to consummate the Final Agreements within a reasonable period of time, Deppoleto shall have the right to seek specific performance of the terms herein." In addition, the Binding Term Sheet is supported by Affidavits from each of the individuals and entities, which all confirm that the Binding Term Sheet is, in fact, binding. As such, the Court should enforce the Binding Term Sheet and, for a number of reasons, Plaintiff will be seeking an expedited briefing schedule and an expedited hearing with respect to that Motion.

However, although the Binding Term Sheet is binding and enforceable under its plain terms, and should be enforced by the Court as such, given that this matter has already been pending since 2022, and given that the Court has already scheduled this matter for trial starting on

HUSCH BLACKWELL



November 2, 2026, Plaintiff also respectfully requests that the Court set this matter for a telephonic scheduling conference at the earliest date that the Court has available, so that the Court and the parties can set a schedule with respect to: (a) the other previously-suspended pretrial deadlines; and (b) Plaintiff's motion for sanctions based on Defendants' failure to comply with the Court's Orders that granted Plaintiff's previous Motions to Compel (as discussed in Plaintiff's previous pleadings (*see, e.g.*, ECF Nos. 94, 107, 118, 129, 139, and 154)). Again, the Court should enforce the Binding Term Sheet, and that issue should be able to be resolved soon, which would likely obviate the need for a trial. However, in the unlikely event that the Court denies Plaintiff's anticipated Motion to Enforce the Binding Term Sheet, the current trial date should remain on the Court's calendar, because, among other reasons, the previous trial date was already delayed based on Defendants' misrepresentations about good faith negotiations, and Defendants should not be rewarded with an additional delay based on their refusal to provide substantive responses, and based on their refusal to negotiate in good faith.

Very truly yours,

Patrick M. Harvey

Cc: All counsel of record (via electronic filing)