# EXHIBIT 1

Declaration of Brad Wyatt

EXHIBIT 1

Lars K. Evensen
Nevada Bar No. 8061
Jenapher L. Miller
Nevada Bar No. 14233
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: 702.669.4600
Fax: 702.669.4650
lkevensen@hollandhart.com
jlmiller@hollandhart.com

*Attorneys for Nextgen Beverage, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES V. DEPPOLETO JR,<br>Plaintiff,<br>v.<br>TAKEOVER INDUSTRIES, INCORPORATED,<br>Defendant and Nominal Defendant<br>MICHAEL HOLLEY, TOBY MCBRIDE, JOSEPH PAVLIK, TOM ZARRO, NEXTGEN BEVERAGE, LLC,<br>Defendants. | Case No.: 2:22-cv-02013-GMN-DJA<br><br>**DECLARATION OF BRAD WYATT IN SUPPORT OF RESPONSE TO [190] MOTION TO ENFORCE BINDING TERM SHEET** |

I, Brad Wyatt, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, hereby declare and state as follows:

1. I am over 18 years of age and am competent to testify as to the matters set forth in this Declaration based upon my own personal knowledge and/or belief.

2. I am Chief Executive Officer of Kultura Brands Inc. and an authorized representative of NEXTGEN BEVERAGE, LLC ("NextGen"), Defendant in the above captioned matter.

3. I make this Declaration in support of NextGen's *Response* (the "Response") to Plaintiff JAMES V. DEPPOLETO JR.'s ("Plaintiff" or "Deppoleto") *Motion to Enforce Binding Term Sheet* (the "Motion"; ECF No. 190).

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

4. The Parties engaged in settlement negotiations concerning a binding term sheet.

5. Contemporaneous with discussion regarding the terms in the Term Sheet, the parties thereto engaged in discussions wherein Plaintiff would have the option to invest or in the alternative elect for repayment to from Kultura.

6. A true and correct copy of 2026-03-05 Email string re Re: For your consideration is attached to the Response as **Exhibit 2**.

7. A true and correct copy of 2026-04-24 Email re Use of proceed email, *with attachment*: Final Production Capital Plan (PPI redacted), is attached to the Response as **Exhibit 5**.

8. On April 27, 2026, I sent Plaintiff/James, a frame framework for the terms of the initial investment, including a Investment Term Sheet (the "Kultura Term Sheet") and Promissory Note.

9. A true and correct copy of 2026-04-27 Email re Term Sheet, *with attachment*, is attached to the Response as **Exhibit 6**.

10. The Kultura Term Sheet was between Kultura and James Deppoleto with an effective date of April 27, 2026.

11. On May 5, 2026, Plaintiff/James and I participated in call to discuss James providing funding. Based on that, I understood James would be funding very soon. Also, on May 5, 2026, in furtherance of that call, I sent James a detailed list of how the monies to be provided would be provided to various vendors, and wire information so James could send money directly to vendors.

12. A true and correct copy of 2026-05-18 Email re Wire Information and Invoice, *without attachments* (PPI redacted), is attached to the Response as **Exhibit 7**.

13. On May 20, 2026, consistent with the term sheet, Kultura cause eleven (11) shares of Preferred A Stock was transferred to Deppoleto Holdings, LLC, the designee directed by Plaintiff/James.

14. A true and correct copy of 2026-05-20 Account Statement is attached to the Response as **Exhibit 10**.

15. On May 22, 2026, counsel for Plaintiff transmitted a draft version of the settlement

documents to myself and others, and indicated other drafts will follow.

16. On June 29, 2026, Plaintiff/James and I discussed funding and the settlement agreement:

- I inquired if James was going to provide investments as follows: "Are you still considering coming in, or has that ship sailed"
- James responded me: "With a signed agreement and some others, I would consider still"
- I responded to James: "I believe I helped set the expectation that funding would be included in the settlement. I will also say I was part of the push to get you more for coming in; at the time, the number was $1.5M for the 34 preferred A's. The confusion is that, in the negotiation, the numbers built into the settlement from our side ($4.5M on the note, etc.) were, in their mind, in exchange for your funding and support post-settlement."…
- I further responded to James: "I believe I helped set the expectation that funding would be included in the settlement," meaning that we can get this done and funding would be forthcoming, that you were simply taking extra steps of precaution to not repeat history, you wanted to help, but you needed assurances the money was being utilized properly."
- James responded to me: " I don't like that language at all. Funding is possible but only after a settlement. I have said this repeatedly"
- James further responded to me: "I have never said nor implied that I would fund in any way before any agreement was done and signed."

17. Ultimately, Plaintiff/James did not execute the Kultura Term Sheet, did not fund $500,000 before the end of May 2025, and has not returned the eleven (11) shares of Preferred A Stock sent to his designee.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and/or belief.

DATED/EXECUTED this 23rd th day of July 2026.

Signed by:
Brad Wyatt
DFE53A5EE07A4B2...

**BRAD WYATT**

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134