# EXHIBIT 6

2026-04-27 Email re Term Sheet, with attachment

EXHIBIT 6

**From:** Brad Wyatt
**Sent:** Monday, April 27, 2026 11:40 AM
**To:** 'James Deppoleto Jr.'
**Cc:** Scott Darnell; 'Luis Sequeira (ext) [Board Member] [mc]'
**Subject:** Term Sheet
**Attachments:** Investment Term Sheet.docx; Promissory Note Deppoleto.docx

James,

Here is the framework for the terms of the initial investment. Please review and let us know if there needs to be modifications. I believe the only thing left is Manny's signature, Luis is handling that part.

Thanks.

**Brad Wyatt**
**Chief Executive Officer**
**Kultura Brands Inc.**
**O: 720-407-6338**
**C: 303-725-8825**
E: brad.w@kulturabrands.com
OTCID: LTNC
KULTURA BRANDS
www.kulturabrands.com

The information transmitted by this email is intended only for the person or entity it addresses. This email may contain proprietary, business-confidential, and/or privileged material. If you are not the intended recipient of this message, be aware that any use, review, retransmission, distribution, reproduction, or any action taken in reliance upon this message is strictly prohibited. If you received this in error, please contact the sender and delete the material from all computers.

---

**From:** Brad Wyatt
**Sent:** Monday, April 27, 2026 12:04 PM
**To:** Scott Darnell <scott.d@kulturabrands.com>; 'Luis Sequeira (ext) [Board Member] [mc]' <lsequeira@pacquiaofoundation.org>
**Subject:** Please review

Here it is…

**Brad Wyatt**
**Chief Executive Officer**
**Kultura Brands Inc.**
**O: 720-407-6338**
**C: 303-725-8825**
E: brad.w@kulturabrands.com
OTCID: LTNC

KULTURA BRANDS

www.kulturabrands.com

The information transmitted by this email is intended only for the person or entity it addresses. This email may contain proprietary, business-confidential, and/or privileged material. If you are not the intended recipient of this message, be aware that any use, review, retransmission, distribution, reproduction, or any action taken in reliance upon this message is strictly prohibited. If you received this in error, please contact the sender and delete the material from all computers.

# INVESTMENT TERM SHEET

## KULTURA BRANDS, INC.

This Investment Term Sheet ("Term Sheet") is entered into as of April 27, 2026 (the "Effective Date"), by and between **Kultura Brands, Inc.**, a Wyoming corporation (the "Company"), and **James Deppoleto**, an individual (the "Investor"), each a "Party" and collectively the "Parties."

WHEREAS, the Company is engaged in the business of brand development, consumer products, and related commercial activities, and desires to secure capital for the continued growth and operation of its business; and WHEREAS, the Investor desires to provide capital to the Company under the terms and conditions set forth herein; and WHEREAS, the Parties desire to set forth the terms of such investment, including the Investor's election between equity consideration or repayment through a debt instrument; NOW, THEREFORE, in consideration of the mutual covenants, promises, and agreements contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

The Investor agrees to invest in the Company an amount of either Five Hundred Thousand Dollars ($500,000) or One Million Dollars ($1,000,000) (the "Investment Amount"), as selected by the Investor below.

In consideration for such Investment Amount, the Investor shall have the sole and exclusive right to elect, at the time of execution of this Term Sheet, to receive either equity in the form of Preferred A Shares of the Company or repayment pursuant to a promissory note, as further described herein.

In the event the Investor elects the equity option, the Company shall issue to the Investor eleven (11) shares of Preferred A Stock for a $500,000 investment or twenty-two (22) shares of Preferred A Stock for a $1,000,000 investment, which shares shall be duly authorized, validly issued, fully paid, and non-assessable, and shall carry such rights, preferences, and privileges as determined by the Company's governing documents and any applicable certificate of designation.

In the event the Investor elects repayment, the Investment Amount shall be evidenced by a Promissory Note attached hereto as Appendix A, which shall provide for a term of three (3) years, interest at a rate of eight percent (8%) per annum, payments commencing sixty (60) days following execution of this Term Sheet, and monthly payments of principal and interest calculated as if amortized over twenty-five (25) years, with the remaining unpaid principal balance due as a balloon payment at maturity.

**Investor Election (Mark and initial one):**

Investment Amount:
☐ $500,000 for 11 preferred A shares or a note ______ Initials

☐ $1,000,000 for 11 preferred A shares or a note ______ Initials

**Consideration Election (Mark and initial one):**

☐ 11 Preferred A Shares ______ Initials

☐ 22 Preferred A Shares ______ Initials

☐ Loan (Promissory Note – Appendix A) ______ Initials

The Company shall use the proceeds of the Investment Amount for general corporate purposes, including but not limited to operations, working capital, brand development, marketing, and strategic initiatives. Each Party represents and warrants that it has full power and authority to enter into this Term Sheet and to perform its obligations hereunder, that this Term Sheet constitutes a valid and binding obligation enforceable in accordance with its terms, and that the execution and performance of this Term Sheet does not violate any agreement, law, or obligation binding upon such Party.

