Ryan J. Works (NSBN 9224)
Jonah Gavish (NSBN 17197)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
rworks@mcdonaldcarano.com
jgavish@mcdonaldcarano.com

*Attorneys for Michael Holley and Tom Zarro*

McDONALD CARANO
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES V. DEPPOLETO JR.,<br><br>Plaintiff,<br><br>v.<br><br>TAKEOVER INDUSTRIES, INCORPORATED, *et al.*,<br><br>Defendants. | Case No.: 2:22-cv-02013-GMN-DJA<br><br>**RESPONSE TO [190] MOTION TO ENFORCE BIDING TERM SHEET** |

Defendants Michael Holley and Tom Zarro ("Individual Defendants"), by and through their undersigned counsel of record, McDonald Carano LLP, hereby submit this *Response* (the "Response") to Plaintiff James V. Deppoleto Jr.'s ("Plaintiff") *Motion to Enforce Biding Term Sheet* (the "Motion") [ECF No. 190] and the *Response to Motion to Enforce Binding Term Sheet* [ECF No. 200] filed by NextGen Beverage, LLC ("NextGen"). This Response is made and based upon the pleadings and papers on file herein, the below Memorandum of Points and Authorities, the exhibits attached hereto, and any oral argument that this Court allows at the time of any hearing scheduled on the Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. RESPONSE**

The Individual Defendants want to settle this litigation once and for all, but not if NextGen and Kultura Brands, Inc. are not going to perform without Plaintiff's promised capital. The Individual Defendants believed at all times that Plaintiff would infuse working capital to the companies for purposes of, in part, performing under the settlement agreement that Plaintiff now seeks to enforce.

McDONALD CARANO
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

*See*, *e.g.,* NextGen Response at p. 5-10. Without that funding, it appears unlikely that the companies will perform or make payments under the settlement agreement. If the companies cannot perform under the settlement agreement this disproportionately and adversely affects the Individual Defendants, whose obligations increase dramatically (from $50,000 each, to $700,000 total under a purported guarantee). This is not the settlement agreement the Individuals agreed to document. The Individual Defendants agreed to a deal with a going-concern that would be performing under the settlement agreement. It would be patently unfair to enforce the term sheet only to watch the companies default, leaving only the Individual Defendants to pay on account of their down payments and limited guarantees. If the Court compels enforcement of the term sheet, it should enforce both the binding term sheet, as well as the second agreement as between the companies and Plaintiff. Otherwise, the Motion fails and should be denied for the reasons set forth in NextGen's Response.

Dated this 27th day of July, 2026.

McDONALD CARANO LLP

*/s/ Ryan J. Works*
Ryan J. Works (NSBN 9224)
Jonah Gavish (NSBN 17197)
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
rworks@mcdonaldcarano.com
jgavish@mcdonaldcarano.com

*Attorneys for Michael Holley and Tom Zarro*

McDONALD CARANO
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of July, 2026, a true and correct copy of **RESPONSE TO [190] MOTION TO ENFORCE BIDING TERM SHEET** was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

By: */s/ Kimberly Kirn*
An employee of McDonald Carano LLP