JAMES PATRICK SHEA
Nevada Bar No. 405
BART K. LARSEN
Nevada Bar No. 8538
KYLE M. WYANT
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email: jshea@shea.law
blarsen@shea.law
kwyant@shea.law

JENNIFER E. HOEKEL
Nevada Bar No. 12775
jennifer.hoekel@huschblackwell.com
**HUSCH BLACKWELL LLP**
8001 Forsyth Boulevard, Suite 1500
St. Louis, Missouri 63105
Telephone: 314.480.1500
Facsimile: 314.480.1505

-and-

PATRICK M. HARVEY
*Admitted Pro Hac Vice*
Patrick.Harvey@huschblackwell.com
**HUSCH BLACKWELL LLP**
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Telephone: 414.273.2100
Facsimile: 414.223.5000
*Attorney for Plaintiff*
*James V. Deppoleto Jr.*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

JAMES V. DEPPOLETO JR.,

Plaintiff,

v.

TAKEOVER INDUSTRIES INCORPORATED, *et al.*

Defendants.

CASE NO. 2:22-cv-02013-GMN-DJA

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO ENFORCE BINDING TERM SHEET IN RESPONSE TO JOSEPH PAVLIK'S AND TOBY MCBRIDE'S OPPOSITION**

Defendants, Joseph Pavlik ("Pavlik") and Toby McBride ("McBride"), did not timely oppose Plaintiff's Motion to Enforce Binding Term Sheet (ECF No. 190, the "Motion"), and under Local Rule 7-2(d), their silence already constitutes consent to the relief that the Motion seeks against them. Nearly two months later, and only after Plaintiff's consolidated Reply Brief (ECF No. 205, the "Consolidated Reply") pointed out that Pavlik and McBride had already consented to that relief, Pavlik and McBride now ask the Court to excuse their default and to deny the Motion on the merits (ECF No. 210, the "Opposition"). The Court should deny their requests.

## ARGUMENT

**1. Pavlik and McBride have not shown excusable neglect for their untimely opposition.**

Pavlik and McBride ask the Court to excuse their failure to timely respond to the Motion. Although Federal Rule of Civil Procedure 6(b)(1)(B) permits courts to extend deadlines, the rule only authorizes late extensions "if the party failed to act because of *excusable neglect*." *Id.* (emphasis added). Pavlik and McBride have not carried their burden to demonstrate that they failed to act because of excusable neglect. The procedural timeline underscores the point.

Plaintiff, James V. Deppoleto, Jr. ("Deppoleto" or "Plaintiff"), filed the pending Motion on June 25, 2026. (ECF No. 190.) NextGen filed its response on July 23, 2026 (ECF No. 200), Holley and Zarro filed their response on July 27, 2026 (ECF No. 202), and Plaintiff filed his

Consolidated Reply on August 3, 2026 (ECF No. 205). Pavlik and McBride did not do anything. They did not respond within the 14-day period prescribed by Local Rule 7-2(b), nor at any point during the nearly two months that followed. Pavlik and McBride did not file their Opposition until September 21, 2026, nearly three months after Plaintiff filed the Motion. (ECF No. 210.)

The only reason that Pavlik and McBride offer for their failure to act is that they "were unaware that their failure to submit a written response could be treated as consent," and they claim that they only acted "[u]pon learning" of that consequence from Plaintiff's briefing. (Opp. at 1.) That is not excusable neglect.

Notably, Pavlik and McBride do not offer any timeline for when they actually learned about the contents of Plaintiff's Consolidated Reply, what steps they took upon receiving it, or how long they waited before preparing their Opposition. They simply ask the Court to take their word that they acted promptly, but they do not provide any of the details that would allow the Court to evaluate whether their neglect was, in fact, excusable.

Under Local Rule 7-2(d), the "failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." D. Nev. LR 7-2(d). "It has been said these local rules, no less than the federal rules or acts of Congress, have the force of law." *Corey v. McNamara*, 409 F. Supp. 2d 1225, 1228 (D. Nev. 2006), *aff'd*, 265 F. App'x 555 (9th Cir. 2008). "The Ninth Circuit has held that delay caused by failure to adhere to local rules does not constitute excusable neglect." *Hagos v. Washington Mut. Bank,* No. 2:12-CV-00587-KJD, 2013 WL 820150, at *2 (D. Nev. Mar. 5, 2013) (*citing Watson v. Schwarzenegger*, 347 Fed. Appx. 282, 285 (9th. Cir. 2009) (holding no abuse of discretion where district court held that unfamiliarity with local rules did not constitute excusable neglect). Pavlik and McBride's claimed ignorance of the Local Rules does not constitute the kind of neglect that Rule 6(b)(1)(B)

excuses.

Accordingly, under Local Rule 7-2(d), the Motion is unopposed as to Pavlik and McBride. On that basis alone, the Court should enter an Order of specific performance that directs each of them to comply with their respective obligations under the Binding Term Sheet within 21 days.