To the fullest extent permitted by law, the Company agrees to indemnify, defend, and hold harmless the Investor and the Investor's affiliates, officers, directors, agents, and representatives from and against any and all claims, liabilities, losses, damages, costs, and expenses, including reasonable attorneys' fees, arising out of or related to the Company's business operations, actions, omissions, or breach of this Term Sheet, except to the extent caused by the gross negligence or willful misconduct of the Investor. The Investor agrees to indemnify, defend, and hold harmless the Company and its affiliates, officers, directors, agents, and representatives from and against any and all claims, liabilities, losses, damages, costs, and expenses, including reasonable attorneys' fees, arising out of or related to the Investor's breach of this Term Sheet or unlawful conduct. These indemnification obligations shall survive the execution and delivery of this Term Sheet.

Nothing contained in this Term Sheet shall be deemed or construed to create any partnership, joint venture, or agency relationship between the Parties, and neither Party shall have authority to bind the other except as expressly set forth herein. This Term Sheet shall be governed by and construed in accordance with the laws of the States of Wyoming and Colorado, without regard to conflict of law principles. This Term Sheet constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous negotiations, discussions, and agreements, whether written or oral. This Term Sheet may be executed in counterparts, including via electronic signature, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the Parties have executed this Investment Term Sheet as of the Effective Date first written above.

**INVESTOR:**
James Deppoleto

Signature: ________________________________
Date: ____________________

**COMPANY:**
Kultura Brands, Inc.

By: _____________________________________
Name: Brad Wyatt
Title: Chief Executive Officer
Date: ____________________

# PROMISSORY NOTE

## KULTURA BRANDS, INC.

This Promissory Note ("Note") is made and entered into as of April 27, 2026 (the "Effective Date"), by and between **Kultura Brands, Inc.**, a Wyoming corporation (the "Borrower"), and **James Deppoleto**, an individual (the "Lender"), each a "Party" and collectively the "Parties."

WHEREAS, the Lender has agreed to provide certain funds to the Borrower pursuant to that certain Investment Term Sheet dated as of the Effective Date; and WHEREAS, the Borrower desires to evidence its obligation to repay such funds in accordance with the terms set forth herein; NOW, THEREFORE, for value received, the receipt and sufficiency of which are hereby acknowledged, the Borrower hereby promises to pay to the order of the Lender the principal sum of either Five Hundred Thousand Dollars ($500,000) or One Million Dollars ($1,000,000) (the "Principal Amount"), together with interest thereon, in accordance with the terms set forth herein.

The unpaid Principal Amount shall bear interest at a rate of eight percent (8%) per annum, calculated on the basis of a 365-day year and the actual number of days elapsed. Payments of principal and interest shall commence sixty (60) days following the Effective Date and shall be made in equal monthly installments calculated as if the Principal Amount were amortized over a period of twenty-five (25) years; provided, however, that the entire remaining unpaid principal balance, together with all accrued and unpaid interest, shall be due and payable in full on the date that is three (3) years from the Effective Date (the "Maturity Date").

All payments shall be made in lawful money of the United States of America, without setoff, deduction, or counterclaim, to such account or address as the Lender may designate in writing. The Borrower may prepay this Note in whole or in part at any time without penalty; provided that any such prepayment shall first be applied to accrued and unpaid interest and then to principal.

An "Event of Default" shall occur upon the occurrence of any of the following: (i) the failure of the Borrower to make any payment when due under this Note; (ii) the failure of the Borrower to perform or comply with any covenant, agreement, or obligation contained herein; (iii) the insolvency, bankruptcy, or assignment for the benefit of creditors by the Borrower; or (iv) any material misrepresentation made by the Borrower in connection with this Note. Upon the occurrence of an Event of Default, the Lender shall provide written notice to the Borrower, and the Borrower shall have five (5) business days from receipt of such notice to cure the default. Notice shall be deemed properly given if delivered by email with a read receipt confirming delivery to the Borrower's designated email address, which shall constitute sufficient proof of notice.

If the Borrower fails to cure the Event of Default within such five (5) business day period, then the entire outstanding Principal Amount, together with all accrued and unpaid interest, shall, at the option of the Lender, become immediately due and payable without further notice or demand.

Upon the occurrence and continuation of an Event of Default, the interest rate on the outstanding Principal Amount shall automatically increase to a default rate of fourteen percent (14%) per annum (the "Default Rate"), which shall apply from the date of default until all obligations under this Note are paid in full.

The Borrower agrees to pay all reasonable costs and expenses incurred by the Lender in enforcing this Note, including, without limitation, reasonable attorneys' fees and collection costs, to the fullest extent permitted by law. The Borrower hereby waives presentment, demand, protest, notice of protest, and all other notices except as expressly provided herein.

This Note shall be binding upon the Borrower and its successors and assigns and shall inure to the benefit of the Lender and its successors and assigns; provided, however, that the Borrower may not assign its obligations hereunder without the prior written consent of the Lender. This Note shall be governed by and construed in accordance with the laws of the States of Wyoming and Colorado, without regard to conflict of law principles. This Note may be executed in counterparts, including electronic signatures, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the Borrower has executed this Promissory Note as of the Effective Date first written above.

**BORROWER:**
Kultura Brands, Inc.

By: ___________________________________
Name: Brad Wyatt
Title: Chief Executive Officer
Date: ___________________