**2. Even if the Court considers their Opposition, Pavlik and McBride's arguments fail on the merits.**

Even setting aside the fact that they filed their Opposition late, Pavlik and McBride's arguments fail on the merits. Their arguments closely mirror the incorrect arguments that NextGen, Holley, and Zarro raised, and that Plaintiff's Consolidated Reply already addressed at length. Plaintiff incorporates its Consolidated Reply by reference, and highlights below why Pavlik and McBride's Opposition is incorrect.

**3. The Court's review is confined to the Binding Term Sheet, which is a completed and enforceable contract.**

Pavlik and McBride argue that the Binding Term Sheet is not a "completed contract" because they claim that it contemplates future negotiation of the Note, Security Agreement, and other ancillary documents. (Opp. at 2-5 (*citing Dunlop v. Laitsch*, 16 Wis. 2d 36, 113 N.W.2d 551 (1962); *American National Property & Casualty Co. v. Nersesian*, 2004 WI App 215, 277 Wis. 2d 430, 689 N.W.2d 922; *Paul R. Ponfil Trust v. Charmoli Holdings, LLC*, 2019 WI App 56, 389 Wis. 2d 88, 935 N.W.2d 308).) That argument fails for the same reasons set forth in Plaintiff's Consolidated Reply – namely, because the Binding Term Sheet is a completed and integrated contract.

The Binding Term Sheet is a comprehensive, twelve-section agreement that addresses every material term of the parties' settlement. It expressly states that it "shall be construed to be a binding agreement" and "shall be deemed a binding contract between the Settling Parties." (ECF

No. 192, M. Brandess Decl. ¶ 4, Ex. A (Term Sheet at 1).) Each Settling Defendant – including Pavlik and McBride – swore, under penalty of perjury, in a separate notarized Affidavit that the Binding Term Sheet "constitutes a binding agreement between and among the Settling Parties." (*Id.*) That the Binding Term Sheet contemplates future definitive agreements to memorialize its terms does not render it incomplete or unenforceable. "[A] contract is not invalid simply because it calls for the parties to reach another agreement in the future." *United States v. Orr Const. Co.*, 560 F.2d 765, 769 (7th Cir. 1977). Such a contract is enforceable so long as the terms to be agreed upon "can be determined 'independent of a party's mere wish, will, and desire,' . . . either by virtue of the agreement itself or by commercial practice or other usage or custom." *Id.* (*quoting* 1 Corbin on Contracts § 95, at 402). That standard is satisfied here. The Binding Term Sheet specifies the material terms of each contemplated instrument – including the principal amounts, interest rates, payment schedules, maturity dates, collateral, royalty rates, guaranty caps, and individual cash payment obligations – and requires the parties to "work in good faith to memorialize the terms of this Term Sheet" in definitive documents. (Term Sheet §§ II-V, X.1.) This is not a letter of intent or an agreement to agree: the material terms are fixed. The Binding Term Sheet contemplates a series of definitive agreements memorializing those terms, each described with sufficient specificity to permit the Court to order their execution.

Pavlik and McBride rely upon cases that are distinguishable. In *Dunlop*, the court determined that there was no enforceable contract, because the parties had failed to reach any mutual agreement on an essential term, the use of land, which meant that there was "an absence of a meeting of the minds as to an essential term." 113 N.W.2d at 555.

In *American National Property*, the court concluded that the defendants "never accepted" the plaintiff's settlement offer at all, so the parties never reached an agreement. 689 N.W.2d at

924.

And in *Ponfil Trust*, the settlement agreement only stated that the parties "agree[d] to sign a separate substantive agreement covering such things as liability & indemnity in usual form," which left the substance of an entire category of material terms entirely unspecified. 935 N.W.2d at 309-10.

The Binding Term Sheet is nothing like those agreements. In this case, every Settling Defendant executed the Term Sheet and swore under oath that it is binding, and the Term Sheet itself sets forth all material terms in detail across twelve sections. The ancillary documents add detail, not material substance.

That is particularly true as to Pavlik and McBride, whose personal obligations under the Binding Term Sheet are minimal and straightforward. Pavlik and McBride are each required to pay $50,000 to Deppoleto, through monthly installments of no less than $1,000, with a defined cure period and defined consequences for default. (Term Sheet § II.1.c, II.2.) There is nothing indefinite or incomplete about those obligations, and Pavlik and McBride's Opposition does not identify any missing term as to those obligations. Because the Binding Term Sheet is a completed contract whose material terms can be determined from its four corners, the Court should enforce it according to its terms.

**4. <u>There are no material factual disputes</u>.**

Pointing to the same Preferred A share transfer records that NextGen raised in its Response, Pavlik and McBride next argue that "material factual disputes" preclude enforcement of the Binding Term Sheet. (Opp. at 5-6.) NextGen argued in its Response that the shares were part of a purported "second agreement" under which Deppoleto allegedly committed to invest $500,000 in Kultura in exchange for eleven shares of Preferred A stock, and that Deppoleto's failure to fund

excused the Settling Defendants' performance under the Binding Term Sheet. (ECF No. 200 at 5-10, 15-18.) Pavlik and McBride now make a similar argument. (Opp. at 5.)

However, as Plaintiff's Consolidated Reply explained, the Binding Term Sheet is a fully integrated agreement that did not contain a funding condition, and no alleged "side arrangement" can override the Binding Term Sheet's four corners. (Plaintiff's Consolidated Reply at 6-10, ECF No. 205.) Moreover, Pavlik and McBride's evidentiary record is particularly thin. Deppoleto has submitted a Declaration, under penalty of perjury, that he has not accepted, and does not accept, the eleven shares of Preferred A stock. (Deppoleto Decl. ¶¶ 2-5, ECF No. 205-1.) By contrast, Pavlik and McBride have not submitted any sworn testimony to support their contention that Deppoleto received, or accepted, those shares. The same reasoning that forecloses NextGen's argument forecloses Pavlik and McBride's argument. The Court should reject Pavlik's and McBride's belated, and unsupported, attempt to manufacture a factual dispute where none exists. The Court should instead enforce the Binding Term Sheet according to its terms.

**5. <u>Plaintiff is entitled to attorneys' fees and costs</u>.**

Pavlik and McBride's untimely Opposition has required Deppoleto to incur additional attorneys' fees and costs that he should not have had to incur. As set forth more fully in Plaintiff's Consolidated Reply, Deppoleto is entitled to recover those fees and costs for two independent reasons: (1) the Binding Term Sheet's express fee-shifting provision, which entitles Deppoleto to fees and costs from any Individual Settling Defendant who violates the Term Sheet's terms before consummation of the Final Agreements (Term Sheet § XII.2); and (2) the Court's inherent authority to award fees against a party that reneges on, or needlessly delays resolution of, a valid settlement. (Consolidated Reply at 12-13, ECF No. 205.) Deppoleto therefore requests leave to submit a fee petition as to Pavlik and McBride after the Court's ruling.

## CONCLUSION

For the foregoing reasons, Deppoleto respectfully requests that the Court: (1) find that Pavlik and McBride have not shown excusable neglect for their untimely Opposition, and therefore, under Local Rule 7-2(d), treat the Motion as unopposed and conceded as to them; (2) alternatively, find that Pavlik and McBride's Opposition fails on the merits, and enter an Order compelling Pavlik and McBride to specifically perform their respective obligations under the Binding Term Sheet within 21 days; and (3) award Deppoleto his attorneys' fees and costs incurred in connection with the Motion and this Reply, with leave to submit a fee petition after the Court's ruling.

DATED this 29th day of September, 2026.

**HUSCH BLACKWELL LLP**
*Attorneys for Plaintiff*

/s/ *Patrick M. Harvey*
JAMES PATRICK SHEA
Nevada Bar No. 405
BART K. LARSEN
Nevada Bar No. 8538
KYLE M. WYANT
Nevada Bar No. 14652
SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email: jshea@shea.law
blarsen@shea.law
kwyant@shea.law

JENNIFER E. HOEKEL
Nevada Bar No. 12775
jennifer.hoekel@huschblackwell.com
HUSCH BLACKWELL LLP
8001 Forsyth Boulevard, Suite 1500
St. Louis, Missouri 63105
Telephone: 314.480.1500
Facsimile: 314.480.1505

And

PATRICK M. HARVEY
*Admitted Pro Hac Vice*
Patrick.Harvey@huschblackwell.com
**HUSCH BLACKWELL LLP**
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Telephone: 414.273.2100
Facsimile: 414.223.5000

*Attorneys for Plaintiff*
*James V. Deppoleto Jr.*

## CERTIFICATE OF SERVICE

1. On September 29, 2026, I served the following document(s): **PLAINTIFF'S REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO ENFORCE BINDING TERM SHEET IN RESPONSE TO JOSEPH PAVLIK'S AND TOBY MCBRIDE'S OPPOSITION.**

2. I served the above document(s) by the following means to the persons as listed below:

☒ a. ECF System:

On all parties appearing, receiving, and requesting notice.

☒ b. United States mail, postage fully prepaid:

Toby McBride
2948 Monticello Drive
Stockton, CA 95209

Joseph Pavlik
17047 Racoon Trail
Strongsville, OH 44136

Takeover Industries, Inc
401 Ryland St Ste 200-A
Reno, NV 89052

☐ c. Personal Service:

I personally delivered the document(s) to the persons at these addresses:

☐ For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐ For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐ d. By direct email (as opposed to through the ECF System): Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ e. By fax transmission:

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐ f. By messenger:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 29, 2026.

By: /s/ *Patrick M. Harvey*